IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-0049-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

The Court held a conference with all counsel on October 26, 2007. At the conclusion of that conference, the Court took a number of issues under advisement. The Court's resolution of those issues is as follows:

**1.    Expansion of the Case**

The Court's sense is that the Bellwether plaintiffs as now constituted are too large a group to allow for a manageable trial as the Court contemplated. The Court favors the plaintiffs' idea that perhaps the Young grower group could be removed from the Bellwether plaintiffs and moved to what the Court will refer to as the "wait list," meaning the group of all plaintiffs awaiting the Bellwether trial.

Even this may not be enough to reduce the Bellwether size to a manageable level. Plaintiffs have now added fields and loss years for the Bellwether plaintiffs,

**Memorandum Decision and Order - 1**

significantly increasing the claims in that group. The Court expresses no opinion on the jurisdictional or timeliness arguments raised by defendants, as there is no proper motion before the Court on those issues. To the degree defendants were arguing that the Court should prevent plaintiffs from adding fields and loss years to make the Bellwether group manageable, the Court knows of no rule that would prevent addition of claims for that reason. At most, logistical concerns would warrant moving the claims to the "wait list," but would not warrant preventing plaintiffs altogether from adding the claims.

However, the additional claims may mean that more Bellwether plaintiffs need to be moved to the "wait list" to make trial manageable. The Court would urge plaintiffs to move a few more Bellwether plaintiffs to the "wait list."

In summary, the Court (1) will not prevent plaintiffs from adding fields and loss years at this time; (2) favors moving the Young grower group to the "wait list"; and (3) favors moving a few other Bellwether groups to the "wait list," as necessary to make the Bellwether trial manageable.

**2.    Standing**

To resolve this issue, the Court will direct plaintiffs' counsel to file an affidavit, signed by an authorized representative of each Bellwether plaintiff, setting forth: (1) a brief description of the legal structure of that plaintiff's farming

**Memorandum Decision and Order - 2**

operation, including a list of all entities and individuals who are participants in the farming operation, (2) whether any of the fields for which recovery is sought here were operated on a crop-sharing arrangement[1], and (3) confirming that every individual and entity who has an interest in the crops at issue has joined as a plaintiff.

## 3.     Verification

This issue was resolved by the stipulation of counsel that the verifications signed by grower group representatives bind all members of that grower group.

## 4.     Testing

The Court finds that plaintiffs have not delayed the production of the testing data because the state agency withheld it, forcing plaintiffs to obtain it by subpoena. It appears that the data will now be produced by November 8, 2007, and the plaintiffs will immediately turn it over to the defense.

## 5.     Witness Lists

The Court urges counsel to prepare a witness list with both "will calls" and "may calls" and try to include, as specifically as possible, those who counsel intend to call as witnesses.

---

[1] If any of the fields are subject to a crop share arrangement, a copy of the lease shall be attached to the affidavit. If the lease is oral, a description of the terms and a list of the parties to the oral lease shall be included in the affidavit.

**Memorandum Decision and Order - 3**

**6.      Search Terms**

The Court reserved this issue for the next hearing. The Court directs counsel to file letter briefs informing the Court about the issues involved. The Court wants to strike a balance that gets plaintiffs the information they need without being unduly burdensome on DuPont. The Court's sense is that DuPont needs to give more and plaintiffs need to refine their search more narrowly . This issue will be discussed further at the next hearing.

**7.      Further Hearings & Schedule**

The Court found persuasive the suggestion of counsel for DuPont that (1) the Court hold regular bi-weekly hearings to resolve any issues, and (2) that the Court consider moving the schedule back a month or two. The Court will set up the first such hearing for next week on November 1, 2007, at 3:00 p.m. in the Federal Courthouse in Boise Idaho. Counsel shall be in person unless it is burdensome and then they can appear by telephone.

The Court will have its Law Clerk Dave Metcalf continue to mediate disputes. The Court would recommend that counsel confer with Mr. Metcalf during the alternate weeks when they do not have a hearing with the Court, both to mediate disputes and to agree upon what issues need to be addressed by the Court in the following week's hearing. For any issue which cannot be successfully

**Memorandum Decision and Order - 4**

mediated and will therefore require a hearing with the Court, the parties shall address all issues to be addressed by the Court in short letter briefs to be filed no later than 5:00 p.m. two days before the scheduled hearing.



DATED: **October 29, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**