IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**MEMORANDUM DECISION**

Plaintiffs seek the return of four pages of documents labeled "J. Clinger 018903-018906." DuPont objects, and the parties have filed letter briefs for the Court's consideration. In addition, the parties have provided the documents at issue, filed under seal.

Plaintiffs produced these documents as part of a massive document production. In seeking the return of the documents – a "clawback" in the vernacular – plaintiffs rely on the Court's Case Management Order (CMO). It was for precisely this purpose that the Court adopted the clawback provisions proposed by DuPont and set forth in the CMO. The Court understood that the huge document productions by both parties, combined with expedited deadlines, would

**Memorandum Decision and Order - Page 1**

make it difficult to vet each document going out the door. In other words, haste and size combine to make inadvertent disclosures of privileged material inevitable.

That is what has happened here. Plaintiffs originally produced these documents inadvertently on April 11, 2005. They did not discover this until December 11, 2007. *See Affidavit of Anderson* at ¶ 19. The CMO requires that within 30 days from "learning of the inadvertent disclosure," plaintiffs must seek to retrieve the documents. They complied with that deadline by demanding the documents' return on December 21, 2007.

Of course, that was two years after the original production. In the typical case, that delay would result in a waiver of the right to retrieval. This case, however, is different. The Court's schedule has placed extraordinary demands on counsel and so their failure to discover the disclosure is justifiable.

The Court has reviewed the documents, which are sealed in the record. Without disclosing their contents in detail, they consist of damage calculations for various crops by the Clinger plaintiffs. The Clingers prepared all four documents in response to a request from their counsel. *See Affidavit of Anderson* at ¶ 17. While the documents contain "facts" in the sense that they list loss figures, those figures are marshaled to form a calculation of damages for trial purposes, in response to counsel's request. In other words, the facts are completely intertwined

**Memorandum Decision and Order - Page 2**

with the legal advice/preparation for litigation aspect of the documents.

The documents were clearly intended to be confidential communications prepared by a client for legal advice in response to counsel's request, and were prepared in anticipation of litigation. Hence the documents meet all the requirements for protection under both the attorney/client privilege and the work product doctrine. *See Admiral Ins. Co. v. U.S. Dist. Ct.,* 881 F.2d 1486 (9th Cir. 1989) (listing elements of attorney/client privilege); *In re grand Jury Subpoena*, 357 F.3d 900 (9th Cir. 2004) (listing elements of work product doctrine).

For all of these reasons, the Court will order that the four documents be returned to plaintiffs under the clawback provisions of the Court's CMO.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the documents labeled "J. Clinger 018903-018906" be returned by DuPont and any other party to

the plaintiffs.



DATED: **January 10, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 4**