IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) | Case No. CV-03-49-E-BLW |
|  | ) |  |
| Plaintiffs, | ) | **MEMORANDUM** |
|  | ) | **DECISION AND ORDER** |
| v. | ) |  |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
| et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

## INTRODUCTION

The Court held a hearing with all counsel on various issues raised by letter briefs on January 11, 2008.  While reserving ruling on issues concerning the plaintiffs' privilege log and the Government's motion in limine, the Court took under advisement the plaintiffs' motion to compel.  For the reasons expressed below, the Court shall grant plaintiffs' motion to compel.

## ANALYSIS

**1.    Plaintiffs' Motion to Compel – Similar Incidents**

Plaintiffs seek discovery from DuPont on prior incidents involving Oust. DuPont objects, claiming that the request is too broad and irrelevant since DuPont

admits knowing from its own testing that Oust migrates and could kill crops.  In meet-and-confer sessions, plaintiffs narrowed their request to eliminate any prior claims of personal injury, or incidents where Oust was alleged to have been ineffective on the intended target.

The Federal Rules of Civil Procedure creates a "broad right of discovery" because "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Epstein v. MCA, Inc.,* 54 F.3d 1422, 1423 (9th Cir. 1995) (quotations omitted).  Litigants "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  *See* Fed.R.Civ.P. 26(b)(1).  Relevant information for purposes of discovery is information "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

The 2000 amendments to Rule 26 created these two categories of discoverable information, one as a matter of right (relevant to claims and defenses) and one conditional on proof of good cause (relevant to the subject matter of the action).  The Committee Notes to Rule 26 indicate that discovery of similar incidents falls under the category of discovery available as a matter of right, and is not dependent on a showing of good cause: "A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses

**Memorandum Decision and Order – Page 2**

raised in a given action. For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard."

Under Rule 26, evidence of similar incidents is discoverable even if not admissible so long as it is reasonably calculated to lead to the discovery of admissible evidence.  Similar incidents may be relevant to show notice or the existence of a dangerous condition.  *See Sliman v. Aluminum Co. of America*, 731 P.2d 1267 (Id.Sup.Ct. 1986).

DuPont argues, however, that similar incidents are not even reasonably calculated to lead to discoverable evidence because DuPont has long admitted it knew from its own testing that Oust moves off-target.  Nevertheless, plaintiffs are entitled to explore the extent of that knowledge.  Similar incidents might provide information to DuPont different from that gleaned from its own testing.  Limiting plaintiffs to the testing data might understate the full extent of DuPont's knowledge.

DuPont raises the specter of mini-trials necessary to put each "similar incident" in context during trial.  While this may relate to admissibility, it does not preclude discovery.

DuPont asserts that some of the past incidents are so dissimilar that they are

not discoverable.  For example, DuPont claims that one incident involved application of Oust to an irrigation canal that was then used to water crops.  But that is the only specific incident DuPont raises, and hence this argument cannot be used to block discovery of similar incidents generally.

DuPont offers to provide documents relating to allegations of off-target movement of Oust by wind-blown soil onto any crop grown by plaintiffs and at issue in this litigation.  That offer is too limited.  First, past incidents could lead to discoverable evidence even if the crops are different than those at issue here. Second, methods of migration other than wind-blown soil could be sufficiently similar to lead to discoverable evidence.

For all these reasons, the Court will compel DuPont to answer the discovery related to similar incidents:  Interrogatories 11, 15, 18, and 19 and Requests for Production 22 and 103 (with the narrowing agreed to by plaintiffs to eliminate any prior claims of personal injury or incidents where Oust was alleged to have been ineffective on the intended target).

## 2.   <u>Plaintiffs' Motion to Compel – Documents Since July 2003</u>

Plaintiffs have served 114 specific requests for production on DuPont.  Even before plaintiffs made their document request, DuPont had conducted a document search, knowing that any search of such a large corporation would take time.  That

**Memorandum Decision and Order – Page 4**

search collected documents from November of 2002 to July of 2003.  Accordingly, the documents produced by DuPont from this first sweep contain no documents dated after July of 2003.

After receiving plaintiffs' request, DuPont "did review its collection efforts in light of plaintiffs' specific document requests to determine whether additional documents needed to be collected from any of its employees."  *See Letter Brief of Dupont* at p. 7.  Based on what it learned, DuPont decided that another sweep for documents was not needed because "(a) everything relevant, including any subsequent remedial action, occurred before the end of 2002 and therefore would have been captured in the sweep; and (b) no relevant, non-privileged document is likely to have been prepared after the end of 2002."  *Id*.

DuPont's first point is questionable because plaintiffs assert – without contradiction – there was a label change in 2003.  DuPont's second point is unexplained.  Why is 2002 the cut-off point for relevant documents?  The first sweep tells nothing about what lies beyond July of 2003 because it was not pursued beyond that date.  So DuPont seems to have no basis to conclude that nothing exists past that date.

DuPont argues that a second sweep would be unduly burdensome, but does not provide the persuasive details that would convince the Court to stop the sweep.

**Memorandum Decision and Order – Page 5**

Accordingly, the Court will grant this portion of plaintiffs' motion to compel as well.

**3.      Government's Motion in Limine**

The Court directed the Government to file a formal motion, and all agreed that the Court would not rule at this time to give plaintiffs an opportunity to file a brief (10-page maximum) sur-reply brief.

**4.      Privilege Log**

The Court directed counsel to take another try at settling the issue regarding the specificity of the privilege log.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont shall answer plaintiffs' discovery requests contained in:  Interrogatories 11, 15, 18, and 19 and Requests for Production 22 and 103 (with the narrowing agreed to by plaintiffs to eliminate any prior claims of personal injury or incidents where Oust was alleged to have been ineffective on the intended target).

IT IS HEREBY ORDERED, that DuPont conduct a second sweep for documents in response to plaintiffs' 114 specific requests for production, and not

limit that sweep to documents prior to July of 2003.



DATED:  **January 16, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 7**