IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

The Court has before it a number of motions. The Court heard oral argument on February 6, 2008, and took the motions under advisement. For the reasons expressed below, the Court will (1) deny the Government's motion in limine; (2) deny the plaintiffs' motion to include the Funk 2000 potato crop loss claim in the bellwether trial; and (3) deny plaintiffs' request to order DuPont to produce documents on a more expedited schedule.

### 1.     Government's Motion in Limine

The Government's motion in limine seeks to preclude plaintiffs from offering any evidence of damaged crops beyond the crop year 2001. The Government argues that the plaintiffs' tort claim relates only to crop losses in 2000

**Memorandum Decision and Order – Page 1**

and 2001, and cannot be deemed to extend to crop losses beyond 2001.

The plaintiffs' tort claim, filed in 2002, alleged that the Government's spraying of Oust in 1999 and 2000 caused damage to crops. More specifically, the tort claim alleged that this spraying killed or injured crops in 2000 and 2001, and also "contaminated the claimants' croplands." The tort claim goes on to assert that "[a]s a result of this contamination, Oust will continue to damage future crops until it dissipates."

The Government fully understood that the plaintiffs' claims included both (1) damage to 2000 and 2001 crops, and (2) continuing damage from contamination. The Government expressed its understanding of plaintiffs' tort claim in its decision denying that claim as follows:

> [Y]ou state that BLM applied Oust herbicide . . . resulting in damage to your respective client's 2000 and 2001 crops . . . . You further allege that this herbicide contaminated each respective client's cropland and will continue to damage future crops until it dissipates.

The Government denied this claim in its entirety. Plaintiffs then filed this action.

The plaintiffs' tort claim "need not be extensive." *Goodman v. United States*, 298 F.3d 1048, 1055 (9th Cir. 2002). The notice requirement is "minimal," and only a "skeletal claim form, containing only the bare elements of notice of accident and injury and a sum certain representing damages, suffices to overcome

**Memorandum Decision and Order – Page 2**

an argument that jurisdiction is lacking." *Id*. (quoting *Avery v. United States*, 680 F.2d 608, 610 (9th Cir.1982)).

Plaintiffs have satisfied this standard. The plaintiffs' contamination claim constitutes a claim for crop losses beyond 2001. The Government so understood the claim, and denied it. That is sufficient to confer jurisdiction on this Court to resolve claims for contamination and the consequential crop losses beyond 2001.

The Court rejects the Government's argument that *Warrum v. United States*, 427 F.3d 1048 (7th Cir. 2005) applies to this case. The plaintiff in that case presented a tort claim for the failure of Government physicians to diagnose his cancer. He later died, but his estate did not file a tort claim for wrongful death.

The Seventh Circuit in *Warrum* held that the Federal Tort Claims Act required the estate to file a tort claim for wrongful death, and that failure deprived the district court of jurisdiction: "This is an action on a claim against the Untied States for money damages for a *death*, but it was not preceded by an administrative claim for a *death*." *Id*. at 1050 (emphasis in original).

This quote highlights the critical difference between *Warrum* and this case. The present case is an action for, in part, contamination of soil that caused continuing damages to crops, and *it was* preceded by an administrative claim for contamination of soil that caused continuing damage to crops. Thus, *Warrum* is

**Memorandum Decision and Order – Page 3**

distinguishable.

The Government argues that the BLM's letter denying plaintiffs' tort claim sought further clarification of plaintiffs' claim that was never provided. The BLM did point out the lack of information on the contamination/continuing damage claim, but only after it had clearly denied that claim on the merits. The BLM's denial letter states that it is not liable for any part of the claim – including the contamination/continuing damage portion of the claim – because the BLM "correctly applied the herbicide according to the label directions . . . ."

Thus, the BLM denied the contamination/continuing damage claim on the merits after receiving proper notice of that claim. That is all that is required. The Government cites no authority that because the BLM also pointed out deficiencies in plaintiffs' tort claim, the plaintiffs must cure those deficiencies with the BLM before filing suit.

The Government also argues that the tort claim cannot be interpreted to extend to the 2003 and 2004 crop losses in any event. The Court disagrees, and finds that the notice is broad enough to include those years.

For all these reasons the Court shall deny the Government's motion in limine.

**2.     Funk 2000 Potato Crop Loss**

**Memorandum Decision and Order – Page 4**

Plaintiffs seek to expand their bellwether claims to include plaintiff Funk's 2000 potato crop loss.  On November 21, 2007, the Court issued its Third Case Management Order recognizing that plaintiffs had just been allowed to expand their claims, and holding that "no further expansion of the loss fields, crops and years for the Bellwether Plaintiffs shall be allowed."  About a month after that decision, plaintiffs sought to add Funk's 2000 potato crop loss to the bellwether trial.  The request comes too late and will be denied.  The Court expresses no opinion on whether Funk's 2000 potato crop loss claim will be added to the "bullpen" claims; that issue is not now before the Court.

### 3.     Rule 33(d) & Production of Electronic Documents

Plaintiffs seek from DuPont an immediate production of "search term" documents, and the identification of Rule 33(d) documents necessary to answer plaintiffs' interrogatories.  The Court is convinced that DuPont is proceeding as fast as it can, given privilege concerns and the sheer bulk of the documents at issue.  The Court will therefore deny plaintiffs' request that DuPont provide a more expedited production of documents.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (Docket No. 364) is DENIED.

IT IS FURTHER ORDERED, that the plaintiffs' request to add the Funk 2000 potato crop losses to the Bellwether Trial is DENIED.

IT IS FURTHER ORDERED, that the plaintiffs' request to expedite DuPont's document production is DENIED.

DATED:  **February 6, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge