IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

## INTRODUCTION

The Court has before it a motion to reconsider filed by the Government. For the reasons expressed below, the Court will deny the motion.

## STANDARD OF REVIEW

A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) error must be corrected; and (2) judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.,* 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes

concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must be balanced with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Louen v Twedt*, 2007 WL 915226 (E.D.Cal. March 26, 2007). If the motion to reconsider does not fall within one of these three categories, it must be denied.

## ANALYSIS

The Government's motion to reconsider does not fall within any of these

**Memorandum Decision and Order – Page 2**

three categories. The Government argues that plaintiffs are "not suing for continuing damage to property; they are suing for personal property damages." *See Government Brief* at p. 5. The Court recognized this in its earlier decision, and so this argument raises nothing new. *See Memorandum Decision* at p. 3 (recognizing that this suit is an action for "contamination of soil *that caused continuing damages to crops*") (emphasis added).

The Government argues that the plaintiffs' tort claim could not make a claim for damages to crops that had not even been planted when the claim was filed. The Federal Tort Claims Act ("FTCA") imposes a statutory cap on any damages sought "in excess of the amount of the claim presented to the federal agency . . . ." *See* 28 U.S.C. § 2675(b). However, the statutory cap contains an exception, allowing plaintiffs to recover damages in excess of those noted in the tort claim when "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim." *Id.*

Here, plaintiffs' future crop losses were not "reasonably discoverable" at the time the claim was filed because they had not yet occurred. Yet the tort claim's contamination language clearly put the Government on notice that such damages would be sought for future crop losses, as discussed in the Court's prior decision.

**Memorandum Decision and Order – Page 3**

Thus, plaintiffs' tort claim falls precisely within the language of § 2675(b), and no grounds exist for limiting the damages as requested by the Government. The motion to reconsider will accordingly be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (Docket No. 395) is DENIED.



DATED: **February 25, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**