IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| | ) | |
| TIMM ADAMS, et al., | ) | Case No. CV-03-0049-E-BLW |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM** |
| | ) | **DECISION AND ORDER** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court held oral argument on March 14, 2008, to address a number of
counsels' concerns, including plaintiffs' motion to amend and DuPont's request to
extend the existing deadlines by three months.  At the conclusion of the argument,
the Court took the matters under advisement.  The Court has now decided to grant
in large part the motion to amend, but will relegate the new claims to the "bullpen"
and not try them during the Bellwether Trial.  The Court will not alter the
dispositive motion deadline or the trial date.  The Court's rulings are set forth in
greater detail below.

## MOTION TO AMEND

### 1.    <u>Standard of Review</u>

The Federal Rules of Civil Procedure state that leave to amend "shall be freely given when justice so requires." *See* Fed.R.Civ.P. 15(a)(2).  Nevertheless, the Court may deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Leadsinger Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008)(quoting *Foman v. Davis*, 371 U.S. 178 (1962)).  When futility is the reason for denying a proposed amendment, the Court must explain why the complaint could not be saved by any amendment. *Id*.

### A.    <u>Idaho Consumer Protection Act Claim</u>

DuPont alleges that plaintiffs are attempting to add a claim under the Idaho Consumer Protection Act (ICPA), and that the attempt is futile.  However, plaintiffs made their ICPA claim in prior complaints, and its language is altered only in the most insignificant way in the Proposed Third Amended Complaint. DuPont essentially seeks to dismiss this claim under Rule 12(b)(6), and must file a

**Memorandum Decision and Order – Page 2**

motion pursuant to that Rule to seek dismissal of this claim.

**B.**     <u>**Fraud Claim**</u>

DuPont argues that the fraud claim contained in Count XV lacks specificity under Rule 9(b).  This Rule requires fraud allegations to contain an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations."  *Swartz v. KMPG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  If the proposed amendment is not detailed enough to meet this standard, it should not be rejected outright unless it "could not possibly be cured by the allegation of other facts."  *Id*.

Here, the proposed amendment contains a sufficiently detailed list of the content of the false representations – it lists nine instances of fraudulent concealment and misrepresentation.  However, there are no allegations identifying the time and place of the misrepresentations, and nothing describing the specific identities of the parties to the misrepresentations.  This lack of specificity renders the fraud claim insufficient under Rule 9(b).  Nevertheless, this deficiency is not necessarily beyond cure.  Plaintiffs point to new information that they recently received in discovery that would allow them to plead the fraud claim with more particularity.  *See Plaintiffs' Reply Brief* at p. 12.  The Court will therefore give them an opportunity to provide more detail.  *Swartz*, 476 F.3d at 764.   The Court

**Memorandum Decision and Order – Page 3**

will require plaintiffs to file a new proposed fraud claim identifying time, place, and parties.

**C.    Negligence Against DuPont Claim**

In Count XVI, plaintiffs allege that DuPont assumed and breached a duty to test, treat, and mitigate the damage Oust caused to their crops and fields.  DuPont recognizes that if it voluntarily undertakes to perform an act, having no prior duty to do so, it has a duty to perform the act in a non-negligent manner.  *See Coghlan v. Beta theta Pi Fraternity*, 987 P.2d 300 312 (Id.Sup.Ct. 1999).  Dupont asserts, however, that plaintiffs' complaint "fails to articulate in what way or how DuPont allegedly initially undertook the helpful acts."  *See Dupont Response Brief* at p. 11.

The Court disagrees.  The complaint alleges that DuPont promised to assist growers "in mitigating continuing and future damages."  *See Proposed Third Amended Complaint* at ¶ 162.  The complaint also alleges that DuPont represented that it would assist growers in preventing future damages by providing "technical assistance, remedies, technical information concerning effects, cures, and the findings of its own tests and investigation."  ¶ 153(g).[1]  These allegations are sufficient to plead a cause of action for assumption of a duty under Idaho law.

