J. Walter Sinclair, ISB #2243
E-mail: jwsinclair@stoel.com
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702-5958
Telephone:  (208) 389-9000
Facsimile:   (208) 389-9040

John D. Shively, admitted pro hac vice
E-mail: jshively@faegre.com
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone:  (303) 607-3500
Facsimile:   (303) 607-3600

Attorneys for E.I. du Pont de Nemours and Company

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 03-0049-E-BLW<br><br>**DUPONT'S MOTION FOR CLARIFICATION REGARDING THE COURT'S ORDER OF MARCH 21, 2008 (DKT. NO. 409) AND INTEGRATED BRIEF IN SUPPORT** |

Defendant E.I. DuPont de Nemours and Company ("DuPont") respectfully seeks clarification of certain aspects of this Court's Memorandum Decision and Order of March 21, 2008 (Dkt. No. 409). Specifically, DuPont seeks clarification of the intended effect of placing certain claims in the "bullpen".[1]

---

[1] In seeking clarification, DuPont does not waive any of its prior arguments or objections to the addition of plaintiffs' proposed amended claims as addressed in DuPont's Response to Plaintiffs' Motion to Amend & Serve Third Amended Complaint (Dkt. No. 368).

**DUPONT'S MOTION FOR CLARIFICATION – Page 1**
Boise-212093.1 0025780-00049

DuPont understands the Court's March 21, 2008 Order to hold that at the Bellwether Trial, the Court will not hear evidence pertaining to the Bellwether Plaintiffs' new claims for concerted action (Prop. Third Am. Compl. Count XVII), post-application negligence (Prop. Third Am. Compl. Count XVI), or fraud (Prop. Third Am. Compl. Count XV) if fraud is adequately plead. (Dkt. No. 409 at 8-9.)[2] Instead, these claims as to all Plaintiffs would be among the claims relegated to the "bullpen" to be tried at some later date. (Id.) Thus, some of the Bellwether Plaintiffs' claims would be heard by the Bellwether jury, and the remainder of the Bellwether Plaintiffs' claims would be heard at some later date, presumably by a different jury.

A.  **Seventh Amendment Concerns Implicated by the Bullpen.**

Trying interrelated claims and remedies to different juries raises constitutional issues. In ordering separate trials in one action, courts "must always preserv[e] inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution." Fed. R. Civ. P. 42(b) (2007) (now stylistically amended). The Supreme Court has further explained that to allow any form of bifurcation, a district court must ensure that issues are "so distinct and separable from the others" that they may be tried separately "without injustice." Gasoline Prods. Co. v. Champlin Refining Co., 283 U.S. 494, 500 (1931) (discussing partial retrial of damages question) (string cite omitted). If "the question of damages . . . is so interwoven with that of

---

[2] It is unclear whether the Court, in relegating these claims to the bullpen, intended to postpone not only trial but also discovery as to these claims until some period after the Bellwether Trial is completed. If not, the fact that these claims are relegated to the bullpen for some later trial does nothing to address the concerns DuPont has stated about the additional new facts and legal theories that need to be explored in discovery, making the current fast-track schedule unworkable. (See e.g., Dkt. No. 368: DuPont's Resp. Opp'n Pls.' Mot. to Amend & Serve Third Am. Compl.)

liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty, [that] would amount to a denial of a fair trial." Gasoline Prods., 283 U.S. at 500.

Federal courts have firmly established that separation of trials is inappropriate when the issues sought to be tried separately are not distinct, and that this limitation is merely a recognition of the Seventh Amendment guarantee to have only one jury pass on a common issue of fact. E.g., McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298, 305 (5th Cir. 1993). The Fifth Circuit noted that the "practical basis underlying this guarantee is that two different juries are precluded from reaching inconsistent results." McDaniel, 987 F.2d at 305. The guarantee prevents duplicative evidence, increased expense, inconvenience, and delay. See, e.g., Monaghan v. SZS 33 Assocs., L.P., 827 F. Supp. 233, 246 (S.D.N.Y. 1993). The Central District of California recently remarked that Gasoline Products is "venerable but still fully valid Supreme Court authority" for the proposition that, for example, a court may not try an issue like willfulness separately from basic liability determinations. Broadcom Corp. v. Qualcomm, Inc., 2007 U.S. Dist. LEXIS 86627, at *17 (C.D. Cal. Nov. 21, 2007) (citing Gasoline Prods., 283 U.S. at 500).

The Ninth Circuit most recently addressed this issue in Prendeville v. Singer, which upheld the district court's retrial of liability and damages to avoid injustice in a second trial. 155 Fed. Appx. 303, 305 (9th Cir. 2005) (citing Gasoline Prods., 283 U.S. at 500, and Wharf v. Burlington N. R.R. Co., 60 F.3d 631, 638 (9th Cir. 1995)). In Prendeville, retrial of damages alone would have necessarily encompassed all the same evidence as a liability trial, making liability not "so distinct and separable from the others that a trial of it alone may be had without

**DUPONT'S MOTION FOR CLARIFICATION – Page 3**
Boise-212093.1 0025780-00049

injustice" under the Gasoline Products rule. Id.; see also Watson v. Navistar Int'l Transp. Corp., 827 P.2d 656, 682 (Idaho 1992) (relying on Gasoline Products to hold that a party may not be excluded from a second trial absent a "clear showing that the issues in the case are so distinct and separable that a party may be excluded without prejudice.")

