IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM DECISION**

DuPont seeks federal tax records from persons and entities that DuPont alleges are part of the Bellwether Plaintiffs. The Plaintiffs argue that the necessary information has already been provided, and refuse to provide any more. The parties have agreed that because an expedited decision is necessary, no briefs shall be filed, and the parties will rely on the exchange of letters between them on this subject to state their positions to the Court.

To the degree that the Bellwether Plaintiffs are making any privilege claim, it must be rejected. Federal privilege law applies, and there is no accountant-client privilege in federal law. *See U.S. v. Couch*, 409 U.S. 322 (1973). Moreover,

federal tax returns are generally relevant and discoverable from the plaintiffs in damage cases such as this.

One of the primary arguments raised by the Bellwether Plaintiffs is that some of the persons and entities targeted by DuPont either do not exist or are no longer making claims in this case. Those include: (1) Jared Clinger; (2) Loraine Clinger-McHargue; (3) L. Douglas Clinger, (4) Hapy Grain Co., (5) Mart Produce; (6) BJK Farms; (7) Baker Farms; (8) Crane Farms; (9) Loraine Coats-Baker; and (10) J & C Baker Family Partnership.

The Court will take Plaintiffs at their word, and will, based upon this representation, hold that these 10 persons and entities have no claim in this case. Accordingly, DuPont's motion to compel federal tax information from them shall be denied.

As to DuPont's requests directed to other persons, Plaintiffs assert that "Dupont has no basis – other than harassment – to demand the production of personal income tax returns that have absolutely no bearing on the income, expenses, or rents of the Bellwether Plaintiffs' farming operations at issue." This is true, Plaintiffs assert, for the following: (1) Leland and Illa Clinger, (2) Dallas Clinger, (3) Diane Funk/Estate of Diane Funk; (4) Gary and Colleen Hansen; (5) John and Patricia Hansen; (6) Doug and Annette Hansen; (7) Richard and Jody Hansen; (8) Ridge Ranch, Inc., (9) Rodney and Shirley Jentzsch; (10) Joseph and

Melynda Kearl; (11) Darrel James and Clara Lynn Baker; (12) Darrel James Baker; (13) The Estate of Clara Lynn Baker, and (14) Warren and Sarah Crane.

Yet these persons are part of the Bellwether Plaintiffs who are seeking recovery here. For example, the Jentzsch Grower Group includes (1) Rodney and Shirley Jentzsch; (2) Joseph and Melynda Kearl; (3) Darrel James and Clara Lynn Baker; (4) the Estate of Clara Lynn Baker; and (5) Warren and Sarah Crane. The federal tax returns of all of these persons is deemed irrelevant by Plaintiffs yet each is seeking recovery in this case. Moreover, the Standing Affidavits state that the Jentzsches, the Kearls, and Warren Crane all owned fields that were leased to Jentzsch-Kearl Farms.

The same is true for Diane Funk/Estate of Diane Funk. The Estate is a member of the Funk Grower Group, a Bellwether Plaintiff, and the Standing Affidavit for Lance Funk states that Diane Funk owned fields leased to Lance Funk Farms, the crop losses from which are at issue in this case. Likewise, the Hansens and the Clingers are members of the Bellwether Plaintiffs with interests in fields at issue.

For these reasons, the Court finds discoverable the federal tax information requested of the 14 persons and entities listed above. This leaves DuPont's requests of the following: (1) Jerome & Tina Clinger; (2) Lance & Lisa Funk; (3) Lance and Diane Funk Partnership; (4) Great Rift Lands Partnership; (5) County

Line Farms; (6) Monty & Diane Funk Partnership; (7) Hansen Farms Joint Venture; and (8) Jentzsch-Kearl Farms.

Of these 8 entities, only three are not Bellwether Plaintiffs with claims in this case (Great Rift; County Line; and Monty & Diane Funk Partnership). Excluding these 3, the Court will order that the federal tax information requested be provided for the other 5.

Plaintiffs allege that DuPont "already has in its possession all the necessary tax records for the Bellwether Plaintiffs' farming operations." If by using the term "necessary" Plaintiffs are asserting that the tax information is not relevant, the Court rejects that argument. It is relevant and discoverable for the specific persons and entities the Court has listed above.

The Court is not interpreting Plaintiffs' response to mean that Plaintiffs have already turned over all the federal tax information requested by DuPont for the persons and entities listed by the Court above. If Plaintiffs can specifically identify the material already turned over, the Court will not order that it be produced again. But because no such showing has yet been made, the Court will order the entire production listed above, and more specifically detailed below.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that plaintiffs shall

produce the federal tax information requested by DuPont in its letter dated April 23, 2008, for the following entities: (1) Leland and Illa Clinger, (2) Dallas Clinger, (3) Diane Funk/Estate of Diane Funk; (4) Gary and Colleen Hansen; (5) John and Patricia Hansen; (6) Doug and Annette Hansen; (7) Richard and Jody Hansen; (8) Ridge Ranch, Inc., (9) Rodney and Shirley Jentzsch; (10) Joseph and Melynda Kearl; (11) Darrel James and Clara Lynn Baker; (12) Darrel James Baker; (13) The Estate of Clara Lynn Baker, and (14) Warren and Sarah Crane; (15) Jerome & Tina Clinger; (16) Lance & Lisa Funk; (17) Lance and Diane Funk Partnership; (18) Hansen Farms Joint Venture; and (19) Jentzsch-Kearl Farms.

IT IS FURTHER ORDERED, that the following persons and entities have no claims in this case: (1) Jared Clinger; (2) Loraine Clinger-McHargue; (3) L. Douglas Clinger, (4) Hapy Grain Co., (5) Mart Produce; (6) BJK Farms; (7) Baker Farms; (8) Crane Farms; (9) Loraine Coats-Baker; and (10) J & C Baker Family Partnership.

DATED: **May 13, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge