IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. |  |
| UNITED STATES OF AMERICA, et al., |  |
| Defendants. |  |

## INTRODUCTION

The Court has a number of matters before it.  The Court heard oral argument on May 14, 2008, and took the matters under advisement.  Each is resolved below.

## ANALYSIS

**1.     Motion for Extension to Time to Allege Fraud**

Plaintiffs seek additional time to do discovery to meet the Court's requirement that their fraud claim be alleged with greater specificity.  Yet back in February of 2008, when the plaintiffs were seeking to add the fraud claim, they represented to the Court that if more specificity was required, they had the information necessary to do so at that time.  *See Plaintiffs' Reply Brief* (Docket No.

**Memorandum Decision and Order – Page 1**

397) at p. 12.  In reliance on that representation, the Court gave plaintiffs until April 27, 2008, to marshal the information they already had, and to plead the fraud claim with more specificity.  The Court did not then, and will not now, give plaintiffs additional time to do discovery on this fraud claim before filing the amendment.

Accordingly, the Court will deny plaintiffs' motion and order that the plaintiffs' file their revised amended complaint immediately (on or before May 16, 2008).  The Court understands that defendants may have objections to the fraud amendment, some of which they have already articulated and others which will only be apparent after they have had an opportunity to review the specific allegations.  Because this fraud claim was brought late in the litigation on the eve of the discovery cutoff, such objections will need to be resolved expeditiously, and the Court's deadlines are accordingly tight.  Any such objections to the proposed fraud amendment must be filed on or before May 23, 2008 and any response briefs shall be filed on or before May 30, 2003.  No reply briefs will be permitted.  A hearing on the plaintiffs' motion to amend to add a fraud claim will be held on June 3, 2008, by telephone.

**2.    Seventh Amendment – Motions to Clarify**

Both sides object on Seventh Amendment grounds to the Court's decision

**Memorandum Decision and Order – Page 2**

placing the new claims (negligence, fraud, and concerted action) in the "bullpen" for resolution at some point after the Bellwether trial.

The Court disagrees with regard to the claim for concerted action. That claim seeks to hold the United States jointly and severally liable with DuPont for DuPont's misrepresentations regarding Oust. The parties cite no authority that a jury would resolve the issue whether the United States should be held jointly and severally liable for the misrepresentations of a co-defendant. Moreover, the claim appears to be largely legal in nature, and hence does not present a potential for inconsistent factual findings. For all these reasons, the Court finds that the Seventh Amendment does not apply to the concerted effort claim. It will remain in the bullpen.

The negligence claim is intertwined with the Bellwether claims and hence must be moved from the bullpen to the Bellwether trial for resolution. This in itself is no reason to extend any of the deadlines because this claim does not require additional discovery beyond that already done and now underway.

The Court will reserve ruling on whether the Seventh Amendment is applicable to the fraud claim until the Court resolves whether the fraud claim is in this case or not.

**Memorandum Decision and Order – Page 3**

3.   **Discovery Issues**

At the conclusion of the hearing, the Court directed counsel to see if they could work out any of the discovery issues.  At the hearing set for June 3, 2008, the Court will hear any discovery issues that remain unresolved.  Counsel are to submit one-page letter briefs listing each issue they want resolved on or before June 2, 2008 by noon.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for extension of time to allege fraud (Docket No. 448) is DENIED, and plaintiffs shall file their proposed amended complaint on or before **May 16, 2008.**

IT IS FURTHER ORDERED, that (1) any objections to the fraud amendment must be filed on or before **May 23, 2008; (2)** any response briefs shall be filed on or before **May 30, 2008**; and (3) no reply briefs will be permitted.

IT IS FURTHER ORDERED, that a hearing on the plaintiffs' motion to amend to add a claim of fraud, will be held on **June 3, 2008, at 1:30 p.m.**, by telephone.  Plaintiffs shall set up a call-in number and notify all parties and this Court (through Law Clerk Dave Metcalf) of the call-in number.

**Memorandum Decision and Order – Page 4**

IT IS FURTHER ORDERED, that a hearing on the any discovery issues shall be held on **May 20, 2008, at 9:00 a.m.**, by telephone.  Plaintiffs shall set up a call-in number and notify all parties and this Court (through Law Clerk Dave Metcalf) of the call-in number.  Counsel shall e-mail to Mr. Metcalf a one-page list of discovery issues they want to discuss by **May 19, 2008.**

IT IS FURTHER ORDERED, that the motion to clarify filed by the United States (Docket No. 414) is GRANTED, and the Court finds that the concerted effort claim will remain in the "bullpen" and not be part of the Bellwether trial and that no discovery or motion practice be conducted on that claim prior to the Bellwether trial.

IT IS FURTHER ORDERED, that the motion to clarify filed by DuPont (Docket No. 428) is GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART.  It is granted to the extent it seeks to undo the bifurcation of the plaintiffs' negligence claim and move that claim into the Bellwether trial.  It is reserved to the extent it seeks to undo the bifurcation of the fraud claim and move that claim into the Bellwether trial.  It is denied in all other respects.  If the fraud claim remains in the case after resolution of the motion to amend on June 3,

**Memorandum Decision and Order – Page 5**

2008, the Court will determine whether it is part of the Bellwether Trial and, if so, whether the Bellwether Trial will go forward on the day now set.



DATED:  **May 15, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 6**