IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

The Court held a telephone conference with all counsel on May 20, 2008, to resolve various discovery disputes. An expedited resolution was required because fact discovery is due to close June 8, 2008. Counsel had provided the Court with one-page letters listing in bullet-point fashion the discovery issues that needed resolution. In some instances, issues were raised by motions. The Court's rulings are set forth below.

**DuPont's Motion to Temporary Stay of Discovery**

The Court will not grant a stay, but will grant in part the relief sought by DuPont by postponing certain depositions. The depositions that are set this week (the week of May 19, 2008) will go forward as scheduled. But the depositions of

**Memorandum Decision and Order - 1**

the Bellwether Plaintiffs set for the next two weeks – that is, the weeks beginning May 26, 2008 and June 2, 2008 – shall be postponed until sometime after the Court rules on the proposed fraud claim, which should be immediately following the hearing on June 3, 2008.  In addition, the Court shall permit written fact discovery on plaintiffs' proposed fraud claim (if the Court allows the claim) for some time after our decision and prior to the postponed depositions.  The details will be resolved by counsel, subject to the Court's intervention if the parties cannot reach agreement.

The Court finds that the revised deadlines set forth in DuPont's motion are reasonable.  But plaintiffs' counsel asked for some time to reach agreement on keeping the dates as scheduled.  The Court allowed that, and counsel shall inform the Court as of May 27, 2008, to whether they were able to reach agreement.  If not, the Court shall set the deadlines.

All other fact discovery shall go forward and be governed by the June 8, 2008 deadline.

With regard to any depositions that may need to be re-taken to explore tax or fraud issues, the Court would urge counsel to agree, and may require, that the second deposition be taken by telephone to save costs and time.

**Memorandum Decision and Order - 2**

**Privilege and Work Product Issues**

The privilege and work product issues must be briefed. Counsel will reach agreement on a briefing schedule and submit it to the Court for approval. The issues subject to briefing would include:

(1) DuPont must provide briefing to justify (1) claiming work product as to the soil samples and testing documents; (2) claiming work product as to Dr. Lichtner's Bio-Assay; (3) labeling documents as privileged (in the 7 privilege logs) when they were not authored by DuPont attorneys and not sent to DuPont attorneys; and (4) claiming the privilege (and work product) for "Core Team" discussions.

(2) Plaintiffs must provide briefing to justify (1) refusing to allow DuPont to clawback documents referred to in DuPont's May 19, 2008 issue letter, item #5 (entitled "Three Clawback Requests); and (2) using the alleged field-specific information of the Clingers.

**Tax Information**

The Court understands from plaintiffs that they are providing the tax information prior to each deposition.

**Specific Witness List**

Both sides must immediately provide the other side with the individual

**Memorandum Decision and Order - 3**

names of witnesses to be called at trial so that they can be deposed. For example, plaintiffs need to identify who from the EPA and Wilbur-Ellis they intend to call. And DuPont must identify its "Will Call Witnesses."

**Identification of Plaintiffs**

By May 30, 2008, Plaintiffs shall submit a motion to the Court requesting dismissal of all claims by those plaintiffs who have been previously identified as no longer pursuing claims in this litigation.

**DuPont Production of Documents After Depositions**

When DuPont produces a document only after a deposition, and the document is relevant to that deposition, DuPont typically needs to make available some means for plaintiffs to inquire of the deponent about the document. Counsel are directed to meet and confer to determine the best way to allow a full and fair inquiry when documents relevant to a deposition are not produced until after the deposition.

**Cobbs, Banks, & Goicoechia**

With regard to these three witnesses, any resolution of issues shall await the final designation of experts.

**Aerial Photographs**

DuPont's counsel stated that they have given all the information to plaintiffs

**Memorandum Decision and Order - 4**

on these aerial photographs.  Counsel are directed to meet and confer on this issue, and if they cannot reach agreement, to contact Law Clerk Dave Metcalf for mediation.

**DuPont's Motion for Extension of Time to Answer Complaint**

This is granted and DuPont shall answer the newly amended complaint within 10 days from the Court's decision on the fraud claim.

**FTCA Notices**

The Government raised this issue by motion but stated that it may be resolved by negotiation.  Counsel shall inform the Court if they are unable to reach agreement.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay filed by DuPont (Docket No. 473) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to permit fact discovery on Plaintiff's newly added fraud claim and postpone the depositions of Bellwether Plaintiffs now set for the weeks of May 26th and June 2nd, 2008, until after the Court rules on the fraud claim.  Counsel shall notify the Court on or before May 27, 2008, as to whether they agree to a schedule to extend the discovery deadlines.  If they are

**Memorandum Decision and Order - 5**

unable to agree, the Court will impose a schedule.  The motion is denied in all other respects.

IT IS FURTHER ORDERED, that the other discovery issues shall be resolved as set forth above.

DATED:  **May 21, 2008**

*[signature]*

B. LYNN WINMILL
Chief Judge
United States District Court