IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

The Court has before it a motion to amend complaint. As to the proposed fraud claim, the Court held that additional detail was necessary, and gave plaintiffs time to file a supplemental claim. They have now done so, and the defendants have filed their objections. The Court heard oral argument on June 3, 2008, and took the motion under advisement. For the reasons expressed below, the Court will grant the motion only in part, allowing paragraphs 171 to 178 of the proposed fraud amendment but rejecting the other paragraphs.

## STANDARD OF REVIEW

**Memorandum Decision & Order – page 1**

Rule 15(a) is very liberal and leave to amend "shall be freely given when justice so requires." *See AmerisourceBergen Corp. v. Dialysist West, Inc.,* 465 F.3d 946 (9th Cir. 2006). However, a district court need not grant leave to amend where the amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In applying this standard, the Court keeps in mind that a fraud claim requires (1) a statement or a representation of fact; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that there be reliance; (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer; (8) justifiable reliance; and (9) resultant injury. *See Partout v. Harper*, 2008 WL 1837500 (Id.Sup.Ct. April 25, 2008).

## LITIGATION BACKGROUND

The plaintiffs timely filed their original motion to amend on December 21, 2007. In a decision filed March 21, 2007, the Court allowed all of plaintiffs' proposed amendments except for their fraud allegations, finding them not sufficiently detailed as required by Rule 9(b). The Court gave plaintiffs until April 25, 2008, to cure this defect, and reserved ruling on the numerous other objections to the fraud amendment raised by defendants.

Plaintiffs have now filed their new proposed fraud amendments, and

**Memorandum Decision & Order – page 2**

defendants have filed their objections. The Court will resolve this dispute by examining each separate section of the proposed fraud amendments.

1.  **Fraud on the EPA**

In paragraphs 153 to 161, plaintiffs allege that DuPont committed fraud on the EPA. Plaintiffs allege that DuPont misled the EPA into dropping language from the Oust warning label that prohibited its use in arid areas near croplands where the treated soil could be blown onto the crops. DuPont allegedly lied to the EPA that some scientific studies were favorable, and failed to reveal those studies that were unfavorable. This fraud, plaintiffs assert, persuaded the EPA to change the warning label on Oust, which in turn convinced the BLM to purchase and apply Oust in a manner that damaged plaintiffs' crops.

These allegations state a claim for fraud by DuPont against the EPA. But to state a claim for fraud by DuPont against *plaintiffs*, the allegations must also assert that DuPont's fraudulent statements were passed along to plaintiffs, that DuPont expected plaintiffs to rely on the fraudulent statements, and that plaintiffs did in fact rely on the fraud to their injury. *See Beco Construction Company Inc., v. Bannock Paving Company*, 797 P.2 863 (Id.Sup.Ct. 1990); *see also, Restatement (Second) of Torts*, § 533 at p. 75 (1977) ("the maker of the representation is liable only if it is repeated to a person to whom he intends or has reason to expect to have

**Memorandum Decision & Order – page 3**

it repeated").

There are no such allegations in the complaint. Under *Beco*, this is fatal as a matter of law to the fraud claim by plaintiffs against DuPont for claims it made to the EPA. Because the proposed paragraphs would be subject to dismissal if added, it is futile to add them.

Plaintiffs cite *Restatement (Second) of Torts*, § 310 (1977), arguing that it protects parties in their position "even if they do not hear or rely upon the misrepresentations." *See Plaintiffs' Letter Brief (docket no. 493)* at p. 1. However, that section is limited to misrepresentations that cause physical injury, and hence is inapplicable here. The section of the *Restatement* applicable to pecuniary injury is § 533, and it clearly requires that the fraud be repeated to the plaintiffs and that they rely upon it to their injury. Moreover, § 533 is completely consistent with *Beco*, the governing Idaho authority.

Finally, the case of *Edgar v. Danek Medical*, 1999 WL 1054864 (M.D. Fla. 1999) is instructive although not determinative. There, the court in a personal injury action denied a motion to amend to add a fraud-on-the-FDA claim because it was futile, holding that (1) the state law required reliance by the plaintiff and none was alleged, and (2) although the *Restatement* § 310 might dispense with reliance by the plaintiff, that state had never adopted § 310, and so it was inapplicable. *See*

**Memorandum Decision & Order – page 4**

*Edgar v. Danek Medical*, 1999 WL 1054864 (M.D. Fla. 1999). Section 310 is similarly inapplicable here (albeit for a different reason, *i.e.,* that no personal injuries are alleged), and the state law under *Beco* requires reliance by the plaintiffs.

For all of these reasons, the Court finds that plaintiffs' proposed amendments in paragraphs 153 to 161 are futile and shall be stricken.

**2.     Fraud on the BLM**

In paragraphs 162 to 170, plaintiffs allege that DuPont's misrepresentations made directly to the BLM (1) convinced it to purchase and apply Oust on arid ground downwind from plaintiffs' crops, and (2) were designed to influence its investigation of plaintiffs' crop losses after the application.

With regard to the first point above, plaintiffs make no allegation that DuPont's fraud – that convinced the BLM to purchase and apply Oust – was ever repeated to plaintiffs and relied upon by them. The same holds true for the second point – although plaintiffs allege in their briefing that they relied upon DuPont's fraud on the BLM to their detriment, and that DuPont expected them to so rely, those allegations are nowhere contained in the newly-proposed fraud amendments.

