IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| | ) | |
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

The Court has before it DuPont's motion for protective order.  DuPont seeks

protection from plaintiffs' Notice of Rule 30(b)(6) Deposition.  In that Notice, the

plaintiffs seek to take the depositions of DuPont's representatives and inquire into

twelve areas, including (1) Core Team reports to DuPont management, (2) all prior

Oust incidents, (3) DuPont's involvement in the 13-state EIS, (4) DuPont's

knowledge of whether Oust was safe to aerially apply in Idaho; (5) DuPont's own

scientific studies on various topics regarding Oust; and (6) DuPont's knowledge of

the type and extent of crop damages, among other areas.

**Memorandum Decision & Order – page 1**

Dupont complains that the Notice is (1) overly broad; (2) imposes improper contention interrogatories; (3) is duplicative of discovery completed to date; (4) seeks to elicit expert testimony from company witnesses; (5) seeks the production of information that is subject to the attorney-client privilege; and (6) is untimely. Without waiving these objections, DuPont named fifteen designees to cover the twelve areas of inquiry identified in plaintiffs' Notice.  The Court will take up each objection raised by DuPont.

## ANALYSIS

With regard to DuPont's timeliness objection, the Court finds it moot because discovery deadlines have recently been extended.  With regard to the attorney-client privilege objection, DuPont asserts that plaintiffs' request for Core Team deliberations and reports calls for privileged material.  The Court has ruled on this issue in a separate decision, rejecting DuPont's claim of privilege for certain categories of Core Team deliberations and reports, and upholding it for others.  This makes a blanket protective order inappropriate.  If inquiry at the depositions strays into protected areas, DuPont is free to object, but the Court will not grant a protective order on the Core Team privilege issues at this time.  DuPont also raises other privilege issues, but these assertions are based on presumptions as to how plaintiffs' counsel will conduct the deposition questioning; nothing on the

**Memorandum Decision & Order – page 2**

face of the Notice seeks privileged (or work product protected) material.  Once again, resolution of those issues must await the deposition.

DuPont claims that plaintiffs' have crafted their Notice strategically to get an early look at DuPont's expert testimony.  For example, DuPont points out, the Notice seeks inquiry into "DuPont's interpretation of aerial photographs."  DuPont asserts that this inquiry puts it in a lose-lose situation:  If DuPont calls an expert, they must do so well-ahead of the expert disclosure and discovery deadlines; if DuPont calls a layperson, plaintiffs may later claim that DuPont is bound by that testimony if it conflicts with DuPont's experts.

Plaintiffs respond that they are not seeking to "gain an early glimpse into the expert opinion testimony."  *See Plaintiffs' Response* at p. 6.  Instead, plaintiffs represent that they "seek purely factual information, to wit, who, if anyone at DuPont interpreted the aerial photographs, and what was that analysis . . . [and] if no DuPont employee has analyzed the photographs, and only a Rule 26 designated expert has, then plaintiffs are entitled to know that fact."  *Id.*

The areas of inquiry proposed by plaintiffs above are proper.  The Court will take them at their word that they are not seeking an early glimpse into DuPont's expert testimony, an improper area of inquiry because the discovery of experts will come later.  On the basis of these representations by plaintiffs, the Court declines

**Memorandum Decision & Order – page 3**

Case 4:03-cv-00049-BLW   Document 565   Filed 07/03/08   Page 4 of 4

to accept  DuPont's argument on this issue.

The Court cannot agree with DuPont on the remaining two issues.  First,
Court cannot find that the twelve areas set forth in the Notice constitute improper
contention interrogatories.  Second, even though plaintiffs have taken 21
depositions of DuPont employees, this Notice sets up a Rule 39(b)(6) deposition
that will bind DuPont and so is not unduly duplicative on its face.

For all of these reasons, the Court will deny DuPont's motion for protective
order.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for
protective order (docket no. 551) is DENIED.

DATED:  **July 3, 2008**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**