IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, ) | |
| v. ) | MEMORANDUM DECISION |
| ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | |

## INTRODUCTION

On June 27, 2008, the Court held a telephone hearing with all counsel present to take up DuPont's request to bar non-bellwether plaintiffs from testifying concerning the damage to their own and other's crops at the bellwether trial. DuPont claims that the defendants have been barred by the Court's prior orders from conducting discovery of the six non-bellwether plaintiffs named by plaintiffs on their witness list for the bellwether trial. DuPont cites this discovery ban in seeking to exclude any testimony from these six witnesses. The Court disagrees and denies DuPont's request for the reasons expressed below.

**Memorandum Decision & Order – page 1**

## ANALYSIS

In January of 2008, plaintiffs listed six non-bellwether plaintiffs to testify about the "quality and damage symptoms of [their] crops and the cause of damage" along with "the damage symptoms and quality of other's crops in the affected area; the climate; the weather; and other growing conditions generally and during the years at issue and local growing practices." DuPont argues that the testimony should be excluded because the Court blocked all discovery of non-bellwether plaintiffs.

The Court did issue two orders prohibiting discovery of non-bellwether plaintiffs in September and November of 2007. In the first, the Government was seeking to immediately begin discovery of *all* plaintiffs, a proposal the Court rejected because was too broad in scope and would disrupt the tight discovery schedule set by the Court. The Court made no finding – and was not asked to make any finding – regarding the much different issue of whether non-bellwether plaintiffs might testify at the bellwether trial and whether discovery should therefore be allowed of those witnesses.

In the second decision, the Court took up DuPont's argument that it should be allowed to conduct discovery into the details of the claims of the non-bellwether plaintiffs. DuPont argued that the non-bellwether plaintiffs should be committed,

**Memorandum Decision & Order – page 2**

on a written record, to the details of their claims so that they could not later alter their claims to align with any findings in the bellwether trial. The Court denied that request, refusing to "assume that [the non-bellwether plaintiffs] will commit perjury or alter documents to align with any preclusive findings of the first bellwether trial." Once again, the Court made no finding – and was not asked to make any finding – regarding the much different issue of whether non-bellwether plaintiffs might testify at the bellwether trial and whether discovery should therefore be allowed of those witnesses.

    Seen in this light, the Court's prior decisions provide no basis for defendants to assume either that the testimony of non-bellwether plaintiffs would be excluded at the bellwether trial or that discovery of such testifying non-bellwether plaintiffs had been addressed by the Court and deemed off-limits. When the plaintiffs named the six non-bellwether plaintiffs as witnesses in January of 2008, the defendants were on notice that some affirmative action on their part would be necessary to exclude the testimony of the six. Given this context, the Court cannot accept defendants' argument that they felt the issue was resolved by the two prior decisions and that no action on their part was necessary.

    At the same time, these circumstances do persuade the Court to allow defendants to conduct discovery of these six non-bellwether plaintiffs. And the

**Memorandum Decision & Order – page 3**

Court is amenable to extended the discovery schedule and the trial date about six to seven weeks to accommodate that extra discovery.

Because the six non-bellwether plaintiffs will be strictly limited in the scope of their testimony to the summary contained in the January 28, 2008, witness disclosure statement, discovery of the six will be likewise limited in scope. The discovery would not include any inquiry into the economic or financial losses suffered by the six plaintiffs since they are not pursuing their own cases here.

The Court recognizes that the extra discovery may be substantial. However, the Court is not convinced that defendants need six months to complete it. The Court will direct counsel to meet together to see if they can reach agreement on new pre-trial deadlines and a trial date about six or seven weeks out. If counsel cannot reach agreement, they should advise Dave Metcalf either by phone or e-mail and the Court will then impose a schedule.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that defendants' request to bar non-bellwether plaintiffs from testifying concerning the damage to their own and other's crops at the bellwether trial is DENIED.

IT IS FURTHER ORDERED, that defendants shall be allowed to conduct

**Memorandum Decision & Order – page 4**

discovery of the six non-bellwether plaintiffs who will testify at the bellwether trial.

    IT IS FURTHER ORDERED, that counsel shall meet together and, if they can, agree to a new pre-trial schedule and trial date to accommodate this new discovery.



DATED: **July 3, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**