IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. |  |
| UNITED STATES OF AMERICA, |  |
| Defendant. |  |

## INTRODUCTION

The Court has before it defendants' motion to reconsider and motion to exclude plaintiffs' second expansion of the bellwether trial, and plaintiffs' motion for protective order. The Court held a telephone conference with all counsel on August 1, 2008, and took the motions under advisement. For the reasons expressed below, the Court will grant in part and deny in part the motions.

## ANALYSIS

With regard to the motion to reconsider, the Court fully analyzed the effect of its prior decisions and found that they were not misleading. The Court can find no reason to reconsider that analysis. With regard to the motion for protective order, the Court is not going to block further discovery to the degree advocated by

**Memorandum Decision and Order – Page 1**

plaintiffs because the testimony of the six non-bellwethers raises legitimate areas of inquiry for the defendants.

While none of the motions deserves to be granted in full, they all raise a central concern that must be addressed by the Court; that is, discovery will be unfocused and wide-sweeping until the extent of the testimony of the six is more fully revealed.

According to plaintiffs' filings, the six will testify about (1) their observations of the bellwethers' damage; (2) their observations of their own crop damage; and (3) their observations of the crop damage of other farmers. The extent of the discovery engendered by this testimony could be significant. For example, if the six are allowed to testify about damage to other farmers, the defendants will seek to investigate that damage by, among other means, taking depositions of those "other farmers," collecting the documentation on their fields, seeds, crops and yields, and providing this information to their experts for analysis. If the six testify about their own crop damage, the defendants will seek to investigate all factors that bear on whether the experiences of the six are applicable and relevant to the experiences of the bellwethers.

In other words, the extent of the discovery depends in large part on the extent of the testimony. This suggests that a Court ruling on the extent of the

**Memorandum Decision and Order – Page 2**

testimony will allow the parties to focus their discovery, making it more efficient and productive.

There are two ways to get the detailed testimony of the six before the Court: (1) have defendants take their depositions; or (2) have plaintiffs' counsel prepare a detailed proffer. The latter is the best alternative here because of the short time frames involved.

The Court will therefore order that plaintiffs provide a proffer of the expected testimony of the six non-bellwether plaintiffs. The proffer will contain the detail required of an expert's Rule 26 report, and plaintiffs will be similarly bound at trial by the proffer. The Court will order that the proffer be filed on or before August 18, 2008.

In response to the proffer, the defendants may file motions in limine seeking to exclude all or a portion of that testimony. The Court will hold an expedited hearing on the motions and rule immediately. After ruling, the Court will hold a conference to determine the limits of the following discovery.

This schedule will run into the expert witness disclosure deadlines. However, that should not be a problem as the Court will allow supplementation of the expert reports for any late filings that are caused by this schedule.

**Memorandum Decision and Order – Page 3**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (Docket No. 575), motion for protective order (Docket No. 574), and motion to exclude (Docket No. 576) are GRANTED IN PART AND DENIED IN PART.  The motions are granted to following extent:

(1) Plaintiffs shall file a proffer of the expected testimony of the six non-bellwether plaintiffs on or before August 18, 2008;

(2) Defendants may file motions in limine directed at this proffer on or before August 25, 2008;

(3) The Court will hold a hearing addressing any of these motions in limine immediately upon completion of the briefing and rule from the bench;

**Memorandum Decision and Order – Page 4**

(4) The Court will then hold a conference to set limits on the discovery in accord with the ruling evaluating the testimony of the six non-bellwether plaintiffs.



DATED: **August 4, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 5**