IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-49-E-BLW |
| Plaintiffs, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

The Court has before it a motion to limit use of proffers filed by plaintiffs and a motion to exclude the testimony of the non-bellwether plaintiffs filed by the Government. The motions are fully briefed and at issue. With regard to the motion to limit the use of the proffers, the Court will grant the motion in part, but deny the remainder. The Court will deny the Government's motion. The Court's reasoning is expressed below.

## ANALYSIS

**1.  Plaintiffs' Motion to Limit Use of the Proffers**

In an earlier decision, the Court directed plaintiffs to file proffers of the

**Memorandum Decision and Order – Page 1**

expected testimony of the six non-bellwether plaintiffs.  The Court was concerned that the discovery of these witnesses would be unfocused and wide-sweeping unless defendants had some advance notice regarding the scope of their testimony.  The proffers were intended by the Court to make discovery more "efficient and productive."  *See Court's Memorandum Decision* at p. 3.

The plaintiffs timely filed the proffers, but did so *in camera*, accompanied by a motion to limit their use.  In that motion, plaintiffs sought an order that: (1) their disclosure of the proffers does not constitute a waiver of either their attorney/client privilege or the protections of the work product doctrine; (2) the proffers will be inadmissible in this case or any other case or proceeding for any purpose, including impeachment; (3) defendants may not use the proffers for any purpose other than to file the motion in limine contemplated by this Court's earlier decision; and (4) the proffers are to be filed under seal and held in strict confidence for attorney's eyes only.  All the proffers were signed by plaintiffs' counsel rather than by the non-bellwether plaintiffs themselves.

The defendants stipulate that the disclosure does not waive the attorney/client privilege or work product doctrine.  Defendants also agree not to introduce the proffers into evidence or use them to impeach witnesses.  However, defendants object to (1) plaintiffs being allowed to introduce evidence beyond the

**Memorandum Decision and Order – Page 2**

scope of the proffers; (2) plaintiffs' request to limit the use of the proffers to the motion in limine; and (3) plaintiffs' request to limit the proffers to attorneys' eyes only.

The Court turns first to plaintiffs' statement that the non-bellwether plaintiffs may testify to things not revealed in the proffers. *See Plaintiffs' Motion* at p. 5 ("there may be more testimony that plaintiffs would reasonably include in a non-bellwether plaintiffs' direct examination at trial"). The Court held in its prior decision that "[t]he proffer will contain the detail required of an expert's Rule 26 report, and plaintiffs will be similarly bound at trial by the proffer." *See Court's Memorandum Decision* at p. 3. The Court reaffirms that holding here. Plaintiffs will not be permitted at trial to introduce testimony from the non-bellwether plaintiffs outside the proffers.

Plaintiffs express concern that the proffers "do not and cannot possibly include any anticipated rebuttal testimony, either necessitated by questions asked of them during their deposition, in response to defendants' expert disclosures, on cross-examination at trial, or otherwise." *See Plaintiffs' Motion* at p. 5. This concern can be addressed by allowing legitimate supplementation of the proffer – akin to that allowed for expert reports under Rule 26 – so long as the new material merely supplements an area of testimony already covered in the proffer.

**Memorandum Decision and Order – Page 3**

Plaintiffs also object to defendants' plan to use the proffers to prepare third-party witnesses for discovery or trial, and to question the non-bellwether plaintiffs in their depositions.  However, the Court's purpose in requiring the proffers was to streamline discovery, and this purpose would be defeated if the proffers could not be used by defendants in this manner.  Plaintiffs have not provide any specific reason why the proffers should be limited to attorneys' eyes only, and the Court will not adopt that limitation.  Plaintiffs do argue convincingly, however, that the proffers should not be discussed in front of the jury in any manner, and the Court will so order.

The Court will therefore order that the proffers be provided immediately to defendants, and will also order that (1) the disclosure of the proffers does not constitute a waiver of either their attorney/client privilege or the protections of the work product doctrine; (2) the proffers cannot be introduced into evidence, used to impeach witnesses, or discussed in any manner in front of the jury; (3) the proffers may be used to prepare witnesses for discovery and/or trial; (4) legitimate supplementation of the proffers is permitted; and (4) testimony outside that summarized in the proffers and any supplementation will be subject to exclusion at trial.

**Memorandum Decision and Order – Page 4**

**2.     Government's Motion to Exclude Non-Bellwether's Testimony**

The Court will deny this motion. Plaintiffs had a legitimate reason given the potential attorney/client problem for filing the proffers *in camera*. The evidentiary admissibility will be addressed in the motions in limine, and the Court will extend the deadline for their filing to avoid prejudice to defendants.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's motion to exclude (Docket No. 633) is DENIED,

IT IS FURTHER ORDERED, that the motion to limit use (Docket No. 621) is GRANTED IN PART AND DENIED IN PART.

IT IS FURTHER ORDERED, that plaintiffs provide the proffers to defendants immediately;

IT IS FURTHER ORDERED, that the deadline for defendants to file motions in limine concerning the proffers is moved to September 19, 2008.

IT IS FURTHER ORDERED, that (1) the disclosure of the proffers does not constitute a waiver of either their attorney/client privilege or the protections of the work product doctrine; (2) the proffers cannot be introduced into evidence, used to impeach witnesses, or discussed in any manner in front of the jury; (3) the proffers

**Memorandum Decision and Order – Page 5**

may be used to prepare witnesses for discovery and/or trial; (4) legitimate supplementation of the proffers is permitted; and (5) testimony outside that summarized in the proffers and any supplementation will be subject to exclusion at trial.



DATED: **September 8, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 6**