IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

**MEMORANDUM DECISION**

DuPont has filed a motion to compel plaintiffs to comply with the rules regarding the filing of privileged materials. The same motion also requests reconsideration of the Court's earlier decision resolving DuPont's attempt to "claw back" privileged documents.

The Court can find no reason to reconsider its earlier decision, and hence will deny that part of the motion. Turning to the motion to compel, DuPont complains that plaintiffs improperly quoted – in a publically filed brief – from documents that DuPont claimed were privileged. It is true that plaintiffs briefs contained some quotes from those documents, and the better practice would have

**Memorandum Decision and Order – Page 1**

been to have the brief sealed.  The Court will so order.  The Court cannot find, however, that plaintiffs' conduct violates any ethical rule.  The quotations were minimal, and plaintiffs were careful to seal the documents themselves.

DuPont argues next that plaintiffs unnecessarily filed four documents that plaintiffs conceded were privileged.  While DuPont argues that the filing was unnecessary, the filing was under seal and assisted the Court to understand the full range of document production that DuPont made inadvertently to plaintiffs.  The Court cannot find that plaintiffs violated any rule or regulation in this regard.

DuPont complains that plaintiffs' brief challenging DuPont's claim of privilege discussed the documents DuPont claimed were privileged, and hence violated § 3.3.1 of the Court Management Order, which states that the recipient of an inadvertent production "shall not use such document(s) for any purpose unless and until further order of the Court."  This provision must be read together with the next sentence that allows a recipient to file a motion challenging the sender's assertion of privilege.  That motion would be incoherent if the recipient was not allowed to discuss the very documents that caused the motion to be filed.  Reading the two provisions together, as the Court must do, the Court finds that they prohibit the use of challenged documents for any purpose other than an objection to the claim of privilege.

**Memorandum Decision and Order – Page 2**

The Court cannot find any other reason to admonish plaintiffs, and hence will deny the motion. The Court will order that the one brief be sealed.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel and for reconsideration (Docket No. 569) is DENIED.

IT IS FURTHER ORDERED, that the Clerk shall seal the Memorandum Brief (Docket No. 525) (The Clerk will note that the Exhibits to the Brief are already sealed).



DATED:  **October 3, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 3**