IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

# INTRODUCTION

The Court has before it a motion for protective order filed by DuPont. The matter has not been fully briefed, and thus is not at issue. This is an important matter that must be resolved only after all parties have an opportunity for briefing. Counsel have requested that the Court give some guidance on the matter, and the Court will do so on the understanding that any final resolution must await full briefing.

## ANALYSIS

DuPont's expert, Henry Jacoby, had worked at the EPA from 1971 to 1997. His deposition was scheduled for December 11, 2008.

**Memorandum Decision and Order – Page 1**

The day before the deposition, counsel for the Government notified DuPont's counsel that the EPA was concerned Jacoby's involvement in this case may violate 18 U.S.C. § 207(1).  Upon hearing that, Jacoby refused to proceed with the deposition, and it was cancelled by DuPont.

Plaintiffs challenged the cancellation, claiming that they had incurred substantial costs in preparing for the deposition, and arguing that DuPont should have clarified Jacoby's status under § 270 long ago.  Plaintiffs notified DuPont that they consider the cancellation to be a withdrawal of the expert by Dupont.

The continuation of Jacoby's deposition could prejudice plaintiffs because they have a deadline of January 19, 2009, for rebuttal experts.  If plaintiffs are not able to depose Jacoby sufficiently ahead of this deadline, they will be unable to comply with it, at least as to Jacoby.

It appears unlikely that Jacoby's potential liability under § 270 will be resolved quickly.  The regulations put the burden on Jacoby to request a resolution from the EPA, and he has failed to do so to this point.  *See* 5 C.F.R. § 2637.201(e) (2007).

DuPont filed a motion for protective order.  The motion claims the Government has raised these concerns as a strategic ploy to remove DuPont's expert.  DuPont also challenges plaintiffs' assertion that the cancellation should be

**Memorandum Decision and Order – Page 2**

deemed a withdrawal of the expert.

The Court refuses to find that the cancellation must be deemed a withdrawal of the expert. All the circumstances must be examined. To that end, and in consideration of the tight deadlines, the Court will set an expedited briefing schedule and ask for some additional information.

The Government has already filed a response. That response did not contain any information about why the Government is concerned about § 270 liability. The Court needs at least a summary of the basis for the Government's concerns about Jacoby's liability under § 270(1) to evaluate the concern.

Accordingly, the Court will order below an additional response by the Government and an expedited response by the other parties.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Government shall file an additional response, on or before December 15, 2008, summarizing the basis for their concerns about Henry Jacoby under § 270(1).

IT IS FURTHER ORDERED, that plaintiffs shall file any response brief on or before December 15, 2008.

     IT IS FURTHER ORDERED, that DuPont file any final reply brief on or before December 17, 2008.  The Court will determine if oral argument is necessary.



DATED:  **December 11, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**