IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it DuPont's motion for protective order and plaintiffs' motion to strike. The Court heard argument on December 30, 2008, and took the motions under advisement. For the reasons expressed below, the Court will conditionally grant DuPont's motion for protective order, and deny plaintiffs' motion to strike.

## FACTUAL BACKGROUND

Henry Jacoby is a former EPA employee who has been retained as an expert witness by DuPont. Jacoby worked in the EPA's Office of Pesticide Programs (OPP). In his Rule 26 Report, he renders opinions that (1) EPA has sufficient

**Memorandum Decision and Order – Page 1**

information in 1995 to know about the concerns with sulfometuron methyl when it approved the revised labeling amendment for Oust; (2) that the label modification for Oust approved in June of 1995 did not expand the use of Oust; and (3) that the label was adequate to inform the BLM of the conditions under which Oust should not be applied.

In 1982, when Oust was first registered with the EPA's OPP, Jacoby worked as a Product Manager in the Fungicide-Herbicide Branch of the Registration Division of the OPP. In 1995, when the label he will testify about was approved by the EPA's OPP, he was the OPP Branch Chief for EPA's Environmental Fate and Ground Water Branch, within the Environmental Fate and Effects Division – having served in that role from 1991 to 1997.

Jacoby states in his curriculum vita that during his tenure as Branch Chief, "dialogues were initiated" with industry groups, and that industry task forces "have resulted" to discuss, among other things, "spray drift." With specific regard to Oust, however, Jacoby has no recollection of working on Oust either in 1982 when it was first registered or in 1995 when the revised label was issued. *See Jacoby Declaration* at ¶¶ 6-7, p. 2. He states that his expert opinions are "not based on personal knowledge gained contemporaneous to the approval process for the label modification for Oust." *Id.* at ¶ 5, p. 2.

**Memorandum Decision and Order – Page 2**

Consistent with the Court's Case Management Order, DuPont disclosed Jacoby as an expert witness on December 5, 2008, and his deposition was set for December 11, 2008. DuPont had listed other experts that were current EPA employees, and so Government counsel worked with the EPA to schedule their depositions. In the course of that collaboration, the EPA requested that Government counsel provide the agency with any expert reports concerning its employees. Among the expert reports provided by the Government to the EPA was Jacoby's report.

On December 10, 2008, attorneys from the EPA contacted DuPont's counsel, informing them that the EPA had made an initial determination that it had concerns that the involvement of Jacoby may violate 18 U.S.C. § 207(1). This statutory provision is part of the Ethics in Government Act that places restrictions on former Government employees from appearing before courts on behalf of third parties in matters that the former employee participated personally and substantially while employed with the Government. The Act contains both criminal and civil sanctions. The EPA's attorney emphasized that they had not made any final determination as to Jacoby's liability, nor had any party requested that such a determination be made.

During that phone call, DuPont asked the EPA if the agency was also concerned about another Dupont expert, James Aidala, who also had worked at the EPA. DuPont asserts that they received an equivocal answer that left open the possibility that the EPA had similar concerns with Aidala.

DuPont's counsel relayed this information to Aidala and Jacoby's employer – Bergeson & Campell – who insisted that their depositions be cancelled. On December 10, 2008, DuPont's counsel then informed all counsel that the two depositions would be cancelled.

Plaintiffs reacted by immediately filing a Notice of Deposition that set up Jacoby's deposition for the next day – December 11, 2008 – and sent a letter to DuPont demanding that the deposition go forward or plaintiffs would construe the cancellation of the depositions as a withdrawal of the two experts as expert witnesses.

DuPont responded by filing the motion for protective order that is presently before the Court. The motion originally sought a protective order that (1) stayed the deposition of its experts Henry Jacoby, and (2) rejected the claims of plaintiffs and the Government that DuPont withdrew Jacoby as an expert by cancelling his deposition. In a supplemental filing, DuPont added their expert Aidala to their requested relief. In their most recent brief, DuPont notes that it will make Aidala

**Memorandum Decision and Order – Page 4**

available for a deposition prior to the expert discovery deadline. While DuPont will not make Jacoby available, DuPont has changed somewhat the relief they seek. DuPont now asks for an order either (1) immunizing Jacoby from liability under 18 U.S.C. § 270, or (2) authorizing DuPont to substitute another expert in Jacoby's place.

