IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civ. No. 03-0049-E-BLW <br><br><br> MEMORANDUM DECISION <br> and ORDER |

## INTRODUCTION

The Court has before it a motion to dismiss filed by DuPont. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part, and will dismiss Count XIII, the negligence *per se* claim. The motion will be denied in all other respects.

## ANALYSIS

**Standard of Review**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to

**Memorandum Decision & Order – page 1**

"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965. Factual allegations must be enough "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. When considering a motion to dismiss under Rule 12(b)(6), the plaintiff's complaint is liberally construed in its favor. *See Syverson v. IBM Corp*., 472 F.3d 1072, 1075 (9th Cir. 2007).

### Count XIII – Negligence *per se* Claim

DuPont seeks to dismiss Count XIII of plaintiffs' complaint, which contains a negligence *per se* claim under the Idaho Consumer Protection Act (ICPA), I.C. §§ 48-601 *et seq*. The ICPA imposes civil penalties on persons who know, or in the exercise of due care, should know, that they are engaging in an enumerated unfair or deceptive business practice. The Attorney General is given enforcement powers, and the statute states that "no private cause of action exists under this subsection." *See* I.C. § 48-603.

There is, however, a separate section of the ICPA that does create a private

**Memorandum Decision & Order – page 2**

right of action.  *See* I.C. § 48-608.  It states that any person who "purchases . . . goods or services and thereby suffers any ascertainable loss of money . . . as a result of a . . . practice declared unlawful by this act . . . may bring an action to recover actual damages . . . ."  *Id.*

The plaintiffs' complaint contains no claim under the private right of action section of the ICPA, but instead uses the ICPA to assert a negligence *per se* claim.  The Idaho Supreme Court has precluded this approach.  In *Steed v. Grand Teton*, 172 P.3d 1123, 1128 (Id.Sup.Ct. 2007), the court held that "a statute that creates a civil cause of action cannot be the basis of a negligence *per se* claim."  The court concluded that a negligence *per se* claim could not be allowed where the "statute itself creates the causes of action and specifies the standards of care that must be violated in order to recover damages."  *Id*.

That is precisely the case here.  The ICPA defines the private cause of action and the applicable standard of care.  By alleging a negligence *per se* claim, plaintiffs are avoiding the requirement in the ICPA that they prove they "purchase[d] good or services" and were "thereby" injured.  *Steed* prohibits this and requires, as a matter of law, that plaintiffs' negligence *per se* claim based on the ICPA be dismissed.

**Memorandum Decision & Order – page 3**

**Count XVI – Negligence**

DuPont seeks to dismiss Count XVI, which alleges that DuPont assumed and breached a duty to test, treat, and mitigate the damage Oust caused to their crops and fields.  In an earlier decision, the Court cited Idaho law holding that if DuPont voluntarily undertakes to perform an act, having no prior duty to do so, it has a duty to perform that act in a non-negligent manner.  *See Coghlan v. Beta Theta Pi Fraternity*, 987 P.2d 300, 312 (Id.Sup.Ct. 1999).  The Court found that the proposed Third Amended Complaint contained sufficient allegations that Dupont had promised to assist growers in mitigating their damages, and therefore denied DuPont's motion to dismiss Count XVI.  Those allegations were largely contained in Count XV and incorporated by reference into Count XVI.

DuPont now argues that in the Third Amended Complaint as filed, the plaintiffs "completely re-wrote" their claim and "omitted the key 'aid or assist' allegation."  *See DuPont Reply Brief* at p. 8.  The Court disagrees, although the plaintiffs did not draft Count XVI as a model of clarity – once again, Count XVI incorporates by reference the allegations in Count XV that set forth in detail the specifics of the assumed duty claim.

DuPont argues that if this is the case, that plaintiffs be limited in their assumed duty claim to the allegations enumerated in Count XV.  Apparently,

**Memorandum Decision & Order – page 4**

DuPont is concerned that other allegations may be sprinkled throughout the complaint and could be swept into Count XVI by the "incorporation by reference" language, creating a surprise for DuPont at trial. The Court agrees. Plaintiffs have defended this motion to dismiss by pointing to the allegations of Count XV that were incorporated by reference, and not to any other language in the complaint. The plaintiffs assumed duty claim will be limited to the allegations of Counts XV and XVI.

Putting aside the issue of whether DuPont's promises of assistance created a duty to render that assistance, plaintiffs also allege in Count XVI that Dupont had an independent and free-standing duty to render assistance regardless of whether they made any promises to do so. DuPont seeks to dismiss this claim on the ground that Idaho requires a special relationship to create an affirmative duty to render aid or protection to another. *See Baccus v. Ameripride Servs.,* 179 P.3d 309, 313 (Id.Sup.Ct. 2008).

Plaintiffs are not, however, arguing that DuPont "came on the scene as a well-intended third party or 'Good Samaritan.'" *See Plaintiffs' Brief* at p. 9. Rather, their claim is one of straight-forward negligence: DuPont promoted the use of Oust knowing that it would injure, and was injuring, the plaintiffs and that further injury was foreseeable. Admittedly, that claim depends once again on the

**Memorandum Decision & Order – page 5**

incorporation by reference language of Count XVI, making the complaint somewhat unclear. However, plaintiffs are entitled to a liberal construction of the complaint, *Syverson,* 472 F.3d at 1075, and the negligence claim is clearly identified in other paragraphs.

Plaintiffs have requested the Court to go outside the pleadings on this issue and examine their factual filings. Because the Court finds that the complaint's allegations state a claim, the Court finds it unnecessary to go outside the pleadings and will therefore reject plaintiffs' request to turn the motion into one for summary judgment.

For all these reasons, the Court will deny DuPont's motion to dismiss to the extent it seeks dismissal of Count XVI.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 534) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks dismissal of Count XIII of the Third Amended Complaint. It is denied in all other respects.

**Memorandum Decision & Order – page 6**


DATED: **March 5, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 7**