IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM DECISION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**INTRODUCTION**

The Court has a number of motions before it that are fully briefed and at issue.  The rulings on each motion are explained below.

**<u>Motion by BLM Regarding Documents Alleged to be Privileged</u>**

The BLM seeks a ruling that certain attorney notes are not subject to the work product doctrine.  The notes, *see Exhibit D to Affidavit of Muhn*, were inadvertently turned over to the BLM by DuPont prior to the deposition of Dr. Banks, a DuPont expert.  The notes were made by DuPont attorney Mark Carpenter.  *See Carpenter Affidavit* at ¶ 4.  They consist of 7 pages of handwritten

**Memorandum Decision & Order – page 1**

notes taken by attorney Carpenter contemporaneously with his interview of Dr.
Banks on September 13, 2001.

After DuPont mistakenly turned over the attorney notes to the BLM, DuPont
promptly sought their return under the Court's "clawback" Order (docket no. 159).
That order recognized that inadvertent disclosure might occur because of the fast-
track discovery schedule imposed on counsel, and the order provided procedures
for retrieval of such material.  The BLM makes no argument that DuPont failed to
diligently seek return of the documents, and the Court finds DuPont was diligent.

DuPont has the burden of proving that the work product doctrine applies in
this case.  *See In re Excel Innovations, Inc*., 502 F.3d 1086 (9th Cir. 2007).  That
doctrine, codified in Rule 26(b)(3), protects "from discovery documents and
tangible things prepared by a party or his representative in anticipation of
litigation."  *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004).

If a document falls within the doctrine, the adverse party must then show a
"substantial need [for] the materials" and "undue hardship [in obtaining] the
substantial equivalent of the materials by other means."  *See* Rule 26(b)(3).  But
the standard is higher when opinion work product is sought.  There, the adverse
party must make "a showing beyond the substantial need/undue hardship test."  *See*
*Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992).

**Memorandum Decision & Order – page 2**

That higher test requires that the attorney's mental impressions be at issue in the case, and further that the need for the material is compelling. *Id*. at 577. Notes taken by an attorney from a witness interview are generally opinion work product because, in choosing what to write down and what to omit, the attorney necessarily reveals his or her mental processes. *See In re Grand Jury Proceedings*, 492 F.3d 976, 981-82 (8th Cir. 2007).

Here, DuPont has carried its burden of showing that attorney Carpenter's notes of his interview with Dr. Banks are protected by the work product doctrine. Carpenter asserts that he took the handwritten notes in anticipation of litigation, *see Carpenter Affidavit* at ¶ 5, and given the time-line of events in this case, the Court finds that assertion reasonable. While the notes are difficult to read, they reveal answers to questions that attorney Carpenter decided to ask Dr. Banks. Those very questions elicit the mental impressions of counsel, and the answers as written reveal what counsel thought was important enough to memorialize. The notes are, therefore, opinion work product. Because Carpenter's mental impressions are not at issue here, no exception exists. The Court therefore finds that the 7 pages of attorney Carpenter's notes are protected by the work product doctrine, and will accordingly deny the BLM's motion.

**Memorandum Decision & Order – page 3**

**Motion to Voluntarily Dismiss Claims**

Plaintiffs moved to voluntarily dismiss with prejudice certain claims listed in the motion.  The Court will so order.

**Motion For Production of Document Pursuant to Rule 37(b)(2)**

Plaintiffs seek an order compelling DuPont to produce documents that were previously ordered by this Court to be turned over. The dispute began when DuPont refused to turn over to plaintiffs certain documents regarding soil samples.

DuPont filed a letter brief asserting that the documents were protected by the work product doctrine, and also filed a Tenth Privilege Log.  In that log, and its briefing, DuPont made no claim for attorney-client privilege protection.

The Court ruled on DuPont's assertion of work product protection in a decision filed July 3, 2008 (docket no. 564).  The Court held that counsel had reached an agreement – in a series of letters – to exchange "all information relating to all samples taken and all tests conducted by or for the parties, their attorneys, or consultants, or agents of the parties or their attorneys, or any third party that relate to the claims of any plaintiffs in this case or were taken from fields in the relevant Idaho counties." *See Shively Letter dated September 21, 2007.*  The Court held that this language was "broad" and waived DuPont's claim of work product protection because it covers all information taken "by or for . . . the attorneys . . . ."

