IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) | |
| v. | ) | MEMORANDUM DECISION and ORDER REGARDING MOTION TO STRIKE REBUTTAL REPORTS OF DR. WALTER J. SHIELDS |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## INTRODUCTION

The Court has before it the BLM's motion to strike Dr. Shield's rebuttal reports. The Court earlier denied a motion to exclude his initial report. For the reasons expressed below, the Court will deny this motion as well.

## ANALYSIS

The circumstances leading up to the filing of Dr. Shield's rebuttal reports has been fully discussed in two prior decisions of this Court, resolving motions to exclude (1) Dr. Shield's initial report, and (2) Dr. Cullen's rebuttal reports. The Court will not repeat that discussion here, but will incorporate it by reference.

**Memorandum Decision & Order re Dr. Walter J. Shields – page 1**

The BLM now seeks to strike Dr. Shields' rebuttal reports in which he adopts the opinions of Dr. Cullen. The BLM argues that the reports constitute improper rebuttal that should have been discussed in his initial report. The BLM asserts that "Dr Shields admitted in his rebuttal deposition that he contemplated and decided not to perform a vadose model in preparing his initial disclosure. His failure to perform this model initially should not be rewarded by allowing his adoption of this data to now support his dispersion opinions." *See BLM Opening Brief* at p. 5.

In the Court's decision regarding Dr. Cullen's reports, the Court discusses this very deposition testimony cited by the BLM, and reaches a different conclusion. The Court found that Dr. Shields considered using a vadose zone model in his initial report, but decided against it because the model was "sophisticated" and he "personally didn't have the kind of depth of experience [with the model]." *See Dr. Shield's Deposition* at pp. 486-87. But after being subjected to heavy criticism by defense experts Steve Larson and Dr. Remy Hennet, Dr. Shields "recommended [to plaintiffs' counsel] that it would be useful to retain a real specialist in vadose zone modeling." *Id*. at p. 486.

Dr. Shields was not hiding the vadose zone model, waiting to spring it on the defense in rebuttal when they would have no chance to respond. Instead, he

**Memorandum Decision & Order re Dr. Walter J. Shields – page 2**

decided not to use the model in his initial report due to a lack of confidence, and then, after being subjected to vigorous attack by defense experts, realized that the "sophisticated" model was necessary and that plaintiffs better retain an expert in the model to fend off these attacks.

Plaintiffs retained Dr. Cullen to do the modeling, and his rebuttal reports were a legitimate response to defense experts Larson and Dr. Hennet.  Dr. Shields then adopted Dr. Cullen's work, and Dr. Shields' reports are likewise legitimate rebuttal.  The Court has allowed the BLM to file a sur-reply to Dr. Cullen's reports, and that should eliminate any prejudice that arose when the vadose zone model was discussed for the first time in rebuttal.

The BLM complains that in his rebuttal reports, "Dr Shields merely reiterates his initial opinions," and is "trying to have the last word."  *See BLM Brief* at p. 6.  It would serve little purpose, however, to exclude these portions of the rebuttal report because it will not be admitted into evidence.

For all these reasons, the Court will deny the motion to exclude Dr. Shields' rebuttal reports.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike

**Memorandum Decision & Order re Dr. Walter J. Shields – page 3**

the rebuttal reports of Dr. Shields (docket no. 761) is DENIED.



DATED: **April 9, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order re Dr. Walter J. Shields – page 4**