IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) | |
| v. | ) | MEMORANDUM DECISION and ORDER REGARDING MOTION TO EXCLUDE TESTIMONY OF NICHOLAS C. YOST |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## INTRODUCTION

The Court has before it a motion to exclude the testimony of DuPont's expert Nicholas C. Yost. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

DuPont expert Yost is an attorney who served as General Counsel of the President's Council on Environmental Quality (CEQ). He is offered as the leading expert on NEPA and its regulations. He will explain NEPA to establish (1) jurisdiction, and (2) liability.

**Memorandum Decision & Order re Motion to Exclude Yost – page 1**

With regard to jurisdiction, the Court has issued a decision on that issue, and did not rely on Yost's testimony in any way. This removes the need for any trial testimony from Yost on jurisdictional issues, and hence the BLM's motion is moot to the extent it seeks to exclude his testimony on jurisdiction.

With regard to liability, the BLM argues that Yost's testimony is irrelevant. The BLM argues that its liability in a tort action depends entirely on state law, and that it cannot be held liable for violating NEPA.

Under the Federal Tort Claims Act (FTCA), the BLM is liable "in the same manner and to the same extent as a private individual under like circumstances . . . ." *See* 28 U.S.C. § 2674. In this action based in tort, any duty that the BLM owed to plaintiffs must be found in Idaho tort law. *See Delta Savings Bank v. U.S.*, 265 F.3d 1017, 1025 (9th Cir. 2001). A federal statute cannot form the basis for that duty, and only "becomes pertinent" in an FTCA action "when a state law duty is found to exist." *Lutz v. U.S.*, 685 F.2d 1178, 1184 (9th Cir. 1982). At that point, the federal statute or regulation may "provide[] relevant evidence as to what conduct would be reasonable under all the circumstances." *See United Scottish Insurance Company v. United States*, 614 F.2d 188, 198 n. 9 (9th Cir. 1980).

In this case, plaintiffs and Dupont are challenging two broad categories of decisions made by the BLM: (1) the decision to use Oust as the herbicide for this

**Memorandum Decision & Order re Motion to Exclude Yost – page 2**

project, and (2) the more specific decisions about when and how to apply the Oust. Among other claims, the plaintiffs and DuPont assert that the BLM was negligent in making these decisions.

A private person in Idaho – and hence the BLM under the FTCA – has a duty "before and at the time of the occurrence, to use ordinary care for the safety of the plaintiff and the plaintiff's property." *See IDJI § 2.00.1*. Thus, the BLM had a duty under Idaho law to use ordinary care for the safety of plaintiffs and their property in (1) deciding to use Oust as the herbicide for this project, and (2) deciding when and how to apply the Oust.

State law having defined the duty, a federal statute or regulation may be relevant to the standard for ordinary care. *See Lutz*, 685 F.2d at 1184. Plaintiffs and DuPont seek to use NEPA to provide, at least in part, the standard of ordinary care. NEPA requires that agencies consider environmental factors before engaging in major federal actions. *See Oregon Natural Desert Ass'n v. BLM*, 531 F.3d 1114 (9th Cir. 2008). NEPA "ensures that the agency, in reaching its decision, will have available, and will carefully consider, detailed information concerning significant environmental impacts." *Id*. 1120. Second, it "guarantees that the relevant information will be made available to the larger audience that may also play a role in both the decision-making process and the implementation of that decision." *Id*.

**Memorandum Decision & Order re Motion to Exclude Yost – page 3**

In this case, evidence bearing on the BLM's compliance with NEPA before deciding to use Oust could be some evidence of whether the BLM used, or failed to use, ordinary care for the safety of plaintiffs' crops. For example, if the BLM failed to comply with NEPA and hence did not consider the impact of wind-blown dust contaminated with Oust reaching plaintiffs' crops, that might be – depending on all the circumstances – some evidence bearing on whether the BLM used ordinary care for the safety of plaintiffs' crops.

The BLM argues, however, that it can only be liable as a private person would be liable under Idaho law, and no private person could be found liable under NEPA. This argument misconstrues the role of NEPA in the negligence analysis. The BLM will not be found negligent for violating NEPA. Even if the BLM violated NEPA, that means nothing by itself. The BLM's disregard of NEPA only becomes relevant to the degree that it shows that the BLM violated the duty of ordinary care set by Idaho law. Private persons in Idaho are subject to that duty, and the BLM will be held to precisely the same duty.

Yost's report (1) identifies NEPA statutes, regulations, and associated BLM manuals, that pertain to the BLM's duty to consider the impact of wind-blown dust contaminated with Oust, and (2) concludes that the BLM violated these statutes and regulations. The BLM seeks to exclude all this testimony.

**Memorandum Decision & Order re Motion to Exclude Yost – page 4**

In resolving the BLM's motion, the Court begins by finding that the issue of NEPA compliance could be relevant to the BLM's liability, as discussed above. Thus, the Court declines to exclude Yost's testimony on the ground that it is irrelevant as a matter of law.

The BLM objects, however, to Yost testifying about what the drafters of NEPA and its regulations "really meant" or intended when they wrote the provisions at issue here.  But this is no longer an issue since DuPont and plaintiffs have stated that Yost will not testify to these matters of intent or real meaning.

The BLM objects to Yost's conclusions that the BLM violated various provisions of NEPA.  As the Court has held in prior decisions in this case, an expert may explain complex statutes but may not testify that certain provisions were violated because that would invade the province of the jury, which is tasked with the duty to make those very decisions.

Here, however, the violation of NEPA means nothing by itself, as the Court explained above.  Thus, Yost's testimony that the BLM violated certain provisions of NEPA does not invade the province of the jury in the same manner that would typically be the case.  Thus, the Court will permit Yost to testify that certain provisions of NEPA and its regulations were violated by the BLM, to the extent that those provisions bear upon whether the BLM violated its duty of reasonable

**Memorandum Decision & Order re Motion to Exclude Yost – page 5**

care.

For all these reasons, the Court will deny the BLM's motion to exclude Yost's testimony.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude report and testimony of Yost (docket no. 749) is DENIED.



DATED:  **April 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order re Motion to Exclude Yost – page 6**