IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al., | ) ) | Case No. CV-03-49-E-BLW |
| Plaintiffs, | ) ) | **MEMORANDUM DECISION** |
| v. | ) ) ) | **AND ORDER REGARDING MOTION TO EXCLUDE TESTIMONY OF** |
| UNITED STATES OF AMERICA, et al., | ) ) ) | **CELESTINE DUNCAN** |
| Defendants. | ) ) |  |

## INTRODUCTION

The Court has before it motions by plaintiffs and the BLM seeking to exclude portions of the testimony of Celestine Duncan. For the reasons expressed below, the Court will deny the BLM's motion and grant the plaintiffs' motion in part, excluding her testimony that (1) the 24(c) application process followed the requirements of the EPA and the ISDA, and (2) the ISDA was justified in approving the 24(c) label.

## ANALYSIS

Duncan is a weed scientist working as a private consultant specializing in noxious weed research and management in the Pacific Northwest. *See Duncan*

**Memorandum Decision and Order re Celestine Duncan – Page 1**

*Report* at p. 2.  She has 25 years of experience working with federal agencies, including the BLM, in the planning and implementation of invasive plant programs.  *Id*.  As a consultant, she is constantly evaluating herbicide labels, and advising clients on which herbicides to use and their risks.  *See Duncan Declaration* at p. 2.  She is currently involved in a Montana project assessing damage to non-target plants resulting from both aerial and ground applications of a herbicide made by Dow Chemical Company.  *Id*. at p. 3.  She has held a commercial pesticide applicator's license for more than 20 years, and although she does not do commercial applications, she keeps her license current by teaching other licenses applicators in re-certification clinics.  *Id*. at p. 5; *Duncan Deposition* at pp. 260-61.

Duncan testifies on behalf of DuPont that (1) the § 3 label clearly informed the landowner and applicator of the potential for Oust to move on wind-blown soil and damage crops; (2) the application process for the 24(c) label followed procedures required by the EPA and ISDA; (3) the BLM should have reached out to DuPont for advice before deciding whether to apply Oust on fire-damaged rangeland in Idaho in 1999 and 2000; (4) "[t]here was a gross lack of oversight of the Oust program at the BLM state level . . . [p]rojects should have been closely monitored and evaluated . . . [and] . . . there was a lack of communication between

**Memorandum Decision and Order re Celestine Duncan – Page 2**

field offices . . . ." *See Duncan Report* at p. 23-24; (5) the crop damage was "predictable," and that an "adequate analysis [by BLM] . . . would have identified the potential for movement of wind-blown Oust to cropland"; and (6) the BLM is responsible for "a lack of planning, project oversight, and on-site review and environmental analysis prior to application . . . ." *Id.*

The BLM argues that opinions (3),(4), (5), and (6) require an expertise in the BLM's operations that Duncan lacks. The Court disagrees. As set forth above, Duncan has had 25 years of experience in advising federal agencies, including the BLM, regarding herbicide use. She has been involved in both the planning and implementation stage. This long experience gives her the expertise necessary to render opinions on the BLM's operations.

The plaintiffs and the BLM argue that Duncan lacks expertise to render label interpretations like those in opinion (1). The Court disagrees. She has long experience in reading labels and applying their language to actual field conditions. To retain her applicator's license, she teaches applicators how to read labels. For these reasons, she has the expertise to render opinions on label interpretation.

Plaintiffs argue that Duncan lacks expertise on opinion (2) regarding the 24(c) label application process before the ISDA. While she had experience with a single 24(c) label, it was more than 10 years ago. The record does not reveal her

**Memorandum Decision and Order re Celestine Duncan – Page 3**


expertise on 24(c) application requirements.

DuPont appears to recognize this, and states that she will not be called to testify as a "label expert" on application matters but will rather testify on "how an ordinary user would interpret the label language." *See DuPont Brief* at p. 42. That would be a limitation in accord with the Court's rulings above. Yet later in its briefing, DuPont states that she will testify that "the ISDA was justified in approving the 24(c)" because a cheatgrass problem presented a special local need. *Id*.

The problem with this latter opinion is that Duncan has no expertise in the ISDA's approval process. Accordingly, the Court finds that Duncan has no expertise to testify (1) that the 24(c) application process followed the requirements of the EPA and the ISDA, and (2) that the ISDA was justified in approving the 24(c) label.

For these reasons, the Court will deny the BLM's motion and grant in part the plaintiffs' motion. The Court will reserve ruling on the remainder of the plaintiffs' motion because it challenges experts in addition to Duncan.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the BLM's motion to

exclude Duncan (Docket No. 763) is DENIED.

IT IS FURTHER ORDERED, that the plaintiff's motion to exclude (Docket No. 771) is GRANTED IN PART AND RESERVED IN PART.  It is granted to the extent it seeks to exclude the testimony of Duncan that (1) the 24(c) application process followed the requirements of the EPA and the ISDA, and (2) the ISDA was justified in approving the 24(c) label.  It is reserved in all other respects.



DATED:  **April 22, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order re Celestine Duncan – Page 5**