IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) |  |
| v. | ) ) ) ) | MEMORANDUM DECISION and ORDER REGARDING MOTION TO EXCLUDE |
| UNITED STATES OF AMERICA, | ) ) | TESTIMONY OF DR. RUSSELL QUALLS |
| Defendant. | ) ) |  |

## INTRODUCTION

The Court has before it a motion by the BLM to exclude portions of the testimony of plaintiffs's witness Dr. Russell Qualls. For the reasons expressed below, the Court will deny the motion, without prejudice to the right of the BLM to raise the motion again at trial.

## ANALYSIS

Dr. Qualls has been the Idaho State Climatologist since 2002. He has extensive experience in the study of, among other things, evapotranspiration, the process of evaporation and transpiration. In this case, he provided assistance to Dr.

**Memorandum Decision & Order re Dr. Russell Qualls – page 1**

Shields that allowed him to calculate a "wicking factor" that the Court has discussed at length in another opinion. More specifically, Dr. Qualls gathered data on rainfall in certain areas of Idaho, subtracted from that rainfall figure the amount of moisture that could have evaporated from those areas, and called the result the "evapotranspiration value" for the BLM application sites. He provided this value to Dr. Walter Shields who used it to calculate the powerful "wicking factor" contained in his original opinion.

Dr. Qualls' "evapotranspiration value," according to the BLM, is junk science. The BLM points to the report of its own expert, Steven Larson, who concludes that no technical literature supports Dr. Qualls' methodology.

Plaintiffs respond that Dr. Qualls is a leading expert on evapotranspiration and that his opinions cannot be excluded based simply on a single expert who concludes otherwise. Plaintiffs also point out that Dr. Qualls provided calculations and data for each day of the three-year period between 1999 and 2001 in an electronic spreadsheet that contains all the detail the BLM needs to verify his opinions.

This dispute may be moot, however, given that Dr. Shields is no longer relying on such a heavy wicking factor. The Court is therefore uncertain whether Dr. Shields will be relying on Dr. Qualls' evapotranspiration value, and whether

**Memorandum Decision & Order re Dr. Russell Qualls – page 2**

testimony on the value will be necessary.

Given this uncertainty, the Court will deny the motion at this time, but allow the BLM to re-raise the motion at trial if it becomes necessary.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the BLM's motion to exclude Dr. Russell Qualls (docket no. 764) is DENIED.



DATED: **April 23, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order re Dr. Russell Qualls – page 3**