IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION AND ISSUE RE PLAINTIFFS' MOTIONS IN LIMINE |
| UNITED STATES OF AMERICA, et al, | |
| Defendants. | |

## INTRODUCTION

The Court has before it motions in limine filed by plaintiffs. The motions are fully briefed and at issue. The Court explains its ruling on each motion below.

**June 2002 Correspondence re Soil Samples**

Plaintiffs seek to exclude under Rule 403 all testimony or argument offered by DuPont that plaintiffs refused and prevented DuPont from taking soil samples in June of 2002. This motion is limited to the request DuPont made on June 13, 2002, to take, from the plaintiffs' fields, soil samples and other physical evidence "relevant to DuPont's anticipated defenses to the claims of the complaint."

The complaint DuPont is referring to is plaintiffs' state court complaint filed about 2 months before DuPont makes the request to take soil samples. DuPont had

not made a request under Idaho Rule of Civil Procedure 34(a) for entry and inspection of lands, but rather proceeded with the informal discovery request contained in this letter of June 13, 2002.

Plaintiffs responded that DuPont needed to file a motion under Idaho Rule 34(a). At the trial before this Court, DuPont will argue that the plaintiffs' refused DuPont's offer of assistance to take and test soil samples. DuPont argues that its offer is crucial to counter plaintiffs' claims that DuPont misled plaintiffs by first promising to take soil samples and then breaking that promise by failing to take the samples.

The problem with DuPont's letter of June 13, 2002, is that it came after plaintiffs had sued DuPont in state court. The letter constitutes an informal discovery request by counsel in ongoing litigation. It would have to be explained by counsel, presumably by putting counsel on the stand. Whatever probative value it had would be substantially outweighed by the prejudice of having counsel give testimony about the meaning of the letter. Indeed, the letter has no probative value to DuPont's defense because plaintiffs are not arguing that DuPont failed to offer assistance after the lawsuit was filed.

For these reasons, this motion is limine shall be granted.

**Unverified Questionnaire Responses**

Plaintiffs seek to exclude, under Rule 403, any evidence concerning their

unverified questionnaire responses. Defendants intend to introduce the unverified responses to counter claims made in the verified responses filed later.

For example, in the unverified responses plaintiffs filed in March of 2005 – and in the supplemental responses they filed in August 2005 and August 2006 – the damages listed for B & H Farms were for the years 2001 and 2002. But when the plaintiffs filed their verified response in September 2007, they added the further damage year of 2000 for B&H Farms. DuPont will argue that plaintiffs' failure on multiple opportunities to list 2000 as a damage year renders less credible their listing of that year in their 2007 verified responses.

Plaintiffs argue that such use of the unverified responses is unfair. They argue that the questionnaires were a departure from the discovery envisioned by the Federal Rules, and were marked by frequent legal complexities and maneuvering.

Plaintiffs must show that the probative value is substantially outweighed by the danger of unfair prejudice under Rule 403. The changes to the responses have a probative value as described in the single example discussed above – in that example, the change cast doubt on why plaintiffs could not recall as late as 2006 that they were damaged in 2000.

Certainly there will be some trial time expended in plaintiffs explaining why the changes were made. In examining the "unfair prejudice" required for exclusion

under Rule 403, the Court cannot say that it exists so as to substantially outweigh the probative value of the evidence. While plaintiffs argue that the use of the unverified responses is unfair, plaintiffs represented to the Court – concerning the unverified responses – that "[n]ot only have Plaintiffs provided specific answers to Defendants' voluminous interrogatories and requests for production, those answers are complete." *See Plaintiffs Brief (docket no. 250)* at p. 32. Given this representation, the Court cannot find that the use of the unverified responses would cause "unfair" prejudice.

This motion will be denied.

**Scope of Insurance Claims Evidence**

The plaintiffs seek to exclude certain evidence of insurance claims evidence, specifically including (1) insurance claims on crops or years for which plaintiffs do not make a loss claim in this case; (2) evidence of insurance documents and claims not related to crop damage; and (3) evidence of insurance company reports, conclusions, determinations, summaries, and payments of claims. Plaintiffs argue that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under Rule 403.

Under Idaho law, "evidence of payment" is admissible only after the jury has rendered a verdict. *See* Idaho Code § 6-1606. However, defendants are seeking to admit insurance matters other than "evidence of payment." The

defendants argue that the insurance evidence will be relevant (1) to show that adverse weather events and other factors were a cause of plaintiffs' alleged crop damage; and (2) to impeach plaintiffs' testimony as to the cause and extent of their damage. Insurance claims describe crop damage and contain evidence regarding causation that might differ from that alleged in this case.

The insurance claim evidence could therefore have a high probative value. Any unfair prejudice might be lessened through jury instructions and/or redaction of monetary amounts. However, it is impossible to decide this in the abstract. The Court will have to decide this in the context of trial after examining the insurance material being offered into evidence.

This motion shall be denied.

DATED: **May 4, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge