IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, ) | Civ. No. 03-0049-E-BLW |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | MEMORANDUM DECISION |
| ) | AND ORDER RE PLAINTIFFS' |
| ) | MOTIONS IN LIMINE |
| UNITED STATES OF AMERICA, ) | |
| et al, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## INTRODUCTION

The Court has before it two motions in limine filed by plaintiffs. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

## ANALYSIS

### Settlement with Applicators

Plaintiffs seek to exclude any evidence of their settlement with the

**Memorandum Decision & Order – page 1**

applicators under Rule of Evidence 408.  That Rule states that "[e]vidence of conduct or statements made in compromise negotiations is . . . not admissible." However, the Rule "does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness . . . ."  This exception to Rule 408, defendants argue, applies here.  The plaintiffs will be calling the applicators as witnesses, and the defendants intend to use the settlement to impeach their credibility.

The settlement would be relevant in assessing the applicators' credibility by making it more likely that the applicators would give favorable testimony to the plaintiffs based on the relationship created by the settlement.  This is not like the case cited by the plaintiffs where the settlement did not bear on the witness's credibility because the witness was deemed for other reasons to be biased (as he was testifying on behalf of his employer).  *See Goodyear Tire & Rubber v. Chiles Power Supply Inc*., 332 F.3d 976 (6th Cir. 2003).  In the present case, evidence of the settlement would add a fact not previously known about the relationship between plaintiffs and the applicators that would be relevant to the applicators' credibility.  This is precisely the situation where the exception to Rule 408 applies to show witness bias.  *See* 23 Wright and Graham, *Federal Practice & Procedure*, § 5311 at p. 262 (1980) (observing that the cases relied upon by the Advisory

**Memorandum Decision & Order – page 2**

Committee to Rule 408 all involve situations where "one party calls a witness to testify in his behalf and on cross-examination the opponent wishes to show that the witness and the party calling him have entered into a compromise of a related claim"). This refutes plaintiffs' claim that application of the exception here would "swallow the rule."

For this reason, the Court finds that the exception within Rule 408 applies to the settlement between the applicators and plaintiffs. This motion shall therefore be denied.

**Tort Claims**

Plaintiffs seeks to exclude, under Rule 403, all evidence of their tort claims. Plaintiffs argue that use of the tort claims is restricted to jurisdiction, and that they may not be used to impeach plaintiffs' testimony. The defendants intend to use the tort claims to show how the damage claims of plaintiffs increased substantially over the course of this litigation.

The tort claims were filed in April of 2002 and March of 2003. The forms very clearly require precision in the allegation of damages, and identify the serious consequences of presenting a fraudulent claim. By the time they filed their 2003 tort claim, it is at least arguable that the plaintiffs should have known the extent of their 2000, 2001, and 2002 crop losses. By the time they filed their 2002 tort

**Memorandum Decision & Order – page 3**

claim, it is at least arguable that they should have known the extent of their 2000 and 2001 crop losses.

Thus, with regard to those years, the tort claims are relevant to the plaintiffs' assessment of damages. If plaintiffs' assessment of damages grew over successive years, that would be a legitimate area of inquiry for impeachment by defendants.

Plaintiffs allege that in many cases the Growers will have no knowledge of the damage assessment on the tort claim. They can so explain during cross-examination. They argue that no case has held that tort claims may be used in this manner. Yet no case forbids such use, which falls clearly within the bounds of legitimate impeachment. Finally, they argue that the evidence should be excluded under Rule 408 as settlement evidence. However, the tort claim is closer to a complaint than an offer of settlement. The Court rejects this argument.

For all these reasons, the motion will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude settlement with applicators (docket no 932) and the motion to exclude tort claims (docket no. 925) are DENIED.

**Memorandum Decision & Order – page 4**



DATED:  **May 5, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**