IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al.,        Plaintiffs, v. UNITED STATES OF AMERICA,        et al.,        Defendants. | Civ. No. 03-0049-E-BLW MEMORANDUM DECISION and ORDER RE BLM MOTION TO EXCLUDE SUBSEQUENT REMEDIAL MEASURES |

## INTRODUCTION

The Court has before it the Defendant BLM's motion to exclude evidence of subsequent remedial measures. For the reasons expressed below, the Court grants the motion.

## ANALYSIS

The BLM moves to exclude, under Rules of Evidence 403 and 407, the following documents: (1) the "Draft Criteria for Use of Oust on Public Lands"; (2) the Moratorium on the use of Oust drafted June 22, 2001, and (3) a letter from the

**Memorandum Decision & Order re Motion to Exclude Subsequent Remedial Measures – page 1**

BLM dated February 21, 2001 referring to the Moratorium.  The BLM also seeks exclusion or redaction of any documents referencing the Draft Criteria or Moratorium.

The Draft Criteria represented an attempt by the BLM to prevent future damage from Oust applications.  The Criteria, which were never finalized, proposed, among other things, that (1) environmental assessments precede Oust applications; (2) treatment plans be reviewed by District Managers; and (3) treatment criteria be site-specific to account for local variations in conditions.

The Moratorium is contained in a BLM letter dated June 22, 2001, that suspends use of Oust on public lands in Idaho "until the cause of crop losses near public lands treated with [Oust] . . . is resolved."  The letter discusses some of the Draft Criteria listed above.

The third item sought to be excluded by the BLM is a BLM letter dated February 6, 2002, to the ISDA.  It responds to the ISDA request for an outline of procedures the BLM will implement to ensure that future applications of herbicides to BLM land will not damage crops.

All three of these items are remedial measures under Rule 407.  While plaintiffs argue that investigative reports – and the facts uncovered therein – are

**Memorandum Decision & Order re Motion to Exclude Subsequent Remedial Measures – page 2**

not subject to Rule 407's exclusionary rule, the three items here are not investigative reports. Instead, they set forth actual remedial measures that were designed to avoid future damage. As such, they fall within Rule 407.

Plaintiffs point out, accurately, that the Draft Criteria were never finalized. Rule 407 does refer to "measures . . . taken." Plaintiffs argue that this means that the measures must be implemented, not merely discussed. But plaintiffs cite no case authority for that proposition. The exclusion of measures considered to eliminate future damage – even if not implemented – would certainly serve the policy behind Rule 407, as stated by the Advisory Committee: The rule is largely grounded in "a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety."

All three items were drafted after the incidents at issue here and with the intent that future damage be avoided. Thus, all three items fall within Rule 407.

Plaintiffs argue that the material can be admitted against DuPont. Plaintiffs do not explain why the material would be relevant against DuPont. And whatever relevance the items had against DuPont would be slight in comparison to the danger that the jury, even if instructed properly, might consider them against the

**Memorandum Decision & Order re Motion to Exclude Subsequent Remedial Measures – page 3**

BLM.  This argument is not persuasive.

The Court does note that Rule 407 contains exceptions when the evidence is offered for other purposes, such as the feasibility of precautions and impeachment.  The Court offers no opinion on whether those exceptions apply, and will await trial to determine the context of any offer under those exceptions.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude subsequent remedial measures (docket no. 929) is GRANTED.



DATED:  **May 6, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order re Motion to Exclude Subsequent Remedial Measures – page 4**