IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION AND ORDER REGARDING MOTION IN LIMINE TO EXCLUDE TESTIMONY OF DR. BENBROOK ON DUPONT CORPORATE INTENT |
| UNITED STATES OF AMERICA, et al, | |
| Defendants. | |

## INTRODUCTION

The Court has before it DuPont's motion to exclude testimony by plaintiffs' expert Dr. Charles Benbrook as to DuPont's corporate intent. For the reasons expressed and to the extent described below, the Court will grant the motion.

## ANALYSIS

Dr. Benbrook has a Ph.D. in agricultural economics. In the early 1980s, he was Staff Director for the House subcommittee with jurisdiction over FIFRA, and worked for 6 years with the National Academy of Sciences on, among other things, pesticide use. He has extensive experience working as a consultant to the chemical industry, specifically with regard to obtaining EPA registration of new pesticides,

**Memorandum Decision & Order – page 1**

and the use of that registration process to position and market chemical products.

Dr. Benbrook's knowledge and experience gives him the expertise necessary to render opinions generally on how chemical companies (1) use the registration process, (2) position their products, (3) make labeling decisions, and (4) make marketing decisions regarding those products.

Being an expert in the industry does not, however, make Dr. Benbrook an expert on DuPont. Dr. Benbrook has never worked inside DuPont nor done any consulting work for the company. He claims he has become an expert on DuPont by reading documents produced in this litigation. But that is akin to studying the Grand Canyon by looking at its depiction in an old-fashioned peeping-type Easter egg. The view is sharp only because it is so narrow. It is not enough to make Dr. Benbrook an expert on DuPont.

Consequently, Dr. Benbrook cannot testify about DuPont's corporate intent, and the Court will accordingly grant DuPont's motion. Thus, Dr. Benbrook cannot testify that DuPont intended to use changes to Oust's label to make Oust more competitive in the market for herbicides used on fire-damaged lands.

Dr. Benbrook may testify about the chemical industry generally, as set forth above, but the Court does not understand DuPont's motion to challenge such general testimony.

**Memorandum Decision & Order – page 2**

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine re Dr. Benbrook (docket no. 941 - part 23) is GRANTED.

DATED: **May 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 3**