IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | MEMORANDUM DECISION AND ORDER REGARDING MOTION IN STRIKE |
| UNITED STATES OF AMERICA, et al, | ) ) | TESTIMONY OF KURT HARMAN |
| Defendants. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it DuPont's motion to strike the trial testimony of Kurt

Harman.  For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

DuPont seeks to strike the trial testimony of Harman on the ground that it

failed to meet the standard set by the Court.  Harman had testified that DuPont

representatives made certain statements at meetings with Growers, but could not

identify the representatives by name.  DuPont objected, and at a side-bar, the Court

ruled that Harman "is going to have to be emphatic that he knows . . . this

statement was made by someone of DuPont to the exclusion of somebody from

**Memorandum Decision & Order – page 1**

somewhere else making the statement.  If he's not sure who made the statement, it's not coming in."  *See Trial Transcript (May 7, 2008)* at p. 470.  Later, outside the presence of the jury, the Court asked Harman whether he "specifically recall[ed] DuPont representatives making those statements."  Harman responded, "I do, sir."  *Id*. at p. 491.  On the basis of this answer, the Court overruled DuPont's objection, ruling that "he [Harman] specifically recalls that a DuPont official made the statement."  *Id*. at p. 493.

DuPont now argues that Harman failed to meet the "emphatic" standard because he was less than certain in his deposition testimony.  Harman's ambiguous deposition answers could be seen as inconsistent with his trial testimony.  While DuPont may pursue that in cross-examination – and in fact did so – it does not alter Harman's emphatic certainty at trial.  That was enough to admit the testimony at trial.  DuPont argues that Harman's certainty at trial was a "sham," but the credibility of a witness is a matter for the jury, not this Court.

The Court will deny this motion.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to strike testimony of Kurt Harman (docket no. 1063) is DENIED.

**Memorandum Decision & Order – page 2**



DATED:  **May 8, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 3**