IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | AMENDED MEMORANDUM DECISION AND ORDER REGARDING BLM'S MOTION IN LIMINE |
| UNITED STATES OF AMERICA, et al, | |
| Defendants. | |

## INTRODUCTION

In a prior decision, the Court granted the BLM's motion to exclude a single sentence in the ISDA letter to the BLM dated January 17, 2002. In rendering that decision, the Court did not have the opportunity to review DuPont's brief. After a full review, the Court finds, for the reasons expressed below, that its prior decision will stand.

## ANALYSIS

Rule 803(8)(C) allows into evidence public reports that (1) set forth factual findings (2) made pursuant to authority granted by law (3) that the judge finds trustworthy. The term "factual findings" in Rule 803(8)(C) includes "not only

what happened, but how it happened, why it happened, and who caused it to happen." *See* Graham, *Federal Practice & Procedure*, § 7049 at p. 649 (2000). However, the report may be excluded in whole or in part if the trial court finds that it is either irrelevant or more prejudicial than probative. *See Beech Aircraft v Rainey*, 488 U.S. 153 (1988).

In *Beech Aircraft,* the Supreme Court left open the question whether admission of the report would include admission of legal conclusions in that report: "We emphasize that the issue in this litigation is whether Rule 803(8)(C) recognizes any difference between statements of 'fact' and 'opinion.' There is no question here of any distinction between 'fact' and 'law.' We thus express no opinion on whether legal conclusions contained in an official report are admissible as 'findings of fact' under Rule 803(8)(C). *Beech Aircraft v Rainey*, 488 U.S. 153, 170 n. 13 (1988).

In unpublished opinions that the Court cannot use as precedent, the Ninth Circuit has affirmed the exclusion of legal conclusions from reports otherwise admissible under Rule 803(8)(C). One of those decisions cited with approval a case from another circuit that reasoned as follows: "Legal conclusions are inadmissible because the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the

law requires." *See Hines v Brandon Steel Decks, Inc.*, 886 F.2d 299, 303 (11th Cir. 1989). The Court finds *Hines* persuasive, and will adopt its reasoning to analyze the ISDA report at issue here.

The ISDA report contains the results of an investigation by a public entity pursuant to law, and hence falls within Rule 803(8)(C). The single sentence at issue in this case reads as follows:

> "The ISDA concludes that the application of Oust Herbicide to highly erodible lands, which resulted in damage to agricultural crops is a violation of Section 22-3420(8), Idaho Code, which states: "Prohibited Acts. No person shall: Apply pesticides in a faulty, careless, or negligent manner."

In this sentence, the ISDA makes a legal conclusion that the BLM violated the statute, and may have reached that result by making a second legal conclusion – that the BLM was negligent. The Court has no way of knowing what standard the ISDA used in making these legal conclusions, and both are directly at issue in this case. For these reasons, the sentence must be excluded. The Court therefore stands by its prior decision.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that after further review of the entire record, the Court's prior decision granting the BLM's motion in limine (docket no. 909) is REAFFIRMED.



DATED:  **May 13, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge