IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al, <br><br> Defendants. | Civ. No. 03-0049-E-BLW <br><br> MEMORANDUM DECISION AND ORDER REGARDING EXHIBIT 32776 AND THE RE-REGISTRATION ELIGIBILITY DETERMINATION |

## INTRODUCTION

On May 20, 2009, the Court admitted exhibit 32776 – the Re-Registration Eligibility Determination (RED) for sulfometuron methyl prepared by the EPA. The Court also overruled an objection by DuPont to questions by plaintiffs' counsel to Dr. Dennis Gardisser regarding the label changes set forth in the RED. This decision sets forth in more detail the Court's analysis admitting the RED and overruling DuPont's objections thereto.

## ANALYSIS

The RED was prepared by the EPA pursuant to its authority to regulate the use of pesticides like Oust. The RED summarizes Oust's risks and describes risk

**Memorandum Decision & Order – page 1**

mitigation measures necessary for Oust re-registration. The RED also contains changes to the Oust label.

In an earlier-filed motion in limine, DuPont sought to exclude the RED on the ground that it was a subsequent remedial measure excluded by Rule 407, and was irrelevant under Rule 401 because it was not a final action but was subject to modification. The Court ruled that Rule 407 was not applicable, but that the RED should be excluded under Rule 401 because it was not a final EPA decision. The Court found that the RED was subject to public comment, and could be modified based on those comments. Because it was subject to change, the Court ruled it irrelevant.

The Court reaffirms its ruling that Rule 407 is inapplicable. Any label changes for Oust were mandated by the EPA, and not voluntarily undertaken by DuPont. The protection afforded by Rule 407 shields voluntary remedial measures, not measures mandated by governmental agencies. *See O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1204 (8th Cir. 1990) (holding that Rule 407 does not operate to exclude remedial action mandated by governmental authority). Moreover, even if Rule 407 is applicable, the RED falls under the exceptions set forth in the Rule. Specifically, the RED discusses the "feasibility of precautionary measures," a subject that relates directly to DuPont's claim that Oust is

**Memorandum Decision & Order – page 2**

unavoidably unsafe.

After further review, the Court finds the RED relevant under Rule 401 despite the open public comment period. Richard Keigwin, the Director of the EPA's Special Review and Reregistration Division – the Division responsible for the RED – stated in his Declaration that the RED "is EPA's final reregistration eligibility determination regarding Sulfometuron Methyl." *See Keigwin Declaration* at p. 2, ¶ 5. While public comments may cause changes to the label language now set forth in the RED, the RED remains relevant for its assessment of Oust's risks and the measures necessary to mitigate those risks. To avoid any jury confusion, the Court stated on the record to the jury that "there is still opportunity for public comment" and that the label changes are "nonfinal" because "[t]hey're recommendations only." *See Transcript of May 20, 2009.*

Having reversed its prior decision excluding the RED under Rule 401, the Court finds it admissible. While the RED itself is hearsay, it is admissible under Rule 803(8)(C) because it is an investigative report conducted by a governmental agency pursuant to law, and is trustworthy. While the RED proffered here – exhibit 32776 – was a copy of the original, it was self-authenticated by the Declaration of Richard Keigwin pursuant to Rule 1005 and 902(2).

For all these reasons, the Court finds admissible exhibit 32776, and reverses

**Memorandum Decision & Order – page 3**

its prior decision excluding the document.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the exclusion of the RED (ordered in a portion of the Memorandum Decision found at docket no. 1046) is REVERSED, for the reasons set forth above.



DATED:  **May 20, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**