IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM DECISION |
| | ) | AND ORDER REGARDING |
| v. | ) | MOTION IN LIMINE TO |
| | ) | EXCLUDE EVIDENCE OF |
| | ) | SETTLEMENT WITH |
| UNITED STATES OF AMERICA, | ) | APPLICATORS DURING |
| et al, | ) | TESTIMONY OF GARDISSER |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION

The Court has before it a motion to exclude evidence of plaintiffs' settlement with the applicators during the testimony of Dr. Dennis Gardisser. For the reasons expressed below, the Court will grant the motion

## ANALYSIS

Dr. Gardisser has extensive experience and knowledge in the aerial application of herbicides. He had earlier been retained as an expert for Thomas Helicopters, an aerial applicator that was originally a defendant in this case. After Thomas Helicopters entered into a settlement agreement with plaintiffs, Dr. Gardisser was retained by plaintiffs as an expert.

**Memorandum Decision & Order – page 1**

DuPont seeks to introduce evidence of that settlement agreement during its cross examination of Dr. Gardisser.  DuPont argues that the agreement – and especially the timing of Dr. Gardisser's retention by plaintiffs immediately after that agreement was signed – tends to show some bias or prejudice on the part of Dr. Gardisser.

The Court has previously ruled that the settlement agreement – typically excluded by Rule 408 – may be used by defendants to impeach the applicators, if they are called as witnesses for the plaintiffs.  *See Memorandum Decision filed May 5, 2009 (docket no. 1053).*  In that decision, the Court found that the settlement agreement was relevant to the credibility of the applicator witness because it showed a relationship between the applicator and the plaintiffs.  Thus, the agreement fell into the exception of Rule 408, that allowed evidence of settlements to be introduced to show bias.

That exception does not apply, however, with regard to Dr. Gardisser.  He was not a party to the agreement, and it created no relationship between him and any other party to this litigation.  DuPont can fully explore Dr. Gardisser's credibility without getting into the settlement agreement.  The Court will permit DuPont to inquire into (1) Dr. Gardisser's retention by Thomas Helicopters, (2) the fact that Thomas Helicopters was a party defendant to this case but no longer is

**Memorandum Decision & Order – page 2**

involved (without describing why), and (3) that Dr. Gardisser was retained by plaintiffs thereafter.  This line of inquiry gives DuPont an opportunity to explore bias, and the settlement agreement would add so little to that inquiry that it would not qualify under the exception to Rule 408.

Because Rule 408 excludes evidence of the settlement agreement during the testimony of Dr. Gardisser, the Court will grant plaintiffs' motion in limine.

### ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine to exclude evidence of the settlement with applicators during the testimony of Dr. Gardisser (docket no. 1112) is GRANTED.



DATED:  **May 20, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 3**