IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION AND ORDER REGARDING (1) BLM MOTION RE INSURANCE CLAIMS; AND (2) DUPONT MOTION TO BAR JENTZSCH TESTIMONY RE 2002 CROP LOSS AND INSURANCE COSTS |
| UNITED STATES OF AMERICA, et al, | |
| Defendants. | |

## INTRODUCTION

The Court has before it two motions filed by defendants. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant both motions in part, and deny them in part.

## ANALYSIS

### BLM's Motion to Clarify

In an earlier decision, the Court denied plaintiffs' motion to exclude insurance claims. The Court found that the claim forms – filled out by plaintiffs – could be relevant on causation issues and for purposes of impeachment.

In its motion for clarification, the BLM seeks guidance on how the claim

**Memorandum Decision & Order – page 1**

forms should be handled.  The BLM suggests that only the monetary sums requested on the form be redacted, and that it would be impracticable to redact all mention of the word "insurance."  The plaintiffs counter by requesting that the defendants be limited in their cross to asking about prior claims without mentioning insurance or presenting the documents.

The Court finds that plaintiffs' proposal would unduly hamper the defendants' use of the claim forms on cross examination.  It matters who the plaintiffs were presented their claim to – that is, it makes a difference whether the plaintiffs were describing their crop loss as caused by "hollow heart" disease in a conversation with their neighbor or in a printed form to the Government under penalty of perjury.  The defendants are entitled to have the full context of the representation identified.  There is no bar in Idaho law to this because the Idaho statute on collateral source forbids only "evidence of payment" and that can be addressed by redacting the monetary sums requested in the claim form.

The BLM seeks to go further, however, and allow the monetary sums to remain on the claim forms submitted by non-bellwether plaintiffs while redacting those sums for bellwether plaintiffs.  The Court rejects this proposal, as it would be confusing to the jury.

**Memorandum Decision & Order – page 2**

**DuPont's Motion to Bar Jentzsch Testimony**

DuPont seeks to exclude Jentzsch's testimony regarding his 2002 wheat crop loss. At his deposition, Jentzsch would not answer questions regarding his damages, and merely stated that damage expert Hofman was in the process of calculating damages. In Hofman's expert report, he states that "this analysis summarizes wheat losses as estimated by Rodney Jentzsch ($113,135). No independent estimate of wheat loss has been conducted in this analysis." *See Report* at p. 30, n. 5.

From this language it seems clear that the damage figure of $113,135 was estimated by Jentzsch, not Hofman. According to plaintiffs, however, Hofman and Jentzsch collaborated on calculating the damage figure of $113,135. Plaintiffs assert that the collaboration between Hofman and Jentzsch took the form of Hofman calculating the "costs saved" figure and Jentzsch coming up with data on (1) actual yields, (2) expected yields, (3) acres of production, and (4) lost production. *See Hofman Deposition* at p. 419-420.

Assuming this collaboration took place, the main driver of the wheat loss figure for 2002 of $113,135 was Jentzsch's calculation of his total lost production. Jentzsch refused to answer questions concerning his method of calculation during his deposition, suggesting that the calculations would be made by Hofman.

**Memorandum Decision & Order – page 3**

However, as discussed above, Hofman, in his report and in his deposition, deferred to Jentzsch – indicating that he would rely upon Jentzsch's calculation of his lost production. At that point, fact discovery was closed and DuPont could not question Jentzsch on his method of calculating lost production and the data upon which he relied in making that determination. At least that is the Court's understanding from the briefing. If the actual circumstances differ from the Court's understanding, the Court will revisit the issue.

Assuming those circumstances, the Court will grant DuPont's motion to the extent that it seeks to exclude Jentzsch's testimony on the 2002 wheat crop loss.

The interest cost issue is distinguishable because these were Hofman's calculations, not Jentzsch's. Hence, the interest rate material will not be excluded.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the BLM's motion to clarify (docket no. 1144) is GRANTED IN PART AND DENIED IN PART as set forth above. It is granted to the extent that it seeks to use insurance claim forms redacting only the monetary sums requested. It is denied in all other respects.

IT IS FURTHER ORDERED, that DuPont's motion to bar Jentzsch testimony (docket no. 1140) is GRANTED IN PART AND DENIED IN PART. It

**Memorandum Decision & Order – page 4**

is granted to the extent that it seeks to exclude Jentzsch's testimony on the 2002 wheat crop loss.  It is denied in all other respects.



DATED:  **June 3, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**