IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION and ORDER ON THE UNITED STATES' MOTION IN LIMINE TO EXCLUDE INTERROGATORY ANSWERS & DOCUMENTS (DOCKET No. 910) |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it the remaining portion of the Government's motion in limine to exclude interrogatory answers and documents which DuPont provided after the close of fact discovery.[1] The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

---

[1] Included in this motion was a motion to exclude the Pesticide Fact Sheet (PFS) identified as exhibit 20040. The Court dealt with the admissibility of the PFS exhibit in its *Memorandum Decision and Order Regarding LM's Motion for Sanctions, BLM's Motion in Limine, and Jury Instruction Regarding Exhibit 20040,* dated May 26, 2009, (Docket No. 1126).

**Memorandum Decision & Order – page 1**

## ANALYSIS

The Government seeks pursuant to Fed. R. Civ. P. 37 to exclude from evidence at trial any testimony set forth in DuPont's Third Supplemental Responses to "Bellwether" Plaintiffs' First Set of Interrogatories and Requests for Production to DuPont, Interrogatory No. 25, Supplemental Response 10/1/08, (Docket 910-3, pp. 33 - 36). BLM argues that the post-discovery supplement completely changed prior DuPont responses and that BLM is prejudiced by not having been able to conduct discovery on the allegedly new facts.

Interrogatory No. 25 asks DuPont to:

State whether you ever recommended, verbally or in writing to the BLM or its applicators, the use of Oust in Idaho. If so, state when, who made the recommendation(s), and what was said to whom.

*Id.*

In its first answer to this Interrogatory, DuPont stated that the BLM conducted its own investigation of Oust, decided it wanted to use Oust and sought DuPont's "support and assistance in obtaining a §24(c) label from ISDA and EPA for BLM's aerial application of Oust in Idaho." *Motion*, Exh. B-1 (Document No. 910-4), at pp. 33 - 34. DuPont set forth further that it agreed that Oust would be effective and supported the BLM's proposed use of Oust "in the fall for non-crop land restoration" subject to the terms of the Oust § 3 and § 24(c) labels. DuPont

**Memorandum Decision & Order – page 2**

denied that it recommended the use of Oust in any particular site in Idaho and further stated that it would supplement "informational documents used in Idaho describing Oust." *Id.* (Document No. 910-4), at p. 34.

In its First Supplemental Response to Interrogatory No. 25 provided on February 4, 2008, DuPont listed the Bates stamp page numbers of the "informational documents used in Idaho describing Oust." *Motion*, Exh. B-2 (Document 910-6), at pp. 12 - 13. DuPont made no addition to its answer to Interrogatory No. 25 in its Second Supplemental Response provided on April 1, 2008. Discovery closed on July 11, 2008.

In its Third Supplemental Response, provided on October 21, 2008 (three months after the close of fact discovery), DuPont "supplemented" its answer to Interrogatory No. 25 by adding that "John Cantlon recommended to BLM that BLM not use Oust in arid, windy conditions adjacent, or near, to crops." *Motion*, Exh. A (Document No. 910-3) at p. 34. DuPont further elaborated by setting out ten specific documents in which it contends that Mr. Cantlon made this recommendation to BLM by a general mailer to customers, including thirteen named BLM employees in Idaho. BLM takes issue with six of these documents, which are:

**Memorandum Decision & Order – page 3**

1) Calibration Guide for Oust, on an annual basis, including in 1999 and 2000 (DuPont_0438213-56 at 0438216-18);

2) "Bareground Weed Control," in approximately September 1994, (DuPont_0039576-90, "Checklist for Applying Noncrop Herbicides," at p. 7);

3) "Bareground Weed Control," in approximately 1996 (recommendations contained on pages 11, 12 and 14 and the "Checklist for Applying Noncrop Herbicides" on page 16). (DuPont 0104510-33);

4) "VM Program Planning Book" in approximately 1997, (recommendations contained in the "Checklist for Applying Noncrop Herbicides" on page 14), (DuPont_006453 0-48);

5) "VM Bareground and Noxious Weed Control Herbicide Recommendations" in March 1988, (BLM 0021075 and DuPont 0039605-12);

6) "Bareground Herbicide Recommendations" in December 1998, (DuPont_0438272-79).

It is not clear from the interrogatory response whether DuPont is alleging that it sent each of these documents to each of the thirteen BLM employees in Idaho.

**Memorandum Decision & Order – page 4**

DuPont states, however, in its response to the instant motion it provided BLM in discovery a mailing list of the individuals who received John Cantlon's informational materials. BLM submits, through declaration by Karl Gebhardt, an individual charged with managing BLM's discovery in this case, that BLM's records did not contain the documents listed above,[2] and that it was denied discovery to determine whether the documents were in fact sent and/or received because of DuPont's untimely supplementation of discovery.

Under Rule 37, a party is not allowed to use information at trial which was not provided as required by Rule 26(a) or (e) "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37 (c)(1). Under Fed. R. Civ. P. 26(e), a party who has responded to an interrogatory must "supplement or correct" its response:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or . . . . as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

As a preliminary matter, the Court notes that this is not an issue of DuPont's

---

[2]In the case of no. 5, Mr. Gebhardt states that it is unclear whether BLM received this document because the records did contain a cover letter. *See Motion,* Exh. D, Decl. Gebhardt, ¶ 5 (Document No. 910-9).

