IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al., | ) ) ) | Case No. CV-03-49-E-BLW |
| Plaintiffs, | ) ) | MEMORANDUM DECISION AND ORDER REGARDING |
| v. | ) ) | OBJECTIONS TO VIDEO DEPOSITIONS OF DR. |
| UNITED STATES OF AMERICA, et al., | ) ) ) | BAREFOOT AND MARY McDONNELL |
| Defendants. | ) ) ) | |

## INTRODUCTION

The Court has before it objections to various deposition excerpts from the video depositions of Dr. Barefoot and Mary McDonnell.  The Court rejects all objections except for the one lodged by plaintiffs and the BLM to DuPont's counter-designation of an excerpt from the McDonnell deposition.  The Court explains its reasoning below.

## ANALYSIS

### Dr. Barefoot

DuPont objects to certain portions of Dr. Barefoot's deposition on the ground that the questions exceeded the scope of the Rule 30(b)(6) designation

**Memorandum Decision & Order – page 1**

applying to Dr. Barefoot. Dr Barefoot was designed by DuPont under Rule 30(b)(6) to discuss the "non-target movement through soil erosion, including how it happens, how to prevent it . . . [and] all tests and studies concerning the risks of soil erosion, air modeling, [and] wind and soil erosion capture." *See DuPont's Amended Objections and Responses to Plaintiffs' Notice of Rule 30(b)(6) Deposition* at pp. 9-10. Consistent with that designation, Dr. Barefoot testified at his deposition that to prepare, he had reviewed documents in DuPont's records on "various aspects of wind erosion and potential effects associated with wind erosion. These are not strictly on wind erosion, but there were some studies looking at effects of wind-blown soil." *See Dr. Barefoot Deposition* at p. 6. He further testified that he was "prepared to speak on the non-target movement through soil erosion including how it happens. I'm not designated to speak on label issues." *Id*. at p. 21.

     In the first challenged excerpt, Dr. Barefoot discusses the lack of DuPont studies on wind erosion. That is clearly within the Rule 30(b)(6) designation.

     In the second, third, and fourth excerpts, Dr. Barefoot talks about the lack of DuPont studies on (1) the distances wind-eroded chemicals would travel, and (2) the amounts of chemicals transported. Both topics are covered by the Rule 30(b)(6) designation. Moreover, as discussed above, Dr. Barefoot prepared for his

**Memorandum Decision & Order – page 2**

deposition by examining DuPont's records on the "potential effects associated with wind erosion," which effects would include the distance traveled and the quantity transported.

In the final excerpts – proffered by the BLM and objected to by DuPont – Dr. Barefoot answers questions regarding (1) past incidents of Oust causing damage to crops located greater than 400 feet from application, and (2) the Horse Heaven Hills incident where a sulfonylurea may have been transported by wind for 4 miles. Both discussions involved the subject of non-target movement through soil erosion, and so both are within the bounds of the Rule 30(b)(6) designation.

**Mary McDonnell**

The only objection to this video deposition is one filed by the plaintiffs and the BLM to a counter-designation filed by DuPont. There, DuPont's counsel asks McDonnell if she was ever consulted about the enforcement action filed by the ISDA against the BLM, and she answers "no." *See McDonnell Deposition* at p. 43. The Court can discern no relevance to this exchange and will therefore exclude it.

### ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the exchange in the McDonnell deposition discussed above at page 43 be excluded. All objections to

**Memorandum Decision & Order – page 3**

the video deposition of Dr. Barefoot are denied.



DATED: **June 15, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**