IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER REGARDING OBJECTIONS TO DEPOSITION OF DR. ARNE |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it objections to deposition excerpts from the deposition of Dr. Karl Arne. The Court rules on those objections below.

## ANALYSIS

Dr. Arne has a Ph.D. in organic chemistry, and started working at the EPA in 1980 in the Pesticide Program in the hazard evaluation division. He eventually became a Senior Scientist with EPA with responsibility for Section 3 labeling. He was involved with sulfonylureas and crop damage, and had extensive experience with the fate and transport of herbicides – their persistence and movement – prior to his retirement in 2008. In 2001, while still with the EPA, he traveled to Idaho

**Memorandum Decision and Order – Page 1**

with other EPA officials to Idaho to investigate the Oust incident.

Dr. Arne has not filed an expert report under Rule 26, but is being called by the plaintiffs as a fact witness. Most of his testimony concerns matters within his personal knowledge concerning the investigation of the Idaho Oust incident.

DuPont objected to excerpts dealing with Dr. Arne's letter to Organic Gardening, responded to an earlier letter from DuPont' Director of Development and Stewardship, a Mr. Reasons. *See Dr. Arne Deposition* at p. 115 et. seq. Dr. Arne explains that Reasons' letter was full of inaccuracies, and Dr. Arne corrects them by pointing out, among other things, that sulfonylurea herbicides move off target and "have caused effects at levels that cannot be detected by analytical chemistry." *Id*. at p. 119. It appears that Dr. Arne responded by sending the letter not only to Organic Gardening but also to Mr. Reasons himself. *Id*. at pp. 122-23.

This letter would be relevant to DuPont's knowledge. The letter was sent in 1996, *id*. at p. 126, prior to DuPont's marketing and sale of Oust to the BLM for use on Idaho's fire-damaged lands. The letter was sent by a Senior Scientist at the EPA with responsibility for Section 3 labeling to the Director of DuPont's Director of Development and Stewardship for agricultural products. For all these reasons, the letter is relevant.

DuPont responds, however, that Dr. Arne is testifying as an expert without

**Memorandum Decision and Order – Page 2**

filing a Rule 26 report. However, the report requirement only applies to those who are retained as experts (or "specially employed" to give expert testimony). *See Rule 26(a)(2)(B)*. Dr. Arne is testifying as a fact witness, discussing his investigation in Idaho as well as the knowledge he gained through more than 25 years with the EPA studying Section 3 labels and herbicides. He is testifying regarding matters within the scope of his employment. As such, he is akin to a treating physician, who can testify as a fact witness to the treatment given to the patient. *See Advisory Committee Notes to Rule 26.*

Dr. Arne was also asked numerous questions about the Davey memo. That memo was written by Mike Davey of the EPA recounting the investigation the EPA conducted of the Oust incident in Idaho. Dr. Arne did not keep separate notes and so he relies on Davey's account. At times, Dr. Arne appears to have his recollection refreshed; other times, he is read a portion of the memo and asked for comments. The Court does not recall that the Davey memo is in evidence, and so will assume that it is not an admitted document. Counsel can correct the Court if it is mistaken.

There is not enough foundation in the deposition to allow the Court to rule that the Davey memo could be introduced through Dr. Arne. Thus, the excerpts where the letter is read to Dr. Arne must be excluded. However, where Dr. Arne is

**Memorandum Decision and Order – Page 3**

testifying from his own recollection – or has his recollection refreshed from the memo – the objections are overruled.

There are numerous other objections. To ensure that the entirety of the Court's rulings on the Dr. Arne deposition are contained in the record, the Court appends the detailed rulings e-mailed to counsel on June 15, 2009.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the objections to the Dr. Arne deposition be resolved as set forth herein, including the attachment incorporated herein by reference.



DATED:  **June 16, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge