IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | ) Case No. CV-03-49-E-BLW |
| Plaintiffs, | ) **MEMORANDUM DECISION AND** |
| | ) **ORDER REGARDING DUPONT'S** |
| v. | ) **MOTION IN LIMINE TO BAR** |
| | ) **TESTIMONY CONCERNING** |
| UNITED STATES OF AMERICA, et al., | ) **DAMAGES OR LOSSES TO** |
| | ) **NON-BELLWETHER PLAINTIFFS'** |
| | ) **FIELDS**  (Docket No. 1186) |
| Defendants. | ) |

## INTRODUCTION

Before the Court is DuPont's Motion in Limine to Bar Testimony from Plaintiffs' Experts Concerning Damages or Losses to Non-Bellwether Plaintiffs' Fields (the "Motion") (Docket No. 1186). For the reasons set forth below, the Court grants the Motion.

## ANALYSIS

DuPont seeks to prevent Plaintiffs' experts from testifying about alleged Oust-related crop damages specific to those Plaintiffs who are neither Bellwether Plaintiffs nor testifying non-Bellwether Plaintiffs. According to DuPont, Defendants were not permitted to conduct discovery specific to non-Bellwether

**MEMORANDUM DECISION AND ORDER RE: MOTION IN LIMINE TO BAR TESTIMONY CONCERNING DAMAGES OR LOSSES TO NON-BELLWETHER PLAINTIFFS' FIELDS - 1**

Plaintiffs or non-testifying Plaintiffs and, therefore, had no opportunity to prepare to defend against Plaintiffs' anticipated claims that these individuals' fields were (1) damaged and, if so, (2) damaged by Oust.

Plaintiffs disagree, arguing that the Motion impermissibly attempts to limit Plaintiffs' evidence presentation to only ten farmers - the four Bellwether Plaintiffs and six testifying non-Bellwether Plaintiffs - while simultaneously ignoring previously-admitted evidence concerning damage experienced by growers other than the Bellwether Plaintiffs and the testifying non-Bellwether Plaintiffs.

The Court is cognizant of an expert's general ability to testify about matters he relied upon in reaching his opinions. However, the Court has consistently tried to preclude, as a matter of fairness to Defendants, any specific testimony unrelated to the Bellwether Plaintiffs or the testifying non-Bellwether Plaintiffs. Indeed, a motivating factor for using Bellwether Plaintiffs was to force the parties to focus their discovery efforts and litigation strategies in a way that allowed for an efficient presentation of evidence at a trial involving, in reality, upwards of 140 farmers. Relegating discovery originally to ten farmers and their respective farms, only to now allow Plaintiffs' experts to comment on matters beyond the scope of those same discovery boundaries, strikes the Court as not only inconsistent, but also

**MEMORANDUM DECISION AND ORDER RE: MOTION IN LIMINE TO BAR TESTIMONY CONCERNING DAMAGES OR LOSSES TO NON-BELLWETHER PLAINTIFFS' FIELDS - 2**

prejudicial to Defendants at this stage of the litigation.

Plaintiffs' experts are certainly able to (1) offer their general opinion on the alleged widespread nature of the damage observed and any related opinion that Oust was the cause of that damage, and (2) offer testimony concerning evidence already admitted into evidence or which has been stipulated to by the parties. Nothing in this Memorandum Decision and Order is intended to limit an expert's ability in this respect.  However, in offering their opinions, they may only make specific reference to property owned by either Bellwether Plaintiffs or testifying non-Bellwether Plaintiffs.   References to property owned by either non-Bellwether Plaintiffs or non-testifying Plaintiffs is prohibited, except by way of general background or in commenting upon evidence already admitted or stipulated to by the parties.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Motion in Limine to Bar Testimony from Plaintiffs' Experts Concerning Damages or Losses to Non-Bellwether Plaintiffs' Fields (Docket No. 1186) is GRANTED, to the extent set forth above.

**MEMORANDUM DECISION AND ORDER RE: MOTION IN LIMINE TO BAR TESTIMONY CONCERNING DAMAGES OR LOSSES TO NON-BELLWETHER PLAINTIFFS' FIELDS - 3**



DATED:  **June 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER RE: MOTION IN LIMINE TO BAR TESTIMONY CONCERNING DAMAGES OR LOSSES TO NON-BELLWETHER PLAINTIFFS' FIELDS - 4**