IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., )<br>)<br>       Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>et al., )<br>)<br>       Defendants. )<br>_____) | Case No. CV-03-49-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER REGARDING OBJECTIONS TO DEPOSITION OF PFLEEGER**<br>**(Docket No. 1203)** |

## INTRODUCTION

The Court has before it objections to deposition excerpts from the deposition of Dr. Thomas Pfleeger. The Court rules on those objections below.

## ANALYSIS

Dr. Pfleeger has a Ph.D. in plant ecology and has worked for the EPA for about 30 years. During most of that time he has worked with plants and plant communities, and the way in which they are affected by toxic chemicals, whether industrial or pesticidal. In 2001, while still with the EPA, he traveled to Idaho with other EPA officials to Idaho to investigate the Oust incident.

Dr. Pfleeger has not filed an expert report under Rule 26, but is being called

**Memorandum Decision and Order re**
**Dr. Pfleeger Deposition Excerpts – Page 1**

by the plaintiffs as a fact witness. Most of his testimony concerns matters within his personal knowledge concerning his investigations in Oregon, as well his involvement in the investigation of the Idaho Oust incident.  Plaintiff interposes a number of objections to Dr. Pfleeger's testimony under Rule 702.   However, his Ph.D. in plant ecology and his work for the EPA clearly provides him with sufficient qualifications to summarize for the jury those opinions which he formed in the context of his work.   Moreover, he is not subject to the pre-trial report requirements of Rule 26, since he was not retained as an expert (or "specially employed" to give expert testimony). *See* Rule 26(a)(2)(B). He is testifying regarding matters within the scope of his employment. Although such testimony may include the opinions he formulated as part of his employment, he is akin to a treating physician, who can testify as a fact witness to the treatment given to the patient. *See* Advisory Committee Notes to Rule 26.

There is a series of designations and objections to those designations beginning at 80:16 and ending at 105:11 which deal with a study conducted by the EPA on the impact of sulfonylurea on cherry trees.   This study was undertaken because of what was referred to as the Badger Canyon incident in Washington in which it was alleged that herbicides sprayed on dry land wheat fields migrated

**Memorandum Decision and Order re
Dr. Pfleeger Deposition Excerpts – Page 2**

onto other croplands and affected the crops planted there.   There was apparently some uncertainty as to whether that migration was the result of spray drift upon application or blowing dust after application.  The study resulted in the 1993 publication of a peer-reviewed article titled, "Potential Environmental Risks Associated with the New Sulfonylurea Herbicides."   In response to that publication, DuPont apparently criticized the methodology employed by Pfleeger and his colleagues at the EPA.   A particularly uncomfortable incident occurred in Pfleeger's office when Tim Obrigawitch and Gil Cook appeared unannounced and confronted him about his work.

While the Court has some reservations about this incident, it would appear that DuPont's aggressive response to the study criticizing the DuPont sulfonylurea herbicide is  relevant to the Plaintiff's claim that DuPont acted negligently in its aggressive efforts in marketing Oust to the BLM.  Moreover, that relevance is not substantially outweighed by the potential for juror confusion or unfair prejudice.  On the other hand, Pfleeger's repeated statements attributing a particular intent to DuPont lacks foundation and will be excluded.  Likewise, the details of the Badger Canyon incident which gave rise to the Cherry Tree Study are not relevant and may confuse the jury.

**Memorandum Decision and Order re**
**Dr. Pfleeger Deposition Excerpts – Page 3**

With regard to Excerpt 165:17-166:2, the Court will sustain the objection if the exhibit being discussed by the Dr. Pfleeger has been admitted as a trial exhibit through another witness, but will overrule the objection if it has been admitted into evidence.

With regard to Excerpt 183:19-184:19 and 184:20-185:20, the Court will sustain the objection because it appears to be Dr. Pfleeger's personal notes which document information provided by Dr. Morishita, and Dr. Pfleeger's meetings with Dr. Hutchinson, Dan Schaeffer, and Dr. Miller.  As such, they are clearly hearsay and to the extent they include statements made by Drs. Morishita, Hutchinson and Miller or Mr. Schaeffer they contain hearsay within hearsay.  If the Court's understanding of the nature of the document is in error and it is already admitted through some other witness or by stipulation, then Dr. Pfleeger would be allowed to describe his understanding of the exhibit since he apparently prepared it. However, without further clarification the objection will be sustained.

With regard to Excerpt 192:21-193:23, the Court will sustain the objection unless Deposition Exhibit No. 9 is independently admitted into evidence.  If it is in evidence, it is appropriate for the witness to either agree or disagree with statements made in an admitted exhibit.  However, if the exhibit is not admitted,

**Memorandum Decision and Order re**
**Dr. Pfleeger Deposition Excerpts – Page 4**

through Dr. Pfleeger or some other witness, the statements quoted by counsel in examining the witness are hearsay and inadmissible. The Court would note that the statement made at 193:6-8 is not hearsay, but may not be comprehensible without the prior inadmissible testimony being presentend to the jury.

With regard to Excerpt 285:22-289:9, the Court will overrule the objection since the witness is only commenting on what he meant by statements which he took contemporaneous with the events in question, and do not reflect statements made by other persons. Thus, they appear to fall within the exception provided for in Rule 803(1) or 803(5).

There are numerous other objections, the resolution of which do not require detailed explanation. To ensure that the entirety of the Court's rulings on the Dr. Pfleeger deposition are contained in the record, the Court appends its rulings on all objections.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the objections to the Dr. Pfleeger deposition be resolved as set forth herein, including the attachment incorporated herein by reference.

**Memorandum Decision and Order re**
**Dr. Pfleeger Deposition Excerpts – Page 5**



DATED: **June 19, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order re
Dr. Pfleeger Deposition Excerpts – Page 6**