IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al., | ) | Case No. CV-03-49-E-BLW |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER REGARDING** |
| v. | ) | **ATTORNEY CLIENT** |
| | ) | **PRIVILEGE (Docket No. 894)** |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) ) ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before DuPont's Motion to Compel Plaintiffs to Comply with March 27, 2009 Order Regarding Waiver of Attorney-Client Privilege (Document No. 894). The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

## ANALYSIS

DuPont asks the Court to compel production of documents it claims Plaintiffs should have produced pursuant to a prior order of the Court. (Docket No. 889). By that Order, the Court granted Plaintiffs' motion to compel

**Memorandum Decision and Order Re:**
**Attorney Client Privilege  – Page 1**

production of documents which DuPont alleged were protected by the attorney-client privilege.  The Court determined that no attorney-client privilege applied to documents regarding soil testing that were encompassed by the parties' "soil sampling agreement."  The Court had previously determined that no work product doctrine applied to those same documents.

Plaintiffs respond that (1) the order applied to DuPont and not the Plaintiffs, (2) DuPont's request is untimely, and (3) Plaintiffs have, in any event, already produced all of the documents that would fall under the Court's order, since they have always taken the position that documents relating to the "soil sampling agreement," were not protected by the attorney-client privilege or the work product doctrine.

DuPont contends that Plaintiffs' have produced no privileged documents which pertain to soil sampling.   From this, they contend that there must be documents which are subject to the Court's order and which have not been produced.

It is true that the Court's order did not specifically apply to Plaintiffs because it decided a motion to compel documents filed by the Plaintiffs against DuPont.  However, there can be no reasonable contention that the Court's finding

**Memorandum Decision and Order Re:
Attorney Client Privilege  – Page 2**

regarding the interpretation of the parties' "soil sampling agreement" did not also apply to Plaintiffs, and to any soil sampling documents in Plaintiffs' possession. Plaintiffs would also be required to produce any such documents under Fed. R. Civ. P. 26. Given Plaintiffs contention that they have always agreed that the soil sampling documents were not privileged, it does not appear that the Plaintiffs are seriously contending that they are excused from producing those documents because they were not expressly required to do so by the Court's prior order.

Instead, Plaintiffs main opposition appears to be the timing of DuPont's request, and their argument that they have already produced any relevant documents. With regard to the first argument, the Court rejects Plaintiffs' contention that the request to compel comes too late. If the documents exist, Plaintiffs' must produce them. As to the second argument, the Court is in no better position than DuPont to know whether any additional documents exist. The Court must accept counsel's representation, as officers of the Court, that they have fully complied with their obligation to produce the soil sampling documents. Since there is no purpose in ordering a party to do something which they have already done, the Court will not enter an order compelling Plaintiffs to produce any specific documents. However, the Court would urge counsel to make a final

**Memorandum Decision and Order Re:**
**Attorney Client Privilege – Page 3**

review of their records to confirm that no further responsive documents exist.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion to Compel Plaintiffs to Comply with March 27, 2009 Order Regarding Waiver of Attorney-Client Privilege (Docket No. 894) is DENIED.



DATED: **June 19, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge