IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER REGARDING OBJECTIONS TO VIDEO DEPOSITION EXCERPTS OF DR. BROWN (Docket Nos. 1206/1215) |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it objections to deposition excerpts from the deposition of Dr. Hugh Brown. For the reasons expressed below, the Court will overrule the objections.

## ANALYSIS

Dr. Brown holds a Ph.D. in biochemistry and is DuPont's Research Manager for Discovery Biology. He was designated by DuPont under Rule 30(b)(6) to testify about (1) the persistence of Oust in soils, *see Brown Deposition* at p. 10, (2) the characteristics of rainfall that would render Oust unsusceptible to off-target movement by wind erosion, *id*. at pp. 72-73, and (3) the dissipation of Oust.

**Memorandum Decision and Order – Page 1**

DuPont objects to many portions of the deposition excerpts on the ground that the questions attempted to elicit information beyond the scope of Brown's designation under Rule 30(b)(6). The Court disagrees. For example, DuPont objects to questions about the pH of the BLM land in Idaho. *Id.* at pp. 65-66. Yet soil pH is, according to Brown, of critical importance to the persistence of Oust in soils, a subject area covered by his designation under Rule 30(b)(6). *Id.* at p. 24. DuPont also objects to questions about how much rainfall would keep Oust from blowing off-site. *Id.* at pp. 93-97. Yet these questions also clearly fall within Brown's Rule 30(b)(6) designation.

DuPont objects that Brown often answers that he has no knowledge of the subject inquired about by plaintiffs' counsel, and hence lacks the requisite personal knowledge required by Rule 602 for admissibility. Yet Brown is testifying as a representative of DuPont, and hence his lack of knowledge may be attributed to DuPont. The absence of knowledge may be relevant to certain claims in the case. For example, Brown was unaware of any tests DuPont had done to determine how much rain is required to render Oust immune from being blown away by wind after an application. *Id.* at p. 96. Given Brown's own testimony that moisture is critical to persistence, *id.* at p. 25, and that he is DuPont's designee on persistence and the amount of rainfall necessary to keep Oust from blowing off-site, his lack of

**Memorandum Decision and Order – Page 2**

knowledge of any testing is relevant to the claim of negligence against DuPont.

For all these reasons, the Court will overrule all objections to the deposition excerpts of Dr. Brown.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the objections to the Dr. Brown deposition are OVERRULED.



DATED: **June 22, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 3**