IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al., | ) | Case No. CV-03-49-E-BLW |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER REGARDING** |
| v. | ) | **DUPONT'S MOTION TO** |
| | ) | **COMPEL PLAINTIFFS TO** |
| UNITED STATES OF AMERICA, et al., | ) | **TAKE POSITION ON CLAIM** |
| | ) | **FOR DAMAGES OCCURRING** |
| | ) | **AFTER COMMENCEMENT OF** |
| Defendants. | ) | **ACTION (Docket No. 1189)** |
| _____ | ) | |

## INTRODUCTION

Currently before the Court is DuPont's Motion to Compel Plaintiffs to Take Position on Claim for Damages Occurring After Commencement of Action (Docket No. 1189). Plaintiffs have not filed a response. For the reasons set forth below, the Court grants the Motion.

## ANALYSIS

DuPont's Motion focuses on the scope of Plaintiffs' sought-after damages; specifically, whether Plaintiffs are claiming damages after the commencement of this action.

Relevant to this query, on April 13, 2009, Plaintiffs moved in limine to exclude any testimony or argument offered by DuPont that Plaintiffs' allegedly

**Memorandum Decision and Order - 1**

refused and prevented DuPont from taking soil samples in June of 2002 - after the commencement of this action.  *See* MIL (Docket No. 922).  The Court granted Plaintiffs' motion, holding that any offer to take the above-referenced soil samples "has no probative value to DuPont's defense because [P]laintiffs are not arguing that DuPont failed to offer assistance after the lawsuit was filed."  *See* 5/4/09 MDO, p. 2 (Docket No. 1050).

DuPont now argues that, during trial, Dan Schaeffer testified (on both direct examination and cross-examination) that DuPont never offered to test all fields where plaintiffs believed they had Oust damage.  *See* DuPont's Mem. in Supp. of Mot. to Compel, pp. 2-3 (Docket No. 1189).  Relatedly, DuPont argues that Mr. Schaefer also testified that he could not agree that he, or any other Plaintiff, was not injured *after* June of 2002.  *See id*.

In light of (1) the Court's conclusion that Plaintiffs are not claiming that DuPont failed to offer assistance after the lawsuit was filed (*see supra* at pp. 1-2); (2) Mr. Schaeffer's suggestion that DuPont never made an offer to conduct soil samples (*see id*.); and (3) Mr. Schaeffer's inability to concede that neither he, nor any other Plaintiffs, was not injured after June of 2002, DuPont believes that it is now unclear whether, in fact, Plaintiffs are raising a claim of a lack of cooperation and/or a claim for damages after June of 2002.  According to DuPont, if Plaintiffs

**Memorandum Decision and Order - 2**

are making such a claim, the Court should permit DuPont to recall Mr. Schaeffer for cross-examination concerning DuPont's alleged offer of soil sampling; alternatively, if Plaintiffs are not making such a claim, the Court should give an instruction to the jurors alerting them to the lack of any such claim and correct the misleading testimony of Mr. Schaeffer to the contrary. *See id.* at p. 4. The Court agrees.

  A reconciliation of the arguably confusing state of Plaintiffs' stated claims and/or requested damages is in order. Either Plaintiffs are asserting such claims or they are not. Further uncertainty in this respect unquestionably prejudices DuPont as they prepare their anticipated motion for directed verdict and begin with their case-in-chief; in contrast, Plaintiffs are neither burdened nor prejudiced in revealing once-and-for-all whether they are asserting claims for lack of cooperation and/or damages after June of 2002. It is time to put this matter to rest.  For these reasons, in addition to Plaintiffs' failure to respond to DuPont's arguments, the Court will grant DuPont's Motion to Compel only insofar as requiring Plaintiffs to articulate more clearly the scope of their claims. Plaintiffs' response in this respect will dictate whether Mr. Schaeffer should be re-called or a corrective instruction issued to the jury. These latter issues will be taken up at the appropriate, later time once Plaintiffs resolve any ambiguity over the scope of their

**Memorandum Decision and Order - 3**

claims in response to this Order.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Motion to Compel Plaintiffs to Take Position on Claim for Damages Occurring After Commencement of Action (Docket No. 1189) is GRANTED, to the extent set forth above.  Plaintiffs are to file with the Court – within 2 days from the date of this decision – a statement explaining whether plaintiffs are seeking claims for lack of cooperation and/or damages after June of 2002.



DATED:  **June 24, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge