IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, </br></br>Plaintiffs, </br></br>v. </br></br>UNITED STATE OF AMERICA, et al., </br></br>Defendants. | Civ. No. 03-0049-E-BLW </br></br> MEMORANDUM DECISION and ORDER ON MOTION TO AMEND COMPLAINT </br>(Doc. No. 1220) |

## INTRODUCTION

The Court has before it Plaintiffs' motion to amend their Third Amended Complaint to conform to the evidence presented at trial and to allege a claim for punitive damages. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Plaintiffs' move the Court pursuant to Fed. R. Civ. P. 15(b) to amend their Third Amended Complaint to state a claim for punitive damages. This is Plaintiffs' second attempt at inserting a claim for punitive damages into this case. The Court denied Plaintiffs' first motion to amend on April 1, 2009, (*Order*,

**Memorandum Decision & Order – page 1**

Docket No. 893), one month before the start of trial.  In the instant motion, Plaintiffs incorporated their previous motion and supporting evidence (Docket Nos. 772, 775, 778, 779, 780, 787 and 863) and argue that, in addition, new evidence presented at trial warrants the amendment to conform the Third Amended Complaint to the evidence.

DuPont objects to Plaintiffs' motion on four grounds, which are that: (1) Idaho law expressly requires that a request to amend the pleadings to seek punitive damages is a pretrial determination which may not be reconsidered after trial commences; (2) Fed. R. Civ. P. 15(b)(2) does not allow an amendment to the pleadings during trial unless the party opposing the motion either expressly or impliedly consents to the amendment; (3) allowing a punitive damages claim mid-way through trial violates DuPont's procedural and substantive due process rights; and (4) Plaintiffs' remotion fails to support a basis for allowing a claim for punitive damages.

The Court agrees that Plaintiffs' motion to amend is prohibited by both Idaho substantive law on punitive damages and the requirement of Fed. R. Civ. P. 15(b)(2) that DuPont have either expressly or implicitly consented to the amendment.

Plaintiffs' claim for punitive damages is governed by Idaho Code § 6-1604.

**Memorandum Decision & Order – page 2**

The statute prohibits inclusion of any claim for punitive damages except as provided within the statute. The statute reads, in relevant part:

> . . . . In all civil actions in which punitive damages are permitted, no claim for damages shall be filed containing a prayer for relief seeking punitive damages. However, a party may, pursuant to a pretrial motion and after hearing before the court, amend the pleadings to include a prayer for relief seeking punitive damages. The court shall allow the motion to amend the pleadings if, after weighing the evidence presented, the court concludes that, the moving party has established at such hearing a reasonable likelihood of proving facts at trial sufficient to support an award of punitive damages. A prayer for relief added pursuant to this section shall not be barred by lapse of time under any applicable limitation on the time in which an action may be brought or claim asserted, if the time prescribed or limited had not expired when the original pleading was filed.

I.C. § 6-1604(2). The Court agrees that this statute expressly provides for a *pretrial* mechanism to seek the amendment that would allow a claim for punitive damages to be presented at trial. Plaintiffs' failed in their first attempt to meet their burden of establishing the likelihood of prevailing on a claim of punitive damages at trial. The Court does not believe the statute provides an additional "during trial" mechanism to renew the request, and finds that creating one without the express consent of the legislature may violate the intent of the statute.

Even if, however, I.C. § 6 - 1604 procedurally allowed for a claim for punitive damages to be added during trial, the Court agrees that Fed. R. Civ. P. 15 does not allow for Plaintiffs in this case to amend their complaint to add the claim.

**Memorandum Decision & Order – page 3**

A motion to amend the complaint to conform to the evidence at trial is made under Fed. R. Civ. P. (b)(2), which reads:

> (b) Amendments During and After Trial.
> . . . .
> (2) For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move--at any time, even after judgment--to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

Fed. R. Civ. P. 15(b)(2).  As DuPont points out, and the statute clearly states, the rule requires that the Court find that the party opposing the amendment have either expressly or implicitly consented to the amendment in order for it to be granted as conforming to the evidence.

The Court does not believe that DuPont reasonably could be viewed as having consented in any manner to the punitive damages claim in this case. DuPont vigorously opposed the Plaintiffs' original motion to amend.  Moreover, the case law is clear that the Court may not find an implicit consent where DuPont did not object to evidence presented at trial that supports the punitive damages claim where the same evidence is relevant to the other claims and defenses that were plead and clearly are at issue at trial.  DuPont must have been put on notice that the evidence was being presented also for the punitive damages claim.  *See*

**Memorandum Decision & Order – page 4**

*Dream Games of Arizona, Inc. v. PC Onsite*, 561 F.3d 983, 995-996 (9th Cir. 2009); *see also* 6A Wright, Miller & Kane, Federal Practice and Procedure § 1491("An amendment will be allowed only if the parties have received actual notice of an unpleaded issue and have been given an adequate opportunity to cure any surprise that might result from the change in the pleadings.").

Even if the amendment were procedurally permissible, the Court has concerns regarding fairness to DuPont to permit a punitive damages claim to go forward at this stage of the trial under the circumstances. DuPont vigorously opposed Plaintiffs' original motion to amend to add the claim for punitive damages, and prevailed. The Court issued its decision denying the motion to amend to add the claim one month before trial. Accordingly, DuPont had no reason to believe that it would be defending a claim of punitive damages at trial. Plaintiffs now renew their motion to amend seven weeks into the trial, and there is no indication that DuPont received notice of this claim before Plaintiffs indicated their intent to the renew the motion. As far as the Court is aware, Plaintiffs' intent to renew their motion to amend was first raised when counsel indicated Plaintiffs' intent to rest early, which was toward the end of Dr. Haderlie's testimony.

The Court agrees that DuPont was not fairly on notice that it would be defending a claim for punitive damages under the circumstances, and particularly

**Memorandum Decision & Order – page 5**

in view of the Idaho statutory provision governing when and how punitive damage claims may be made.  Such violations of fairness at trial implicate constitutional concerns.  *See Phillip Morris USA v. Williams*, 549 U.S. 346, 353 (2007); *BMW or N. Am, Inc. v. Gore*, 517 U. S. 559, 574 (1996).[1]

For these reasons, the Court will deny the motion and does not address the merits of the motion to amend.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiffs' Motion to Amend to Conform to the Evidence and to Allege Punitive Damages (Docket No. 1220) is DENIED.



DATED:  **June 25, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

---

[1] The Court notes that punitive damages are not favored at law generally, and the Supreme Court jurisprudence over the last ten years regarding such awards highlight the constitutional dimension of the issue.  *See e.g., Exxon Shipping Co. v. Baker*, \_\_U.S.\_\_\_, 128 S.Ct. 2605 (2008); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**Memorandum Decision & Order – page 6**