IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) | MEMORANDUM DECISION |
| v. | ) | AND ORDER REGARDING |
|  | ) | 13 DOCUMENTS OFFERED |
|  | ) | BY PLAINTIFFS INTO |
| UNITED STATES OF AMERICA, | ) | EVIDENCE WITHOUT A |
| et al, | ) | SUPPORTING WITNESS |
|  | ) |  |
| Defendants. | ) |  |
| _____ | ) |  |

**ANALYSIS**

As plaintiffs completed their case-in-chief, they offered into evidence 13 documents that counsel intends to read to the jury. Plaintiffs did not offer the documents through a witness, but moved for their admission on the ground that the record already contains the necessary foundational and evidentiary basis for each document.

The defendants objected on a number of grounds, but their overarching objection was that plaintiffs' proposal – admitting the documents and reading them *en masse* to the jury without any explanatory context – would be both misleading and prejudicial. The Court shares that concern. While Rule 903 dispenses with the

**Memorandum Decision & Order – page 1**

requirement of a "subscribing witness," Rules 106, 403, and 611 would require that

the documents be offered through a witness if to do otherwise would cause the jury

to be misled, the parties to suffer undue prejudice, or result in some unfairness to

the defendants.

Thus, it is critical for the Court to examine each of the 13 documents to

determine whether (1) they are authentic under Rule 901, (2) the excerpts to be

read are either non-hearsay under Rule 801, or, if hearsay, that an exception applies

under Rule 803, (3) that the excerpts are relevant under Rule 401; (4) that the

declarant has the requisite personal knowledge under Rule 602, (5) that the

probative value of the document is not substantially outweighed by the danger of

unfair prejudice under Rule 403, and (6) that the presentation of the exhibit without

a subscribing witness will not result in some unfairness to the parties or interfere

with the ascertainment of the truth under Rules 106 and 611.

In a separate decision, to be issued on the morning of June 29, 2009, the

Court will resolve the admissibility of each document individually.  As a general

guideline, the Court will explain some of the principles that will govern its review.

First, with regard to the interplay between authenticity and hearsay, many, if not

all, of the internal DuPont e-mails provided by DuPont in discovery are authentic

under Rule 901.   Only a minimal showing is sufficient to satisfy the requirements

**Memorandum Decision & Order – page 2**

of Rule 901.  However, the exhibits will not be deemed to fall within the non-hearsay provisions of Rule 801(d)(2)(D) unless the record (or a stipulation of counsel) establishes that the position the declarant held with DuPont would permit a finding that he or she was speaking within the scope of their employment.  The record consists of all evidence and testimony before the Court, even if not before the jury, because it is the Court under Rule 104(a) that must determine whether a document is inadmissible hearsay.

If hearsay, the documents must fall within one of the exceptions listed in Rule 803.  Defense counsel complained that the Court has changed the rules in mid-trial.  They argue that they were unable to have admitted through Rodney Jentzsch the same type of documents that plaintiffs are now offering without any supporting witness.  The allegation is serious and requires an examination of the transcript to ensure that the Court made no evidentiary error.

The transcript, provided by the defense, shows that BLM's counsel tried to offer a document through Jentzsch under Rule 803(6), arguing that it was a business record because it was provided by Jentzsch in discovery and may have been provided by one of Jentzsch's business managers.  Importantly, defense counsel only offered the document under Rule 803(6), not Rule 801(d)(2)(D).  Thus, the entire discussion centered around the requirements of Rule 803(6).  After

**Memorandum Decision & Order – page 3**

a voir dire of the witness, the defense was unable to show who prepared the

document, whether it was prepared by a person with knowledge of the event, and

whether it was kept in the course of a regularly conducted business activity.

Because the defendants did not raise Rule 801(d)(2)(D), the Court did not discuss

it.  The mere fact that the document was provided by a party in discovery was not

enough to satisfy Rule 803(6) – then or now.  So the Court reaffirms its prior

ruling, and will apply the same rule to plaintiffs' 13 documents.  Simply put, the

Court has not changed the rules in mid-trial, despite counsel's suggestion to the

contrary.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the guidelines

discussed above will guide the Court in issuing its decision on the 13 documents

offered by plaintiffs into evidence.

DATED:  **June 25, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**