IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | ) Case No. CV-03-49-E-BLW |
|         Plaintiffs, | ) **MEMORANDUM DECISION AND** |
| | ) **ORDER REGARDING DUPONT'S** |
| v. | ) **MOTION TO COMPEL PLAINTIFFS** |
| | ) **TO PRODUCE PLAINTIFFS'** |
| UNITED STATES OF AMERICA, et al., | ) **SETTLEMENT AGREEMENTS** |
| | ) **WITH APPLICATORS** |
| | ) **(Docket No. 1107)** |
|         Defendants. | ) |

## INTRODUCTION

Before the Court is DuPont's Motion to Compel Plaintiffs to Produce Plaintiffs' Settlement Agreements with the Applicators (Docket No. 1107). Plaintiffs have not filed a response. For the reasons set forth below, the Court grants the Motion.

## ANALYSIS

Through RFP No. 30, Defendants collectively requested from Plaintiffs the production of all settlement agreements between Plaintiffs and any other entity relating, generally, to this action. *See* Ex. A (Docket No. 1107, Att. 2). Plaintiffs objected, claiming that RFP No. 30 is overly broad, unduly burdensome, and not

**MEMORANDUM DECISION AND ORDER - 1**

reasonably calculated to lead to the discovery of relevant information.  *See* Ex. B (Docket No. 1107, Att. 3).  Without waiving those objections, however, Plaintiffs stated that they "will produce responsive documents in their possession, if any." *See id*.

Since then, Plaintiffs entered into settlement agreements with the Applicator Defendants.  DuPont now argues that, under FRCP 26(e), Plaintiffs are obligated to supplement their response to RFP No. 30 with these referenced settlement agreements.  The Court agrees.

First, in its May 5, 2009 Memorandum Decision and Order, the Court rejected Plaintiffs' efforts to exclude any evidence of their settlement with the Applicator Defendants under FRE 408.  Applying an exception to the general rule prohibiting the admissibility of "evidence of conduct or statements made in compromise negotiations," the Court noted that FRE 408 "does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness."  *See* 5/5/09 MDO, p. 2 (Docket No. 1053).  To this end, the Court noted:

> The settlement would be relevant in assessing the applicators' credibility by making it more likely that the applicators would give favorable testimony to the plaintiffs based on the relationship created by the settlement.

*See id*.  Therefore, the Court has already addressed the merits of and foreclosed

**MEMORANDUM DECISION AND ORDER - 2**

Plaintiffs' stated objections.

Second, DuPont correctly references Plaintiffs' obligation to supplement their prior discovery responses under FRCP 26(e). *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has . . . responded to a[ ] . . . request for production . . . must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."); *see e.g.*, Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial*, § 11:1242 (The Rutter Group 2009) (citing *United States v. Boyce*, 148 F. Supp. 2d 1069, 1088 (S.D. Cal. 2001) (documents discovered or coming into party's possession after earlier document request for such documents must be disclosed)). Yet, despite a May 7, 2009 letter from DuPont's counsel to Plaintiffs' counsel (*see* Ex. C (Docket No. 1107, Att. 3)), Plaintiffs have failed to do so. Moreover, based on the record now before the Court, Plaintiffs have not articulated any reason for withholding such information beyond their original objections to RFP No. 30 (*see supra* at pp. 1-2) and the FRE 408 arguments raised in its April 13, 2009 Motion in Limine (Docket No. 932), already addressed by the Court in its May 5, 2009 Order (*see supra* at p. 2).

Third, in revisiting their response to RFP No. 30, Plaintiffs indicated that they would, in fact, be producing responsive documents, if any, in any event.

**MEMORANDUM DECISION AND ORDER - 3**

While that response may have been accurate at the time, it does not appear to be accurate now.  Therefore, consistent with their original, stated intent to actually produce the requested settlement agreements, the Court sees no reason to justify their continued withholding.

These reasons, in addition to Plaintiffs failure to respond to DuPont's arguments, combine to warrant the granting of DuPont's Motion to Compel.  In doing so, however, the Court is in no way commenting on the admissibility of the agreements themselves or the particular content contained therein.  To the extent those (or related) issues present themselves later during trial in now-unknown circumstances, the Court will address the parties' concerns at that time.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Motion to Compel Plaintiffs to Produce Plaintiffs' Settlement Agreements with the Applicators is GRANTED, to the extent set forth above.



DATED:  **June 30, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**MEMORANDUM DECISION AND ORDER - 4**