IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) | |
| v. | ) | MEMORANDUM DECISION AND ORDER REGARDING 10 DOCUMENTS OFFERED BY PLAINTIFFS INTO EVIDENCE WITHOUT A SPONSORING WITNESS (SECOND SET OF DOCUMENTS) |
| UNITED STATES OF AMERICA, et al, | ) | |
| Defendants. | ) | |

## INTRODUCTION

This decision is a detailed resolution of the admissibility of 10 documents plaintiffs seek to introduce without a supporting witness. In two earlier decisions (docket nos. 1234 & 1238), the Court explained generally the governing rules, and then applied those rules to the first set of exhibits containing 13 documents. In this decision, the Court will rule on the admissibility of an additional set of 10 different documents. The Court's two earlier decisions are incorporated by reference herein.

## ANALYSIS

**1.    Exhibit 32814**

This is a letter on DuPont stationary authored by R.F. Holt, DuPont's U.S.

**Memorandum Decision & Order – page 1**

Registration Manager, to the EPA dated August 19, 1993. In the letter, Holt is critical of the EPA's Corvallis Lab's study on the effects of Glean drift on cherries, and is further critical of the comments of the director of the study, Dr. Pfleeger, who has testified in this case.

The Court finds this document authentic under Rule 901 because (1) it is a letter written by a DuPont employee on DuPont stationary, and (2) it was provided by DuPont from its files during discovery. The Court further finds that it is not hearsay under Rule 801(d)(2)(D) because Holt speaks within the scope of his employment as DuPont's U.S. Registration Manager when he is critical of a study by the agency responsible for registration concerning the risks of herbicide drift on nontarget plants.

His letter does not violate Rule 602, and is relevant under Rule 401 to show advance knowledge of DuPont concerning the risks of drift of herbicides. The Court cannot find that it is unfair or misleading to introduce this document without a supporting witness, and thus finds no barrier to its admissibility under Rules 106, 611 or 403.

**2.    Exhibit 20142**

This exhibit was previously admitted during Plaintiff's case-in-chief, and so it need not be evaluated here.

**Memorandum Decision & Order – page 2**

3.    **Exhibit 20327**

This exhibit is an e-mail string from October of 2000 between John Cantlon and Jeffrey Odle, both working in DuPont's sales division, and Rik Miller, DuPont's marketing director. Odle discusses the "huge opportunity" that exists for DuPont to sell Oust for use on BLM land.

This exhibit is an internal DuPont e-mail string between DuPont employees, provided by DuPont from its files in discovery. Hence, it is authentic under Rule 901. The statements are made by Oust salespersons addressing sales opportunities, and are thus non-hearsay under Rule 801(d)(2)(D).

The e-mail string contains matters within the declarants' personal knowledge under Rule 602, and is relevant under Rule 401 to explain plaintiffs' claim that DuPont was promoting Oust for use on BLM's fire-damaged lands.

Finally, the Court finds that its admission without a supporting witness would not mislead the jury or cause undue prejudice to the defendants in violation of Rules 106, 611, or 403.

4.    **Exhibit 34667**

This is a one-page document dated August 2000 on John Cantlon's DuPont stationary that contains bulletpoints demonstrating that Oust should be used to control "combustible weeds such as cheatgrass." The document is unsigned, and

**Memorandum Decision & Order – page 3**

its offer was not accompanied by any deposition testimony explaining its creation. This is the type of document that cannot be admitted without a supporting witness. Unlike the e-mails, the authorship of this memo is not entirely clear, and thus the Court cannot assume that the document accurately reflects Cantlon's views without his testimony on the document's preparation. Hence, the Court finds this exhibit inadmissible at this time under Rules 106, 611, and 403 because there is no supporting witness to fill in the gaps discussed above.

5.    **Exhibit 40320**

This is an August 28, 2000, "Issue Paper" from the "Idaho State Office EFR Team" to the "DSD Resources." The Paper addresses two "concerns": (1) Oust treatment proposals exceed the treatment contemplated in the 1991 EIS, and (2) the Normal Fire Rehabilitation Plans are over 10 years old and fail to address the use of herbicides in rehabilitation.

While the document was produced by the BLM in discovery, there is no author identified on the document. The document was prepared by someone on the "Idaho State Office EFR Team," but the nature and duties of that team are not clear from the submission. If there has been testimony on this at trial, the Court does not recall it.

For these reasons, the Court finds this exhibit inadmissible at this time under

**Memorandum Decision & Order – page 4**

Rules 106, 611, and 403 because there is no supporting witness to explain the creation of this document.

6.  **Exhibit 20268**

This exhibit is an e-mail string from March of 2000, between DuPont employees Jack Cain, Daniel Clark, Rik Miller, Mike Link, Robert Park, and John Cantlon. It contains a discussion of DuPont's stewardship duties in the context of seeking changes to the 24(c) label to allow the application of Oust by C-130 aircraft by the Air Force. The BLM has no objection, although DuPont seeks to block admission.

