IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | MEMORANDUM DECISION and ORDER RESERVING RULING |
| UNITED STATE OF AMERICA, | ) ) | ON DEFENDANTS' RULE 50/52 MOTIONS |
| Defendants. | ) ) |  |

The Court has before it Defendants' motions for judgment as a matter of law made under Fed. R. Civ. P., Rules 50 and 52. (Docket Nos. 1239, 1246, 1248, 1251, 1255 and 1257). Because of the length of the trial, the Court indicated that it would permit the parties to brief the Rule 50/52 motions. The Defendants advised the Court that they could be prepared to file their briefs within 24 hours after the Plaintiffs rested. Counsel was unable or unwilling to indicate the length of their briefs. The Court concluded that it would not impose a page limit given the length of the trial and its observation that practical considerations would impose natural limitations on the length of the briefs – i.e., the longer the defendants' briefs, the more time it would take the plaintiffs to respond, and longer

**Memorandum Decision & Order – page 1**

the delay before the Court could resolve the Rule 50/52 motions.

The Defendants filed their briefs on June 29.  At the end of the trial day on June 30, Plaintiffs represented that cumulatively, the Defendants' briefs total 265 pages. Plaintiffs' indicated that – with the exception of Defendants' motions regarding the fraud claims which they could brief on an expedited basis – they would require two weeks to file their responsive briefing.  The Court initially indicated that it was inclined to give Plaintiffs' one week to respond to the motions, but that it would review the briefing prior to make a final determination. [1]

The Court has reconsidered its original intent to attempt to rule on the Defendants' Rule 50 and 52 motions prior to the conclusion of the trial.  Both Rule 50 and 52 allow the Court to defer ruling on a motion for directed verdict until both sides have rested.  There is authority from at least one leading treatise and two Circuit Courts that doing so is the preferred approach. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2533 (1995) (better practice to defer ruling on motion for directed verdict until both sides have rested); *Buchanan v. City of San Antonio*, 85 F.3d 196, 198 (5th Cir. 1996); *United States v. Vahlco Corp.*, 720 F.2d 885, 889 (5th Cir.1983) ("Where there is any doubt at all as to the

---

[1] With respect to the fraud claims, the Court ordered that Plaintiffs' response shall be filed on or before the end of the day on Thursday, July 2, and that the Court would hear oral argument at 8:30 am on Monday, July 6.

**Memorandum Decision & Order – page 2**

propriety of a directed verdict, district courts should not jump the gun but should wait until both sides have presented their evidence before ruling on motions for directed verdict."); *Guess v. Baltimore & O. R. Co.,* 191 F.2d 976, 980 (8th Cir. 1951) (finding no error in the Court directing verdict in favor of defendant at the close of plaintiff's case but noting that better practice is to defer ruling until both sides have finally rested); *Southern Clay Products, Inc. v. United Catalysts, Inc.*, 43 Fed.Appx. 379, 385 (Fed. Cir. 2002).

The Court has determined that it cannot expect the Plaintiffs to respond in less than two weeks to the volume of briefing filed by the Defendants. Moreover, it will take the Court several weeks thereafter to meaningfully review what may amount to 500 pages of briefing and issue a well-reasoned decision resolving the Defendants' motions. This is particularly true where the Court is forced to resolve newly-filed written evidentiary motions on virtually a daily basis. Motions for judgment as a matter of law filed under Rule 50 and 52 cannot be taken lightly. The Court must take sufficient time to give them serious consideration.

For this reason, except for the motions regarding Plaintiffs' misrepresentation claims, the Court will reserve its decision on the Rule 50 and 52 motions until both sides have rested. Plaintiffs shall have the full two weeks they requested within which to respond to the motions; Defendants shall then have 5

**Memorandum Decision & Order – page 3**

days within which to file reply memoranda not to exceed 30 pages each.  The Court will not hear oral argument on the motions.  The Court presumes that the 265 pages of briefing is sufficiently thorough to address any possible arguments.   The Court will issue a written opinion based on the parties' written submissions.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Court's ruling on Docket Nos. 1239, 1246, 1248, 1251, 1255 and 1257 is RESERVED, except for the motions relating to the Plaintiff's fraud claims, which will be heard on the following schedule:  Plaintiff's will file their response brief on Monday, July 6, at 5:00 p.m., no reply brief will be permitted and the Court will set aside 30 minutes for oral argument on Tuesday, July 7, at 2:30 p.m.   The balance of the Defendants' Rule 50/52 motions will be resolved without further oral argument at the conclusion of the trial.

DATED:  **June 30, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**