IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) | |
| v. | ) | MEMORANDUM DECISION AND ORDER REGARDING MOTION TO EXCLUDE KIM JOHNSON |
| UNITED STATES OF AMERICA, et al, | ) | |
| Defendants. | ) | |

## INTRODUCTION

The Court has before it a motion to exclude the testimony of Kim Johnson. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

Kim Johnson, who works with Spatial Dynamics, will be called by DuPont to provide foundation for maps that will depict (1) Steve Young's 2001 applications of Oust along approximately 145 miles of roadsides on his farm, and (2) locations of "non-detect" soil samples. DuPont did not identify Johnson by name as a witness until December 3, 2008, about two months after fact discovery had closed. In that notification, DuPont identified Johnson as a fact witness, not as

**Memorandum Decision & Order – page 1**

an expert.  DuPont has never identified Johnson as an expert witness and has never provided the report required of experts under Rule 26.  Just 48 hours before Johnson was to testify, DuPont provided plaintiffs with two DVDs with 4.9 gigabytes of data that would support Johnson's testimony and maps.

Plaintiffs seek to exclude Johnson on the grounds that DuPont is calling him as an expert witness without complying with Rule 26, and that even if he is a fact witness, DuPont failed to comply with Court deadlines for notification.

1. **Expert Witness**

Johnson will be testifying about maps created to locate (1) Young's Oust applications and (2) the non-detect soil samples.  If Johnson had personal knowledge of these events, and knew where they occurred, he could – as a fact witness – plot their location on a map, just as many witnesses have done in this trial.  Such testimony complies with Rule 602's requirement that each witness have personal knowledge of the subject of his testimony.

However, there is no evidence that Johnson has personal knowledge of Young's Oust applications or the non-detect soil samples.  Thus, to plot their locations on a map, he is relying on technical or scientific information related to map-making, coupled with information provided by others, rather than his personal knowledge.  That means that he is testifying under Rule 702, not Rule

**Memorandum Decision & Order – page 2**

602, and hence must comply with the requirement of Rule 26(a)(2)(B) to file a detailed report of the expert's opinions. Because Johnson did not comply with Rule 26(a)(2)(B), his testimony is subject to exclusion under Rule 37(c)(1) unless DuPont can show that its failure to file an expert report is substantially justified or harmless. DuPont has not offered any reason for not filing the expert report, and so has not carried its burden under Rule 37(c)(1).

Accordingly, the Court finds that the failure to comply with Rule 26(a)(2)(B) warrants exclusion of Johnson's testimony under Rule 37(c)(1).

## 2. Fact Witness

Even if Johnson can be deemed a fact witness, DuPont did not timely give notice of its intent to call him as a witness in this case. As set forth above, DuPont did not identify Johnson by name until after the close of discovery. DuPont claims that it gave notice earlier, but that notice only stated that DuPont reserved the right to call "all witnesses necessary to authenticate documents or establish foundation." DuPont never named Johnson in that notice, and such a general reservation of the right to call unidentified witnesses is really no notice at all.

DuPont claims that plaintiffs were stonewalling discovery on mapping information, and that this prevented DuPont from identifying Johnson earlier. If plaintiffs had in their exclusive possession the information required to locate on

**Memorandum Decision & Order – page 3**

maps the Young Oust applications and the non-detect soil samples, and failed to provide this information to DuPont in a timely fashion, DuPont would have a persuasive justification for a late disclosure of a map showing the locations of those two events. But DuPont has made no showing of such circumstances. There is no indication in the record that plaintiffs somehow prevented DuPont from obtaining information regarding the locations of Young's Oust applications or the non-detect soil samples. Hence, the Court cannot find any unfairness that would justify DuPont's late disclosure.

DuPont claims the Court has been inconsistent in its rulings. In fact, the Court has consistently excluded testimony that was not disclosed in a timely fashion. For example, the Court excluded testimony from the bellwether plaintiffs regarding their damages for certain crop years because they failed to properly disclose the basis for those damages during the discovery period, effectively foreclosing defendants from inquiring into those damages. The same analysis applies here, as DuPont's late disclosure of Johnson effectively foreclosed plaintiffs from inquiring into his testimony.

DuPont argues that the Court refused to exclude testimony of the six non-bellwether plaintiffs and should apply that same analysis to Johnson. The Court disagrees. The two situations are different and hence distinguishable. The Court

**Memorandum Decision & Order – page 4**

refused to exclude the testimony of the six non-bellwethers because the plaintiffs had identified each of the six by name, summarized their expected testimony, and gave notice that allowed defendants over six months to take discovery of these six persons. DuPont did not reciprocate with Johnson – he was not identified by name until discovery was closed. A truly consistent application of the rules takes account of substantive differences in circumstances. Here, Johnson's notification was sufficiently different from that of the six non-bellwethers to warrant a different result.

For all these reasons, the Court will grant the motion to exclude.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude Johnson (docket no. 1260) is GRANTED.

DATED: **July 1, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge