IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | |
| v. | MEMORANDUM DECISION and ORDER ON MOTIONS |
| UNITED STATE OF AMERICA, et al., | TO STRIKE MISLEADING TESTIMONY (Doc. Nos. 1094 & 1142). |
| Defendants. | |

## INTRODUCTION

The Court has before it two motions to strike testimony given in the Plaintiffs' case in chief and for curative instructions regarding the same (Docket Nos. 1094 and 1142). The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny both of the motions.

## ANALYSIS

<u>Dr. Charles Benbrook</u>

DuPont moves to strike testimony by Dr. Charles Benbrook and for a curative instruction (Docket No. 1094). Dr. Benbrook testified on May 14 that the EPA "efficacy waiver," as described in EPA PR-Notice 96-4, extended to a waiver

**Memorandum Decision & Order – page 1**

for non-target plants. (May 14, 2009 Trial Tr., pp. 1571:3 - 5; 1572:18 - 20.) DuPont moves to strike the testimony on the bases that (1) Benbrook is not qualified to offer an opinion regarding the meaning of an EPA label, and (2) his testimony is incorrect. The testimony was given during DuPont's cross-examination of the witness. DuPont did not move to strike the testimony at the time, and in fact, agreed with it.

Plaintiffs argue that the objection is not only untimely, but substantively has no merit because (1) the testimony is not a legal conclusion; (2) Dr. Benbrook is qualified to offer the testimony, (3) further testimony of the witness clarified the testimony that may have been misleading, and (4) the testimony is not misleading and is consistent with other testimony elicited at trial and the previous order of the Court, (Order, Docket No. 893., pp. 27-28).

Dr. Cornelius Hofman

The Government moves to strike testimony given by Cornelius Hofman (Docket No. 1156) and a curative instruction regarding the same. The Court previously excluded certain acreage from the Clingers' sugar beet field(s) in 2002 from being considered as a basis for Plaintiffs' damages calculation. The Government argues that Mr. Hofman's testimony on May 27[1] – again provided on

---

[1] May 27 Trial Tr., pp. 3769:6 - 3770:10, 3807:13 - 3809:5.

**Memorandum Decision & Order – page 2**

cross-examination by DuPont – regarding the impact of this acreage upon his damages calculation was misleading because it misrepresents the data upon which he purports to rely. The United States did not raise an objection to the testimony at the time it was given. Plaintiffs dispute that the testimony is inaccurate, and argue that the Government's calculations which support its argument are incorrect.

"Standard" Set at Trial for Motions to Strike Misleading Testimony

Both DuPont and the Government argue that the Court set "its standard" for striking misleading testimony on May 14 during earlier testimony by Dr. Benbrook. The Court's prior ruling has no bearing on the motions to strike at issue for several reasons.

First, each evidentiary objection must be considered in its own context.

Second, the context and circumstances of the instant motions are not similar to the May 14 ruling which DuPont and the Government contend set a "standard" for such rulings. The context in which the Court made this ruling is distinguishable from the testimony at issue in these motions. The Court determined in the May 14 ruling that a question asked by DuPont's counsel needed clarification because, as asked and without further clarification, could leave the jury with a false impression of the meaning of a term used within the question, and accordingly, the meaning of the testimony itself.

**Memorandum Decision & Order – page 3**

Third, there was no dispute in the May 14 discussion as to the inaccuracy of the term used within the question.  DuPont argued against the Court's ruling because of the use it intended for the testimony, but no party objected to the underlying problem – the actual meaning of the term.  The instant motions do not involve either a question or answer that is undisputedly misleading.  In both motions, there appear to be genuine disputes whether the testimony is or is not accurate.

The Court finds no basis to strike the testimony at issue.  Neither objection was timely raised during the trial.  DuPont and the Government had a full and fair opportunity to cross-examine both Dr. Benbrook and Mr. Hofman on these and any other issues raised in their direct examinations.  The parties dispute the meaning of the evidence and its accuracy which is for the jury to resolve.  The defendants can remedy any alleged inaccuracy or misrepresentation inherent in the testimony with their own witness's testimony.  For these reasons, the Court will deny the motions.

**ORDER**

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Motion to Strike Misleading and Inaccurate Testimony of Dr. Charles Benbrook and for Curative Instruction (Docket No. 1094) and United States' Motion to Strike

Misleading and Inaccurate Testimony of Cornelius Hofman and For A Curative Instruction Regarding Same (Docket No. 1142) are DENIED.



DATED: **July 6, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**