IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | MEMORANDUM DECISION and ORDER ON UNITED STATES' |
| UNITED STATE OF AMERICA, et al., | ) ) ) | MIL RE: NOTICE OF INTENT TO REQUEST THE COURT TAKE JUDICIAL NOTICE (Docket No. |
| Defendants. _____ | ) ) | 917) |

## INTRODUCTION

The Court has before it the Government's motion in limine giving notice of its intent to ask the Court to take judicial notice of two Federal Register entries pertaining to a Congressional "disaster" declaration in Idaho relating to wildfires. The motion is fully briefed and at issue. For the reasons expressed below, the Court will conditionally grant the motion, presuming the Government will establish the relevance of the entries at the time of the request.

## ANALYSIS

The Government intends to ask the Court to take judicial notice of two Federal Register entries: (1) Federal Emergency Management Agency ("FEMA") -

**Memorandum Decision & Order – page 1**

Idaho: Major Disaster and Related Determinations, 65 Fed. Reg. 55026 (12 September 2000) and Small Business Administration-Declaration of Disaster #3291: Amendment #1 - State of Idaho, 65 Fed. Reg. 58593 (29 September 2000). The entries consist of a FEMA declaration of "disaster" covering certain Idaho counties, and a subsequent amendment expanding the geographical location and providing additional instruction regarding applying for federal funds made available by this declaration.

There is no dispute that Federal Register entries are appropriate subject matter of which the Court may take judicial notice. As the Government points out, the Ninth Circuit indicated in *United States v. Woods*, 335 F.3d 993 (9th Cir. 2003), that the district court complies with federal law in doing so. *Id.* at 1000-001; 44 U.S.C. § 1507.

DuPont objects to the Government's introduction of the Federal Register entries on relevance grounds, including Fed. R. Evid. 403. DuPont argues that the Government intends to introduce the disaster declaration and amendment in order to argue that the BLM "was excused from complying with NEPA" because of the Congressional disaster declaration. DuPont argues that the use of this information is inappropriate because (1) NEPA does not excuse non-compliance based on FEMA's disaster declaration, and (2) the lack of probative value is outweighed by

**Memorandum Decision & Order – page 2**

the risk of confusing the jury because of the complexity of the important and relevant federal law and regulatory schemes that are at issue in this case.

Plaintiffs also object to the Government's use of the Federal Register entries on the basis of relevance. Plaintiffs argue that the relevance is not set forth in the motion itself, and Plaintiffs cannot guess as to the purpose the Government intends to use the entries. Plaintiffs ask to be heard if the purpose reveals itself to be the basis to argue excuse from NEPA. Plaintiffs argue further that the fact that funding was made available is not relevant to the claims and therefore should not be argued.

The Government, in its reply memorandum, does not deny that it may use the entries to refute DuPont's and Plaintiffs' position that the Government failed to comply with NEPA, a position which the Court sanctioned in its prior ruling denying one of the Government's motions to preclude expert testimony. *See* Order, Docket No. 952.[1] Instead, the Government argues that the entries are "at least" relevant to show the circumstances that existed when BLM made its decisions in order to support the reasonableness of its 1999 and 2000 applications

---

[1] In this Order, the Court held that whether or not the Government complied with certain provisions of NEPA could be relevant to the issue of whether it violated the standard of care owed to the Plaintiff's under Idaho law, in deciding to use Oust and in its application of Oust.

**Memorandum Decision & Order – page 3**

of Oust in Idaho. These circumstances include: "both recent wildfires and a preexisting congressional mandate that federal agencies "take swift action" to rehabilitate fire-damaged lands" by the Wildfire Disaster Recovery Act of 1989, § 201; that the 2000 application sites were remediation efforts in areas declared a national disaster because of the wildfires (as shown by the Federal Register entries); and, that in interpreting the congressional mandate to "act swiftly," BLM determined that it should produce each wildfire rehabilitation plan no less than 21 days following a fire. The Government argues that not allowing it to present all of the circumstances that existed would deprive BLM of a fair trial.

The Court finds that the Federal Register entries are generally relevant to the circumstances of BLM's decisions to use Oust and its applications. The Court is not able to conclusively determine the relevance, or potential prejudice of the evidence, as it pertains to the NEPA issues or any other issue in this case until such issues arise in context during the course of trial.

For these reasons, the Court will conditionally grant the Government's motion.

### ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Motion in Limine

**Memorandum Decision & Order – page 4**

Giving Notice of Intent to Request Judicial Notice (Docket No. 917) is conditionally GRANTED.



DATED: **July 6, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**