IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER REGARDING BLM'S OBJECTION TO TESTIMONY OF STUBBS AND DR. BAKER |
| v. | |
| UNITED STATES OF AMERICA, et al, | |
| Defendants. | |

## INTRODUCTION

The Court has before it challenges filed by the BLM to DuPont witnesses James Baker and Donald Stubbs.  For the reasons expressed below, the Court shall overrule the objection to using Dr. Baker's video deposition to present his direct testimony, but will sustain the objection to using Stubbs' video deposition to present his direct testimony.

## ANALYSIS

### Dr. James Baker

DuPont seeks to use the video deposition of Dr. James Baker at trial to present his testimony to the jury.  Dr. Baker worked for ISDA as a consultant on

**Memorandum Decision & Order – page 1**

Oust's 24(c) label. DuPont argues that the use of Dr. Baker's video deposition is proper because Dr. Baker is unavailable because he resides outside the subpoena power of the Court. The BLM responds that Dr. Baker has been paid by DuPont, and that using his video deposition rather than calling him live "would deprive the United States of the ability to cross examine the witness, and would be highly prejudicial." *See BLM Brief* at p. 3.

Rule 32(a)(4) allows DuPont to use "for any purpose the deposition of a witness" if, among other things, the witness "is more than 100 miles from the [courthouse]." *See* Rule 32(a)(4)(B). There is no dispute that Dr. Baker falls within the terms of this Rule. Unlike the situation with Donald Stubbs, discussed below, there is no indication that Dr. Baker would testify voluntarily, without aid of a subpoena.

It is also undisputed that DuPont interviewed Dr. Baker and made a payment to him. That fact was revealed during his deposition, the BLM had a full opportunity to inquire into that matter and did so. While the BLM argues that it will be prejudiced, it fails to identify any specific prejudice that it could not have cured with a full inquiry during the deposition.

For these reasons, the Court finds that Dr. Baker's video deposition may be used to present his direct testimony.

**Memorandum Decision & Order – page 2**

**Donald Stubbs**

Dupont seeks to submit the direct examination of Donald Stubbs by his video deposition. DuPont argues that because Stubbs is a "managing agent" of the EPA, and because the EPA is a party to this litigation, his deposition may be used for any purpose under Rule 32(a)(3). The BLM objects, arguing that the EPA is not a party, and that because Stubbs is available for live testimony, the provisions of Rule 32(a) that refer to unavailable witness do not apply here.

In 2000, Stubbs was the head of the EPA's Herbicide Branch, and organized an investigation into the Oust incident in Idaho. At the time of his deposition, Stubbs was Associate Director of the EPA's Registration Division.

The Court turns first to DuPont's argument that the EPA is a party to this action. DuPont argues that the United States is the named defendant, and hence an agency of the United States like the EPA is likewise a party. DuPont cites no case or statutory authority to support this argument. Indeed, the FTCA appears to counter DuPont's position. For example, the FTCA requires that a pre-lawsuit claim be filed with the "appropriate Federal agency." *See* 28 U.S.C. § 2675(a). That appropriate agency is the agency "whose activities gave rise to the claim." *See* 28 C.F.R. § 14.2(b)(1). If the filing is made with the wrong agency, that agency is to transfer the filing to the appropriate agency. *Id.* Thus, the FTCA – at

**Memorandum Decision & Order – page 3**

least for pre-filing requirements – does not treat all agencies as defendants but focuses on the agency "whose activities gave rise to the claim."

If suit against the United States under the FTCA makes all agencies parties, as DuPont argues, then knowledge to one agency would be imputed to all others. However, the law is just the opposite: "The imputation of one government agency to another is impermissible" under the FTCA.  *See Barrie v. U.S.*, 615 F.2d 829, 830 (9th Cir. 1980).[1]

DuPont's argument would put all agencies in play as defendants whenever the United States was sued under the FTCA.  DuPont cites no case for such an extraordinary result.  The authorities cited above would counsel otherwise.

DuPont argues that this Court has previously held that the EPA is a party in ruling on the admissibility of deposition excerpts of Dr. Arne, an EPA scientist. The Court did state, in dicta, that Dr. Arne's e-mail was non-hearsay under Rule 801(d)(2)(D).  The Court's discussion said nothing about the issue raised here, and was dicta because the evidence was excluded for other reasons.  Having now had

---

[1] The Court is holding here that an FTCA suit against the United States does not automatically make every agency of the Government a party to the lawsuit.  DuPont has raised a related issue whether the EPA's knowledge should be imputed to the BLM.  While DuPont has argued that there is a substantial relationship between the EPA and BLM that should warrant imputing the EPA's knowledge to the BLM, that evidence has not yet been presented, and so the predicate foundation for imputation has not yet been laid.  Because DuPont is in the middle of its case, the Court cannot make a final ruling on this issue at this time.

**Memorandum Decision & Order – page 4**

opportunity to review the issue directly regarding whether the EPA is a party, the Court finds that its dicta was in error, and the Court withdraws it.

DuPont argues that even if the EPA is not a party, Stubbs resides more than 100 miles from the courthouse and thus his deposition can be used for any purpose under Rule 32(a)(4)(B). However, the BLM has represented that Stubbs will make himself available for testimony in this case.

The "rules are based on the premise that live testimony is more desirable than a deposition." *See* 8A Wright, Miller and Marcus, *Federal Practice & Procedure*, § 2146 at p. 172 (1994). If a witness is available to testify, the deposition "cannot be used in lieu of live testimony (although it is available to impeach)." *Id*. The Tenth Circuit may have a different rule, *see Coletti v. Cudd*, 165 F.3d 767, 773 (10th Cir. 1999), but it is not binding on this Court and not persuasive. It is not given broad application even within the Tenth Circuit. *See Young & Associates v. Delta Airlines*, 216 F.R.D. 521 (D.Utah 2003) (holding that where witnesses are available to testify, deposition may not be used to present direct testimony even if witness resides more than 100 miles from courthouse).

The Court is persuaded by the leading treatise on federal practice, quoted above, and hence will sustain the BLM's objection to DuPont using Stubbs' deposition to present his direct testimony. This ruling is conditioned on Stubbs

**Memorandum Decision & Order – page 5**

voluntarily testifying, as has been represented to the Court.

For these reasons, the Court will deny the BLM's objection to using Stubbs video deposition.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the BLM's objection (docket no. 1249) is OVERRULED IN PART AND SUSTAINED IN PART.  It is sustained to the extent it seeks to exclude the use of the video deposition of Donald Stubbs to present his direct testimony to the jury.  It is overruled in all other respects.



DATED: **July 7, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 6**