IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) |  |
| v. | ) ) ) ) | MEMORANDUM DECISION and ORDER REGARDING MOTION TO EXCLUDE |
| UNITED STATES OF AMERICA, | ) ) ) | TESTIMONY OF DR. ROBERT E. THORNTON |
| Defendant. | ) ) |  |

## INTRODUCTION

The Court has before it plaintiffs' motion to exclude the testimony of an expert shared by DuPont and the BLM, Dr. Robert E. Thornton. For the reasons expressed below, the Court will grant the motion in part and exclude some of Thornton's opinions.

## ANALYSIS

Dr. Thornton has a Ph.D. in horticulture, and has worked for some 40 years on crop production issues primarily dealing with potatoes. From 1984 to 2004, he

**Memorandum Decision & Order re Motion to Exclude Dr. Cullen – page 1**

conducted various research on potatoes, one part of which involved experiments to determine how chemicals – including sulfonylureas – affected potato plants. He has also worked as a consultant to diagnose problems in potato crops.

Dr. Thornton rendered opinions that applied generally to all three bellwethers who had potato claims – and other opinions regarding the Hansen claims – including opinions that (1) in 2002 and 2003, non-herbicide factors had the major impact on potato yield and quality, (2) that visual evaluation alone of potatoes cannot distinguish between injury caused by Oust and injury caused by heat stress, (3) that the lack of Oust in plant tissues means that any soil residues of Oust were not taken up by the potato plants, (4) that the cause of potato symptoms cannot be determined with any confidence, (5) that applications of Oust other than the BLM's contributed to the detected Oust in soils, (6) that Oust degradation rates preclude it from remaining in quantities toxic to potatoes beyond 2001, and (7) that the claims forms for insurance and government programs, completed by plaintiffs, identify non-Oust causes for claims.

The Court finds that the first four opinions are within Dr. Thornton's expertise and sufficiently supported to pass muster under Rule 702. Dr. Thornton has expertise in diagnosing problems with potatoes, including the evaluation of sulfonylurea injury to potatoes. These first four grounds deal with the causes of

**Memorandum Decision & Order re Motion to Exclude Dr. Cullen – page 2**

yield and quality declines in potato crops, the diagnoses of causes for potato malformations, the potato plant's uptake of chemicals, and an overall evaluation of whether Oust could be blamed for potato damage. Each of these opinions falls within the expertise of Dr. Thornton and is supported by his analysis.

However, the last three opinions fall outside his expertise. One of those opinions is that the application of Oust by others contribute to the detected Oust soil residue in the bellwethers' fields. More specifically, Dr. Thornton renders an opinion that Steve Young Oust mixed his Oust in an especially concentrated manner and then tilled the ground to which it was applied, causing the Oust-contaminated soil dust to be transported to plaintiffs' fields. *See Report of Dr. Thornton* at p. 8. This opinion requires expertise in Oust transport, and is therefore outside the expertise on potatoes claimed by Dr. Thornton. Consequently, this opinion must be excluded.

Dr. Thornton renders another opinion that requires expertise outside his own when he concludes that Oust degradation rates preclude it from remaining in toxic levels beyond 2001. In that opinion, Dr. Thornton relies heavily on a discussion of the half-life of Oust. *See Report of Dr. Thornton* at p. 6. This opinion requires an expertise in Oust fate, an area in which Dr. Thornton claims no expertise. Hence this opinion on this subject must be excluded.

**Memorandum Decision & Order re Motion to Exclude Dr. Cullen – page 3**

Finally, Dr. Thornton renders an opinion that the Hansen Farms' insurance and government program claim forms identify non-Oust causes for their potato damage. Dr. Thornton at one point simply relies on the forms in forming an opinion that the decline in Hansen's Russet Burbank quality in 2002 and 2003 resulted from non-herbicide factors, *see Report of Dr. Thornton (Hansen Opinion No. 2)* at p. 10, and at another point renders a separate, full-blown opinion that the claim forms show non-Oust causes. *Id. (Hansen Opinion No. 5)* at p. 12.

The difference is important. Rule 703 allows Dr. Thornton to rely on matters outside his area of expertise if those matters are reasonably relied upon by experts in his field, but Rule 702 blocks him from rendering opinions outside his expertise. *See Rule 702*. It is only the latter, and not the former, to which plaintiffs object – in other words, plaintiffs are not objecting to Dr. Thornton relying on the claim forms to reach a broader opinion, but are objecting to him rendering a full-blown opinion that interprets the claim forms.

Dr. Thornton has demonstrated no expertise in the interpretation of insurance and government program claim forms. Thus, he cannot render an opinion on what those claim forms mean. Consequently, the Court will exclude Hansen Opinion No. 5.

**ORDER**

**Memorandum Decision & Order re Motion to Exclude Dr. Cullen – page 4**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude the testimony of certain experts (docket no. 771) is GRANTED IN PART, RESERVED IN PART, AND DENIED IN PART. It is granted to the extent it seeks to exclude the following opinions from Dr. Robert E. Thornton, as referred to in his Rule 26 report: (1) his general opinions numbers 3 and 5, and (2) his Hansen opinion number 5. As to Dr. Thornton, the remainder of the motion is denied. As to other experts challenged in the motion, the motion is reserved.

DATED: **July 15, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge