IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER REGARDING OBJECTIONS TO DEPOSITION OF JAMES BAKER |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it objections to deposition excerpts from the deposition of James Baker. The Court rules on those objections below.

## ANALYSIS

James Baker was employed as a toxicologist by the Idaho State Department of Agriculture in 1992 until January, 2006. Mr. Baker provided technical assistance to the ISDA in a wide array of topics. The Court understands that he is not offered as an expert, and that his testimony relates primarily to his advice and recommendations to ISDA employees involved in the decision-making regarding the 24(c) label for the State of Idaho and the investigation of certain "Oust

**Memorandum Decision and Order – Page 1**

incidents."

Plaintiffs and the BLM made objections and counter-designations to DuPont's designations. The Court's detailed rulings were e-mailed to counsel on July 10, 2009, and are appended hereto and incorporated herein by reference.

The Court will address herein two general objections to Mr. Baker's testimony. First, DuPont and Plaintiffs object to Mr. Baker's testimony regarding his advice on the Sections 3 and 24(c) labels on the basis that his testimony lacks foundation. They argue that Mr. Baker lacks sufficient FIFRA regulatory experience to give his view on what is or is not required on labels.

The Court understands that Mr. Baker is not being offered as an expert, and that his testimony concerns his involvement with the 24(c) labeling process undergone by the ISDA. Mr. Baker has sufficient foundation to testify to the advice he gave, and what steps he undertook to make his conclusions and recommendations. His qualifications for doing so go to the weight of his testimony, not its admissibility. If counsel requests, the Court, will give the jury a limiting instruction that Mr. Baker is not qualified as an expert in this case, and that his testimony is not to be considered for the validity of the opinions expressed

**Memorandum Decision and Order – Page 2**

but only as an explanation of the position taken by the ISDA.[1]

Plaintiffs further argue that Mr. Baker's testimony regarding the Sid Wing incident, a prior smaller scale incident involving the application of the Oust herbicide, is either not relevant, or its relevance is outweighed by its potential prejudice.  The Court finds that the information is relevant as it directly to the issues of knowledge of the potential for off-target movement and injury to crop-lands in this case.   Moreover, Mr. Baker testified that he utilized his knowledge and experience from the Sid Wing incident in making the recommendations regarding the 24(c) label.  The objections are over-ruled.

The Court's rulings on the remaining objections are set forth in the appended chart incorporated herein by reference, and need not be further addressed.

## ORDER

In accordance with the Memorandum Decision filed above,

---

[1]Moreover, to the extent Mr. Baker's experience with the labeling process would be necessary to establish foundation for his testimony, his background suggests that his experience is sufficient to at least get to the jury to determine. Mr. Baker testified that as part of his employment, he was responsible for giving technical advice to the ISDA regarding the labeling process.  Prior to working for the ISDA, Mr. Baker was employed as a toxicologist with the EPA for 12 years.  In that position, he reviewed labels, the labeling process, and gathered scientific data for the labeling process for several projects. The breadth, or lack, of his FIFRA regulatory experience would be a factor for the jury to consider in determining the weight to ascribe to his testimony.

**Memorandum Decision and Order – Page 3**

NOW THEREFORE IT IS HEREBY ORDERED, that the objections to the Martha Hahn deposition be resolved as set forth in the attachment incorporated herein by reference.



DATED: **July 15, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**