IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER REGARDING OBJECTIONS TO DEPOSITION OF DONALD STUBBS |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it objections to deposition excerpts from the deposition of Donald Stubbs. The Court rules on those objections below.

## ANALYSIS

Donald Stubbs is an employee of the EPA. At the time that his deposition was taken, he was the Associate Director for the Registration Division. In this role, he was responsible for "day-to-day work on Section 18s, emergency exemptions and minor use petitions." Stubbs Trns. 16:16 - 17:10. He was also responsible for the labeling committee with the Office of Pesticide Programs. *Id.* He had secondary responsibility, behind the Director, for the EPA's action under

**Memorandum Decision and Order – Page 1**

Section 3 registrations, Section 5 external use permits and Section 24d state registrations. *Id.*

Plaintiffs and the BLM made objections and counter-designations to DuPont's designations. The Court will address herein two general objections to Mr. Stubbs testimony. Plaintiffs made a number of objections based on the scope of the 30(b)(6) deposition. In general, Mr. Stubbs may offer testimony both as a fact witness of matters within his personal knowledge and responsibility, or as a representative of the EPA consistent with the 30(b)(6) designations.

Second, Plaintiffs and the BLM objected to the line of questioning which elicited testimony regarding the EPA's conclusions of what the Oust label language warns of. Plaintiffs and BLM object on the basis of Fed. R. Evid. 402, 403, 602, 701 and that the testimony is beyond the scope of the 30(b)(6) deposition. The Court will overrule this objection, but will give a limiting instruction to the jury as set forth below, and for the following reasons.

Mr. Stubbs was designated as the EPA representative to speak to, among other things, DuPont's registration and reporting requirements under FIFRA with respect to Oust. Implicit in this designation is making determinations about the meaning or intent of particular chosen language in the registrations and/or reports. Moreover, Mr. Stubbs employment responsibilities included Section 3

**Memorandum Decision and Order – Page 2**

registrations. As such, he would be personally involved in making these determinations on behalf of the EPA. The Court rejects the objections that his testimony in this regard violates Fed. R. Evid. 602 or is beyond the scope of his designation as a 30(b)(6) witness.

With respect to the remaining objections (relevance and legal conclusion), the Court believes that under the facts of this case, its impossible to avoid the fact that the EPA approved the Section 3 and Section 24c labels and the inference, or direct evidence from such approval, that it therefore considered the label sufficient for its purposes (e.g., to warn). The Court is cognizant that the jury may give this evidence undue weight, and for this reason, the Court will, if requested by counsel, provide a limiting instruction that the jury is not to give the testimony of conclusions of the EPA any undue weight, and may consider the evidence only as a factor in its decision as to the sufficiency of the label (and other related claims).

The Court's rulings on the remaining objections are set forth in the appended chart incorporated herein by reference, and need not be further addressed.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the objections to the Donald Stubbs deposition be resolved as set forth in the attachment incorporated

**Memorandum Decision and Order – Page 3**

herein by reference.



DATED: **July 15, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order – Page 4**