IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al, <br><br> Defendants. | Civ. No. 03-0049-E-BLW <br><br> MEMORANDUM DECISION AND ORDER RE: PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY OF ED BRYCE AMD RELATED EXHIBITS (Docket No. 1315) |

## INTRODUCTION

The Court has before it Plaintiffs' Motion in Limine to Exclude Testimony of Ed Bryce and Related Exhibits (Docket No. 1315), responding to DuPont's July 9, 2009 Notice of Intent to Introduce Video Deposition Testimony of Ed Bryce (Docket No. 1312).

## DISCUSSION

During his August 25, 2008 deposition, Mr. Bryce testified that he reviewed his "inspection reports" located on his laptop computer prior to his deposition. *See*

MEMORANDUM DECISION AND ORDER - 1

8/25/08 Depo. at 8:18-9:1 (Docket No. 1313).  These reports, prepared while Mr. Bryce was a KeyBank employee, were neither produced to counsel before Mr. Bryce's deposition, nor during the deposition itself; rather, several weeks after his deposition, Mr. Bryce apparently e-mailed the reports to DuPont's counsel who, in turn, timely forwarded the reports to all counsel.  *See* DuPont's Notice of Intent to Introduce Bryce Video Deposition Test., p. 2 (Docket No. 1312).  Mr. Bryce's deposition was not re-noticed after he produced the reports to DuPont.

Through Mr. Bryce, DuPont seeks to introduce four exhibits,[1] representing the above-referenced "inspection reports," purportedly authored by Mr. Bryce himself.  Plaintiffs object to these exhibits' admission through Mr. Bryce.  *See* Pls.' Opp. to Notice, p. 2 (Docket No. 1315).  Without these exhibits, Plaintiffs likewise object to Mr. Bryce's video testimony as irrelevant and confusing.  *Id*.

Particularly problematic to the Court is the undisputed fact that the exhibits in question were never shown to Mr. Bryce (or counsel) during his deposition.  According to Plaintiffs, given this reality, "no foundation whatsoever has been established, including authenticity."  *See id*. at pp. 2-4.  The Court agrees.  DuPont's counsel's subsequent efforts to lay the necessary foundation to documents unavailable to those in attendance is not enough.  Simply put, there

---

[1] The four exhibits are: 43956, 43957, 43961, and 43971.

appears to be no existing foundation for the source of the financial and/or crop inspection information contained within the reports.

Moreover, to the extent the exhibits surmount the foundation hurdle discussed above, DuPont must contend with possible hearsay objections. While FRE 803(1) (present sense impression (*see* 8/25/08 Depo. at 32:24-33:6 (Docket No. 1313)) and/or FRE 803(6) (business records (*see* DuPont's Notice of Intent to Introduce Bryce Video Deposition Test., p. 3 (Docket No. 1312)) may apply to overcome any anticipated hearsay objections, Plaintiffs correctly point out that they nonetheless had no opportunity to cross-examine Mr. Bryce about the particular exhibits in question. Consistent with the Court's previous orders, another party's inability to cross-examine a witness about a particular document is not only potentially unfair, but also may very well contribute to jury confusion under FRE 403 without the benefit of a complete exchange of contextual questions, independent of the exhibits' separate admission.

Finally, the Court cannot adopt DuPont's argument that Plaintiffs "picked their poison" in not deposing Mr. Bryce once they received the inspection reports. *See* DuPont's Notice of Intent to Introduce Bryce Video Deposition Test., p. 2 (Docket No. 1312). If, as the case materializes, DuPont seeks to introduce certain exhibits into evidence, it is DuPont's responsibility to ensure that the foundational

MEMORANDUM DECISION AND ORDER - 3

prerequisites exist before doing so – not Plaintiffs. In short, Plaintiffs' failure to re-notice Mr. Bryce's deposition will not operate to as some kind of surrogate for the foundation necessary to admit these exhibits.

At this juncture, therefore, the Court finds Exhibits 43956, 43957, 43961, and 43971 inadmissible. Accordingly, because Mr. Bryce's designated testimony is so dependent upon these same exhibits, the Court also finds his testimony inadmissible as irrelevant and confusing. Plaintiffs' motion is granted.

Still, as indicated within its Notice, alternate bases for the exhibits' admission may be available to DuPont which, in turn, may affect the admissibility of Mr. Bryce's testimony. DuPont is free to explore these avenues; until then, Exhibits 43956, 43957, 43961, and 43971, along with Mr. Bryce's designated testimony, are inadmissible.

## ORDER

In accordance with the Memorandum Decision filed above, it is hereby ordered that Plaintiffs' Motion in Limine to Exclude Testimony of Ed Bryce and Related Exhibits (Docket No. 1315) is GRANTED. In the event Exhibits 43956, 43957, 43961, and 43971 are later admitted, the Court overrules the separate objections made and the video designations supplied shall be played for the jury.



DATED: **July 15, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge