IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | MEMORANDUM DECISION and ORDER REGARDING MOTION TO EXCLUDE |
| UNITED STATES OF AMERICA, | ) ) ) | TESTIMONY OF DR. ROBERT K. THORNTON |
| Defendant. | ) ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it plaintiffs' motion to exclude the testimony of an expert shared by DuPont and the BLM, Robert K.Thornton.  For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Dr.  Thornton has a Ph.D. in crop and soil science from Oregon State University, and has spent most of his 29-year career studying the growth and development of potatoes in the Northwest.  He has worked as a consultant for

**Memorandum Decision & Order – page 1**

growers, and in the course of that work, has diagnosed herbicide damage in crops. *See Dr. Thornton Deposition* at pp. 179-80.  In 1993, he conducted an experiment for Washington State University that studied the effects of applications of sulfonylurea herbicides at below-label rates on potatoes "in simulation of drift to see what the potatoes look like or response was to those chemicals."  *Id*. at p. 179.

Plaintiffs challenge those portions of Dr. Thornton's opinions that conclude that the Funk's potato crop did not suffer Oust damage.  One of the key opinions challenged by plaintiffs is as follows: "Given the low and infrequent levels of soil detections of Oust during 2001 in and around the Funk farm, it would seem unlikely to associate yield loss with any exposure to Oust that may have occurred." *See Report* at p. 4.  He also renders an opinion that because the detections levels of Oust were low, and there were no tissue detections of Oust in the Funk potatoes, he cannot find that any quality losses were caused by Oust.  *Id*. at p. 5.

Plaintiffs point out, accurately, that Dr. Thornton stated at his deposition that he was relying on the expertise of others, contained in the literature, for his opinions on Oust.  *Id*. at p. 50.  Such reliance on other experts is within the bounds of Rule 703, but Dr. Thornton must employ some of his own expertise to analyze that literature in order for his opinions to pass muster under Rule 702.  In other words, he cannot just parrot the opinions of others.

**Memorandum Decision & Order – page 2**

This is a close question, but the Court finds that Dr. Thornton has sufficient expertise to render these opinions admissible.[1]  His education and career include study in the field of soil science and work on herbicide damage to crops.  He specifically studied the effects on potatoes of applications of sulfonylurea herbicides at below-label rates to simulate drift conditions.  This expertise, in addition to his long experience diagnosing potato problems in the Northwest, qualifies him to render the opinions related to Oust that are contained in his report.  For that reason, the motion will be denied as to this witness.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude the testimony of certain experts (docket no. 771) is DENIED IN PART AND RESERVED IN PART.  As to Dr. Robert K. Thornton, the motion is denied.  As to other experts challenged in the motion that have not yet been resolved, the motion is reserved.

---

[1]  The Court has not examined the recently-filed Declaration of Dr. Thornton that was not filed in a timely manner.

**Memorandum Decision & Order – page 3**

DATED:  **July 17, 2009**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge