IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| | ) | |
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MEMORANDUM DECISION |
| | ) | and ORDER REGARDING |
| | ) | MOTION TO EXCLUDE |
| UNITED STATES OF AMERICA, | ) | TESTIMONY OF |
| | ) | DR. ROBERT G. WILSON |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it plaintiffs' motion to exclude the testimony of an expert shared by DuPont and the BLM, Dr. Robert G. Wilson.  For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Dr. Wilson is a Professor of Agronomy, with a specialty in weed science, at the University of Nebraska.  He consults with growers on a daily basis, and often examines the effects of herbicides – including sulfonylureas – on crops, especially

**Memorandum Decision & Order – page 1**

sugar beets.  He observes that the growing conditions in Idaho "closely resemble" those of Western Nebraska where he has concentrated his work over the last 33 years.  *See Report* at p. 2.

Dr. Wilson concluded that in the vast majority of the bellwether plaintiffs' fields, no sugar beet yield reductions resulted from Oust contamination.  In the few fields where he could not rule out Oust as a cause of yield reductions, he concluded that several other causes may have led to the reductions.

Plaintiffs argue that Dr. Wilson failed to consider "the number of growers and crops involved beyond the sugar beet crops of the four bellwether plaintiffs." *See Plaintiffs' Reply Brief* at p. 6.  The plaintiffs made this argument for the first time in their reply brief; it was not made in their opening brief.  Thus, defendants have had no opportunity to address the argument, and it would be unfair to consider it now.

An argument that plaintiffs did raise in their opening brief was that Dr. Wilson merely listed alternative causes without concluding that they caused the yield reductions.  Dr. Wilson, plaintiffs' charge, merely listed a "virtual encyclopedia of potential factors that may, in certain generic situations, cause crop damage" but (1) failed to conclude that any of these alternatives actually caused plaintiffs' crop damage and (2) failed to explain why Oust was not the cause.

**Memorandum Decision & Order – page 2**

The Court disagrees.  Dr. Wilson did reach conclusions about alternative causes.  Specifically, he concluded that "spring weather in 2001 and 2002 was a major factor reducing sugarbeet root yields."  *See Report* at p. 4.  He observed that the bad weather forced plaintiffs to replant sugar beets and that their ultimate yields were consistent with replanted sugar beets.  *Id*. at pp. 3-4.  He concludes that while Oust may have been a limited factor in a few fields, most fields were affected by inclement weather.  Finally, he concludes that whatever Oust was in the soil would have degraded to a non-toxic level after the 2001 season.  *Id.* at p. 4.  This is just a brief and partial summary of Dr. Wilson's report, but it demonstrates that he did make findings about alternative causes and did explain why he was ruling out Oust as a cause.

Plaintiffs argue next that Dr. Wilson's opinions are unreliable, citing as an example his conclusion that he could not rule out, as a causative factor, third-party applications like those of Steve Young.  The Court cannot find unreliable Dr. Wilson's opinion on the Young applications.  Dr. Wilson spends two pages of his report discussing the facts of the Young application and explaining why he could not rule out such roadside spraying as a source of Oust in plaintiffs' fields.  This discussion is sufficient to avoid exclusion.

For all of these reasons, the Court will deny the motion.

**Memorandum Decision & Order – page 3**

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude the testimony of certain experts (docket no. 771) is DENIED IN PART (as to Dr. Wilson) and RESERVED IN PART (as to all other experts included in the motion not yet resolved).



DATED:  **July 20, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 4**