IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ) | |
| TIMM ADAMS, et al., ) | Case No. CV-03-49-E-BLW |
| ) | |
| Plaintiffs, ) | MEMORANDUM DECISION AND |
| ) | ORDER RE: DUPONT'S MOTION |
| v. ) | FOR LEAVE TO RECALL JACK |
| ) | CAIN FOR TESTIMONY AND |
| UNITED STATES OF AMERICA, ) | ADMISSION OF NEW |
| et al., ) | EPA-APPROVED OUST LABEL |
| ) | (Docket No. 1335) |
| Defendants. ) | |
| _____) | |

**INTRODUCTION**

The Court has before it DuPont's Motion for Leave to Recall Jack Cain for

Testimony and Admission of New EPA-Approved Oust Label (Docket No. 1335).

**BACKGROUND**

Jack Cain is a Senior U.S. Product Registration Manager for DuPont.  *See*

Dec. of Jack H. Cain, ¶ 2 (Docket No. 1335, Att. 3).  In this capacity, any new EPA

approval of a product label for which Mr. Cain is responsible is sent to his

attention, at his offices, located in Newark, Delaware.  *See id*. at ¶¶ 2 & 3.  This

backdrop is particularly pertinent to DuPont's current motion given that, while Mr.

Cain was in Idaho participating in the trial on DuPont's behalf, his office received

**Memorandum Decision and Order - 1**

correspondence from the EPA concerning Oust's new label approval.  *See id*. at ¶¶

4-6.  In other words, when Mr. Cain testified, neither he, DuPont, nor DuPont's

counsel was aware of the existence of the recent EPA approval.  Through this

motion, DuPont seeks leave to recall Mr. Cain for the limited purpose of testifying

about and providing foundation for admission of the new, EPA-approved Oust

label.  *See* Mot. for Leave to Recall Cain, p. 1 (Docket No. 1335).

### DISCUSSION

DuPont originally moved the Court in limine to exclude any testimony or

evidence of post-application changes to the Oust label, including the 2008 EPA

Reregistration Eligibility Determination ("RED").[1]  *See* DuPont's Mots. in Limine

and Integrated Briefing, pp. 13-16 (Docket No. 941).  On May 3, 2009, the Court

granted DuPont's motion, excluding the 2008 RED as "irrelevant because it has

not yet been finalized."  *See* MDO, pp. 6-8 (Docket No. 1046).

On May 20, 2009, however, Plaintiffs' counsel asked Dennis Gardisser

whether "[he was] familiar with the Reregistration Eligibility Decision which has

been issued."  *See* 5/20/09 Tr. 2693:15-19.  Based upon the Court's prior ruling,

DuPont's counsel objected and a sidebar ensued.  The Court ultimately allowed the

---

[1]  A Registration Eligibility Decision ("RED") summarizes risk assessment conclusions
and outlines risk mitigation measures necessary for pesticide re-registration.  *See* 2/13/09
Keigwin Decl., ¶ 2 (Docket No. 808, Att. 2).  A RED also details any data gaps noting for a
registrant, any necessary data call-in.  *Id*.

**Memorandum Decision and Order - 2**

2008 RED to be offered/admitted as an exhibit, recognizing the determination itself

to be final, but that the labeling recommendations contained therein were not final.

*See id.* at 2699:2-22.[2]

The EPA has since responded to a DuPont label amendment application

(*see* Ex. A to 7/16/09 Keigwin Decl. (Docket No. 1349, Att. 2)), accepting the

proposed label amendment with certain changes.  *See* Ex. A to Mot. for Leave to

Recall Cain (Docket No. 1335, Att. 2).  Through Mr. Cain,[3] DuPont seeks to admit

the EPA's correspondence, arguing that it "constitutes direct evidence

contradicting Plaintiffs' characterization of the RED as reflecting of EPA's

supposed 'present' view of the label warnings necessary to address the risk of off-

target movement of Oust."  *See* Mot. for Leave to Recall Cain, p. 4 (Docket No.

