IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE: DUPONT'S SECOND MOTION TO COMPEL PLAINTIFFS TO PRODUCE DOCUMENTS RELATING TO PLAINTIFFS' SETTLEMENT AGREEMENTS WITH THE APPLICATORS (Docket No. 1314) |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court has before it DuPont's Second Motion to Compel Plaintiffs to Produce Documents Relating to Plaintiffs' Settlement Agreements with the Applicators (the "Second Motion to Compel") (Docket No. 1314), submitted with reference to (1) DuPont's First Motion to Compel Plaintiffs to Produce Plaintiffs' Settlement Agreements with the Applicators (the "First Motion to Compel") (Docket No. 1107); (2) the Court's June 30, 2009 Memorandum Decision and Order granting DuPont's First Motion to Compel (Docket No. 1263); and (3) Plaintiffs' recent production of four pages of settlement agreement materials in response to the Court's June 30, 2009 Memorandum Decision and Order.

## DISCUSSION

**Memorandum Decision and Order - 1**

The Court's June 30, 2009 Memorandum Decision and Order discusses the factual background leading up to DuPont's current Second Motion to Compel. For the benefit of the Court and counsel, this information will not be repeated here; still, the Court sees the utility in highlighting the following circumstances:

- Defendants collectively requested from Plaintiffs the production of all settlement agreements between Plaintiffs and any other entity, including applicators.[1]  *See* 6/30/09 MDO, p. 1 (Docket No. 1263);

- Plaintiffs objected to the request; however, without waiving those objections, stated that they "will produce responsive documents in their possession, if any." *See id*. at p. 2;

- Plaintiffs have since entered into settlement agreements with the Applicator Defendants but, as of DuPont's First Motion to Compel, had not supplemented their previous response to Defendants' at-issue request - RFP No. 30. *See id*.; and

- On June 30, 2009, the Court granted DuPont's First Motion to Compel, ordering Plaintiffs to produce any settlement agreements with the Applicator Defendants. *See id*. at p. 4.

Since the Court's June 30, 2009 Memorandum Decision and Order, DuPont represents that Plaintiffs produced "four sheets of paper, consisting of two two-page settlement agreements signed by Plaintiffs' and the applicators' respective attorneys." *See* DuPont's Second Mot. to Compel, p. 3 (Docket No. 1314) (citing

---

[1] There appears to be no dispute that the full request, RFP No. 30, asked for the production of: "[A]ll Documents Identifying, Describing or related to any payments, settlements, contracts, understandings, consent decrees or agreements between You and any other Person relating to the actual or alleged Off-Site Movement of Oust®, Your Loss Fields, Loss Crops, other crops, other Fields used in Your Farming Operation, or this Action."

**Memorandum Decision and Order - 2**

Ex. B to DuPont's Second Mot. to Compel (Docket No. 1314, Att. 3)).

According to DuPont, while the four pages produced indicate that Plaintiffs received "valuable consideration,"[2] "they do not state the amount of that consideration, nor do they suggest that the agreements are integrated or that Plaintiffs and the applicators did not also enter into other agreements as part of the settlement." *See id.* at p. 4.

Notwithstanding Plaintiffs' initial opposition to DuPont's request for any Plaintiffs/applicators settlement agreements (*see* Pls.' Obj. to DuPont's First Mot. to Compel (Docket No. 1236)), there is no question that Plaintiffs were obligated to supplement their original response to RFP No. 30. *See* 6/30/09 MDO, pp. 2-4 (Docket No. 1263) (recognizing (1) FRE 408 inapplicable to Plaintiffs' production of settlement agreements, (2) Plaintiffs' duty to supplement prior discovery responses under FRCP 26(e)(1)(A), and (3) Plaintiffs' own indication that they would produce responsive documents). The distinct question now raised by DuPont's Second Motion to Compel is whether Plaintiffs' supplemental response – that, is the combined four pages – adequately responds to Defendants' request for

---

[2] Specifically, with respect to the two applicators at issue in the two above-mentioned settlement agreements, "DeAngelo agree[ed] to pay valuable consideration to Plaintiffs" and "Thomas agree[ed] to pay Ten Dollars and no/100 ($10.00) and other good and valuable consideration to Plaintiffs." *See* Ex. B to DuPont's Second Mot. to Compel (Docket No. 1314, Att. 3).

**Memorandum Decision and Order - 3**

settlement agreements.

The Court cannot divine the universe of documents that is both available to Plaintiffs and responsive to Defendants' discovery request. For this reason, the Court cannot definitively state which documents, if any, should be produced and which should not. While the Court shares some of DuPont's concerns, it cannot grant any relief based solely upon the supposition that it is unlikely a case of this magnitude would have been resolved through a two page settlement agreement. Suffice it to say that any withholding of materials legitimately responsive to RFP No. 30 would not be consistent with the Court's earlier decisions (*see* Docket Nos. 1053 and 1263) and would subject the Plaintiffs to sanctions.[3]

Plaintiffs suggest that DuPont's calling of the applicators would violate the Court's prior orders in this case. However, the Court's language in its prior decision was not intended to suggest what evidence DuPont could or could not present at trial. Rather, it was simply an attempt to explain how the settlement agreements might be relevant during the trial. In the Court's mind, it is still possible that the "settlement agreements" sought by RFP No. 30 *may* be admissible

---

[3] The Court notes Plaintiffs' position that "no additional responsive documents are in Plaintiffs' possession;" that they "have produced the settlement agreements as required, and complied with their obligations to supplement discovery;" and that they "do not possess additional documents that DuPont apparently imagines to exist." *See* Pls.' Resp. to DuPont's Second Mot. to Compel, p. 2 (Docket No. 1352).

**Memorandum Decision and Order - 4**

as the case continues to unfold[4] and, for that matter, in the context of post-trial motions. Any equivocation in the Court's discussion as to the admissibility of the materials in question is intended. Through this Order, the Court is in no way commenting on the actual *admissibility* of the settlement agreements or any additional materials which are responsive to RFP No. 30. To the extent those issues present themselves later during trial, the Court will address the parties' additional concerns at that time.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above and based upon the representations of counsel that they have fully and completely responded to RFP No. 30, NOW THEREFORE IT IS HEREBY ORDERED, that

---

[4] In this respect, and by way of limited example only, the Court agrees with DuPont that Plaintiffs' strategic decision not to call any applicators in their own case-in-chief does not absolve Plaintiffs of their responsibility to produce the requested settlement materials. Neither Defendant has rested. It is not possible for the Court to anticipate what witnesses the Defendants may call and what use they might make of the settlement materials in examining those witnesses. Whether the settlement agreements are admissible at that time or during any such testimony is not a question now before this Court.

**Memorandum Decision and Order - 5**

DuPont's Second Motion to Compel (Docket No. 1314) is DENIED.



DATED: **July 21, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 6**