IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | MEMORANDUM DECISION AND ORDER RE: DUPONT'S MOTION |
| v. | ) ) ) ) | FOR ADMISSION OF CERTAIN DOCUMENTS PROVIDED TO ISDA AND PLAINTIFFS' |
| UNITED STATES OF AMERICA, et al, | ) ) ) | EXPERTS (Docket No. 1319) |
| Defendants. | ) ) | |

## INTRODUCTION

The Court has before it DuPont's Motion for Admission of Certain Documents Provided to ISDA and Plaintiffs' Experts (Docket No. 1319).

## BACKGROUND

During John Cantlon's June 30, 2009 trial testimony, DuPont offered Trial Exhibit 42498 for admission. *See* Tr. 8387:7-12. According to DuPont, Trial Exhibit 42498 is "a collection of articles concerning off-target risk potentials

MEMORANDUM DECISION AND ORDER - 1

provided to ISDA in response to concerns about possible Oust damage to Idaho crops . . . ." *See* Mot. for Admission, p. 2 (Docket No. 1319). Plaintiffs' counsel "ha[d] no objection to [DuPont] indicating the title of literature so that the jury is at least aware of what the literature is," but did "object to the literature coming in, itself, because that's hearsay." *See* Tr. 8391:21-25. The Court originally admitted Trial Exhibit 42498, but in a redacted form; specifically, only the cover/title page and the first page of each report included in the collection were admitted. *See id*. at 8392:15-8394:15.

At sidebar, the Court later reconsidered its original ruling to admit only a redacted version of Trial Exhibit 42498, commenting:

> You know, perhaps, on reflection, my idea of showing the cover page is a bad idea. What I was trying to capture is give – Mr. Sinclair, I think, is entitled to show the information. I mean, there's been a huge issue made in the case about DuPont's lack of responsiveness to the incident. When [DuPont] ha[s] a document that shows that they were in fact responsive in some fashion, that clearly is relevant in the proceeding, regardless of whether what was said was true or not true.

*See id*. at 8396:20-8397:5. Still, after a brief dialogue between counsel, the Court maintained its original position to admit only the materials' cover/title page. *See id*. at 8398:15-23 (in response to DuPont's argument that Trial Exhibit 42498 "show[s] the depth that [DuPont] went to in providing this information," holding "I

MEMORANDUM DECISION AND ORDER - 2

think that's satisfied by simply showing the cover letter and make sure the jury knows the topic of each of the materials that were provided to the investigators at the time. So that's my ruling.").

Through this motion, DuPont seeks to revisit the Court's rationale in admitting the redacted Trial Exhibit 42498, while resolving any outstanding relevance and hearsay objections to additional documents offered during Dr. Charles Lichtner's July 14, 2009 trial testimony.

In this respect, DuPont identifies Trial Exhibits 42498, 202, and 40488 generally, as well as the attachments to Trial Exhibit 202, including Trial Exhibits 42810, 42812, 42911, 42994, 42809, 42811, 42817, 42819, and 42823; and the attachments to Trial Exhibit 40488,[1] including Trial Exhibits 41318, 41771, 41772, 41776, 41778, 41779, 41780, and 41781. *See* Mot. for Admission, p. 1 (Docket No. 1319).[2] DuPont claims that these documents are relevant to show "the information and assistance DuPont provided to ISDA and the growers in the course of the investigation into the crop damage." *See id.* Moreover, DuPont argues that,

---

[1] The Court notes that Trial Exhibit 40488 has neither been offered nor admitted into evidence as of the date of this Order.

[2] The Court notes that, within its briefing, DuPont also referenced Trial Exhibit 42829 as a related document. However as of the date of this Order, Trial Exhibit 42829 has neither been offered nor admitted into evidence.

