IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | MEMORANDUM DECISION AND ORDER RE: DUPONT'S |
| v. | ) ) ) ) | OBJECTION TO THE TESTIMONY OF "PERCIPIENT WITNESS" RICHARD KEIGWIN, JR. |
| UNITED STATES OF AMERICA, et al, | ) ) | (Docket No. 1380) |
| Defendants. | ) ) ) |  |

## INTRODUCTION

The Court has before it DuPont's Objection to the Testimony of "Percipient Witness" Richard Keigwin, Jr. (Docket No. 1380).

## BACKGROUND

On February 13, 2009, the Government indicated that it would be calling Richard Keigwin, Jr. to rebut Henry Jacoby's and James Aidala's deposition testimony that the 2008 re-registration (the "RED") of Oust was not final. On April 16, 2009, the Court granted DuPont's Motion to Exclude Mr. Keigwin's

MEMORANDUM DECISION AND ORDER - 1

testimony given DuPont's representation that Messrs. Jacoby and Aidala would not be testifying about the RED. *See* 4/16/09 MDO (Docket No. 953).

On July 25, 2009, the Government indicated again that it would be calling Mr. Keigwin – ostensibly to rebut any evidence submitted as to the status of the RED. DuPont objects, arguing (1) that the Court's April 16, 2009 Memorandum Decision and Order applies to prohibit Mr. Keigwin from testifying, and (2) that Mr. Keigwin was not timely disclosed. *See* DuPont's Obj. to Keigwin, pp. 1-2 (Docket No. 1380).

The Government disagrees, claiming that, following nearly three months of trial, the rationale for originally denying Mr. Keigwin's testimony no longer exists. Specifically, the Government claims that, throughout the trial, the issue of the RED's finality has been discussed at length, thus justifying Mr. Keigwin's testimony now. *See* USA Resp., pp. 2-7 (Docket No. 1381).[1]

## ANALYSIS

Preliminarily, the Court does not share the Government's implication of DuPont's nefarious conduct regarding the question of the RED's finality. Based

---

[1] The Government also points to Jack Cain's recall testimony as an alternate reason for allowing Mr. Keigwin to testify. *See* USA Resp., pp. 5-6 (Docket No. 1381). Because DuPont is not recalling Mr. Cain, the Government's argument in this respect will be disregarded.

MEMORANDUM DECISION AND ORDER - 2

upon the briefing, the Court likewise does not adopt DuPont's suggestion that the Government is trying to benefit from its own conduct in "opening the door" for Mr. Keigwin's testimony. Suffice it to say, there appears to be a difference of opinion as to what the RED actually means, including whether it is merely a preliminary or final agency decision.

While there is no question that neither Mr. Jacoby nor Mr. Aidala testified about the RED on direct examination (*see* USA Resp., p. 4 (Docket No. 1381)), DuPont apparently concedes that they *did* speak to the issue on cross-examination. *See* DuPont's Obj. to Keigwin, pp. 1-2 (Docket No. 1380) ("Because at trial DuPont experts Jacoby and Aidala did not address the 2008 RED on direct examination (only answering questions elicited on cross examination) . . . ."); *see also* USA Resp., pp. 4-5 (Docket No. 1381). Moreover, during DuPont's redirect examination, DuPont's counsel discussed with Mr. Aidala the effects of the label amendments within the RED:

> Q:  Mr. Aidala, I just have a few follow-up questions based on some of the issues that were raised by counsel in their questioning . . . . You recall you were asked questions about the Reregistration Eligibility Decision in this case; correct?
>
> A:  Yes, I was.
>
> Q:  Are the label amendments or changes that are

MEMORANDUM DECISION AND ORDER - 3

>   indicated in the Reregistration Eligibility Decision subject to change?
>
> A: Yes. . . . .
>
> Q: Have you had firsthand experience in dealing with the reregistration of various products with the EPA?
>
> A: Yes, I have.
>
> Q: Based on your experience, what are the possible outcomes of the end-use product reregistration?
>
> A: Any number of outcomes.  EPA could adopt the language as they proposed in this RED.  It might be further changed.  Again, the end-use product reregistration is when that final, if you will – that final determination is made.

*See* 7/8/09 Tr. 9773:1- 17; 9775:8-19.

Any distinction raised as between Messrs. Jacoby's and Aidala's testimony during direct examination, cross-examination, and redirect examination is not helpful toward resolving whether the Government is entitled to rebut references that the RED is anything but final.  Simply put, despite DuPont's intention (at the beginning of trial) and recognized efforts (during trial) not to solicit such testimony from Messrs. Jacoby and Aidala, circumstances changed; new evidence was admitted, the factual record expanded, and the jury heard argument relative to the RED – an unsurprising reality during the course of a nearly four-month trial.

MEMORANDUM DECISION AND ORDER - 4

Therefore, the Court's April 16, 2009 Memorandum Decision and Order will not now operate to foreclose Mr. Keigwin from testifying on this narrow issue.

Regardless, DuPont argues that Mr. Keigwin was disclosed too late. *See* DuPont's Obj. to Keigwin, pp. 4-5 (Docket No. 1380). While the Court did not explicitly address this same argument in its prior ruling, it is now integral to DuPont's Objection.

It is true, as DuPont suggests, that Mr. Keigwin was not disclosed as either a fact witness or an expert witness within the deadlines imposed by the Court. However Mr. Keigwin is not a typical fact/expert witness, offered in support of the Government's case-in-chief; rather, the Court understands that Mr. Keigwin is being called strictly as a rebuttal witness. *See* USA Resp., p. 7, n. 1 (Docket No. 1381) ("Because the United States designated Mr. Keigwin as a witness in rebuttal of DuPont expert testimony, the fact that the designation did not occur until after the close of fact discovery is irrelevant."). Indeed, the Government identified Mr. Keigwin on February 13, 2009 – after the January 2009 depositions of Messrs. Jacoby and Aidala – on the same day that Plaintiffs disclosed Robert Sielaty and Dr. Charles Benbrook and, importantly, within the deadline for rebuttal disclosures. *See id.* at p. 3. At that time – nearly three months before trial – Mr. Keigwin stated in no uncertain terms: "The RED, as published in November 2008,

MEMORANDUM DECISION AND ORDER - 5

is EPA's final reregistration eligibility determination regarding Sulfometuron Methyl." *See* 2/13/09 Keigwin Decl., ¶ 5 (Docket No. 793, Att. 2).

With all this in mind, the Court does not consider the Government's failure to originally list Mr. Keigwin as either a fact or expert witness, dispositive on the issue of whether Mr. Keigwin testifies. Mr. Keigwin was listed as a rebuttal witness, distinct from a fact and expert witness and such witness' procedural disclosure deadlines; DuPont offers no argument to the contrary. Therefore, Mr. Keigwin is entitled to testify with respect to the RED and whether it is the EPA's interim or preliminary position on Oust's re-registration.[2]

Still, the Court is sensitive to the possible prejudicial effects on DuPont in the event Mr. Keigwin testifies. Currently, Mr. Keigwin is listed as the Government's second witness as it begins its case-in-chief. To date, however, Mr. Keigwin has not submitted to any deposition – understandable given the Court's April 16, 2009 Order. As a consequence, and consistent with the Court's handling

---

[2] As a practical matter, in light of the testimony thus far, there appears to be no prohibition on the Government offering its own evidence concerning the RED's alleged finality. If correct, and Mr. Keigwin is not allowed to testify, the Court sees no reason why another Government witness cannot be called (so long as that witness was properly identified before trial) to address such matters. Moreover, assuming the Government is permitted to introduce such testimony, unless Mr. Keigwin testifies, it would seem that the Government would have to contend with a foundation objection. Allowing Mr. Keigwin to testify speaks to each of these issues.

MEMORANDUM DECISION AND ORDER - 6

of similar situations in the past, the Court will impose certain pre-conditions for Mr. Keigwin's testimony:

First, if the Government wishes to call Mr. Keigwin, the Government must make him available to all parties for a deposition (telephonic, if necessary) within 24 hours of any anticipated trial testimony.  The Government is not obligated to call Mr. Keigwin following his deposition, however this safeguard may affect the order in which the Government is able to call Mr. Keigwin.

Second, DuPont will have an additional 60 minutes (or the amount of time the Government takes with Mr. Keigwin during direct examination, whichever is less) of trial time to conduct any cross-examination of Mr. Keigwin and/or offer rebuttal testimony through its own witnesses.  Any unused time cannot be "banked" and used during other periods of the trial.

Third, to the extent DuPont needs to call rebuttal witnesses specifically to respond to Mr. Keigwin's testimony, the Court will consider such circumstances a factor when considering remote testimony by contemporaneous transmission under FRCP 43(a), if necessary.

Finally, based upon the representations made within the Government's briefing, Mr. Keigwin's testimony on direct examination, if any, will be limited to the general contents contained within the 11 paragraphs of his February 13, 2009

MEMORANDUM DECISION AND ORDER - 7

Declaration (Docket No. 793, Att. 2).

## ORDER

In accordance with the terms of the Memorandum Decision set forth above, NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Objection to the Testimony of "Percipient Witness" Richard Keigwin, Jr. (Docket No. 1380) is DENIED, to the extent set forth above.



DATED: **July 28, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER - 8