IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM DECISION |
| | ) | AND ORDER REGARDING |
| v. | ) | (1) MOTION TO ENTER |
| | ) | JUDGMENT RE ASSUMED DUTY |
| | ) | CLAIM AND (2) PROPOSED JURY |
| UNITED STATES OF AMERICA, | ) | INSTRUCTION ON FRAUD |
| et al, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it DuPont's motions (1) to enter judgment on

plaintiffs' assumed duty claim, and (2) to give a jury instruction on the dismissed

fraud claim. The Court will deny both motions for the reasons explained below.

## ANALYSIS

**Assumed Duty**

In Count 16, the plaintiffs allege that after the Oust applications, DuPont

assumed a duty to plaintiffs to "exercise reasonable care in responding to and

**Memorandum Decision & Order – page 1**

treating [Oust] damage . . . and to assist in mitigating continuing and future damage." *See Third Amended Complaint* at p. 30. The claim is based on Idaho law summarized in *Coghlan v. Beta Theta Pi Fraternity*,987 P.2d 300, 312 (Id.Sup.Ct. 1999): "[I]t is possible to create a duty where one previously did not exist. If one voluntarily undertakes to perform an act, having no prior duty to do so, the duty arises to perform the act in a non-negligent manner."

DuPont argues that this "assumed duty" claim requires a special relationship between the parties such as the relationship between a police officer and a person in the officer's custody. *See DuPont Brief (docket no. 1248)* at p. 24. The Court disagrees. While special relationships may create an affirmative duty to aid or protect, an assumed duty may arise even without a special relationship. *Coghlan*, 987 P.2d at 312. In *Coghlan*, the plaintiff, a student at the University of Idaho was injured while intoxicated at a fraternity party. She argued that the University had a duty to protect her because of a special relationship between students and the school. The court rejected that argument, declining to find that the law imposed a special relationship under those circumstances. *Id*. at p. 312. The student had also alleged a separate assumed duty claim, arguing that the University owed a duty to protect her because it provided two employees to provide supervision at the party. The court treated this as an assumed duty claim and did not discuss any special

**Memorandum Decision & Order – page 2**

relationship requirement in finding that Coghlan had stated a claim. If a special relationship was required for an assumed duty claim, *Coghlan* would have dismissed the claim on the basis of its earlier holding that no special relationship existed in that case. That it did not take that action indicates that Idaho law does not require a special relationship for an assumed duty claim. The Court therefore rejects DuPont's argument that the lack of a special relationship is fatal to the claim.

DuPont argues next that plaintiffs have failed to provide a sufficient evidentiary basis for the claim. Again, the Court disagrees. Rik Miller, DuPont's Vice-President of Global Marketing, testified that (1) DuPont owes a "stewardship duty" to the growers, *see Transcript* at p. 976; (2) the duty extends even after application of the product to the "performance" of the product, *id*. at p. 975, including the "environmental fate" of the product, *id*. at pp. 982-83; (3) the stewardship duty would include gathering "as much information as possible" and "provid[ing] information to help independent agencies . . . help in their . . . investigation," when faced with growers' allegations of off-target movement of Oust that harmed crops, *id*. at p. 986-87; (4) the stewardship duty would include the taking and analysis of soil samples after being notified of off-target movement, *id.* at pp. 1053-54; and (5) as part of the stewardship commitment, DuPont

**Memorandum Decision & Order – page 3**

"make[s] every attempt available to open our books up on information that's available on how our products act in the environment . . . ." *Id*. at p. 992.

DuPont's own testimony has established that it owed a duty of stewardship to the growers. This duty, as described in Miller's testimony set forth above, is a higher duty than the standard duty of ordinary care. Hence there is evidence in this case from which a reasonable juror could find that DuPont assumed a duty to the growers that it did not otherwise owe them. There is also evidence going both ways as to whether this stewardship duty was breached by DuPont.

For all these reasons, the Court will deny the motion to dismiss the assumed duty claim.

## Fraud Instruction

DuPont seeks an instruction to the jury that because the fraud claim was dismissed, the jurors should "disregard any and all evidence concerning any such claimed DuPont statements at grower meetings, and that you are not to base your decisions concerning any other claim against DuPont on such evidence."

The Court disagrees. Statements at grower meetings are relevant for purposes other than fraud. For example, DuPont statements that "we're here to help" and "we've got three teams of scientists working on this issue 24/7" are relevant to rebut DuPont's assertion that its stewardship duty did not include any

**Memorandum Decision & Order – page 4**

obligation to assist the growers. Thus, DuPont's suggested jury instruction sweeps too broadly because the dismissal of the fraud claim did not render irrelevant all DuPont statements made at grower meetings.

Moreover, when the Court described the fraud claim to the jury at the beginning of this case, it instructed the jury that the instructions were preliminary, that "claims change, they may be dropped," and that the final instructions would govern. *See Transcript* at p. 182-83. The Court has no duty to give a specific instruction to the jury on claims dismissed during trial. *See Sanchez v Santa Ana*, 915 F.2d 424 (9th Cir. 1990). The Court may instruct the jury that some claims have been dismissed, but refuses to give the instruction proposed by DuPont.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for judgment as a matter of law on post-application based causes of action (docket no. 1248) is DENIED IN PART, to the extent it seeks dismissal of the assumed duty claim in Count 16.

IT IS FURTHER ORDERED, that the proposed jury instructions (docket no. 1344), which the Court will construe as a motion, is DENIED.



DATED:  **July 28, 2009**

_____
 Honorable B. Lynn Winmill
 Chief U. S. District Judge

**Memorandum Decision & Order – page 6**