IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, <br><br>    Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, et al, <br><br>    Defendants. | Civ. No. 03-0049-E-BLW <br><br> MEMORANDUM DECISION AND ORDER RE: DEFENDANT UNITED STATES OF AMERICA'S MOTION TO ADMIT MONTANA STATE UNIVERSITY ANALYTICAL LABORATORY RECORDS UNDER FED. R. EVID. 803(6) <br> (Docket No. 1379) |

## INTRODUCTION

The Court has before it the United States of America's Motion to Admit Montana State University Analytical Laboratory Records Under Fed. R. Evid. 803(6) (Docket No. 1379).

## ANALYSIS

On December 10, 2007, the Government subpoenaed documents from Montana State University ("MSU"). *See* DuPont's Resp., p. 2 (Docket No. 1390).

MEMORANDUM DECISION AND ORDER - 1

On February 1, 2008, DuPont received MSU's *first* set of documents in response to the subpoena - identified with a MSU01 Bates label.[1] *See id.* Heidi Hickes, a records custodian of these materials, was deposed on April 17, 2008. *See id.*; *see also* U.S. Mot. to Admit, p. 2 (Docket No. 1379). During Ms. Hickes' deposition, all parties stipulated that this first set of documents - the MSU01 documents - were business records. *See* DuPont's Resp., p. 2 (Docket No. 1390); *see also* Pls.' Resp., pp. 2-3 (Docket No. 1396). It does not appear that Ms. Hickes was ever deposed again.

Since Ms. Hickes' deposition, however, five more document productions took place in response to the Government's subpoena - identified with MSU02, MSU03, MSU04, MSU05, and MSU06 Bates labels. *See id.*; *see also* U.S. Mot. to Admit, pp. 2-3 (Docket No. 1379). Through its Motion, the Government seeks to admit Trial Exhibits 63381-63385 - documents from the MSU01 through MSU06 productions - as business records under FRE 803(6).

In addition to already stipulating to the admission of the MSU01 production (*see supra*), DuPont "has no objection to the USA's motion for the admission of Trial Exhibits 63381, 63383, 63384, and 63385" - exhibits representing the

---

[1] Although it is unclear *when* Plaintiffs actually received this first set of documents, there appears to be no material dispute that Plaintiffs ultimately received this first set of documents around February 1, 2008 - in any event, before Heidi Hickes' deposition.

MSU01, MSU03, MSU04, and MSU05 productions. *See* DuPont's Resp., p. 2 (Docket No. 1390). Therefore, DuPont's only objection relates to Trial Exhibit 63382 - the MSU02 production. In contrast to DuPont, Plaintiffs object to the Government's efforts to admit the other four sets of documents, arguing that the parties' stipulation does not encompass any subsequent productions, and that a separate foundation for these documents' admissibility must be laid. *See* Pls.' Resp., p. 3 (Docket No. 1396).[2]

Plaintiffs' objection to Trial Exhibits 63382, 63383, 63384, and 63385 (the MSU02 through MSU06 productions) defines the boundaries for the Government's Motion. Therefore, the only issue is whether Trial Exhibits 63382, 63383, 63384, and 63385 are admissible based on the parties' previous stipulation and/or pursuant to FRE 803(6). Based upon the record, the Court cannot disagree with DuPont's and Plaintiffs' arguments against admission of the at-issue documents.

First, these documents were not produced prior to or during Ms. Hickes' deposition and, as a result, could not have been the subject of any stipulation

---

[2] Similarly, as to Trial Exhibit 63382 (*see supra*), DuPont objects to pages 441-460, 867, 1252, 1262, 1318, 1359, 1368-1387, and 1402-1408. *See* DuPont's Resp., p. 2 (Docket No. 1390). According to DuPont, "[t]hese documents are not of the type included within DuPont's stipulation as to the MSU business records" and are also objectionable as "lacking foundation, lacking relevance, and containing one or more multiple layers of hearsay." *See id.*

between the parties.³  Second, neither DuPont nor Plaintiffs had any opportunity to cross-examine Ms. Hickes on these documents.  Third, without more, there is no basis in the record to overrule DuPont's and Plaintiffs' objections to the particular pages identified above.⁴

Given this, the Government's Motion is granted in part and denied in part. The exhibit without any objection from either DuPont or Plaintiffs - Trial Exhibit 63381 - will be admitted under FRE 803(6) and, to this extent, the Government's Motion is granted.  However, given DuPont's and/or Plaintiffs' objections to Trial Exhibits 63382, 63383, 63384, and 63385, they will not be admitted at this time; to this extent, the Government's Motion is denied.  The Government may certainly pursue alternate avenues for admission of these additional exhibits.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that United States of

---

³ The Court understands the Government's "spirit of the deposition stipulation" argument (*see* U.S. Reply, p. 3 (Docket No. 1397)).  However unless expressly contemplated by the parties, a stipulation entered into at one point in time to admit a finite set of documents cannot operate to admit subsequently-produced documents at a later point in time.  This appears to be the case here.

⁴ The Court would caution counsel not to assume that, simply because the MSU lab maintains files concerning its testing procedures and testing results, the entire contents of those files may be admitted pursuant to Rule 803(6).  The documents may contain embedded hearsay and an independent exception under the hearsay rule must be established for each level of hearsay embodied in each document in those files.

America's Motion to Admit Montana State University Analytical Laboratory Records Under Fed. R. Evid. 803(6) (Docket No. 1379) is GRANTED in part and DENIED in part, to the extent set forth above. Only Trial Exhibit 63381 is admitted at this time.

DATED: **August 1, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge