IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE: |
| v. | |
| | DUPONT'S MOTION TO BAR DR. WEBER (Docket No. 1416) |
| UNITED STATES OF AMERICA, et al, | PLAINTIFFS' MOTION IN LIMINE RE: DR. WEBER (Docket No. 1418) |
| Defendants. | |

## INTRODUCTION

The Court has before it DuPont's Motion to Bar Defendant United States From Introducing Deposition of DuPont Expert Dr. Jerome Weber (Docket No. 1416) and Plaintiffs' Motion in Limine to Exclude Video Deposition Testimony of Dr. Jerome Weber (Docket No. 1418).

## BACKGROUND

There is no dispute that DuPont - and only DuPont - retained Dr. Jerome B. Weber. *See* DuPont's 12/3/08 Expert Designation, p. 3 (Docket No. 705).

MEMORANDUM DECISION AND ORDER - 1

Relevant to these motions, the Government did not jointly retain Dr. Weber. *See* Gov't 12/3/08 Expert Designation (Docket No. 704).[1] After these designations, the parties engaged in expert depositions, including Dr. Weber's deposition on December 30, 2008. Only Plaintiffs and the Government asked questions during Dr. Weber's deposition; DuPont did not ask any substantive questions.

Prior to trial, the Government filed its witness list. *See* Gov't Corrected Pre-Trial Witness List (Docket No. 944). Although not listing Dr. Weber specifically in its Pre-Trial Witness List, the Government "cross-designat[ed] as its witnesses all witnesses identified by [DuPont]. This includes all experts identified by DuPont's December 3, 2008 Expert Disclosures." *See id*, p. 38.

During trial, on July 12, 2009, DuPont provided all counsel with notice of its intent to call Dr. Weber on July 14, 2009. *See* 7/12/09 e-mail from Kristin Mitchell, attached as Ex. 3 to Gov't Opp. (Docket No. 1419). However, on July 14, 2009, DuPont indicated that "[a]s of this date, it does not look like we will have time to call Dr. Weber. If this changes, we will renotice him." *See* 7/14/09 e-mail from J. Walter Sinclair, attached as Ex. 4 to Gov't Opp. (Docket No. 1419).

---

[1] Interestingly, when disclosing its experts, DuPont indicated which experts were jointly retained by it and the Government with an asterisk. *See* DuPont's Expert Designation (Docket No. 705). A footnote within DuPont's designation explains the asterisk as: "This expert has been retained jointly by the United States of America and DuPont, and may also be disclosed by the United States of America. *See id*. at p. 2, fn. \*. Dr. Weber was not designated with an asterisk.

DuPont never called Dr. Weber to testify during its case-in-chief.

The Government has since notified all parties of its intent to introduce Dr. Weber's December 30, 2008 deposition testimony during its own case-in-chief. Both DuPont and Plaintiffs now object to the Government introducing such testimony.

**ANALYSIS**

The ability of a party to call another party's expert on direct examination, while not outright impossible, must nonetheless overcome significant hurdles. While some authority exists for the proposition that FRCP 26(b)(4)(B) precludes such a practice absent a showing of "extraordinary circumstances,"[2] other courts apply a discretionary balancing of probative value versus prejudice to determine whether an opposing party can call another's expert once that expert's designation has be withdrawn. Under either standard, Mr. Weber is not permitted to testify.

First, the Government concedes that Dr. Weber's designated deposition testimony "will not benefit DuPont." *See* Gov't Opp., p. 2 (Docket No. 1419). Because it originally defended Dr. Weber's deposition (as its own expert witness),

---

[2] The Court recognizes, without adopting here, that an expert designated to testify at trial (as opposed to a retained, non-testifying expert), but later withdrawn, may remove the question of whether an opposing party should be able to depose that expert and/or call that expert at trial from the strict "exceptional circumstances" requirement under FRCP 26(b)(4)(B).

MEMORANDUM DECISION AND ORDER - 3

the Court cannot fault DuPont for not flushing out the entirety of Dr. Weber's opinions at that time. Simply put, offering Dr. Weber's video deposition testimony in a vacuum, without the benefit of DuPont's participation in that same deposition through cross-examination, unfairly prejudices DuPont if Dr. Weber's testimony is permitted to go forward.[3]

Second, while specific safeguards may be imposed as a prophylactic measure in a video deposition format, there still exists the risk of an improper perception lent in allowing the Government to call Dr. Weber – without question, a DuPont expert – when DuPont, itself, chose not to call him. *See Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996) ("Jurors unfamiliar with the role of counsel in adversary proceedings might well assume that plaintiff's counsel had suppressed evidence which he had an obligation to offer. Such a reaction could destroy counsel's credibility in the eyes of the jury." (quoting *Granger v. Wisner*, 134 Ariz. 377, 656 P.2d 1238, 1242 (1982))). At the very least, such a circumstance may very well contribute to jury confusion under FRE 403.

Third, while Dr. Weber's credentials appear impressive (*see* Weber Rpt. (Docket No. 771, Att. 7)), it cannot be said that his opinions are altogether unique.

---

[3] The Court notes that DuPont's limited participation in Weber's deposition may bar the presentation of the deposition to the jury, at least as again DuPont. *See* ,Fed.R.Evid. 802 & 804(b)(1).

MEMORANDUM DECISION AND ORDER - 4

Indeed, within its opposition to the motions, the Government generally notes that Dr. Weber opined that, "the Oust migrated below the erodible layer within mere days of the herbicide's application, virtually eliminating the prospect for Oust's transport by windblown soil erosion." *See* Gov't Opp., p. 2 (Docket No. 1419). It would seem that other Government experts, namely, Dr. Remy J-C. Hennet, Ph.D. and Steven P. Larson, are available to present related, *live* testimony (*see, e.g.*, Fed. R. Civ. P. 43(a)), subject to cross-examination. Put another way, DuPont did not "corner the market" when it retained Dr. Weber; had that been the case, the parameters of the Court's analysis would understandably be different.

Therefore, under either the "exceptional circumstances" standard, or when applying the discretionary balancing test, these factors and corresponding circumstances combine to preclude showing Dr. Weber's video testimony to the jury at this time.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that:

1. DuPont's Motion to Bar Defendant United States From Introducing Deposition of DuPont Expert Dr. Jerome Weber (Docket No. 1416) is GRANTED; and

2. Plaintiffs' Motion in Limine to Exclude Video Deposition Testimony of Dr. Jerome Weber (Docket No. 1418) is GRANTED.

DATED: **August 5, 2009**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge