IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendant. | Civ. No. 03-0049-E-BLW <br><br> MEMORANDUM DECISION and ORDER ON DUPONT'S MOTION TO EXCLUDE TESTIMONY OF FRANC AND KLEINKOPF (Docket No. 783) |

# INTRODUCTION

Before the Court is that portion of DuPont's motion to exclude or limit testimony of Plaintiffs' Crop experts (Docket No. 783) which pertains to Drs. Franc and Kleinkopf. For the reasons expressed below, the Court denies the motion as it relates to those expert witnesses.

# ANALYSIS

The Court previously ruled on several portions of DuPont's motion to exclude Plaintiffs' crop experts (Docket No. 783). *See* Docket Nos. 1121, 1199 and 1212. DuPont acknowledged that in these prior rulings, the Court addressed Section I of the motion, which was a *Daubert* challenge to the Plaintiffs' crop

**Memorandum Decision & Order – page 1**

experts' methodology. DuPont does not ask the Court to revisit this portion of the motion as it pertains to Drs. Franc and Kleinkopf. Accordingly, the question before the Court is whether either of these experts' applications of their methodology run afoul of Fed. R. Evid. 702 and *Daubert* principles.

**Dr. Gary Franc**

Dr. Gary Franc is an expert in potato production and potato disease. He was personally involved in the 1987 San Luis Valley, Colorado Oust problem. He has personally conducted research studies of the effects of Oust on potatoes and was a contributing writer to a published guide on sugar beet production. He will offer his opinion that "the potato symptoms observed in southern Idaho in 2000 - 2004 are consistent with symptoms caused by Oust in his studies and known sugar beet studies." (Docket No. 848, p. 14).

DuPont's motion seeks to exclude the crop expert opinions regarding damage to the Plaintiffs' individual corps during years 2000, 2002 - 2004. DuPont acknowledges, and the Plaintiffs' confirm, that Dr. Franc intends to offer no such opinion. The *Daubert* motion is inapplicable to Dr. Franc. DuPont's request for an order confirming limitations to Dr. Franc's testimony is not proper under *Daubert*. The Court further finds no cause to grant the request. The parties have been instructed on several occasions regarding the Court's approach to the scope of

**Memorandum Decision & Order – page 2**

expert testimony and disclosure requirements. The Court will address objections to the scope accordingly as they arise during the trial. The motion is denied with respect to Dr. Franc.

**Dr. Gale Kleinkopf**

Dr. Gale Kleinkopf is an expert in potato physiology. He has been involved in the potato industry in Idaho for 33 years through the Kimberly Research and Extension Center for the College of Agricultural and Life Sciences at the University of Idaho. He has personally investigated claims of potato crop loss due to chemical applications and/or environmental stress. He developed the "best management practices" for potato production in Idaho, which includes the topics of herbicide and pesticide applications.

Dr. Kleinkopf will offer his opinion "that the widespread damage to potato crops in 2000, 2001, 2002 and 2003 was caused by Oust." (Docket No. 848). As part of his opinion, he ruled out other reasonably possible causes for the crop reductions during this time period. He based his opinion on the growers' crop damage reports, pictures of plant damage, climate data from the time period, soil sample results, research reports and studies, grower testimony, interviews with crop investigators and his knowledge of potato crop production outside of the area affected by Oust. *Id.*

**Memorandum Decision & Order – page 3**

Plaintiffs move to exclude Dr. Kleinkopf's opinion(s) generally because they claim he failed to perform a scientifically valid analysis of the Plaintiffs' crop loss claims for years 2000, 2002 and 2003, thereby rendering his opinions unreliable and inadmissible under Fed. R. Evid. 702 and *Daubert*. Specifically, DuPont argues that for these years, Dr. Kleinkopf:

- viewed no photographs of crop damage symptoms;

- did not personally view any fields;

- did not personally assess the frequency of the damage symptoms;[1]

- did not personally analyze the end of season proportion of No. 1 potatoes versus No. 2 potatoes;[2]

---

[1] DuPont made a suggestion that Dr. Kleinkopf testified that he would need to see damage symptoms in 5 - 10% of a field in order to determine that Oust caused the damage, and that Dr. Kleinkopf did not consider whether damage symptoms were present to this degree. The Court finds that DuPont mischaracterizes Dr. Kleinkopf's testimony and his opinion. He states in his report that this number is 1 to 2%, and He testified during deposition that the 5 - 10% symptom range would "pique your mind," but that the expected normal symptom percentage is approximately 1.5%. *See* Kleinkopf Depo. Trns., (Docket No. 783-11, p. 76). In his Report, he states that the "[t]ypical tuber malformations in any year may show 1-2 percent abnormal with the remainder falling into the USDA classes of 1's and 2's."

[2] DuPont does not set forth an explanation, or supporting expert testimony, as to why the absence of this particular factor renders the opinion unscientific and leaves it for the Court to ascertain. The Court declines to do so. DuPont may revisit this issue during the witnesses testimony and possibly clarify its position why this information is critical to Dr. Kleinkopf opinion being scientifically valid.

**Memorandum Decision & Order – page 4**

- did not assess the frequency of the symptoms seen outside of the Oust affected area during the same time period;

- did not personally rule out other causes for the damage (including the other heat stressor events in 2003)[3]; and

- did not rule out other causes on a field-by-field basis.

DuPont also claims that Dr. Kleinkopf failed to view any crop records in 2000. Instead, DuPont asserts, Dr. Kleinkopf relied only on interviews with the growers for the information above, particularly regarding the presence and extent of the damage symptoms. Accordingly, Dr. Kleinkopf's opinion is not scientifically valid.

As the Court has previously ruled, Plaintiffs' crop experts may rely on outside sources, such as grower statements, opinions of the other experts, and information obtained from crop investigators, in forming their opinions so long as it is the type of information reasonably relied on by other experts in the field. *See* Docket Nos. 1121, 1199 and 1212 incorporated herein by reference. This ruling applies equally to Dr. Kleinkopf. There is no requirement *per se* that he personally

---

[3] It is clear from his Report that comparison of the visual symptoms alone would not eliminate the heat stress events as a cause. Dr. Kleinkopf sets out clearly in pp. 5-6 of his Report how and why he ruled out heat stress events as a possible cause of the damage symptoms.

**Memorandum Decision & Order – page 5**

investigated the Oust affected fields, or personally garnered the facts necessary to support his opinion. Whether the source of his facts are credible and reliable may be drawn out on cross-examination and will go to the weight of his opinion, not its admissibility.

In the same previous opinions indentified above, the Court also rejected DuPont's "field-by-field" analysis argument; it does so again in the case of Dr. Kleinkopf. The Court sees no novel arguments presented in DuPont's motion to exclude this witness. The motion is denied.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the DuPont's Motion to Exclude or Limit Testimony From Plaintiffs' Crop Experts (Docket No. 783) is DENIED as to Drs. Franc and Kleinkopf.

DATED: **August 11, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge