IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE: DUPONT'S MOTION |
| v. | IN LIMINE TO EXCLUDE EVIDENCE OF ADDITIONAL LEGAL CONCLUSIONS IN ISDA |
| UNITED STATES OF AMERICA, et al, | LETTER (Docket No. 1055) |
| Defendants. | |

## INTRODUCTION

The Court has before it DuPont's Motion in Limine to Exclude Evidence of Additional Legal Conclusions in ISDA Letter (Docket No. 1055).

## DISCUSSION

On May 5, 2009, this Court granted the Government's motion in limine to exclude a sentence in an ISDA report as a "legal conclusion." *See* 5/5/09 MDO (Docket No. 1054) (excluding sentence stating ISDA's conclusion that application

MEMORANDUM DECISION AND ORDER - 1

of Oust "to highly erodible lands . . . resulted in damage to agricultural crops" and violated Idaho Code, specifically § 22-3420(8)). In light of this earlier ruling, DuPont now moves the Court for a related order, "excluding any evidence, testimony, or argument suggesting any ISDA conclusion that BLM or its applicators applied Oust consistent with section 3 or 24(c) labels or that BLM or its applicators did not violate the section 3 or 24(c) label." *See* Mot. in Limine to Exclude, p. 1 (Docket No. 1055). DuPont argues that, consistent with its prior decision, "ISDA's statements that BLM and its applicators did not violate the label must likewise be excluded as inadmissible legal conclusions." *See id*. at p. 3. The Court disagrees.

FRE 803(8)(C) allows into evidence public reports that (1) set forth factual findings (2) made pursuant to authority granted by law (3) that the judge finds trustworthy. The term "factual findings" in FRE 803(8)(C) includes "not only what happened, but how it happened, why it happened, and who caused it to happen." *See* 5/13/09 MDO (Docket No. 1080) (citing Graham, *Federal Practice & Procedure*, § 7049 at p. 649 (2000)). In the Court's mind, the ISDA's conclusion that the BLM violated Idaho Code § 22-3420(8) is a legal conclusion beyond the permit of FRE 803(8)(C). However, the same cannot be said about the statements DuPont seeks to exclude here.

MEMORANDUM DECISION AND ORDER - 2

Simply put, ISDA statements regarding an applicator's conduct vis a vis Oust's label is not a legal conclusion. While the Court recognizes that an argument can be massaged to the point of drawing *logical* comparisons between such statements, they are not *legally* parallel as DuPont suggests. The statements regarding the applicator's conduct reflect factual findings, and are therefore subject to rebuttal testimony, ultimately allowing the jury to decide the issue. This distinguishes these findings from a definitive conclusion concerning a violation of Idaho law. Indeed, many of the arguments throughout trial focused on whether Oust was applied consistent with its label. These statements will not be excluded.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Motion in Limine to Exclude Evidence of Additional Legal Conclusions in ISDA Letter (Docket No. 1055) is DENIED.

DATED: **August 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge