IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER REGARDING UNITED STATES' MIL RE: NEPA'S CUMULATIVE IMPACTS PROVISION (Docket No. 1457)** |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

# INTRODUCTION

The Court has before it the BLM's motion to exclude all evidence and argument regarding BLM's alleged violation of NEPA's "cumulative impacts" provision. The motion is fully briefed and at issue. As set forth below, for the reasons expressed in previous written and oral decisions by the Court, the Court will deny the motion.

# ANALYSIS

NEPA requires a federal agency, in certain circumstances, to evaluate the

**Memorandum Decision and Order – Page 1**

"cumulative impact" of its action. DuPont and Plaintiffs contend such circumstances exist with respect to the BLM's choice and application of Oust in this case. The 'cumulative impact' is "the impact on the environment which results from the incremental impact of the action when added to other past, present, and reasonably foreseeable future actions regardless of what agency (Federal or non-Federal) or person undertakes such other actions." Motion in Limine (Docket No. 1457), p. 7 (*quoting Department of Transp. v. Public Citizen*, 541 U.S. 752, 769 (2004) (*citing* 40 C.F.R. 1508.7)).

DuPont and Plaintiffs intend to offer evidence and argument regarding the BLM's actions in considering the cumulative impacts of applying Oust as evidence of the BLM's negligence in this case. The United States argues that before the Court can allow this evidence, it first must find that a "persuasive analogy" exists under which a private person would be liable in tort under like circumstances. Motion in Limine (Docket No. 1457), p. 6 (*citing Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) (citation omitted); 28 U.S.C. §§ 1346(b)(1), 2674). The BLM argues that there is no such "persuasive analogy" wherein a private citizen, under Idaho law, would be required to take into account the past, present or future actions of other private persons and governmental entities in determining the impact of his or her own action. Accordingly, the BLM

**Memorandum Decision and Order – Page 2**

argues, the evidence of BLM's cumulative impact analysis is inadmissible.

DuPont argues that the BLM is re-urging its same motion to exclude NEPA evidence that the Court has already rejected in written and oral decisions. To this point, the BLM contends that it is not re-arguing the same motion because the argument focuses discretely on a particular provision of NEPA that the Court has not yet addressed.

The Court agrees that the BLM's motion urges an argument that this Court has already rejected – that a private analogy does not exist, even if evidence of NEPA compliance is used only to establish a breach of the duty of ordinary care set by Idaho law for private actors. *See* Memorandum Decision and Order, April 16, 2009 (Docket No. 952), p. 4) ("Th[e private analogy] argument misconstrues the role of NEPA in a the negligence analysis.") The Court finds no cause in the instant motion in limine to reconsider its prior ruling. The motion is denied.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that the United States' Motion in Limine Re Evidence and Argument Regarding BLM's Alleged Violation of NEPA's Cumulative Impacts Provision (Docket No. 1457) is DENIED.

DATED: **August 15, 2009**



_/s/ B. Lynn Winmill_
Honorable B. Lynn Winmill
Chief U. S. District Judge