IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE: |
| v. | DUPONT'S (RENEWED) MOTION FOR JUDICIAL NOTICE UNDER FRE 201(d) |
| UNITED STATES OF AMERICA, et al, | (Docket Nos. 1281 & 1388) |
| Defendants. |  |

## INTRODUCTION

The Court has before it DuPont's (1) Motion for Judicial Notice Under Federal Rule of Evidence 201(d) (Docket No. 1281) and (2) Renewed Motion for Judicial Notice Under Federal Rule of Evidence 201(d) (Docket No. 1388).

## BACKGROUND

On July 6, 2009, DuPont originally moved for judicial notice of the federal administrative rules and regulations (Docket No. 1281). Three days later, during trial, the Court heard brief argument on DuPont's original motion. During sidebar, the Government expressed concern over the offered materials' completeness, agreeing to meet, confer, and reach a joint resolution:

MEMORANDUM DECISION AND ORDER - 1

| THE COURT: | Can we agree that whatever regulations that were in effect at the time would be admissible pursuant to judicial notice? |
|---|---|
| MS. FALK: | As long as they are a full and complete set at the time. That's where I really draw the line. Because what DuPont is doing in a lot of these are pulling out pages of handbooks that were in existence in 1988. . . . . |
| THE COURT: | Okay. Well, at this point I'll take it as it comes and either sustain or overrule the objections, and we'll – |
| MS. FALK: | I am happy to work it out with counsel. But, again, I would want – |
| MS. RODRIGUEZ: | I would prefer to do that. |
| MS. FALK: | I would want a full and complete copy of – |
| THE COURT: | We have an understanding that if you can reach an agreement that it is a full and complete set of the regulations in effect at the time that those regulations will come into evidence essentially as a stipulated exhibit or pursuant to judicial notice. |
| MS. FALK: | I would be happy to do that, Your Honor. But, once again, the one thing I would ask – during the course of this trial, we are so busy, that the burden is on the person offering it to show that they were in effect at the time. |

*See* 7/9/09 Tr. 10066:12-19;10068:2-21. The parties apparently failed to reach a stipulated agreement as to the materials offered, thus prompting DuPont's renewed

motion for judicial notice (Docket No. 1388). DuPont's renewed motion is a clear attempt to address the objections raised in the Government's original opposition (Docket No. 1297), as well as Ms. Falk's concerns raised during the above-referenced sidebar (*see supra* at p. 2).

The Court will therefore consider DuPont's renewed motion for judicial notice (Docket No. 1388) as subsuming the arguments raised in its original motion for judicial notice (Docket No. 1281); that is, the resolution of DuPont's renewed motion (Docket No. 1388) also resolves (or renders moot) DuPont's original motion (Docket No. 1281).

## DISCUSSION

DuPont seeks judicial notice of twenty items, categorized into eight "buckets" of information. Since July 9, 2009 (after its original motion), DuPont collected complete copies of the federal regulations and administrative rules at issue, thus addressing the Government's primary concern about the completeness of the regulations and rules. *See* Renewed Mot. for Judicial Notice, p. 2 (Docket No. 1388).

**A.  Authority**

FRE 201(b) allows the court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either (1)generally known

within the territorial jurisdiction of the trial court, or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." *See* Fed. R. Evid. 201(d).

**B.     Item No. 1:  40 C.F.R. § 1508.26**

DuPont includes a "full and complete" copy of 40 C.F.R. Part 1508 as an attachment to its renewed motion (Docket No. 1388, Att. 2). Through its renewed motion, DuPont requests judicial notice of 40 C.F.R. § 1508.26. *See* Renewed Mot. for Judicial Notice, p. 2 (Docket No. 1388). According to DuPont:

> The 1999 version of 40 C.F.R. § 1508.26 is attached as Ex. A. The 2001 version is attached at Ex. B. [Section] 1508.26 is the same in both the 199 and 2001 versions, meaning the language remained unchanged in 2000.

*See id*. The Government offers no response challenging the completeness or applicability of the offered regulation.[1] Moreover, because Courts are required to judicially notice contents of the Code of Federal Regulations and entries in the Federal Register (*see, e.g.,* 44 U.S.C. § 1507; *see also* 7/6/09 MDO, p. 2 (Docket

---

[1] The Government's objection to DuPont's renewed motion (Docket No. 1389) is a simple referral to its original objection (Docket No. 1287) without any argument addressing DuPont's revised efforts at seeking judicial notice.

MEMORANDUM DECISION AND ORDER - 4

No. 1290)), the Court will grant DuPont's renewed motion in this respect.

## C. Item No. 2: 49 Fed. Reg. 49750, App. II, I.F.3

DuPont includes a "full and complete" copy of 49 Fed. Rg. 49750 as an attachment to its renewed motion (Docket No. 1388, Att. 4). Through its renewed motion, DuPont requests judicial notice of specific language within Appendix II of Fed. Reg. 49750. *See* Renewed Mot. for Judicial Notice, p. 3 (Docket No. 1388). According to DuPont:

> The appendices identified in 49 Fed. Reg. 49750 were enacted in 1984. There is no indication that the appendices have been amended, overruled, or otherwise withdrawn since that date. A search of (1) federal and state case law and (2) C.F.R. and Federal Register entries failed to cite to anything showing that Appendix II was amended, overruled, withdrawn, or otherwise not in effect in 1999 or 2000 (or any subsequent date).

*See id*. The Government offers no response (*see supra* at p. 4, fn. 1) and, given the authority to take judicial notice of Federal Register entries (*see supra* at p. 4), the Court will grant DuPont's renewed motion in this respect.

## D. Item Nos. 3-5: DOI Department Manual, Part 516

DuPont includes a "full and complete" copy of DOI Departmental Manual, Part 516 as an attachment to its renewed motion (Docket No. 1388, Att. 5). Through its renewed motion, DuPont requests judicial notice of specific language

MEMORANDUM DECISION AND ORDER - 5

within Part 516, including sections 1.7.A, 1.7.B, and 1.2.F. *See* Renewed Mot. for Judicial Notice, pp. 3-4 (Docket No. 1388). According to DuPont:

> DOI Department Manual, Part 516 was first enacted in 1980. This regulation was not amended and superseded until 2004 (Ex. E) [attached at Docket No. 1388, Att. 6], meaning the language cited above was in effect in 1999 and 2000.

*See id*. at p. 4. The Government offers no response (*see supra* at p. 4, fn. 1) and, given the authority to take judicial notice of administrative regulations (*see id*. at pp. 10-11 (citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224, n. 2 (9th Cir. 2004); *Oregon Natural Desert Ass'n v. BLM*, 531 F.3d 1114, 1134 (9th Cir. 2008); *Brown v. Valoff*, 422 F.3d 926, 931, n. 7 (9th Cir. 2005); *Arkla Exploration Co. V. Texas Oil & Gas Corp.*, 734 F.2d 347, 361 (8th Cir. 1984))), the Court will grant DuPont's renewed motion in this respect.

**E.    Item Nos. 6-7: DOI Department Manual, Part 517**

DuPont includes a "full and complete" copy of DOI Departmental Manual, Part 517 as an attachment to its renewed motion (Docket No. 1388, Att. 7). Through its renewed motion, DuPont requests judicial notice of specific language within part 517, including sections 1.2.A and 1.2.J. *See* Renewed Mot. for Judicial Notice, p. 4 (Docket No. 1388). According to DuPont:

> DOI Department Manual, Part 517 was first enacted in

> 1981. This regulation was not amended and superseded
> until 2007 (Ex. G) [attached at Docket No. 1388, Att. 8],
> meaning the language cited above was in effect in 1999 and
> 2000.

*See id.* The Government offers no response (*see supra* at p. 4, n. 1) and, given the authority to take judicial notice of administrative regulations (*see supra* at p. 6), the Court will grant DuPont's renewed motion in this respect.

**F.     Item Nos. 8-9: BLM Manual, 1790, Rel. 1-1546, 10/25/88**

DuPont includes a "full and complete" copy of BLM Manual, 1790, Rel. 1-1546 as an attachment to its renewed motion (Docket No. 1388, Att. 9). Through its renewed motion, DuPont requests judicial notice of specific language within this manual, including section .03.C and .03.D. *See* Renewed Mot. for Judicial Notice, p. 5 (Docket No. 1388). According to DuPont:

> BLM Manual 1790, Rel. 1-1546, was issued on October 25,
> 1988 - the same day as the BLM NEPA Handbook, H-
> 1790-1. A diligent search failed to discover any evidence
> that it was ever amended or withdrawn, meaning that it was
> in effect in 1999 and 2000.

*See id.* While the Government offers no new objection to DuPont's renewed motion (*see supra* at p. 4, n. 1), its original objection called into question the relevance of NEPA, generally, with respect to the BLM's alleged negligence as defined by Idaho law and the FTCA. *See* Opp. to Mot. for Judicial Notice, pp. 3 &

MEMORANDUM DECISION AND ORDER - 7

7 (Docket No. 1297). That issue has been largely resolved, with the Court determining that NEPA compliance may be considered by the jury in determining whether the BLM acted reasonably in approving the Oust program. Therefore, the Court will grant DuPont's renewed motion in this respect.

### G. Item No. 19: BLM NEPA Handbook, H-1790-1, 10/25/88

DuPont includes a "full and complete" copy of BLM NEPA Handbook, H-1790-1, Rel. 1-1547, 10/25/88 as an attachment to its renewed motion (Docket No. 1388, Att. 10). Through its renewed motion, DuPont requests judicial notice of specific language within this handbook, including the Introduction, Chapter 1.B.3, and Appendix 9.I.F.3. *See* Renewed Mot. for Judicial Notice, pp. 5-6 (Docket No. 1388). According to DuPont:

> The BLM NEPA Handbook issued in 1988 is attached at Ex. I [attached at Docket No. 1388, Att. 10]. This Handbook was not amended and superseded until 2008, when Rel. 1-1710, 01/30/2008 was issued. (See applicable Federal Register entry and copy of the 2008 version at Ex. J [attached at Docket No. 1388, Att. 11 & 12]. Thus, the 1988 version at Ex. I [attached at Docket No. 1388, Att. 10] was in effect in 1999 and 2000.

*See id.* at p. 6. Because these materials relate to NEPA, for the same reasons referenced immediately above (*see supra* at pp. 7-8), the Court will grant grant DuPont's renewed motion.

MEMORANDUM DECISION AND ORDER - 8

**H.     Item Nos. 10-16: BLM Handbook H-9011-1, "Chemical Pest Control"**

DuPont includes a "full and complete" copy of BLM Handbook H-9011-1, "Chemical Pest Control" as an attachment to its renewed motion (Docket No. 1388, Att. 13). Through its renewed motion, DuPont requests judicial notice of specific language within this handbook, including Chapter 1.I.D.6, Chapter 1.I.F, Chapter 2.3.a(3), Chapter 2.III.A.4.e, Appendix 1.I.A, and Appendix 1:II.A. *See* Renewed Mot. for Judicial Notice, pp. 6-9 (Docket No. 1388). According to DuPont:

> The "Chemical Pest Control Handbook," H-9011-1, was issued on May 5, 1988. It has not been amended, superseded, or withdrawn since that date, meaning that the language cited above was in effect in 1999 and 2000.

*See id.* at p. 9. The Government offers no response (*see supra* at p. 4, n. 1) and, given the authority to take judicial notice of administrative regulations (*see supra* at p. 6), the Court will grant DuPont's renewed motion in this respect.

**I.     Item No. 20:  BLM "Emergency Fire Rehabilitation Handbook,"
         H-1742-1, Rel. 1-1161, 7/27/99**

DuPont includes a "full and complete" copy of BLM "Emergency Fire Rehabilitation Handbook," H-1742-1, Rel. 1-1161, 7/27/99 as an attachment to its renewed motion (Docket No. 1388, Att. 14). Through its renewed motion, DuPont requests judicial notice of specific language within this handbook, including

sections 1, 2, and U.1. *See* Renewed Mot. for Judicial Notice, pp. 9-10 (Docket No. 1388). According to DuPont:

> The BLM Emergency Fire Rehabilitation Handbook issued on July 27, 1999 is attached as Ex. K [sic] [Ex. L is attached at Docket No. 1388, Att. 14]. This Handbook was not amended or superceded until 2007, when the "Burned Area Emergency Stabilization and Rehabilitation Handbook," H-1742-1, Rel. 1-1702, 02/12/07 was issued. (See Ex. M) [attached at Docket No. 1388, Att. 15]. Thus, the 1999 was [sic] was at Ex. L [attached at Docket No. 1388, Att. 14] was in effect in 1999 and 2000.

*See id*. At p. 10. The Government offers no response (*see supra* at p. 4, n. 1). Further, given (1) the authority to take judicial notice of administrative regulations (*see supra* at p. 6), and (2) the fact that the handbook in question appears to be a joint trial exhibit (Trial Exhibit 66), the Court will grant DuPont's renewed motion in this respect.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Renewed Motion for Judicial Notice Under Federal Rule of Evidence 201(d) (Docket No. 1388). is GRANTED with respect to:

1. Item No. 1: 40 C.F.R. § 1508.26;

2. Item No. 2: 49 Fed. Reg. 49750, App. II, I.F.3;

3. Item Nos. 3-5: DOI Department Manual, Part 516;

4. Item Nos. 6-7: DOI Department Manual, Part 517;

5. Item Nos. 10-16: BLM Handbook H-9011-1, "Chemical Pest Control"; and

6. Item No. 20: BLM "Emergency Fire Rehabilitation Handbook," H-1742-1, Rel. 1-1161, 7/27/99.

7. Item Nos. 8-9: BLM Manual, 1790, Rel. 1-1546, 10/25/88; and

8. Item No. 19: BLM NEPA Handbook, H-1790-1, 10/25/88

Given this disposition, DuPont's original Motion for Judicial Notice Under Federal Rule of Evidence 201(d) (Docket No. 1281) is therefore MOOT.

DATED: **August 16, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge