IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| TIMM ADAMS, et al., | ) | Case No. CV-03-49-E-BLW |
| | ) | |
| Plaintiffs, | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER REGARDING** |
| v. | ) | **DUPONT'S MOTION TO** |
| | ) | **CLARIFY BULL PEN ORDER** |
| UNITED STATES OF AMERICA, et al., | ) | **(Docket No. 1237)** |
| | ) | |
| Defendants. | ) | |

# INTRODUCTION

The Court has before it DuPont's Motion For Clarification of the Court's Bullpen Orders With Regard to Plaintiffs' Claim of Aiding or Abetting (Docket No. 1237). The motion is fully briefed and at issue. For the reasons expressed below, the motion to clarify is granted, and the Court clarifies that the aiding and abetting claims set forth in Count XIV of Plaintiffs' Third Amended Complaint were relegated to the bullpen and are not a part of this bellwether trial.

# ANALYSIS

In Plaintiffs' motion to amend their Second Amended Complaint (Docket No. 340), Plaintiffs asked to amend Count XIV (negligence per se for violating the ICPA against DuPont) to include a claim for an aiding and abetting violation of the

ICPA, to add a new Count XVII against both defendants for joint and several liability for acting in concert, another negligence claim and a fraud claim.  In its Memorandum Decision and Order dated March 21, 2009 (Docket No. 409), the Court granted the motion to amend with respect to all claims except for fraud, for which it granted Plaintiffs leave to re-file their amendment.  The Court however relegated the new claims of "concerted action" and negligence to the "bullpen."  The reasoning was that the amendments "would expand the Bellwether Trial – and its associated discovery and trial preparation – beyond the small and manageable proceeding envisioned by the Court." *Memorandum Decision and Order*, March 21, 2008, (Docket No. 409, p. 8).  Accordingly, though Rule 15(a) allowed for their inclusion, the Court relegated them to the bullpen to be tried at a later date so as not to discourage the purpose of the Bellwether trial.  *Id.*

Both DuPont and the United States moved to reconsider the Court's decision placing each of these claims in the bull-pen based on Seventh Amendment grounds.  The Court granted the motions with respect to the negligence claim, denied the motions with respect to the claim for "concerted action," and reserved ruling with respect to the fraud claim.  *See Memorandum Decision and Order*, dated May 15, 2009, (Docket 469).

None of the prior filings in this matter – including the Court's March 21st original memorandum decision, its order order relegating all three claims to the

bullpen, the parties' motions to reconsider the order, or the Court's May 15 memorandum decision reconsidering the March 21 order – explicitly addressed the newly added claim for aiding and abetting in the amended Count XIV. *See id.*

DuPont seeks clarification on whether the amendments to Count XIV are in the bullpen. It contends that the aiding and abetting claim and the concerted action claims are factually inseparable, were "conflated" in the briefing and that the Court's ruling as to the concerted action claim was intended to or should apply to the aiding and abetting claim as well. DuPont argues that both DuPont and Plaintiffs understood the aiding and abetting claim to be in the bull-pen and stated their mutual understanding a year later in conjunction with the motions for summary judgment. In fact, DuPont points out, that Plaintiffs actually urged the Court to reconsider this ruling, which the Court has never done. DuPont further argues that, in reliance on its stated understanding DuPont conducted no discovery or defense of the claim in connection with the Bellwether Trial. Accordingly, DuPont contends it is fundamentally unfair to allow Plaintiffs to re-submit the claim into this trial at this stage.

Plaintiffs' respond that the Court's orders are specific that only Count XVII was relegated to the bullpen and that there is no basis in the Court's order for DuPont to have assumed that the aiding and abetting claim was in the bullpen and to have failed to defend it. Plaintiffs point out that DuPont did object to the claim

being in the bullpen in the first place on Seventh Amendment grounds, and that DuPont maintains that the objection is viable and will have to be addressed later. Plaintiff further agrees that having the claim in the bullpen could be a Seventh Amendment issue because (unlike the concerted action joint and several liability claim) it is a factual question, and may subject DuPont to inconsistent jury findings of liability.  Plaintiffs argue that their request that the Court reconsider having placed the aiding and abetting claim in the bullpen only three months before trial started is somehow not inconsistent with their current position that the claim is actually not in the bullpen.

    The Court agrees that the its prior rulings on Count XVII were meant to apply equally to the similar factual allegations set forth in the amended Count XIV. The reasoning behind relegating the concerted action claim to the bull-pen –  to avoid expanding the discovery and trial issues in the Bellwether Trial – applies equally to the related aiding and abetting claim.  As DuPont points out, the factual predicate is the same or significantly similar.  Accordingly, the issue of whether the discovery or scope of the trial would be expanded by the aiding and abetting claim is the same as was discussed regarding the concerted action claim.

    Likewise, the bar to discovery on the issue until after the Bellwether Trial applied equally to the aiding and abetting claim.  DuPont rightfully understood that it could not and did not seek discovery on the facts which underlie both claims, as

the Court ordered.

Plaintiffs apparently, in the beginning of March 2009 or earlier, agreed with the position that the aiding and abetting claim was relegated to the bullpen and had asked the Court to reconsider its ruling on the matter.  *(See* Docket No. 804, p. 19 at n. 6.) The Court did not grant the request to reconsider and issued no further orders on the bullpen issues.   During argument on the motions for summary judgment, DuPont's counsel stated:

> And then, finally, Section -3420(15) that deals with aiding or abetting in the act. Your Honor, as you will recall, and I will mention this just briefly here because of the plaintiffs' request for reconsideration, the court has put the aiding and abetting claims in the bullpen. They will not be dealt with at trial.
> Plaintiffs' response in a footnote asks the court to reconsider that decision and reintroduce the aiding and abetting claims into the trial. We submit there has been no discovery on those claims. They have not been part of the parties' preparation for trial. And to the extent the court is going to consider that footnote as a motion for reconsideration, we would urge the court to deny it because it would simply be unfair.

March 18, 2009, Hearing Trns. p. 53, ll. 6 - 23 (Docket No. 890).  Plaintiffs did not correct or dispute DuPont's contention that the aiding and abetting claim was in the bullpen.  Plaintiffs did not change their position on the issue until trial began.  Any claim by Plaintiffs that they are prejudiced by the Court's failure to explicitly address the aiding and abetting claim separately is belied by their own

acknowledgment otherwise and by their silence on the issue.

The Court hereby clarifies that the aiding and abetting amendment to Count XIV was relegated and remains in the "bull-pen" and is not a part of this Bellwether Trial.

## ORDER

In accordance with the terms of the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED that DuPont's Motion for Clarification (Docket No. 1237) is GRANTED; paragraphs ¶¶ 150 - 151 of Plaintiffs' Third Amended Complaint set forth a claim of aiding and abetting that is in the "bull pen" and not a part of the bellwether plaintiffs' trial.



DATED:  **August 16, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge