IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>    Defendants. | Civ. No. 03-0049-E-BLW<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANT UNITED STATES OF AMERICA'S OBJECTION TO THE ADMISSION OF TRIAL EXHIBIT 306<br>(Docket No. 1455) |

## INTRODUCTION

The Court has before it Defendant United States of America's Objection to the Admission of Trial Exhibit 306 (Docket No. 1455).

## DISCUSSION

It is undisputed that Trial Exhibit 306 was originally identified as a Joint Exhibit, the admission of which was stipulated to by all parties. During trial, DuPont sought to admit Trial Exhibit 306; the Government objected, arguing that "there was an inadvertent agreement to Joint Exhibit 306." *See* 7/28/09 Tr. 12826:22-24. In response, DuPont pointed out that it had a similar "inadvertent

MEMORANDUM DECISION AND ORDER - 1

agreement" objection to the admission of a separate document that the Court previously overruled. *See id*. at 1287:4-7. The Court agreed, commenting:

> That is precisely right. I have previously overruled DuPont's objection where they indicated they had inadvertently agreed, and since counsel were operating on the assumption that these documents would be admitted, I guess you can make some argument that it is grievously prejudicial that I would have to give DuPont the same opportunity where they had made the objection.
>
> So why don't you submit something in writing. I can tell you, though, barring a rather extreme showing, I am going to overrule the objection since it was stipulated to in advance of trial.

*See id*. at 12827:8-21.

The Government reiterates its "inadvertent agreement" argument in its formal objection to the admission of Trial Exhibit 306. *See* Obj. to Trial Ex. 306, p. 2 (Docket No. 1455) ("Trial Exhibit 306 was inadvertently placed on the Stipulated Trial Exhibit List - this was inadvertent error. As we are all aware, much activity was undertaken during this time period by all parties as well as the Court."). Additionally, the Government argues that Trial Exhibit 306 contains substantive content that represents protected subsequent remedial measures under FRE 407 and, as a result, should be removed from the parties' Joint/Stipulated Exhibit List. *See id*.

MEMORANDUM DECISION AND ORDER - 2

Consistent with the Court's handling of a similar circumstance earlier in the trial (*see supra* at p. 2), the Court concludes that the Government has failed to show any "grievously prejudicial" consequence to the admission of Trial Exhibit 306. Nor has the Government shown any any other extenuating circumstances which would justify removal from the parties' Joint/Stipulated Exhibit List. Therefore, the Government has waived its objection to Trial Exhibit 306's admission, and the Court will overrule the Government's objection and admit Trial Exhibit 306.

## ORDER

In accordance with the Memorandum Decision filed above,

NOW THEREFORE IT IS HEREBY ORDERED, that the Government's Objection to the Admission of Trial Exhibit 306 (Docket No. 1455) is OVERRULED. Trial Exhibit 306 is hereby admitted.

DATED: **August 17, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER - 3