IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | MEMORANDUM DECISION AND ORDER RE: DUPONT'S |
| v. | ) ) | RENEWED MOTION TO ADMIT DOCUMENTS (Docket No. 1413) |
| UNITED STATES OF AMERICA, et al, | ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

The Court has before it DuPont's Renewed Motion to Admit Documents (Docket No. 1413).

## DISCUSSION

DuPont seeks to admit three "sets" of documents: (1) Set I - Oral Motion for Admission on July 27, 2009 (attached as Ex. B to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 3)); (2) Set II - Written Motion for Admission of

MEMORANDUM DECISION AND ORDER - 1

Exhibits set forth at Docket No. 1288 (attached as Ex. C to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 4)); and (3) Set III - Oral Motion for Admission on July 6, 2009 of DuPont Rule 1006 Exhibit 46174 (attached as Ex. D to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 5)).

The Court previously outlined the prerequisites for admitting exhibits following the close of a party's case-in-chief, commenting:

> Thus, it is critical for the court to examine each of the 13 documents to determine (1) they are authentic under Rule 901, (2) the excerpts to be read are either non-hearsay under rule 801, or, if hearsay, that an exception applies under Rule 803, (3) that the excerpts are relevant under 401; (4) that the declarant has the requisite personal knowledge under Rule 602, (5) that the probative value of the document is not substantially outweighed by the danger of unfair prejudice under Rule 403, and (6) that the presentation of the exhibit without a subscribing witness will not result in some unfairness to the parties or interfere with the ascertainment of the truth under Rules 106 and 611.

*See* 6/25/09 MDO, p. 2 (Docket No. 1234). These same factors will be applied here to resolve the admissibility of the exhibits addressed within DuPont's renewed motion. *See* DuPont's Renewed Mot. to Admit (Docket No. 1413).

**A.     Set I**

Set I seeks the admission of Trial Exhibits 41641, 43514, and 45576. *See* Ex. B to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 3).

1. Trial Exhibit 41641

Trial Exhibit 41641 is a January 17, 2002 Idaho Department of Agriculture ("ISDA") letter from Mike Everett to William Selelyo of DeAngelo Brothers, Inc. Consistent with the Court's ruling on a similar letter, also dated January 17, 2002 (but addressed to the BLM) (*see* 5/5/09 MDO (Docket No. 1054)), DuPont agrees to redact the "Violation" section on the second page of the exhibit. *See* Ex. B to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 3). Plaintiffs and the Government nonetheless raise relevance and hearsay objections. *See id.*

The exhibit is relevant to the same extent that the similar letter to the BLM was relevant to its admission. While the addressee is a non-party applicator, the exhibit's content clearly relates to the events giving rise to the instant action, thus favoring a finding of relevance. *See,e.g.*, Pls.' Mem. in Supp. of Mot. in Limine to Admit Evidence and Findings of the ISDA, p. 3 (Docket No. 930, Att.2) ("ISDA Documents relating to its investigation and findings are unquestionably relevant to the issues in this case, as they detail the extensive unbiased investigation of claims of off-target movement of Oust from applications on BLM lands in Idaho."). Any confusion to the jury is adequately resolved by the Court's instructions (and precautions) to the jury when considering and allocating these applicators' comparative fault, if any.

The exhibit is also admissible under FRE 803(8)(C), allowing the admission of "[r]ecords, reports, statements, or data compilations, in any form, of public offices or agencies . . . in civil actions and proceedings, factual findings resulting from an investigation made pursuant to authority granted by law, unless the source of information or other circumstances indicates lack of trustworthiness." *See* Fed. R. Evid. 803(8)(C). *See also, e.g.*, Pls.' Mem. in Supp. of Mot. in Limine to Admit Evidence and Findings of the ISDA, p. 8 (Docket No. 930, Att.2) ("Documents prepared by the ISDA are presumed trustworthy under Federal Rule of Evidence 803(8)(C). Defendants cannot show that the preparation of the documents indicates any circumstances of untrustworthiness. As public officials, the court must assume that ISDA investigators performed their duties properly, without motive or interest other than to submit accurate and fair reports.").

Trial Exhibit 41641 is admitted in redacted form.

2.  Trial Exhibit 43514

Trial Exhibit 43514 is a January 17, 2002 ISDA letter from Mike Everett to Rod Thomas of Thomas Helicopters, Inc. The arguments relating to this exhibit are identical to those relating to Trial Exhibit 41641. Therefore, the Court's analysis as to Trial Exhibit 41641 applies equally here. Trial Exhibit 43514 is admitted in redacted form.

3. Trial Exhibit 45576

Trial Exhibit 45576 is the Government's Responses to Plaintiffs' First Set of Interrogatories and Requests for Production of Documents.[1] At Interrogatory No. 8, DuPont requested the Government to "[s]tate whether DuPont or any DuPont consultant or representative was present for or observed all or part of any instance when you or Thomas Helicopters or DeAngelo Brothers applied Oust in Idaho." *See id.*[2] Plaintiffs and the Government raise hearsay objections. The Government also questions the exhibit's relevance (FRE 402 and FRE 403), while also arguing that "responses of a party are not admissible as evidence." *See id.*

There is no outright prohibition against admitting discovery responses as evidence. Indeed, this Court has done so during the course of the trial:

> Q: And this I can represent to you is a response, a sworn verified response by DuPont in this litigation, to a request for documents following up on the statement in this letter that says, "Produce all documents showing that Oust has been successfully used in application of fire-burned lands prior to the Oust applications in Idaho."

---

[1] DuPont appears to request admission of only the Government's "preliminary statement" regarding its previous document production, its response to Interrogatory No. 8, and signature/certification pages. *See* Ex. B to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 3).

[2] The Interrogatory goes on to request the particulars in the event the Government responds affirmatively.

MEMORANDUM DECISION AND ORDER - 5

>           And do you see the response that "DuPont is not aware of
>           any such documents"?
>
> A:       I see that, yes.
>
> Q:       Do you see it says, "DuPont states that Oust was not
>          allowed to be used in such a manner before the Idaho Oust
>          applications at issue in this litigation"; correct?
>
> A:       That's correct.
>
> ABBOTT:  Judge, I'd move for the admission of Exhibit 34573.
>
> COURT:   Any objection? . . . . 34573 will be admitted and published
>          to the jury.

*See* 5/14/09 Tr. 1770:23-1771:20.

Additionally, the Court finds that, as to the Government, it's response to Interrogatory No. 8 is not hearsay under FRE 801(d)(2)(D) because Karl Gebhardt, the individual who certified the Government's discovery responses, is a Government employee (designated as the "Case Manager"), speaking within the scope of his employment. However, this does not resolve the hearsay nature of the document as to the Plaintiffs. FRE 801(d)(2)(D) only applies to statements of a party's agent when they are offered against that party.

Moreover, the documents contain embedded hearsay since they include references to statements made by "BLM personnel," recollections of BLM employee Cindy Fritz, and the contents of "documents already produced." The

statements of the BLM personnel and Cindy Fritz are not hearsay under FRE 801(d)(2)(D).  However, the reference to the contents of other documents is hearsay and inadmissible.

Thus, the answer is wholly inadmissible as to the Plaintiffs and only the statement attributed to BLM personnel and Cindy Fritz is admissible as to the BLM.  This calls into question the relevance of the statement that BLM personnel do not recall any DuPont employees being present at an Oust application site in Idaho and Fritz's statement that John Cantlon came to the site of the "Sid Wing incident" after Mr. Wing had already made a complaint concerning the 1997 Rattlesnake application.  The Plaintiffs have not asserted any claim of negligent supervision against DuPont.  Therefore, DuPont's presence at the site would appear to be wholly irrelevant.

Therefore, Trial Exhibit 45576 is not admitted.

**B.     Set II**

Set II seeks the admission of 17 trial exhibits.  *See* Ex. C to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 4).  Fifteen of those trial exhibits are specifically incorporated within DuPont's July 6, 2009 Motion for Admission of EPA-Related Documents (Docket No. 1288) and, therefore, addressed within the Court's Order relating to same.  Therefore, relevant to the *this* motion, the

MEMORANDUM DECISION AND ORDER - 7

Court speaks to the remaining two trial exhibits: Trial Exhibits 40583 and 40589.

    1.    <u>Trial Exhibit 40583</u>

Trial Exhibit 40583 is a nineteen-page, June 21, 1993 EPA document summarizing "Sulfonylurea Herbicides and Allegations of Drift" and appears to be a duplicate of Trial Exhibit 45903, pages 817-835, addressed in DuPont's July 6, 2009 Motion for Admission of EPA-Related Documents (Docket No. 1288). Because it is a duplicate, the Court will defer to its resolution of Trial Exhibit 45903, pages 817-835.

    2.    <u>Trial Exhibit 40589</u>

Trial Exhibit 40589 is a two-page EPA memorandum from Thomas Dunne to Linda Fisher, addressing "[t]he continuing problem of undetectable residues of drifted herbicides causing non-target crop damage" and appears to be identical in content to Trial Exhibit 45903, pages 636-637, addressed in DuPont's July 6, 2009 Motion for Admission of EPA-Related Documents (Docket No. 1288).[3] Because it is arguably duplicative, the Court will defer to its resolution of Trial Exhibit 45903, pages 636-637.

**C.**     **Set III**

---

[3] Although identical in content, the exhibits contain different letterheads (both relate to the EPA) and Trial Exhibit 45903, pages 636-637, carries a May 31, 1990 date.

Set III seeks the admission of Exhibit 46174 - an alleged FRE 1006 summary of EPA-approved Oust labels. *See* Ex. D to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 5). In the alternative, DuPont seeks to admit the Oust labels themselves, identified as Trial Exhibits 42537, 42540, 42542, 42609, 42689, and 42702. *See id*.

1. Trial Exhibit 46174 and FRE 1006

"The contents of voluminous writings, . . . which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation." *See* Fed. R. Evid. 1006. Among other things, Rule 1006 summaries must be prepared by a witness who is available for cross-examination. *See U.S. v. Green*, 428 F.3d 1131, 1134-35 (8th Cir. 2005) ("Summary evidence is properly admitted when . . . "the witness who prepared the charts is subject to cross-examination with all documents used to prepare the summary." (citing *United States v. Wainright*, 351 F.3d 816, 821 (8th Cir. 2003))).

During trial, DuPont's counsel sought to introduce Trial Exhibit 46174 pursuant to FRE 1006 as a "housekeeping measure." *See* 7/6/09 Tr. 9157:21-9158:5. While Jack Cain was apparently on the stand to lay the necessary foundation when Trial Exhibit 46174 was offered, there is no indication in the record that Mr. Cain actually *prepared* the summary. Therefore, any cross-

examination of Mr. Cain as to Trial Exhibit 46174 would necessarily have been limited. Even if Mr. Cain was the person responsible for keeping all of the accepted versions of the Oust label, he did not prepare the summary at issue here. Cross-examination gives the opponent an opportunity to reveal any inaccuracies or omissions in the summary. *See Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 515, fn. 9 (9th Cir. 1985).

With all this in mind, Trial Exhibit 46174 is not admitted. An examination of the admissibility of the Oust labels themselves is now required.

2. Trial Exhibit 42537

Trial Exhibit 42537 appears to be identical to Joint Trial Exhibit 267, pages 12-16. The Court notes that Joint Trial Exhibit 267 was admitted on May 13, 2009. Therefore, Trial Exhibit 42537 need not be separately admitted now.

3. Trial Exhibit 42540

Trial Exhibit 42540 appears to be identical to Joint Trial Exhibit 267, pages 25-27. The Court notes that Joint Trial Exhibit 267 was admitted on May 13, 2009. Therefore, Trial Exhibit 42540 need not be separately admitted now.

4. Trial Exhibit 42542

Trial Exhibit 42542 appears to be identical to Joint Trial Exhibit 267, pages 33-37. The Court notes that Joint Trial Exhibit 267 was admitted on May 13,

MEMORANDUM DECISION AND ORDER - 10

2009. Therefore, Trial Exhibit 42540 need not be separately admitted now.

     5.     <u>Trial Exhibit 42609</u>

It is difficult to determine whether Trial Exhibit 42609 is identical to any portion of Joint Trial Exhibit 267; a cursory review of Joint Trial Exhibit 267 did not seem to contain the substance of Trial Exhibit 42609. However, the content within Trial Exhibit 42609 appears comparable to that within Joint Trial Exhibit 267, thus suggesting that Trial Exhibit 42609 is indeed authentic and relevant to the Oust label's lineage. Moreover, as DuPont concedes, the labels are not offered for the truth of the statements contained therein, but, rather, "to establish the history of when EPA accepted Oust labels and the content of the labels." *See* Ex. D to DuPont's Renewed Mot. to Admit (Docket No. 1413, Att. 5). Therefore, to the extent not already admitted, Trial Exhibit 42609 will be admitted.

     6.     <u>Trial Exhibit 42689</u>

Trial Exhibit 42689 appears to be identical to Joint Exhibit 267, page 169. The Court notes that Joint Trial Exhibit 267 was admitted on May 13, 2009. Therefore, Trial Exhibit 42689 need not be separately admitted now.

     7.     <u>Trial Exhibit 42702</u>

Trial Exhibit 42702 appears to be identical to Joint Trial Exhibit 267, pages 143-155. The Court notes that Joint Trial Exhibit 267 was admitted on May 13,

2009.  Therefore, Trial Exhibit 42702 need not be separately admitted now.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's Renewed Motion to Admit Documents (Docket No. 1413) is resolved in accordance with the Memorandum Decision above.



DATED:  **August 18, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

MEMORANDUM DECISION AND ORDER - 12