IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | MEMORANDUM DECISION AND ORDER RE: NOTICE OF EXHIBITS THE UNITED STATES INTENDS TO OFFER INTO EVIDENCE AT THE CLOSE OF ITS CASE |
| v. | |
| UNITED STATES OF AMERICA, et al, | (Docket No. 1432) |
| Defendants. | |

## INTRODUCTION

The Court has before it the Notice of Exhibits the United States Intends to Offer into Evidence at the Close of its Case (Docket No. 1432).

## DISCUSSION

The Court previously outlined the prerequisites for admitting exhibits following the close of a party's case-in-chief, commenting:

> Thus, it is critical for the court to examine each of the 13 documents to determine (1) they are authentic under Rule 901, (2) the excerpts to be read are either non-hearsay under rule 801, or, if hearsay, that an exception applies

MEMORANDUM DECISION AND ORDER - 1

> under Rule 803, (3) that the excerpts are relevant under 401; (4) that the declarant has the requisite personal knowledge under Rule 602, (5) that the probative value of the document is not substantially outweighed by the danger of unfair prejudice under Rule 403, and (6) that the presentation of the exhibit without a subscribing witness will not result in some unfairness to the parties or interfere with the ascertainment of the truth under Rules 106 and 611.

*See* 6/25/09 MDO, p. 2 (Docket No. 1234). These same factors will be applied to resolve the admissibility of the 31 exhibits the Government intends to admit here. *See* USA Exhibits Offered into Evidence (Docket No. 1432, Att.2).

### A. Items 1-20: Joint Trial Exhibits

The first twenty exhibits the Government seeks to admit are joint exhibits; as such, there are no stated objections to their respective admissions. *See id.* Therefore Joint Trial Exhibits 18, 138, 142, 163, 168, 174, 191, 192, 194, 262, 263, 269, 288, 294, 334, 335, 357, 695, 785, and 831 are admitted.

### B. Item No. 21: Trial Exhibit 41724

Trial Exhibit 41724 is Dr. Jerome Weber's expert report. During trial, the Court granted both (1) DuPont's Motion to Bar Defendant United States From Introducing Deposition of DuPont Expert Dr. Jerome Weber (Docket No. 1416), and (2) Plaintiffs' Motion in Limine to Exclude Video Deposition Testimony of Dr. Jerome Weber (Docket No. 1418). *See* 8/5/09 MDO (Docket No. 1424). In

other words, Dr. Weber neither testified during trial, nor was his deposition testimony read into the record. Consistent with these rulings, and to avoid any jury confusion surrounding a report from an expert who did not testify, the Court will not admit Trial Exhibit 41724.

## C. Item No. 22: Trial Exhibit 60768

Trial Exhibit 60768 is a collection of photographs depicting "Steve Etherington's herbicide application apparatus." *See* USA Exhibits Offered into Evidence (Docket No. 1432, Att.2). There is no sponsoring witness which necessarily implicates questions concerning the exhibit's relevance and foundation as Plaintiffs' point out. *See id.* Moreover, the Court sees no benefit to the jury in admitting the photographs without any corresponding context whatsoever. With all of these shortcomings in mind, the Court will not admit Trial Exhibit 60768.

## D. Item No. 23: Trial Exhibit 62205

Trial Exhibit 62205 is a one-page document entitled "What is a Label?" Although accompanied by a DuPont Bates Label ("DuPont_0002314") and also a "DuPont Agricultural Products" logo, DuPont challenges the exhibit's foundation and objects under FRE 602 and FRE 802. Without more, DuPont's objections are well-taken. There is no assurance that the exhibit is authentic or that the requisite personal knowledge exists to substantiate its content. Therefore, the Court will not

admit Trial Exhibit 62205.

E.     **Item No. 24: Trial Exhibit 62206**

Trial Exhibit 62206 is a two-page "Addendum to the High Point Fire EFR." *See* USA Exhibits Offered into Evidence (Docket No. 1432, Att.2). Again, this exhibit carries a DuPont Bates Label ("DuPont_0013356") but, beyond that, there is no indication of the exhibit's genesis.[1] Therefore, in addition to questions relating to the exhibit's authenticity, it must also contend with DuPont's and Plaintiffs' hearsay objections. The Government offers no rebuttal. Therefore, the Court will not admit Trial Exhibit 62206.

F.     **Item No. 25: Trial Exhibit 62213**

Trial Exhibit 62213 is a December 11, 2001 "DuPont Crop Protection Discussion of Contribution[,] 2001-Summary Document" from Mr. John D. Cantlon.[2] The Court finds this document authentic under FRE 901 because (1) it appears to be an internal DuPont document and (2) was provided by DuPont during

---

[1] The Court notes under the heading "V. Consultation and Coordination," Mr. John Cantlon is referenced as a DuPont "Vegetation Specialist." However, this is not enough to establish the document's authenticity.

[2] In addition to the first page of the exhibit, Mr. Cantlon's and Mr. John Poulter's electronic signatures exist on the exhibit's final page.

MEMORANDUM DECISION AND ORDER - 4

discovery given the "DuPont_0071891" Bates Label.[3] The Court further finds that it is not hearsay under Rule 801(d)(2)(D) because Mr. Cantlon is a DuPont employee speaking within the scope of his employment during the existence of that employment relationship. He has personal knowledge under Rule 602. While the exhibit's relevance is questionable, it cannot be said that it is altogether incapable of "having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence" under FRE 401. Finally, the Court cannot find that it is unfair or misleading to introduce this document without a supporting witness, and thus finds no barrier to its admissibility. Trial Exhbit 62213 is admitted.

**G.    Item No. 26: Trial Exhibit 62230**

Trial Exhibit 62230 is a February 3, 1982 letter from Mr. James Trexel to

---

[3] The Court notes that the parties have adopted a protocol during the trial of identifying the source of a document by including in the Bates Label, a designation of origin. Thus, documents produced by DuPont contain a Bates Label designation which begins with "DuPont" and documents produced by the BLM include a designation which begins with "BLM." Where disputes have arisen concerning the accuracy of the Bates Label designation of origin, that issue has been submitted to the Court for resolution. The Court has, without objection, consistently relied upon the parties protocol in making evidentiary decisions during the trial. *See, e.g.,* 6/25/09 MDO, p. 2-3 (Docket No. 1234); and 6/28/09 MDO (Docket No. 1238). The Court will therefore rely upon that protocol in resolving the issues raised by the BLM's proffer of exhibits without a sponsoring witness, in the same way that it applied that protocol in resolving Plaintiff's similar proffer.

Mr. Robert Taylor dealing with "DuPont Oust Weed Killer Ground Water Residue Monitoring." The letter responds to the EPA's request for "a field monitoring study of residues in soil and ground water." Only Plaintiffs object to the exhibit's admission, raising relevance and foundation objections. *See* USA Exhibits Offered into Evidence (Docket No. 1432, Att.2). The exhibit satisfies FRE 901 as it was produced by the EPA, as indicated by the Bates Label, it was authored by a DuPont employee, and DuPont offers no objection. The statement is relevant to show DuPont's response to testing requirements mandated by the EPA, relative to Oust. The Court also finds that the exhibit's admission without a supporting witness would not mislead the jury or cause undue prejudice to Plaintiffs. Trial Exhibit 62230 is admitted.

### H.     Items No. 27-31: Trial Exhibits 63381-63385

Trial Exhibits 63381-63385 represent Montana State University Analytical Laboratory Records. The Court has already admitted Trial Exhibit 63381. *See* 8/1/09 MDO (Docket No. 1411). However, the Court previously sustained DuPont's and Plaintiffs' objections to Trial Exhibits 63382, 63383, 63384, and 63385. *See id.* The Government offers no new argument. Therefore, only Trial Exhibit 63381 is admitted; Trial Exhibits 63382, 63383, 63384, and 63385 are not admitted.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED, that the Notice of Exhibits the United States Intends to Offer into Evidence at the Close of its Case (Docket No. 1432) is GRANTED in part and DENIED in part, consistent with the rationale outlined above.



DATED: **August 18, 2009**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge