IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., | Case No. CV-03-49-E-BLW |
| Plaintiffs, | |
| v. | **MEMORANDUM DECISION AND ORDER REGARDING SCHEDULE FOR POST-TRIAL ISSUES** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

## INTRODUCTION

The Court asked for, and received, proposals from the parties regarding how to proceed with the remaining claims. In evaluating these proposals, the Court will assume that the case will proceed as to the remaining 110 or so grower groups. Obviously, if some other result is dictated by the resolution of post-trial motions, the Court will re-visit this evaluation.

## ANALYSIS

DuPont proposes (1) a prompt schedule for resolution of the collateral source issues and post-trial motions, (2) entry of a judgment under Rule 54(b), (3) an appeal on an expedited basis, and (4) a trial date to be set after the Ninth Circuit

**Memorandum Decision and Order - Page 1**

rules on the appeal. DuPont estimates that discovery will take "at least a year or two" given that the claims of over 100 grower groups (containing about 400 plaintiffs) remain to be tried.

The BLM agrees that the appeal should be immediate, but predicts that discovery will take even longer, perhaps up to three years. The plaintiffs propose one trial, followed by one appeal. They estimate that discovery could be completed by November 1, 2010, about 13 months from now.

To evaluate these proposals, the Court contacted the Ninth Circuit Clerk, Molly Dwyer, to get a sense for how long the appeal would take to decide. While offering no guarantees, she estimated that if the parties agreed to an expedited appeal, a decision would likely be issued no more than 18 months from the filing of the notice of appeal. This estimate sounds reasonable for two reasons unique to this case. First, the parties have had the transcripts for some time and do not need to wait for their preparation. Second, the issues have been extensively briefed to this Court, and thus the briefs on appeal are largely written.

This estimate – of an appeal decision in 18 months or less – roughly coincides with the Court's estimate of the time needed for discovery. The Court finds that plaintiffs' estimate of 13 months is too low, given the large number of grower groups. On the other hand, the BLM's estimate of 36 months is too long,

**Memorandum Decision and Order - Page 2**

given that the first trial's findings should focus the inquiry.

Because the appeal and discovery will take roughly the same amount of time, it makes sense to proceed with both, simultaneously. This does not mean that both will end simultaneously. The Court intends that discovery start immediately, but the appeal cannot be filed until the resolution of post-trial matters, which will occur in early February. This scenario means that discovery will be completed by the time the appeal decision is issued. But there should not be a large gap between the close of discovery and the issuance of the appeal decision. Thus, it makes sense to wait the relatively short time to obtain the appeal decision so that its rulings can be incorporated into the second trial.

Accordingly, it is the Court's current intention to begin the second trial immediately after decision on appeal is issued. That will allow the Court to conduct the second trial consistently with the appeal decision. Accordingly, the Court will not set a trial date now, but will proceed on the understanding that (1) an appeal will be filed immediately after the Court issues its decision on the post-trial matters, (2) all parties agree to an expedited appeal, (3) there are no significant delays in the appeal process, and (4) trial will be set very shortly after the appeal decision is issued.

**Memorandum Decision and Order - Page 3**

The Court recognizes the burden on counsel to pursue simultaneously an appeal and discovery, but it is necessary to avoid the alternative – a delay so long as to constitute an injustice. The Court's plan presumes that all parties will agree to an expedited appeal process; the estimate from Molly Dwyer, on which the Court is relying, is based on such an agreement.

If there are delays in the appeal – for whatever reason – the Court will revisit its plan. If the delays are significant, the Court may decide to set trial before the appeal decision is issued.

## SCHEDULE

The Court will hold another conference to set precise dates on various aspects of discovery. But there are some dates that can be set now, specifically the dates for various hearings and the deadlines for resolution of the collateral source issues and post-trial motions. The schedule is set forth below. It sets hearing dates, filing deadlines for collateral source issues and post-trial motions, and the Court's trial date plan.

**Memorandum Decision and Order - Page 4**

**Schedule for *Adams v United States***

| Date | Event |
|---|---|
| **October 6, 2009, at 2:00 p.m. - telephonic hearing to be set up by plaintiffs** | *Hearing*: Hearing to set deadlines for fact and expert discovery, to discuss discovery issues, and put in place a plan for the immediate resumption of discovery. |
| October 23, 2009 | Parties file pre-hearing briefs on collateral source issues. |
| **October 29, 2009, at 9:00 am in the Boise Courthouse – in person.** This hearing will end no later than noon. No post-hearing briefs will be allowed. | *Hearing*: Regarding collateral source issues. |
| November 3, 2009 | Court issues decision on collateral source issues. |
| November 23, 2009 | a.  The BLM and DuPont file post-trial motions.<br>b.  The BLM and Plaintiffs file proposed findings of fact and conclusions of law. |
| December 14, 2009 | a.  Parties file opposition briefs regarding post-trial motions.<br>b.  Parties file briefs in response to proposed findings of fact and conclusions of law. |
| January 12, 2010 | a.  The BLM and DuPont file reply briefs in support of post-trial motions.<br>b.  The BLM and Plaintiffs file responsive briefs in support of proposed findings of fact and conclusions of law. |

**Memorandum Decision and Order - Page 5**

| **January 22, 2010, at 9:00 a.m. in the Boise Courthouse – in person.** | *Hearing*:  Oral argument regarding all pending motions, findings of fact and conclusions of law, and other post-trial issues. |
|---|---|
| Appeal | To be filed immediately after the Court issues a ruling on the post-trial motions, findings and conclusions, and enters Judgment. |
| Trial Date | No trial date to be set now, with the understanding that (1) an appeal will be filed immediately after the Court issues its decision on the post-trial matters, (2) all parties agree to an expedited appeal, (3) there are no significant delays in the appeal process, and (4) that the Court will set the trial very shortly after the appeal decision is issued. |



DATED:  **September 25, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - Page 6**