IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) | Civ. No. 03-0049-E-BLW |
|  | ) |  |
| Plaintiffs, | ) | MEMORANDUM DECISION |
|  | ) | AND ORDER REGARDING |
| v. | ) | DISCOVERY DEADLINES |
|  | ) | AND TRIAL DATE |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
| et al, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**INTRODUCTION**

The Court held a conference with all counsel to determine how to proceed in this litigation, and directed them to file post-hearing briefs.  After considering the arguments of counsel, and the briefing, the Court makes the following decisions concerning the course of this case.

**ANALYSIS**

The Court will not repeat in detail the posture of this case, but will summarize it here in the simplest of terms.  The initial trial in this case resolved the claims of 4 grower groups, leaving about 110 grower groups remaining.  While post-trial motions remain, the need to expedite the resolution of this case – now 6

**Memorandum Decision & Order – page 1**

years old – is so acute that the Court must proceed now to set discovery deadlines and other litigation requirements. The Court has no other choice in this decision than to assume that the first trial resolved liability issues and left only issues regarding damages and specific causation. If that assumption proves wrong when the post-trial motions are resolved, the Court will revisit this schedule.

**Depositions**

Plaintiffs propose limiting depositions to 900 hours, while DuPont seeks to take 456 depositions, which, if lasting the full 7 hours allowed by Rule 30, would extend to 3,192 hours.

Defendants point out that there are about 440 total plaintiffs since each grower group has, on average, four members. However, many of these persons have little knowledge of the farm operations. While a group like the Steve Young operation will require multiple depositions, some groups may require a single deposition, and other groups with minor damages may require none. For most of the groups, a limited number of depositions will suffice.

The defendants argue that additional depositions will be needed of third parties like bankers, accountants, and crop consultants. Many of those depositions were taken in the first trial but never used. Importantly, much of the pertinent information can be obtained from these third parties through document subpoenas.

**Memorandum Decision & Order – page 2**

The need for extensive depositions can also be reduced by requiring plaintiffs' expert Cornelius Hofman to provide his report prior to the depositions. The Court will do so, as discussed further below. Having Hofman's report before the depositions will allow the defense to focus their questions and proceed much more quickly through the depositions.

Moreover, the defendants now know Hofman's methodology from his testimony in the first trial. The issues have been substantially reduced by that trial, and now principally concern damages and specific causation. Accordingly, the depositions should not be unduly long or complicated for most of the grower groups.

It is also important to the Court that the interests of the two defendants are now substantially aligned. This means there will be little need – as there was during discovery for the first trial – for each defendant to spend time on issues only relevant to that defendant. The result will be shorter depositions.

The Court does not find persuasive DuPont's suggestion that the plaintiffs be divided into two groups for discovery. By splitting up the discovery in that manner, the discovery period would be unduly prolonged.

During the trial, the Court allocated a set number of hours to each party. This required each party to set priorities. In the end, it produced a trial that was

**Memorandum Decision & Order – page 3**

both efficient and fair.

The Court has similar authority to set time limits on depositions, pursuant to Rule 26(b)(2)(c).  The Court will do so for the reasons explained above.

The Court finds that a total hour limit of 1600 hours for depositions will give the defendants a fair opportunity to pursue their defenses.  This gives the defendants about 2 days of depositions – 7 hours per day – to depose all witnesses related to each grower group, including third party witnesses like agronomists, bankers, accountants, etc.  Of course, that will be excessive in most cases, and inadequate in others.   However, giving the defendants a total number of hours will allow them to allocate the time among the grower groups as they see fit.  This time limit will force defendants to set priorities on their discovery without unfairly depriving them of a full opportunity for discovery.[1]

**Hofman's Report**

Plaintiffs object to providing Hofman's report prior to the start of discovery on the grounds that (1) Hofman needs to read the depositions before submitting a final report, and (2) the defense experts are not under a similar deadline.

---

[1] The Court does not preclude the possibility of revisiting the total hours allocated for deposition after the process has been undertaken.  However, the Court will only make an adjustment upon a clear showing that the time allotted has created an undue burden or unfairly deprived the parties of the opportunity to prepare for trial.

**Memorandum Decision & Order – page 4**

The first objection can be resolved by allowing Hofman to supplement his report following the depositions.  The latter objection is outweighed by the substantial time-savings that can be realized if Hofman's report is produced early-on, the very benefit plaintiffs seek in their proposed discovery schedule.

Hofman has been working for plaintiffs since 2003, has collected over 1 billion documents on all the grower groups, and has completed an analysis of each. The Court will require that he provide a report on the damages of the remaining grower groups prior to the depositions.  The Court will permit Hofman to supplement his reports, provided that the supplementation is strictly tied to matters revealed in the deposition.

**<u>Additional Written Discovery</u>**

The defendants seek additional written discovery from the plaintiffs.  The Court will require the plaintiffs to supplement their Questionnaire answers prior to the depositions.[2]  The Court will reject, however, the defendant's request for written discovery and initial disclosure material.  The Questionnaire was extensive,

---

[2] DuPont has suggested that it would be appropriate to refine the Questionnaires before they are supplemented, to take advantage of what the parties have learned from the Bellwether Trial.  In other words, some questions may no longer be relevant and others could benefit from clairification.  The Court agrees, in principle, with DuPont's suggestion.  However, any such modifications must be quickly resolved by agreement of the parties or decision of the Court. Additionally, such refinements must not materially add to the Non-bellwether Plaintiffs' burden in supplementing their responses.  Increasing that burden will necessarily result in unacceptable delay in the discovery process.

**Memorandum Decision & Order – page 5**

and the answers already provided, along with the supplementation and Hofman's report will adequately prepare the defendants for the depositions, where they can pursue further inquiry.

**Fact Discovery Deadline**

Given the considerations discussed above, the Court finds that all fact discovery shall be completed within 12 months of the time the Court issues its decision on pending motions in February of 2010.  Accordingly, all fact discovery shall be completed on or before February 25, 2011.

**Expert Discovery Deadline**

The Court finds that expert discovery can be completed within 4 months of the deadline for fact discovery.  Hence, all expert discovery shall be completed on or before June 24, 2011.

**Daubert & Dispositive Motions**

The Court finds that the deadline for any dispositive motions, and motions under *Daubert* challenging experts, should be set for 30 days following the end of expert discovery.  Hence, all dispositive motions, and motions challenging experts, shall be filed on or before July 29, 2011.

**Hearing Date on Daubert & Dispositive Motions**

The Court shall hear all *Daubert* and dispositive motions on August 15,

**Memorandum Decision & Order – page 6**

2011.

**Trial Date**

The Court has been assured by the Clerk's Office that the Ninth Circuit can render a decision about 18 months from the time the appeal is filed. The Court intends to render a decision on all pending issues – from which an appeal can be taken – in February of 2010. Hence, the Court expects an appeal decision sometime around August of 2011.

Assuming the appeal is resolved in this time frame, the Court would intend to await the appeal decision before proceeding to trial. As the Court has already made clear, the Court expects all counsel to agree to expedite the appeal. If there are delays – for whatever reason – the Court may set trial prior to the resolution of the appeal.

Given the Court's intent, any trial date will be tentative. The Court finds, however, that it would assist all the parties for planning purposes to set a trial date now, understanding that it is governed by the considerations set forth above.

In setting the trial date, the Court considers it important that the defendants have had a total of some 55 attorneys working on this case. Plaintiffs have also had a substantial number. Given these resources, the parties have the capacity to adhere to a fast-track schedule. An expedited schedule is necessary to overcome

**Memorandum Decision & Order – page 7**

the long delays in the early part of the case – it is now 6 years old.

For all these reasons, the Court will set trial for September 19, 2011.

**Trial**

At this time, the Court intends that the trial will be a single trial that will resolve all remaining claims.  The Court will leave open at this point the length of the trial, but anticipates that it will last 6 months.

**Conclusion**

In conclusion, the Court sets the following deadlines, based on the discussion above:

| Event | Deadline |
|---|---|
| Fact Discovery Deadline | February 25, 2011 |
| Expert Discovery Deadline | June 24, 2011 |
| *Daubert* & Dispositive Motion Deadline | July 29, 2011 |
| Hearing date on dispositive & *Daubert* motions | August 15, 2011 |
| Trial Date | September 19, 2011 |

In addition, the Court finds:

(1)     That the parties are limited to 1,600 hours of depositions.

(2)     Plaintiffs shall provide Hofman's report prior to the plaintiffs' depositions.

(3)     Plaintiffs shall supplement their Questionnaire answers prior to the

**Memorandum Decision & Order – page 8**

plaintiffs' depositions.

(4)     Defendants' request for additional written discovery of the plaintiffs is

denied.   However, the Court may permit minor refinements to the

questionnaires as discussed above.

(5)     The trial will be a single trial that will resolve all remaining claims.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that this action shall

proceed in the manner set forth above.



DATED:  **October 22, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 9**