IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al, ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, ) | |
| v. ) | MEMORANDUM DECISION |
| ) | AND ORDER |
| UNITED STATES OF AMERICA, et al., ) | |
| Defendants. ) | |

## INTRODUCTION

The Court has before it a number of motions that were filed during the trial and thereafter. Some of these motions have not been expressly ruled upon, while others were resolved in open court without any written decision. This Memorandum Decision and Order is designed to clarify the record concerning these motions.

## ANALYSIS

**Motion to Reconsider NEPA as Evidence of Standard of Care**

The BLM sought reconsideration of the Court's decision to allow the jury to consider NEPA in the standard of care analysis. Ultimately, the Court's instructions to the jury allowed the jury to consider NEPA for a specific limited purpose, essentially resulting in a denial of this motion. To make the record clear, the Court will expressly deny the motion in this Order.

**Memorandum Decision & Order – page 1**

**Motion for Judgment as a Matter of Law on Causation**

The Court issued two written decisions on the claims raised by this motion, largely denying the challenges by defendants, but reserving issues regarding the Hansens' wheat crops for 2001 and 2002.  *See Memorandum Decisions (docket nos. 1436 & 1447).*  Ultimately the Court decided to submit causation questions to the jury on both wheat crops, essentially resolving the reserved portion of this motion.  Recognizing that, the Court denied the motion in open court "subject to renewal post trial." *See Minute Entry (docket no. 1503).*  To make the record clear, the Court will deny the motion in this Order.

**Motion to Reconsider Allowing Recall of Jack Cain**

This motion was denied in open court on July 24, 2009.  *See Minute Entry (docket no. 1377).*  To make the record clear, the Court will deny the motion in this Order.

**Motion to Admit Party Admissions**

This motion was denied in open court on August 19, 2009.  *See Minute Entry (docket no. 1508).*  To make the record clear, the Court will deny the motion in this Order.

**Motion for Judgment as a Matter of Law on FIFRA Misbranding**

This motion was denied along with other Rule 50 motions in open court on August 18, 2009.  *See Minute Entry (docket no. 1503).*  To make the record clear, the Court will deny the motion in this Order.

**Motion to Exclude Applicators from Consideration of Comparative Fault**

By this motion, the plaintiffs sought to preclude the jury from considering the applicators in the comparative fault analysis.  However, the Court's Special Verdict Form did allow the jury to consider the applicators in the comparative fault analysis.  *See Special Verdict (docket no.*

**Memorandum Decision & Order – page 2**

*1516).* Hence this motion was essentially denied, and the Court will expressly deny it here.

**Motion for Extension of Time to Respond to Motion**

On July 30, 2009, during trial in this case, DuPont filed a motion to compel plaintiffs to preserve all plaintiffs' evidence held by third parties or, in the alternative, to allow DuPont to engage in limited discovery of non-bellwethers' evidence held by third parties. DuPont argues that critical evidence held by banks, accountants, applicators, testing labs, and others is typically subject to retention policies that result in document destruction when the retention period has expired. Many documents are being destroyed in this manner, DuPont argues, because so much time has elapsed since the applications. DuPont seeks to impose on plaintiffs a duty to preserve this third-party evidence or, in the alternative, to allow DuPont to begin taking discovery of bank officials and others concerning these documents.

On August 26, 2009, the plaintiffs filed a motion for extension of time to respond to the motion, arguing that it could not be fully resolved until after the Court had ruled on the post-trial motions and set up a scheduling order. Plaintiffs ask that they not be required to file a responsive brief until after the Court rules on post-trial motions. DuPont objects to any extension, pointing out that plaintiffs' response brief was filed late and arguing that evidence needs to be preserved.

The plaintiffs were a few days late in filing their response, but that is excusable given the flurry of documents being filed at that time during the trial. With regard to the time extension, the Court sees no reason to put off briefing on this motion any longer. Hence, the motion will only be granted in part, authorizing the late filing but requiring plaintiffs to file a response on or before January 18, 2010, with DuPont to file a reply brief on or before January 29, 2010.

**Memorandum Decision & Order – page 3**

**Motion to Seal Confidential Trial Exhibits**

DuPont moves to seal 68 exhibits admitted at trial. During discovery, these exhibits had been marked as "confidential," and sealed pursuant to a Pre-Trial Order. The Order stated that if any party wanted to keep the exhibits sealed after trial, that party must petition the Court within 30 days of the trial's end. There is nothing in the Pre-Trial Order purporting to alter the prevailing standard in the Ninth Circuit governing the sealing of trial exhibits.

In determining whether to seal part of the judicial record, the Court "must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Foltz v. State Farm*, 331 F.3d 1122, 1135 (9th Cir. 2003). DuPont has the burden of providing compelling reasons for sealing, and there is a "strong presumption in favor of access. *Id*. at 1135. This presumption applies even to documents that have been sealed pursuant to a protective order. *Id.*

DuPont argues first that plaintiffs have waived any challenge to the motion by failing to object during discovery to DuPont's designation of the documents as confidential. But the Pre-Trial Order requires DuPont to petition the Court to seal any document post-trial, which implies that any other party could object to the petition. Plaintiffs have timely objected to DuPont's petition and thus cannot be deemed to have waived their challenge.

DuPont argues that plaintiffs failed to show that they would be harmed by the sealing. But under *Foltz*, the plaintiffs do not have the burden of proving harm; DuPont has the burden of showing compelling reasons for sealing.

Since its original motion, DuPont has narrowed considerably the documents it seeks to

**Memorandum Decision & Order – page 4**

seal to 10 exhibits. Nine of those exhibits are internal DuPont scientific studies on various aspects of herbicides. These exhibits could be considered to be trade secrets and should be sealed. The tenth exhibit is an internal DuPont e-mail regarding the EPA's labeling decision, and the Court can find no reason to seal that exhibit.

Accordingly, the Court will grant the motion in part, and order that the following exhibits be sealed: 246; 20221; 42809; 42810; 42817; 42819; 42823; 42826; and 42994.

**Motion to Amend Scheduling Order**

The BLM seeks to amend the Scheduling Order to prohibit DuPont from filing any response to the proposed findings and conclusions submitted by the BLM and plaintiffs regarding the BLM's liability and damages. The BLM argues that DuPont has already argued its points during trial, and that the Courts' rulings along with the jury's verdict resolved those issues.

Neither party cites any case-law on point. To bar DuPont from filing a response, the Court would have to hold that no interest of DuPont could be affected in any way by a ruling on the BLM's liability. That might be true, but there is no way to know for sure at this point. That uncertainty warrants allowing DuPont to respond. The motion will therefore be denied.

**Motion to Quash Subpoenas Served on Applicators**

Dupont served subpoenas on applicators DeAngelo Brothers and Thomas Helicopters, requesting documents related to their settlement with plaintiffs. DuPont seeks this discovery to determine whether it is entitled to an offset for any portion of the settlement proceeds received by plaintiffs from the applicators. Plaintiffs have moved to quash the subpoenas.

Idaho law provides that such a settlement does not entitle DuPont to an offset "unless the

**Memorandum Decision & Order – page 5**

release so provides." *See I.C. § 6-805(2)*. It is undisputed that the releases produced in discovery earlier do not so provide. Nevertheless, DuPont suspects that not everything has been produced: "[S]ome agreements may exist that provide for a reduction of plaintiffs' damages award based on the settlement payments the plaintiffs received." *See Dupont Brief* at p. 3. Dupont points out that the release documents that were provided contain no integration clauses, "which obviously allows for the possibility that . . . other writings may exist that contain additional terms of settlement and release." *Id*. at pp. 3-4.

However, plaintiffs have represented unequivocally that no other such writings exist. *See Plaintiffs' Reply Brief* at p. 9. Given the lack of documents, any further pursuit of these subpoenas would be a waste of time and resources, and plaintiffs are therefore entitled to have them quashed.

DuPont argues, however, that plaintiffs lack standing to object to subpoenas issued to third parties. The Court disagrees. Rule 26(c) allows either the third-party or "a party" to file a motion to quash subpoenas. While a party cannot ask for an order solely to protect the interests of another, the party may seek to protect third parties when "it believes that its own interest is jeopardized by discovery sought from [another]." *See* 8 Wright, Miller, and Marcus, *Federal Practice & Procedure*, § 2035 at p. 475 (1994). Here, DuPont seeks material related to agreements between plaintiffs and applicators, and so plaintiffs must necessarily become involved to protect their interests. Accordingly, plaintiffs have standing to object to these subpoenas.

The parties argue over whether discovery is allowed on post-trial matters. Pursuant to the discussion above, this motion can be resolved without determining at this time the allowance

**Memorandum Decision & Order – page 6**

or extent of discovery challenging the jury verdict. Presumably, the issue of post-trial discovery will be fully argued at an upcoming hearing.

For all the reasons expressed above, the Court will grant the motion to quash.

**Conclusion**

By ruling on these motions, the Court is not precluding argument on those issues during the post-trial motion phase of this litigation.

**ORDER**

In accordance with the Memorandum Decision set out above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider NEPA as evidence of the standard of care (docket no. 1222) is DENIED.

IT IS FURTHER ORDERED, that the motion for judgment as a matter of law on causation (docket no. 1246) is DENIED.

IT IS FURTHER ORDERED, that the motion to reconsider allowing the recall of Jack Cain (docket no. 1374) is DENIED.

IT IS FURTHER ORDERED, that the motion to admit party admissions (docket no. 1428) is DENIED.

IT IS FURTHER ORDERED, that the motion for judgment on FIFRA misbranding (docket no. 1474) is DENIED.

IT IS FURTHER ORDERED, that the motion to exclude applicators from consideration of comparative fault (docket no. 1476) is DENIED.

IT IS FURTHER ORDERED, that the motion for extension of time to respond (docket no. 1520) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks

to authorize plaintiffs to file a response brief on or before January 18, 2010, and DuPont to file a reply brief on or before January 29, 2010.  It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion to seal confidential trial exhibits (docket no. 1534) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to have sealed the following trial exhibits:  246; 20221; 42809; 42810; 42817; 42819; 42823; 42826; and 42994.  It is denied in all other respects.

IT IS FURTHER ORDERED, that the motion to amend scheduling order (docket no. 1539) is DENIED.

IT IS FURTHER ORDERED, that the motion to quash (docket no. 1630) is GRANTED.



DATED:  **January 5, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge