IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) |  |
| v. | ) ) ) | MEMORANDUM DECISION AND ORDER |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) |  |
| Defendants. | ) ) |  |

## INTRODUCTION

The Court has before it a number of motions that are still listed as pending on the docket sheet although they were resolved during the trial or at other times. In this decision, the Court will clarify its rulings so that there is a clear record of these resolutions.

## ANALYSIS

### Motion in Limine re Celestine Duncan

With regard to the BLM's motion in limine to exclude Celestine Duncan from testifying about NEPA (docket no. 1375), the Court ruled that it would take up the issue if it arose during her testimony, and it never did. *See Transcript at p.*

**Memorandum Decision & Order – page 1**

*12110.* Accordingly, the Court ruled in open court that the motion was moot. *Id. at p. 16300.*

**Motion to Strike Trial Exhibits**

With regard to the motion to strike trial exhibits (docket no. 1200), the Court granted the motion during trial. *See Transcript at p. 16322.* Accordingly, the motion will be granted.

**Motion to Strike Evidence re DuPont's Offer of Stewardship to the BLM**

The BLM seeks to strike evidence submitted by DuPont that it offered stewardship to the BLM. The BLM objected that DuPont's offer of stewardship came after the BLM made the decision to spray with Oust, rendering the evidence irrelevant. The Court allowed the testimony but instructed the jury that the evidence's only relevance was "to show DuPont's efforts at discharging what it perceived to be its stewardship responsibility," and that the jury was not to consider the evidence to show "knowledge on the part of the BLM since it's at a point in time after the decision was made that's directly at issue in this proceeding." *See Transcript at pp. 8357 & 8360.* Accordingly, relying on this instruction, the Court later ruled in open court that it had denied this motion to strike the testimony. *Id. at p. 16300.*

**Motion in Limine to Regarding Testimony of Carol Mallory-Smith**

**Memorandum Decision & Order – page 2**

Plaintiffs had originally moved to exclude the opinions of BLM expert Dr. Carol Mallory-Smith. The Court rendered an opinion granting that motion in part. *See Memorandum Decision (docket no. 1409).* DuPont responded the next day with its own motion – the motion now before the Court – seeking to correct an inaccuracy in the Court's opinion and to present further argument that Dr. Mallory-Smith's opinions should be excluded.

On the same day that DuPont filed its motion, the Court addressed it in open court, and corrected that part of the decision challenged as inaccurate by DuPont. *See Transcript at pp.13698.* DuPont then conducted a voir dire of Dr. Mallory-Smith and the Court heard further argument on the admissibility of her opinions. Following a break, the BLM agreed to withdraw her opinion in paragraph 4 of her expert report. *Id. at p. 13827.* The Court recognized that agreement, and ruled that it would permit the opinion in paragraph 6, except for the last two sentences. *Id.* Dr. Mallory-Smith then proceeded to testify.

In these proceedings, DuPont's motion was fully resolved. Accordingly, the motion is granted in part and denied in part, consistent with the Court's Memorandum Decision (docket no. 1409) and the Court's rulings during trial set forth above.

**Motion to Bar Plaintiffs From Using Demonstrative Exhibits**

**Memorandum Decision & Order – page 3**

This motion was fully resolved in open court on August 18, 2009. *See Transcript at pp. 16251-16297.* Accordingly, the Court will grant the motion in part and deny it in part, consistent with those trial rulings.

**<u>Motion to Preserve Non-Bellwether Plaintiff Evidence</u>**

DuPont's reply brief states that the motion is now moot, and the Court will so rule. *See Reply Brief (docket no. 1668).*

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that (1) the motion to strike (docket no. 1200) is GRANTED; (2) the motion to strike and exclude testimony regarding stewardship offers (docket no. 1286) is DENIED; (3) the motion in limine to exclude NEPA testimony of Celestine Duncan (docket no. 1375) is DEEMED MOOT; (4) the motion to preserve non-bellwether plaintiff evidence in the custody of third parties (docket no. 1400) is DEEMED MOOT; (5) the motion in limine re testimony of Dr. Carol Mallory-Smith (docket no. 1408) is GRANTED IN PART AND DENIED IN PART consistent with the rulings at trial; and (6) the motion to bar plaintiffs from using demonstrative exhibits and introducing testimony (docket no. 1439) is GRANTED IN PART AND DENIED IN PART consistent with the rulings at trial.

DATED:  **March 23, 2010**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge