IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| TIMM ADAMS, et al, | ) ) ) | Civ. No. 03-0049-E-BLW |
| Plaintiffs, | ) ) | |
| v. | ) ) | MEMORANDUM DECISION |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## INTRODUCTION

The Court has before it DuPont's motion for entry of judgment. Final briefs were received on May 3, 2010, and the motion is now at issue. For the reasons set forth below, the Court will withdraw its prior order granting a new trial on damages, grant the motion for entry of judgment, and enter a separate judgment pursuant to Federal Rule of Civil Procedure 58.

## ANALYSIS

DuPont brings its motion for entry of judgment under Rule 54(b). That Rule authorizes this Court to enter a final judgment on one or more claims, even if other

**Memorandum Decision – page 1**

claims remain unresolved, by certifying that "there is no just reason for delay." There must be multiple claims and at least one must have been adjudicated finally. *See Continental Airlines Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519 (9th Cir. 1987).

This case presents multiple claims, not all of which have been resolved. The bellwether trial resolved only the claims of the four bellwether plaintiffs, leaving the claims of over 100 plaintiffs to be resolved in a trial set for September 19, 2011. Some claims have been adjudicated finally, as the Court has ruled that certain liability and causation issues will have preclusive effect on all plaintiffs. *See Memorandum Decision (docket no. 1047).*

Plaintiffs originally argued, however, that the Court's order granting a new trial on damages precludes a finding that any claim has been finally adjudicated. Plaintiffs cited cases holding that there is no final adjudication for Rule 54(b) purposes when damage issues remain unresolved, even if liability issues have been decided. *See Wolf v. Banco Nacional de Mexico*, *S.A.,* 721 F.2d 660 (9th Cir. 1983).

In its prior decision, the Court affirmed the jury's allocation of responsibility to DuPont of 60%, but found no evidence to support their award on the assumed duty claim. *See Memorandum Decision (docket no. 1680).* The jury had

**Memorandum Decision – page 2**

improperly allocated 25% of the damages to the assumed duty claim (a claim based on post-application conduct), when in fact 100% of the damages awarded were caused by DuPont's pre-application conduct.  The net result of the jury's award and the Court's findings – more fully explained in the decision cited above – was that plaintiffs only received 75% of their total damages, a reduction unsupported by any evidence in the record.  The Court expressed its desire to add back the 25% to make the plaintiffs whole, and to award them the full measure of their damages: $10,699,250 (60% of $17,832,083).  However, the Court concluded that increasing the damages in that manner would constitute an impermissible additur.  Consequently, the Court granted plaintiffs a new trial on damages as against DuPont.

In its Rule 54(b) motion, DuPont urges the Court either to enter a Judgment for 60% of the pre-application damages, or, in the alternative, to enter a Judgment for the full $10,699,250 (60% of $17,832,083).  *See Reply Brief* at p. 8 (docket no. 1685).  This latter alternative, DuPont concludes, would not be an impermissible additur as the Court had suggested.  *Id.*  The plaintiffs and the BLM agree with DuPont's analysis of the additur issue.  *See Sur-Reply Briefs filed April 29, 2010, and May 3, 2010 (docket nos. 1689 & 1691).*

Upon reconsideration, the Court will accept counsels' position that a

**Memorandum Decision – page 3**

Judgment against DuPont consisting of 60% of the total damages would not constitute a impermissible additur. Because the Court's prior decision to grant a new trial to plaintiffs on the issue of damages against DuPont was based on the Court's finding that such an award would be an additur, the Court's reconsideration on that issue warrants withdrawing the decision to grant a new trial on damages. That means that the claims of the Bellwether Plaintiffs have been finally resolved.

Furthermore, the Court finds – as part of its Rule 54(b) analysis – that there is no just reason for delay. An appeal would resolve issues of critical importance to the remaining 110 plaintiffs. Their trial begins on September 9, 2011, and is expected to last about 6 months. If an appeal proceeds immediately, it would be resolved before that trial, and provide important appellate direction. On the other hand, if an appeal must await the end of that trial, the immense efforts of Court and counsel could be wasted if the appeal results in re-trial.

For all these reasons, the Court finds that the requirements of Rule 54(b) are met, and the Court will grant the motion by DuPont. Furthermore, the Court will withdraw its prior decision granting a new trial on damages as against DuPont. The Court will enter a separate Judgment as required by Rule 58.

**Memorandum Decision – page 4**



DATED:  **May 12, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision – page 5**