---

[1]  Paragraph 153(g) is not in Count XVI, but is part of the preceding Count, and is incorporated by reference into Count XVI.  The complaint is confusing in that the paragraph with the most detail is not contained in the Count itself.  Plaintiffs are saved here by the requirement that the complaint be read liberally.

Accordingly, the Court will allow plaintiffs to add a claim for negligence against DuPont as asserted in Count XVI.

## D.   Concerted Action Claim

Plaintiffs claim in Count XVII that DuPont and the Government engaged in concerted action and hence are jointly and severally liable.  The Government argues that the claim is futile under *Doe v. Cutter Biological Inc.,* 852 F.Supp. 909 (D.Idaho 1994) and *Horner v. Sani-top, Inc.,* 141 P.3d 1099 (Id.Sup.Ct. 2006).  In both cases, however, the courts rested their decisions on a lack of evidence of concerted action.  *Doe*, 852 F.Supp. at 915-16 (holding that "numerous undisputed facts in the record lead  this court to conclude that, as a matter of law, defendants were not acting in concert or as agents of one another"); *Horner*, 141 P.3d at 1104 (holding that defendants "were plainly not acting in concert with one another)".

In contrast, this case is not yet at the stage where factual determinations can be made.  Plaintiffs' complaint must be assumed true.  It alleges that DuPont and the Government did act in concert.  That is sufficient for the Rule 15(a) analysis.  If discovery does not provide evidence to support this claim, a motion under Rule 56 may include reference to *Doe* and *Horner,* but those cases are not relevant now.

The Government argues that Idaho law requires the parties acting in concert to intend to commit a tort, as opposed to intend to commit an act that resulted in a

**Memorandum Decision and Order – Page 5**

tort.  The Court disagrees.  The term "acting in concert" is defined to include "pursuing a common plan or design which results in the commission of an intentional or reckless tortious act."  *See Idaho Code* § 6-803(5).  They must pursue a common plan.  The common plan must result in a tort.  But there is no requirement that they pursue *a common plan to commit a tort* – that phrase is not in the statute, and the Court declines the invitation to insert it there.  The allegations in the proposed amendment are therefore sufficient.

The Government argues next that if the claim is allowed, Idaho law requires that potentially liable third parties be joined and the extent of their liability litigated.  The Government asserts that this process will add delay and complexity to the case.  The Court disagrees that third parties need be joined.  Whatever fault is allocated to those third parties will inure to the benefit of the Government by reducing its fault accordingly, and the Government will not be liable for their fault.  Thus, the Government is not prejudiced because potentially liable third parties are not joined.

Of course the trial is longer than it would have been if the Government did not pursue other causes of crop damage as a defense, but the Government was pursuing that defense even before the concerted action claim was proposed.  All along, the Government has alleged that any crop damage was due to factors outside

its control.  So the concerted action claim merely adds the time and complexity

associated with proving – and defending against – the allegation that the

Government and DuPont acted in concert.  While that expansion of the case may

affect *when* the issue is tried – a matter discussed more below – it is not a reason to

*deny entirely* the amendment under the liberal provisions of Rule 15(a).

The Court has examined the Government's other arguments and finds them

without merit.  Accordingly, the Court will allow the plaintiffs to amend their

complaint to add a concerted action claim.

## E.    <u>Spray Drift Language</u>

DuPont claims that new allegations about spray drift should be rejected.

However, the Court recognized in an earlier decision that spray drift had been

alleged in earlier versions of plaintiffs' complaint.  The new allegations simply add

some detail about a theory of liability already pled.  Accordingly, the Court will

authorize amendments to add the new spray drift language.

## F.    <u>Damage Years</u>

The Court has resolved this issue in an earlier decision and will not revisit

that here.  These amendments will be permitted.

## G.    <u>Prejudice & Bellwether Trial</u>

In summary, the Court will grant in part the motion to amend, allowing all

amendments with the exception of the fraud claim, which must be re-drafted to accord with Rule 9(b).  The Court's central concern is how these additional claims will affect the Bellwether Trial.

In the Third Case Management Order, the Court held that "the Bellwether trial is intended to be small and manageable."  To keep it that way, the Court forbid any further changes to the Bellwether Plaintiffs, and any further expansion of the loss fields, crops and years for the Bellwether Plaintiffs.  Other existing claims would be placed in the "bullpen" awaiting a future trial.

The Court stated that it was reluctant to allow any further amendments of legal theories, but did extend the deadline.  By recognizing plaintiffs' rights under Rule 15(a), the Court was not backing away from its stated commitment to nail down the claims in the Bellwether Trial, and keep it small and manageable.  Thus, timely proposed amendments are permitted if authorized by Rule 15(a), but will be relegated to the "bullpen" if they expand the Bellwether Trial.

The claims for concerted action (Count XVII) and negligence against DuPont (Count XVI) would expand the Bellwether Trial – and its associated discovery and trial preparation – beyond the small and manageable proceeding envisioned by the Court.  For that reason, those claims (and the fraud claim in Count XV, if amended to pass muster under Rule 9(b)) will be relegated to the

**Memorandum Decision and Order – Page 8**

"bullpen" to be tried at some later date.

## FIELD IDENTIFICATION ISSUES

At oral argument, DuPont's counsel asked plaintiffs to provide them with a description identifying the location of the quarter section for each loss field for the Bellwether plaintiffs.  Plaintiffs can provide this information by April 11, 2008.  The Court will so order.

## DISCOVERY DEFICIENCIES

About a year ago, DuPont filed a motion to compel, asserting that plaintiffs' answers to the Questionnaire were deficient.  The Questionnaire sought information on a field-by-field basis.  While plaintiffs kept records on a field-by-field basis for their sugar beet crops, they generally did not do so for their other crops.  For those other crops, plaintiffs did not provide a narrative answer to the Questionnaire but instead produced documents such as invoices, delivery tickets, contracts, and storage records.  From those records, plaintiffs asserted, DuPont could derive answers to the questions on harvest data.  Plaintiffs argued that such a response was permitted by Rule 33(d).

However, plaintiffs later conceded that for many questions, the answers could not be found in their documents.  The Court therefore held that much of their document production was not authorized by Rule 33(d) because those documents

failed to contain an answer to the interrogatory questions.  DuPont sought to

compel answers, arguing that if they did not get the answers up front, the nearly

500 depositions would be lengthened immensely.

The Court did not grant that motion, noting that the establishment of a

Bellwether Trial would vastly reduce discovery, including the number of

depositions required.  The Court held that "[i]f defendants believe the document

production is insufficient, they are free to seek summary judgment on that basis."

*See Memorandum Decision* (docket no. 272) at p. 10.  The Court also left it open

for DuPont to complain later about the failure to provide answers once the

discovery focused on the Bellwether Plaintiffs was underway.

DuPont has now raised that complaint again.  A month ago, DuPont sent

detailed letters to plaintiffs identifying over 2,000 deficiencies in the answers

provided by the four Bellwether Plaintiffs.  The majority of the deficiencies –

numbering about 1300 of the 2,106 total – involve plaintiffs' failure to provide

field-by-field data.  To highlight just a few examples, the deficiency letter for the

Funk plaintiffs points out that they failed to provide field-specific (1) seed

information for the 2002 crop; (2) planting dates for various fields in 2001, 2002,

and 2003; and (3) harvest dates and yields for many different crops for 2001, 2002,

and 2003.  DuPont asks the Court to order plaintiffs to either (1) provide field-by-

field narrative answers, or (2) state field-by-field that they do not know the answer or have the information for the specific deficiencies identified in the letters.

Plaintiffs respond that the information does not exist, and they provide nothing in addition to the responses they filed previously. The plaintiffs do not take issue with any single deficiency (that alleges a failure to provide field-specific answers) by arguing, for example, that the documents they produced do in fact contain field-specific answers or that the deficiency is inaccurate in some other respect. Plaintiffs also do not request more time to provide the data. Indeed, this case is now more than four years old, and DuPont has been requesting this information from the beginning – even though fact discovery does not end for another two months, it would entirely unjust to allow plaintiffs at this late date to suddenly provide field-by-field data. Plaintiffs have admitted the data does not exist, and it is time now to confirm that admission, prohibit any further supplementation on this issue, and move on.

Thus, for each deficiency alleging that plaintiffs have not produced field-specific answers, the Court finds that plaintiffs do not know the answer and do not have documents containing the answer. This will shorten the inquiry at the depositions because for at least 1,300 of the deficiencies, DuPont will not need to inquire further as plaintiffs have now admitted having no answers to provide.

**Memorandum Decision and Order – Page 11**

The other deficiencies are mainly over minor matters that can be clarified in depositions.  For example, about 250 deficiencies seek clarification of alleged differences between an answer and the documents provided.  However, DuPont does not identify the precise documents that conflict with an answer, making it difficult for plaintiffs to answer the deficiency.  These matters will have to await depositions for clarification, as will the other deficiencies as well.

## STANDING AFFIDAVITS

The standing affidavits provided by plaintiffs contain the information required by the Court.  Moreover, the field identification resolution discussed above should resolve DuPont's request for more specificity in the affidavits.  For all these reasons, the Court rejects DuPont's challenge to the standing affidavits.

## SCHEDULE

DuPont seeks to extend the fact discovery deadline from June 8, 2008, to September 8, 2008.  DuPont points out that perhaps 100 depositions need to be taken, and that it will be impossible to take them all by June 8, 2008.  Moreover, DuPont argues, the sheer mass of other discovery also warrants an extension.

The Court disagrees.  The Court has strictly circumscribed the Bellwether Trial by limiting it to just four plaintiffs, and by relegating the newly-amended claims to the "bullpen."  The Court has also resolved the majority of the discovery

**Memorandum Decision and Order – Page 12**

deficiencies by its rulings above, which will lessen the scope of the inquiry at the depositions.

For these reasons, the Court is not willing to extend the deadlines.  However, the Court would allow the parties to agree to continue to take depositions past the June 8, 2008, date, and agree to extend the expert deadlines, on the understanding that the deadline for the filing of motions (November 15, 2008) and the trial date (February 9, 2009) will not be extended.  That, however, would be a matter between counsel as the Court is not willing to extend the latter two deadlines.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend (Docket No. 340) is GRANTED IN PART AND RESERVED IN PART.  It is reserved to the extent it seeks to add Count XV, the fraud claim, and plaintiffs shall file on or before April 25, 2008, an amended Count XV that contains the detail required by Rule 9(b), *i.e.*, allegations identifying the time and place of the misrepresentations and the specific identities of the parties to the misrepresentations.  It is granted in all other respects.

IT IS FURTHER ORDERED, that the claims for concerted action (Count XVII) and negligence against DuPont (Count XVI) – and the claim for fraud (Count XV) if it is properly amended – will not be tried in the Bellwether Trial but

**Memorandum Decision and Order – Page 13**

will be relegated to the "bullpen" to be tried at some later date.

IT IS FURTHER ORDERED, that for each deficiency listed in DuPont's letters to plaintiffs, *see Exhibit I to Memorandum (docket no. 405) & Exhibits G, H, & I to Hansen Affidavit (Docket No. 407)*, alleging that plaintiffs have not produced field-specific answers, the Court finds that plaintiffs do not know the answer and do not have documents containing the answer.

IT IS FURTHER ORDERED, that DuPont's request for a three-month extension of deadlines is DENIED.

IT IS FURTHER ORDERED, that plaintiffs provide defendants with a description identifying the location of the quarter section for each loss field for the Bellwether plaintiffs on or before April 11, 2008.

DATED:  March 21, 2008

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 14**