Here, Plaintiffs' concerted action claim is the only claim that offers the possibility of joint and several liability. In addition, the fraud and post-incident negligence claims are the only claims Plaintiffs assert can be the basis for punitive damages. DuPont submits that these newly added claims, now relegated to the bullpen, are not "so distinct and separable from the other" issues that the Bellwether Plaintiffs will assert in this case that they may be tried separately "without injustice" to DuPont. Gasoline Prods. Co. v. Champlin Refining Co., 283 U.S. 494, 500. Relatedly, "damages are so interwoven with that of liability that the former cannot be submitted to the jury independently of the latter without confusion and uncertainty." Id. DuPont, thus, requests that the Court clarify the effect of relegating some claims of the Bellwether Plaintiffs to the bullpen on DuPont's Seventh Amendment right to have only one jury pass on a question of fact and on DuPont's rights under the Gasoline Products rule.

**B.    The Bullpen May Defeat the Purpose of the Bellwether Trial.**

Bellwether proceedings are intended to clarify and streamline the relevant issues in a case, promote settlement, and bring resolution to litigation where resolution is long overdue. See In re Hanford Nuclear Reservation Litig., 497 F.3d 1005, 1014, 1025 (9th Cir. 2007); (accord Order of Aug. 1, 2007: Dkt. No. 272.) To this end, bellwether trials are designed to produce a verdict that highlights the strengths and weaknesses of the parties' respective cases. See, e.g., In re Hanford Nuclear, 497 F.3d at 1014, 1016.

**DUPONT'S MOTION FOR CLARIFICATION – Page 4**
Boise-212093.1 0025780-00049

As DuPont understands the Court's March 21, 2008 Order, the verdict produced by the Bellwether Trial will necessarily omit any insight into the strengths and weaknesses of the concerted action, post-application negligence, and fraud claims or into the issues of joint and several liability and punitive damages. Because these major questions will not be heard at the Bellwether Trial, they will not be clarified and will remain at issue. This will defeat one of the primary purposes of a bellwether proceeding. In sum, the posture of the Bellwether Trial will be critically different from that of any subsequent trial. Even if there were no constitutional problems, the outcome of the Bellwether Trial could not truly be representative of what may happen in the larger case.

The issues most tantalizing to Plaintiffs and most concerning to Defendants are set aside for the second trial. Because the claims carrying the largest possible damages are relegated to the second trial, the parties may well as a practical matter have little incentive to pursue settlement after the Bellwether Trial, regardless the outcome of that proceeding. DuPont submits that these realities undercut the major advantages of holding a bellwether trial, and requests the Court's clarification of its intended effect of the bullpen.

## CONCLUSION

Accordingly, DuPont respectfully requests clarification regarding the intended effect of the "bullpen" described in the Court's Memorandum Decision and Order of March 21, 2008 (Dkt. No. 409). Should the Court direct, DuPont would be pleased to brief any of these issues further.

Dated this 4th day of April, 2008.

/s/ J. Walter Sinclair
J. Walter Sinclair
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite #1900
Boise, ID 83702-5958
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

John D. Shively
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600

**Attorneys for E.I. du Pont de Nemours and Company**

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2008, I served a copy of the foregoing document on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

Steven B. Andersen
Sandersen@hollandhart.com
Walter H. Bithell
wbithell@hollandhart.com
Amanda K. Brailsford
abrailsford@hollandhart.com
Douglas L. Abbott
Dabbott@hollandhart.com
Peter C. Houtsma
phoutsma@hollandhart.com

*Attorneys for Plaintiffs*

Thomas E. Moss
Thomas.Moss@usdoj.gov
Robert C. Grisham
Robert.Grisham@usdoj.gov
Christina M. Falk
Christina.Falk@usdoj.gov
Henry T. Miller
Henry.Miller@usdoj.gov
Geoffrey C. Cook
Geoffrey.Cook@usdoj.gov
Brian Bowcut
Brian.Bowcutt@usdoj.gov
Margaret Jane Mahoney
Jane.mahoney@usdoj.gov
Sarah Nelson
Sarah.nelson@usdoj.gov
Gay Elizabeth Kang
Gay.Kang@usdoj.gov
Wagner D. Jackson, Jr.
Wagner.Jackson@usdoj.gov

*Attorneys for the United States of America*

Craig L. Meadows
clm@hteh.com
Steven F. Schossberger
sfs@hteh.com

*Attorneys for Thomas Helicopters, Inc.*

David W. Cantrill
cantrill@cssklaw.com
John L. King
jking@cssklaw.com
Clinton O. Casey
ccasey@cssklaw.com

*Attorneys for DeAngelo Brothers, Inc.*

/s/ J. Walter Sinclair

**DUPONT'S MOTION FOR CLARIFICATION – Page 7**
Boise-212093.1 0025780-00049