To expand on this point, the plaintiffs' briefing contains the following explanation as to how plaintiffs came to rely on DuPont's fraud on the BLM after

**Memorandum Decision & Order – page 5**

the Oust had been applied:

> Given that plaintiffs had already suffered crop damage and that both the BLM and plaintiffs knew about that damage, DuPont had reason to expect that its statements to BLM would be communicated to plaintiffs. Further, DuPont had reason to expect that its misrepresentations about the effects of Oust, and its attempt to shift blame to the BLM and others, would influence plaintiffs in their response to their crop damage and in their investigation of their legal options.

*See, Plaintiffs' Brief* at p. 17. This explanation, however, was not contained in the newly-proposed amendments, even when read with the extreme liberality to which plaintiffs are entitled.

Plaintiffs complain that DuPont was not forthcoming with discovery. Yet plaintiffs asserted in a brief filed February 15, 2008 – three months before they filed their newly-proposed fraud amendment on May 16, 2008 – that they could plead with particularity their fraud-on-the-BLM claim because they now had, among other discovery, the following: (1) "correspondence between the BLM and DuPont regarding the special needs label;" (2) "specific information about the Oust general label and DuPont's choice of wording;" (3) "DuPont's EPA registration file;" (4) "Specific testing and literature either conducted by DuPont or in its possession, discussing the danger Oust poses to crops and crop lands;" (5) "Information regarding potential remedies that can be undertaken to mitigate damage caused by Oust;" (6) "Internal documents from DuPont during the Spring

**Memorandum Decision & Order – page 6**

and Summer of 2001 relating to DuPont's response to reports of crop damage in Idaho related to Oust;" (7) "Correspondence between DuPont and other individuals and entities in 2001 discussing DuPont's role in mitigation and testing efforts;" and (8) "Information regarding DuPont's knowledge about potential remedies that could be undertaken to mitigate damage caused by Oust." *See Plaintiffs' Brief (docket no. 397)* at p. 12.

According to plaintiffs, this discovery revealed DuPont's fraud on the BLM and BLM's corresponding transmission of that fraud to plaintiffs, allowing plaintiffs to plead the fraud claim with particularity as required by Rule 9(b). Plaintiffs do not explain, however, why they were unable over the next three months to plead their own reliance on this fraud.

To allow plaintiffs yet another opportunity to redraft the complaint would cause additional delay at a crucial time in this case. An immense amount of discovery must be done on a very tight schedule to get this case ready for trial by February of 2009. Consequently, any further delay would cause substantial prejudice to the defendants. The Court therefore finds that plaintiffs' proposed amendments in paragraphs 162 to 170 are futile, and any further time granted to plaintiffs to cure the defects would cause an undue delay prejudicial to defendants. Hence, paragraphs 162 to 170 shall be stricken.

**Memorandum Decision & Order – page 7**

### 3. **Fraud on Plaintiffs**

Paragraphs 171 to 178 contain allegations of misrepresentations made directly by DuPont to plaintiffs. The allegations contain the detail required by Rule 9(b), and do not contain any new claims, as alleged by DuPont.

Moreover, the Court finds that plaintiffs are not judicially estopped from making these claims, as argued by DuPont. At the hearing in issue, the Court did not understand counsel to represent that he was dropping his direct fraud claims and proceeding only on his third-party fraud claims. The Court therefore rejects this argument.

DuPont asserts that paragraphs 171 and 173 contain statements about future events, which cannot constitute the basis for a fraud claim under Idaho law. *See, Country Cove Dev., Inc. v. May*, 150 P.3d 288, 294 (Id.Sup.Ct. 2006). There is, however, an exception when the "false prediction . . . is given with the intent to mislead." *Id*. Plaintiffs have so alleged in paragraphs 175 and 176.

For all these reasons, the Court shall permit the proposed amendments contained in paragraphs 171 to 178, the allegations that DuPont made direct misrepresentations to plaintiffs.

### 4. **Fraud on the ISDA and Idaho's Congressional Delegation**

Paragraphs 179 to 188 allege that DuPont made misrepresentations to the

**Memorandum Decision & Order – page 8**

Idaho State Department of Agriculture (ISDA) and Idaho's Congressional Delegation (ICD). Plaintiffs allege that prior to the application of Oust, DuPont misrepresented that Oust was safe to apply on fire-burned land, and then after the application, falsely placed blame on the BLM to influence the investigation conducted by the ISDA and the appropriations secured by the ICD.

Once again, the proposed amendments do not allege whether this fraud was ever repeated to plaintiffs and relied upon by them. As discussed above, this is a fatal flaw. For the same reasons expressed above regarding the other third-party fraud claims, the Court finds that plaintiffs' proposed amendments in paragraphs 179 to 188 are futile, and any further time granted to plaintiffs to cure the defects would cause an undue delay prejudicial to defendants. Hence, paragraphs 179 to 188 shall be stricken.

### 5.     Conclusion on Motion to Amend

Based on the above findings, the Court will grant in part and deny in part the motion to amend to add a fraud claim. The Court will grant the motion to the extent it seeks to add paragraphs 171 to 178. The Court will deny the motion in all other respects. Plaintiffs are directed to file a new complaint taking these rulings into account.

### 6.     Impact of Ruling on Trial Date

**Memorandum Decision & Order – page 9**

The only section of the proposed fraud amendment allowed by the Court is the section alleging direct misrepresentations to the plaintiffs.  While depositions of plaintiffs have been postponed to await this ruling, it appears that they can be completed under the schedule proposed by DuPont and the trial date maintained. The Court will discuss this with counsel at the hearing on June 6, 2008.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to amend to add a fraud claim (docket no. 340) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to add paragraphs 171 to 178 contained in the Supplement to Plaintiffs' Motion to Amend (docket no. 471).  It is denied in all other respects.



DATED: **June 6, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 10**