The plaintiffs and the Government have filed a motion to strike Jacoby and Aidala as experts on the ground that DuPont cancelled their depositions and is not entitled to any relief in the motion for protective order.

## ANALYSIS

### James Aidala

DuPont has now agreed to make Aidala available for deposition prior to the deadline for expert discovery on February 2, 2009. The slight delay in taking Aidala's deposition does not justify striking him as an expert. The Court is concerned that given this delay, plaintiffs' rebuttal deadline of January 19, 2009, may be difficult to meet as to Aidala, but the Court would be amenable to extending plaintiffs' deadline if necessary.

The Court will therefore deny plaintiffs' motion to strike Aidala as an expert. Aidala's desire to proceed with his deposition – and the Court's denial of the motion to strike – moots DuPont's request for a protective order.

**Memorandum Decision and Order – Page 5**

**Henry Jacoby**

The Ethics in Government Act permanently bars former Executive branch officers and employees from communicating with, or appearing before, a court "in connection with a particular matter" in which the Government has a "direct and substantial interest," the "person participated personally and substantially as such officer or employee," and "which involved a specific party or specific parties at the time of such participation." *See* 18 U.S.C. § 207(a)(1). An exception to this prohibition applies for a person "giving testimony under oath, or . . . making statements required to be made under penalty of perjury." *Id*. at § 207(j)(6). But in an exception-to-the-exception, the Act provides that any person falling within subsection (a)(1) "with respect to a particular matter may not, except pursuant to court order, serve as an expert witness for any other person . . . in that matter."

Thus, the initial inquiry is whether Jacoby falls within subsection (a)(1) and is permanently prohibited from communicating with or appearing before this Court. A final determination of this question is not possible based upon the limited record before the Court. Nor has the EPA conclusively determined that Jacoby falls within subsection (a)(1). However, for purposes of this discussion, the Court will assume that Jacoby is subject to the statute.

**Memorandum Decision and Order – Page 6**

However, even if the subsection (a)(1) applies, Jacoby would still be allowed to testify under oath or make statements subject to a penalty of perjury, unless he was testifying as an expert, in which case he would need a court order to be entitled to the statutory exception from liability.

Thus, because Jacoby is testifying as an expert, he would need a court order to be entitled to the exception of § 207(j)(6). The Court and parties could find no case discussed the standard governing the issuance of such a court order. There are regulations governing expert testimony, but they were passed before 1991 amendments to the Act and hence apply only to employees who left Government service prior to January 1, 1991 – updates have not yet been adopted. *See* 5 C.F.R. Pt. 2637 note.

While those regulations do not apply here, and have no binding force, they do offer some insight. They generally decline to extend the testimony exception to expert witness – the same policy adopted by the 1991 amendments, now set forth in § 207(j)(6)(A) – unless (1) the expert is "testifying from personal knowledge as to occurrences which are relevant to the issues in the proceeding, including those in which the former Government employee participated, utilizing his or her expertise," or (2) "another expert cannot practicably be obtained; that it is impracticable for the facts or opinions on the same subject to be obtained by other

**Memorandum Decision and Order – Page 7**

means, and that the former Government employee's testimony is required in the interest of justice." *See* 5 C.F.R. § 2637.208.

There is nothing in these regulations inconsistent with the present version of § 207(j)(6)(A), and they offer – at the very least – some suggestions for a standard that should govern court orders extending the testimony exception to experts. Moreover, they track with the factors the Court was considering even without reference to the regulations. In the Court's analysis, two questions must be asked to determine if an order should issue under § 207(j)(6)(A). First, what impact would the exclusion of the expert have on Court proceedings and the administration of justice? Second, to what extent would allowing the expert to testify do violence to the intent and policy behind § 207?

In this case, the exclusion of Jacoby would cause major problems to the tight schedule in this case, that is now over five years old. Moreover, Jacoby is a crucial expert witness for DuPont, and would be very difficult, if not impossible, to replace.[1] Allowing him to testify would not violate the intent of § 207. The Court is not faced with the situation present in *EEOC v. Exxon Corp.*, 202 F.3d 755 (5th

---

[1] The Court is mindful that DuPont has recently suggested that if Jacoby is excluded, the same subject matters could be testified to by Aidala. However, this would raise difficult and contentious issues concerning (1) whether Aidala's current Rule 26 expert report articulates the same opinions as those included in Jacoby's expert report, and (2) whether Aidala should be allowed to supplement his Rule 26 report to cover any excluded subjects.

**Memorandum Decision and Order – Page 8**

Cir. 2000), where the agency determined that the experts were barred from testifying under § 207.  Here, by contrast, the EPA has only raised the issue, and expressly declined to take any position on Jacoby's liability.

For all of these reasons, the Court will issue an order that Jacoby may testify under § 207(j)(6)(A).  Accordingly, the Court will grant DuPont's motion for protective order, and deny plaintiffs' motion to strike.

**The Schedule and Petitions for Fees & Costs**

This problem arose because neither Jacoby nor Aidala were subjected to a proper "due diligence" prior to their selection as expert witnesses.  This, of course, is a problem not of the Plaintiff's or the Government's making.  Accordingly, DuPont must, as a condition to utilizing either expert witness, pay any costs associated with the resolution of this issue.  At a minimum, this would include attorneys fees, travel expenses and costs associated with (1) the cancelled depositions, (2) preparing and responding to motions related to this issue, (3) appearing at the hearing on those motions, and (4) additional preparation for the re-scheduled depositions made necessary by the cancellation and rescheduling.  Accordingly, the Court will condition its grant of DuPont's motion for protective order upon DuPont's willingness to pay those costs and expenses.

**Memorandum Decision and Order – Page 9**

In essence, DuPont must choose among three options: First, it may choose to forego utilizing Jacoby, but rely solely upon Aidala's testimony. In that event, no further supplementation of Aidala's Rule 26 report will be permitted and he will only be allowed to testify at trial as to those opinions clearly set forth in his report. In addition, DuPont will have to pay the attorneys fees and costs associated with the cancellation of Aidala's deposition. Second, DuPont may choose to utilize both Jacoby and Aidala, in which case they will be required to pay all reasonable costs incurred by the United States and the Plaintiffs because of DuPont's failure to do "due diligence" in their selection of Jacoby and Aidala. Third, Dupont may choose to forego utilizing either Jacoby or Aidala, in which case it will not be required to reimburse the expenses incurred by the United States and the Plaintiffs. Counsel for DuPont must notify counsel for the United States and for the Plaintiffs by 5:00 p.m. on Friday, January 2, 2009, as to their election in this regard.

Because the parties are involved now in an extensive deposition schedule, the Court will allow plaintiffs and the Government to await a later date – even the end of the trial – to file affidavits setting forth the costs and fees incurred due to the cancellation of the depositions of Aidala and Jacoby. The Court is aware that this puts DuPont in a somewhat awkward position – being required to make an election about whether to utilize Aidala or Jacoby on short notice and without knowing the

**Memorandum Decision and Order – Page 10**

precise amount of the sanction which will be imposed as a condition to their testifying. However, there is simply no time to resolve that issue now, and the Court has articulated the categories of costs which it believes are recoverable. Since the problem is one of DuPont's making, forcing it to make this election with limited knowledge of its exposure is equitable.

If DuPont elects to use either Aidala or Jacoby, it must make them available for deposition at the convenience of the plaintiffs and the Government. Due to the fast approaching deadline for plaintiffs to identify their rebuttal experts, the Court will favorably consider a motion by plaintiffs to modify the schedule as may be necessary to accommodate the depositions of Aidala and Jacoby. This would include, but not be limited to, extending the deadlines for the plaintiffs to disclose any rebuttal experts related to the issues which are covered by Jacoby and Aidala.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order (Docket No. 708) is CONDITIONALLY GRANTED as set forth in this decision.

IT IS FURTHER ORDERED, that plaintiffs' motion to strike (Docket No.

**Memorandum Decision and Order – Page 11**

712) is DENIED.

IT IS FURTHER ORDERED, that expert Henry Jacoby and James Aidala are authorized to serve in this case as an expert witness for DuPont, and testify under oath in that capacity, pursuant to 18 U.S.C. § 207(j)(6)(A).

IT IS FURTHER ORDERED, that counsel for DuPont must notify counsel for the United States and for the Plaintiff by 5:00 p.m. on Friday, January 2, 2009, as to its election among the options set forth in this decision.

DATED: **December 31, 2008**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 12**