**Memorandum Decision & Order – page 4**

The Court ordered that DuPont produce the "Buhl samples," the Morse Laboratories, Inc. material, and the handwritten notes on soil samples of DuPont's scientist Frank Lichtner.

DuPont thereafter refused to turn over all documents, asserting for the first time the attorney-client privilege. Plaintiffs brought this motion pursuant to Rule 37(b)(2) to enforce the Court's order.

DuPont argues first that its conduct is justified because plaintiffs failed to meet and confer with DuPont before filing this motion. However, there is no meet and confer condition precedent to filing a motion to compel compliance with a court order under Rule 37(b).

DuPont argues next that its failure to include the attorney-client privilege in its original log should not constitute a waiver of the privilege. Rule 26(b)(5)(A)(i) required DuPont to "expressly make the claim" of privilege in its log. The failure to assert the privilege does not lead to a "mechanistic determination" of waiver – the matter is to be governed by a "holistic reasonableness standard" that looks at all the circumstances. *See Burlington Northern & Santa Fe Ry.Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Using that standard, the delay here was unreasonable. DuPont failed to assert the privilege until long after the parties had submitted full letter briefs, and

**Memorandum Decision & Order – page 5**

the Court had ruled on the matter.  Dupont offers no reason for its delay.

Consequently, the Court finds that the privilege was waived under those

circumstances.

But even if such late assertion of the privilege is allowed, it was nevertheless

waived by the agreement of counsel discussed earlier.  The Court has held that the

agreement among counsel was "broad."  By its terms, the parties agreed to

exchange not just soil samples but "all information relating to all samples taken

and all tests conducted . . . ."  This exchange was not limited in any manner to

make off-limits communications between client and counsel.  Indeed, the

agreement specifically recited that it included "all information" on samples and

tests "conducted by or for the parties, their attorneys, or consultants . . . ."

According to DuPont's own description, the documents consist of

communications between attorneys and clients/consultants regarding the soil

samples.  As such, the documents clearly fall within the terms of the agreement set

forth above, and any attorney-client protection was waived.

For these reasons, the Court will grant plaintiffs' motion for an order

compelling immediate production under Rule 37(b)(2) of the discovery requested

in plaintiffs' motion.

**Memorandum Decision & Order – page 6**

**The BLM's Motion to Compel**

The BLM seeks to compel the deposition of Richard Hansen.  Hansen is a member of the bellwether plaintiff Hansen Grower Group, owning 13.2% in 2000, 13.3% in 2001, and similar percentages in years 2002 through 2004.

The record reveals that Hansen is difficult to schedule.  He is a full-time archeologist specializing in the ancient Maya, and spends much of the year in remote regions of the Guatemalan rainforest.

Plaintiffs argue that the BLM has failed to diligently pursue scheduling a deposition with Hansen.  The Court disagrees; to the contrary, it is Hansen's schedule that has made things difficult.

Plaintiffs argue that they offered to make Hansen available for a telephone deposition.  This is often a reasonable solution, but not here.  Hansen is a plaintiff, not a mere witness, and it is by his own choice, not events beyond his control, that he has made himself scarce.  The BLM should be forced to settle for a telephone deposition of a plaintiff who is alleging damages over $1 million, given his stake in the Hansen Grower Group.  *See BLM's Reply Brief*.

For all these reasons, the Court will grant the BLM's motion.  Plaintiffs shall make Richard Hansen available for deposition in advance of trial or his claims will be dismissed.

**Memorandum Decision & Order – page 7**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion by the BLM (docket no. 401) is DENIED as the notes of DuPont attorney Mark Carpenter are protected by the work product doctrine.

IT IS FURTHER ORDERED, that the motion to dismiss (docket no. 478) is GRANTED, and that the claims of plaintiffs listed in plaintiffs' motion are deemed DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED, that the motion to compel production of documents pursuant to Rule 37(b)(2) is GRANTED, as the DuPont material sought by plaintiffs is not protected by the attorney client privilege.

IT IS FURTHER ORDERED, that the BLM's motion to compel the deposition of Richard Hansen (docket no. 632) is GRANTED, and that plaintiffs shall make Richard Hansen available for an in-person deposition prior to trial or his claims will be dismissed.

DATED:  **March 27, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 8**