**Memorandum Decision & Order – page 5**

failure to disclose the documents in question.  There is no dispute that all of these documents were produced in general discovery.  The specific evidence at issue is Mr. Cantlon's testimony that he sent the documents to the BLM employees which supports DuPont's defense that it warned BLM about particular uses of Oust, including the use at issue in this case.  BLM argues that although DuPont disclosed the documents generally, it did not reveal its intention to rely on them for this purpose until after the close of discovery.  Accordingly, BLM is prejudiced by not having been able to conduct discovery to determine whether the "warnings" were in fact sent and/or received as alleged in Interrogatory No. 25.

DuPont responds first that the response is not a "change" from previous answers, and is merely a supplemental answer required by Rule 26 that was necessary to conform to the evidence that had been disclosed through other discovery, including John Cantlon's deposition.  The Court does not view DuPont's response as entirely inconsistent with its prior responses where DuPont previously responded that some of its communications were sent to customers in general informational materials, even though the specific documents were not identified.  It appears to the Court at this time that the documents BLM objects to in this motion are either general informational materials or at least reasonably related to them.

The Court finds it unnecessary to determine whether DuPont's supplemental

**Memorandum Decision & Order – page 6**

answer is a turn-about from its prior responses. Rule 26(e) allows a party to "supplement or correct" an interrogatory response so long as it does so in a timely manner. DuPont supplemented its interrogatory responses more than six months before the start of trial, which the Court believes is reasonable and timely under the Court imposed expedited discovery schedule in this case.

DuPont argues further that BLM is not prejudiced in any way by the timing of the answer because (1) the documents and the mailing lists for the informational materials were provided in discovery long before any depositions were taken; (2) the relevance of the documents was clear as DuPont's communications to BLM regarding Oust have been central to DuPont's defense since early in this litigation; (3) Mr. Cantlon was deposed for two full days and two evenings, and questioned extensively about his written and oral communications, instructions and warnings, to BLM regarding its use of Oust; and (4) both parties used some of the documents in the deposition.[3]

The Court agrees with DuPont. The Court recognizes the volume of documents involved in this case, and accordingly, the practical necessity of accurate

---

[3] BLM does not contend that Mr. Cantlon was asked about the documents specifically and that his answers were contrary to the Interrogatory answer, or that he was asked generally to list all of the documents, correspondence or information materials which he sent to the BLM and that he omitted the ones listed in the interrogatory answer.

**Memorandum Decision & Order – page 7**

and complete discovery responses which specifically outline what evidence the parties base their claims and defenses upon.  It further recognizes that DuPont listed numerous documents in response to Interrogatory No. 25 prior to the close of discovery, but did not list the specific documents it claims underlie a significant element of its defense until three months after the close of discovery.  The Court finds, however, that (1) DuPont did not violate its duty to supplement under Fed. R. Civ. P. 26(e) in view of the expedited discovery orders in this litigation, (2) any delay was substantially justified, again by the expedited discovery ordered in this litigation, and (3) the timing of DuPont's supplemental interrogatory answer is harmless.

There can be no reasonable dispute that the potential relevance of the listed documents that were provided in discovery is no surprise.  One of the central issues in this case is what BLM knew or did not know about recommended uses of Oust, and even the titles of the documents reveal that they likely bear directly on this issue.  BLM had the documents in its possession prior to taking any depositions.  Accordingly, BLM did have the opportunity to ascertain DuPont's position as to their relevance during discovery.

Second, since DuPont provided the supplemental answer more than six months before the start of trial, DuPont had ample time to seek leave of the Court to

**Memorandum Decision & Order – page 8**

conduct additional discovery on this narrow, discrete issue.  The issue was not complex and involved one witness and six documents.  The timing of the disclosure did not leave BLM without a reasonable means to resolve any uncertainty it may have had about Mr. Cantlon's likely testimony concerning these documents.

Further, BLM is able to refute the allegation regardless of the absence of discovery.  DuPont's evidence is that Mr. Cantlon sent the documents to certain BLM employees on his customer mailing list. BLM need not have conducted formal discovery to determine whether its own employees did or did not receive a document.  This information is presumably within its own "knowledge and/or possession."  BLM can present testimony from its own witnesses regarding their receipt or knowledge of the documents.  Whether the respective recipients at BLM received them, or any person with a material role in the Oust decision considered them, are questions of fact for the jury to determine.

For the foregoing reasons, the Court finds no reason to exclude the evidence set forth in DuPont's third supplemental answer to Interrogatory No. 25 under Fed. R. Civ. P. 37, and will deny BLM's motion.

### ORDER

In accordance with the terms of the Memorandum Decision set forth above,

IT IS HEREBY ORDERED, that the United States' Motion in Limine to

**Memorandum Decision & Order – page 9**

Exclude Interrogatory Answers and Documents (Docket No. 910) is DENIED.



DATED: **June 5, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 10**