The document is an internal DuPont e-mail between DuPont employees provided by DuPont in discovery. Hence, the threshold authenticity has been established under Rule 901.

The authors generally discuss matters within the scope of their employment, and those statements are not hearsay under Rule 801(d)(2)(D). The document contains matters within the declarant's personal knowledge under Rule 602, and is relevant under Rule 401 to show DuPont's analysis of its stewardship obligations, a direct issue in this case.

Finally, the Court finds that its admission without a supporting witness would not mislead the jury or cause undue prejudice to the defendants in violation

**Memorandum Decision & Order – page 5**

of Rules 106, 611, or 403.

7. **Exhibit 20192**

This is an e-mail from Mike Link of DuPont dated August 9, 1999, stating that he had heard on the news that morning that "100m acres have recently burned in Nv. Should be an opportunity for moving some Oust." Link was DuPont's Registration Manager with responsibility for Oust labels.

This e-mail is authentic under Rule 901 as it was authored by a DuPont employee, who so testified in his deposition. His statements are within his scope of employment as Registration Manager for Oust and thus are non-hearsay under Rule 801(d)(2)(D). The statement is within his personal knowledge under Rule 602, and is relevant under Rule 401 to show the link between marketing Oust and the label changes. Even if the label changes were adopted just prior to the e-mail, the e-mail is some evidence of the intent behind the label changes stated by the person responsible within DuPont for the labels.

Finally, the Court finds that its admission without a supporting witness would not mislead the jury or cause undue prejudice to the defendants in violation of Rules 106 or 403.

8. **Exhibit 20289**

This is an edition of Vegetative News dated September 7, 2000. It was

**Memorandum Decision & Order – page 6**

prepared by DuPont Sales Representative John Cantlon.  In the newsletter, Cantlon states that there is no buffer for spraying near water – he said that the user should simply avoid spraying the water itself.  Rik Miller testified on June 29, 2009, at this trial that Cantlon was reprimanded for sending out this newsletter without prior approval.

This exhibit is authentic under Rule 901 as it was prepared by a DuPont employee and provided by DuPont in discovery.  However, because Cantlon was reprimanded by his supervisors at DuPont for unauthorized statements made in this exhibit, the Court cannot find that the statements were within the scope of his employment under Rule 801(d)(2)(D).  It is therefore hearsay, and no foundation has been offered for any exception under Rule 803.

Hence, the Court finds this exhibit inadmissible.

9. **Exhibit 40194**

This is a letter dated August 17, 2001, from Darwin Jeppesen, a soil scientist with the BLM, to Mike Pellant, at that time a range ecologist with BLM's Idaho office.  Jeppesen discusses Pellant's "draft criteria for use of Oust on Public Lands in Idaho."  Jeppesen's comments are of a scientific nature, discussing the erodibility of Idaho's soils.  As stated in the Court's prior decision, the Court does not have the material before it to determine if these statements are made within the

**Memorandum Decision & Order – page 7**

scope of Jeppesen's employment with BLM. Thus, the Court cannot find them to be non-hearsay under Rule 801(d)(2)(D). Moreover, no exception to the hearsay rule has been offered to admit this hearsay.

The Court therefore finds this exhibit inadmissible at this time.

**10.     Exhibit 20930**

This is a "Briefing for the Secretary," dated July 12, 2001, prepared by Martha Hahn, the Idaho State Director for the BLM. It was a briefing on the Oust incident at issue here by Hahn to the Acting Director of the BLM at the advent of a new presidential administration. The memo is 8 pages long, and describes the incident and the BLM's response. In one paragraph it reports on the results of BLM soil samples that found trace levels of Oust as far away as 24 miles from the application site.

This memo, provided by the BLM in discovery from its files and issued by the Director of the Idaho State Office of the BLM, is authentic under Rule 901. While Hahn did not prepare the memo, she submitted it to the Acting Director of the BLM under the authority of her position as Director of the Idaho State Office of the BLM. According to Hahn's deposition, her submission of this memo was part of a regular practice of briefing the Acting Director as a new presidential administration took office. As the Idaho State Director of the BLM, she is

**Memorandum Decision & Order – page 8**

certainly acting within the scope of her employment when she reports on the status of a major BLM action within the boundaries of her District. Hence, the document is non-hearsay under Rule 801(d)(2)(D).

While Hahn did not have personal knowledge of everything in the Briefing memo, the exhibit is not offered to show her personal knowledge but is instead offfered to show the institutional knowledge of the BLM. Thus, her lack of personal knowledge is not fatal. The exhibit clearly shows the BLM's institutional knowledge of the Oust incident and hence is relevant under Rule 401.

Finally, the Court finds that its admission without a supporting witness would not mislead the jury or cause undue prejudice to the defendants in violation of Rules 106 or 403.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the following exhibits are DEEMED ADMITTED: 32814; 20142 (previously admitted at trial); 20327; 20268; 20192; and 20930.

IT IS FURTHER ORDERED, that the following documents are DEEMED NOT ADMITTED AT THIS TIME: 34667; 40320; 20289; and 40194.



DATED: **June 30, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 10**