1335); *see also id.* at p. 5 ("The new label is *in fact* the latest EPA pronouncement

---

[2]  DuPont's counsel appeared to be in agreement with this assessment, notwithstanding its separate concern over the 2008 RED's alleged prejudicial effect and/or potential for jury confusion.  *See, e.g.*, 5/20/09 Tr. 2696:17-2697:5 ("That is accurate.  But, also, if the [C]ourt allows them to get into the reregistration decision at this point in time, it allows information and indication that the label has been required to be changed, and that's simply not . . . .  That they're implying that the label has been required to be changed, and that's not accurate.  The [C]ourt has indicated that until the decision is final and decisions on the label have been final, that this information is not admissible."); *see also id.* at 2699:4-12 (acknowledging as "accurate" 2008 RED's label language recommendations as not final).

[3]  Given the logistical background (*see supra* at pp. 1-2), there is no real argument against allowing Mr. Cain to be recalled to testify so long as the EPA's June 23, 2009 correspondence is admissible - the overall focus of the United States' opposition to DuPont's efforts to recall Mr. Cain.

**Memorandum Decision and Order - 3**

on the appropriate label language addressing the risk of Oust to off-target crops, and is nearly eight months newer than the RED."  (Emphasis in original)).  The Government naturally disagrees.[4]

According to the Government, the self-styled "new EPA-approved Oust label" is distinct from a RED-compliant label, instead characterizing it as a "minor amendment of [Oust's] current label during the interim period before [DuPont] will be required to submit a RED-compliant label" and that "no changes to the risk mitigation portion of the sulfometuron methyl RED have been deemed appropriate."  *See* Resp. to Mot. for Leave to Recall Cain, p. 2 (Docket No. 1349); *see also* 7/16/09 Keigwin Decl., ¶ 12 (Docket No. 1349, Att. 2) ("I have looked at the May 14, 2009 application for label amendment by DuPont discussed in DuPont's July 15th Motion.  Neither DuPont's amendment request nor EPA's subsequent approval of the amendment affect the Agency's reregistration decision for sulfometuron methyl in any way.").

DuPont believes the Government mischaracterizes its position, claiming that DuPont is <u>not</u> arguing that the RED has been abandoned by the EPA or that the newly-approved label is evidence of RED compliance.  *See* Reply in Supp. of Mot. for Leave to Recall Cain, p. 2 (Docket No. 1354)  Instead, according to

---

[4]  Plaintiffs join the United States' response to DuPont's motion.  *See* Joinder (Docket No. 1351).

**Memorandum Decision and Order - 4**

DuPont, "[t]he proposed subject of Mr. Cain's testimony on recall - EPA's recent approval of an [ ] Oust label *without* those earlier EPA recommendations - directly relates to the substance of the EPA's view as expressed in the RED and to the strength of the views EPA expressed." *See id*. (Emphasis in original).  While DuPont's nuanced response attempts to distance itself from the Government's objections, it remains clear that both sides view the issue very differently - even when attempting to objectively reconcile both parties' positions.

These disagreements do not weigh in favor of rendering the EPA's recent approval irrelevant as the Government suggests; in fact, the opposite may very well be the case, with objections resonating more with the proposed exhibit's weight than admissibility.  Still, the Court is concerned that these new materials may confuse the jury.  It is in this latter respect that the Court grants DuPont's motion with the following conditions:

First, if DuPont wishes to recall Mr. Cain, DuPont must make him available to all parties for a telephonic deposition within 24 hours of any anticipated trial testimony.  DuPont is certainly not obligated to recall Mr. Cain following his deposition.

Second, the Government and Plaintiffs will have an additional 60 minutes

**Memorandum Decision and Order - 5**

and 30 minutes of trial time, respectively, to conduct any cross-examination.  Such additional time is relegated to Mr. Cain's recall testimony only; any unused time cannot be "banked" and used during other periods of the trial.

Third, to the extent either the Government or Plaintiffs need(s) to call rebuttal witnesses specifically to respond to Mr. Cain's recall testimony, the Court will consider such circumstances a factor when considering remote testimony by contemporaneous transmission under FRCP 43(a), if necessary.

Finally, consistent with its briefing, Mr. Cain's recall testimony, if any, will not provide the opportunity for DuPont to argue that the EPA has abandoned the 2008 RED or that DuPont has somehow complied with the 2008 RED.  *See supra* at p. 5.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Motion for Leave to Recall Jack Cain for Testimony and Admission of New EPA-Approved Oust

Label (Docket No. 1335) is GRANTED, to the extent set forth above.

DATED:  **July 20, 2009**



B. LYNN WINMILL
Chief Judge
United States District Court