MEMORANDUM DECISION AND ORDER - 3

like Trial Exhibit 42498, these documents should be admitted in their entirety to provide vital context to the exhibits themselves. *See id.* at p. 4 ("There can be no real question that the *substance* of the information that DuPont provided to ISDA and Plaintiffs' expert has just as great or a greater 'tendency' to disprove Plaintiffs' repeated accusations of a lack of information and assistance as the mere fact that DuPont provided *something*, which is how Plaintiffs would have the Court limit the evidence.") (Emphasis in original).

When these additional documents were offered during Dr. Lichtner's trial testimony (*see* Tr. 10867:14-25)), the Court again took up the issue presented initially with Trial Exhibit 42498 – that is, whether these documents, assuming their relevance[3] and admissibility,[4] should be admitted *in toto* or in some other,

---

[3] The Court has already commented upon these materials' relevance. *See, e.g.*, Tr. 8392:19-24 ("But it is . . . relevant that, in fact, Mr. Cantlon did distribute this information to, apparently, the people investigating this incident at the time. That's been an issue in the case, without any doubt."); *see also id.* at 8397:1-4 ("When [DuPont] ha[s] a document that shows that they were in fact responsive in some fashion, that clearly is relevant in the proceedings . . . .").

[4] The Court has already commented upon Plaintiffs' hearsay objections to these materials. *See, e.g.*, Tr. 8393:22-8394-6 ("I'm going to allow this exhibit to be admitted into evidence . . . not for the truth of any of the matters set forth in any of the documents, but simply to show what steps DuPont took in response to this incident in terms of providing data and information to the investigators and the affected individuals . . . ."); *see also id.* at 8397:1-5 ("When [DuPont] ha[s] a document that shows that they were in fact responsive in some fashion, that clearly is relevant . . ., regardless of whether what was said was true or not true.").

abbreviated format. Once more, during sidebar, the Court communicated its concern over the materials' relevancy, balanced against the potential for (1) jury confusion and (2) misleading use during trial. *See id.* at 10869:5-10870:25 ("So to simply put a report into evidence without some other use of it is not going to be very meaningful to the jury. Then the question is: How might it be used? I'm concerned about it somehow all of a sudden ending up in closing argument, without any real background or understanding of what was intended, what - no cross-examination on the exhibit itself."). Ultimately, the Court reserved ruling on the extent of the at-issue trial exhibits' admissibility. *See id.* at 10872:22-10873:17.

DuPont's motion gives the Court the opportunity to address one more time and, hopefully, resolve this stubborn issue.

## DISCUSSION

There is no question that, throughout this case, Plaintiffs have attempted to portray DuPont as non-responsive to Plaintiffs' claims. DuPont is entitled to rebut such arguments through certain exhibits offered during Mr. Cantlon's and Dr. Lichtner's respective trial testimony – that has always been the case. While only the cover/title page and the first page of the exhibits may, in fact, go a long way in establishing whether DuPont actively participated in the investigation of Plaintiffs'

claims, such limited admissions would inevitably operate to the detriment of DuPont and its defense.

For example, it is unclear to what extent, if any, the jury will be capable of understanding the utility of a given exhibit's attached report, armed only with that report's title and table of contents. The information contained within such reports is undoubtedly complex; however, in such circumstances, mere titles often do little to explain anything. In other words, even under the best of circumstances, a juror (likely without any general biology, let alone agronomy, background) may realize that DuPont provided "something" to investigators – but nothing more. To help alleviate this problem, and recognizing the benefit of context (*see* FRE 102), DuPont should be permitted to show to the jury what it specifically provided to others in relation to any subsequent investigation.[5]

Moreover, as DuPont points out, its closing argument may very well be unfairly limited if it only is allowed to introduce the cover/title and first pages of a trial exhibit's report. *See* Mot. for Admission, p. 4 (Docket No. 1319). The Court

---

[5] At the same time, the Court recognizes that, by allowing these exhibits to be submitted to the jury in their entireties, any jury confusion is not altogether obviated. It is true that adding additional, technical materials to an already voluminous record may also contribute to jury confusion. The Court's resolution in this respect reflects not only its choice between the "lesser of two evils" in the FRE 403 context, but also its confidence in the attorneys' competence to adequately and accurately account for this supplement to the record.

shares this concern. Preventing DuPont from showing *what* it supplied to investigators, would seem to be an unreasonable constraint on DuPont's ability to defend against the claims asserted against it. That unfairness is avoided by allowing the reports' content to be incorporated into the record, but with an appropriate limiting instruction to the jury and with directions to counsel that they may not make substantive use of the exhibits during the trial.

In reaching these conclusions, however, the Court is in no way authorizing DuPont's unfettered use of these added reports. As DuPont has already conceded during trial, these studies are not being offered for their contents' truth. *See* Tr. 10867:22-10866:1 ("These studies are not being offered for the truth of the statements in the studies, but to show the materials that DuPont provided to the persons who were at the July 31st, 2001, meeting and to Dr. Baker."); *see also supra* at n. 4, p. 4.[6] Therefore, without more, DuPont will not be permitted to argue – for either the balance of the trial or during closing argument – that anything referenced in these reports is for any purpose other than to show how, when, and to what extent it responded to any requests for written information pertinent to any subsequent investigation.

---

[6] The Court intends to again instruct the jury on the limited nature of these trial exhibits' admission.

MEMORANDUM DECISION AND ORDER - 7

During closing argument, DuPont will not be permitted to ambush Plaintiffs, the Government (or the Court, for that matter) with a snap-shot of an obscure reference, buried within the bowels of these additional materials, that was never discussed during the course of the trial. *See supra* at p. 5 ("[The Court is] concerned about it somehow all of a sudden ending up in closing argument, without any real background or understanding of what was intended, what - no cross-examination on the exhibit itself.").[7] Again, keeping in mind the cautions provided within FRE 403, DuPont is only permitted to discuss the trial exhibits

---

[7] To help avoid this predicament, the Court offered DuPont the opportunity to inquire with Dr. Lichtner (or another witness) any particular components of the reports themselves, stating:

> Well, I think the foundation is laid, and now it's just a question of whether – I can tell you that if there is a specific purpose to which you want to put an exhibit – I'll try not to send the jury out, but if there is something specific in one of these reports that you think is important to show the jury, and so we can have a discussion with an expert on the stand or at least a person who is conversant and put the materials together, I think it may be appropriate to do it that way, and I would certainly consider that.

*See* Tr. 10871:24-10872:9; *see also id*. at 10870:7-25. DuPont chose not to do so, however, standing instead on its objection. *See id*. at 10872:10-17 ("Your Honor, I don't intend to spend the time to do that, and just respectfully for the record, we disagree with your analysis in a case where there is allegations of fraud and there is allegations of negligent failure to misrepresent [sic], the entire study is relevant as to what was given. And we'll stand on the record we have made on that.").

MEMORANDUM DECISION AND ORDER - 8

when responding generally to any allegation made as to DuPont's responsiveness to the incident giving rise to this action. Substantive argument focusing on the details contained in these trial exhibits is not authorized by this Order.

## ORDER

In accordance with the Memorandum Decision set forth above, IT IS HEREBY ORDERED, that DuPont's Motion for Admission of Certain Documents Provided to ISDA and Plaintiffs' Experts (Docket No. 1319) is GRANTED. Trial Exhibit 202 (already admitted) and its attachments, including Trial Exhibits 42810, 42812, 42911, 42994, 42809, 42811, 42817, 42819, and 42823 are admitted consistent with this Memorandum Decision and Order. The attachments to Trial Exhibit 40488 (not offered/admitted), including Trial Exhibits 41318, 41771, 41772, 41776, 41778, 41779, 41780, and 41781 are admitted, but subject to the limitations stated in this Memorandum Decision and Order.

DATED: **July 24, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge