IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it the BLM's motion to compel production of tax returns. DuPont joins in the motion. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

# ANALYSIS

Early in this litigation, the BLM and DuPont requested income tax returns from all plaintiffs. When the plaintiffs objected, the Court ruled that "federal tax returns are generally relevant and discoverable from the plaintiffs in a damage case such as this." *See Memorandum Decision (Dkt. 463)* at p. 2. While plaintiffs have provided many of the tax returns, the BLM identifies many others that have not been provided. *See Exhibit*

**Memorandum Decision & Order - 1**

*K (Dkt. 1763-12).* Exhibit K shows for each plaintiff the tax returns that have been provided and those that are still missing.

Plaintiffs resist producing the missing tax returns and argue that the BLM and DuPont have failed to make a genuine effort to resolve this discovery dispute as required by Rule 37(a)(1). But the issue was fully discussed in a telephone conference with the Court's law clerk, and it simply appears that no agreement is possible, leaving the matter for the Court to decide.

Plaintiffs argue that the BLM has failed to show why the tax returns are relevant. The Court has already held, as discussed above, that tax returns are generally discoverable. They are likely to include farming revenue, farming costs, and loan interest paid. This information would likely be important in evaluating both Hofman's damage calculations and the plaintiffs' own testimony about their losses. Indeed, it is hard to imagine a single source with a better potential for containing relevant financial data.

Plaintiffs allege that they produced everything Hofman relied upon, including tax returns. However, the plaintiffs have not provided to the Court a list of the returns they produced with Hofman's reports. On the other hand, the BLM has identified, in Exhibit K, the specific returns still missing. Accordingly, the Court will rely on the BLM's list set forth in Exhibit K.

Plaintiffs argue that the motion puts an undue burden on them. Under Rule 26(b)(2)(C)(iii), the Court can limit discovery otherwise allowed if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of

**Memorandum Decision & Order - 2**

the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." While the burden of production is great given rapidly approaching deadlines, the plaintiffs have had a long time – years actually – to produce these records. One of the main sources of information to evaluate Hofman's report and the plaintiffs' own testimony about their losses may be contained in the tax returns so their likely benefit outweighs the burden.

The plaintiffs are concerned about sensitive information in the tax returns and ask for an opportunity to review those returns that must be obtained directly from the IRS before they are turned over to the BLM. The delay that would accompany such a review is unnecessary because a protective order is in place. The Court will deny this request for a review by plaintiffs.

For all of these reasons, the Court will grant the motion to compel the tax returns. In determining the scope of its order, the Court will address a concern it has with some specific examples provided by plaintiffs.

The plaintiffs do identify some plaintiffs (Chuggs, Meireis, and Woodlands) where the years of the requested tax returns do not track with the years of the claimed crop damage. For example, the BLM has requested tax returns for all three couples for 2007 to 2009 even though the Chuggs only seek crop losses for 2000 to 2003, the Meireis for 2000 to 2003, and the Woodlands for 2000 to 2002. The Court's review of Hofman's report for these three couples shows that while he bases his damage calculation on crop activity from 1995 to 2003, he computes no crop losses or damages of any kind beyond

**Memorandum Decision & Order - 3**

2003. Thus, the tax returns for 2007 to 2009 would be too far outside of the claimed damages to be discoverable.

The discoverable tax returns are those that either (1) fall within the years for which a plaintiff seeks damages, including extra interest costs or (2) fall within the years that Hofman relied upon in calculating the plaintiff's losses.

Thus, for the Chuggs, Meireis, and Woodlands, the Court will not compel the production of tax returns for the years 2004 to 2009. According to Exhibit K, these plaintiffs have produced their tax returns for the relevant years, and the only "missing returns" are those falling outside the two categories set up by the Court above. Accordingly, the Court will deny the motion to compel as to the Chuggs, Meireis, and Woodlands.

These were the only examples provided by the plaintiffs. For the remainder of the plaintiffs, the Court will grant the motion to compel in part, compelling the production of all tax returns on Exhibit K that either (1) fall within the years for which a plaintiff seeks damages, including extra interest costs or (2) fall within the years that Hofman relied upon in calculating the plaintiff's losses.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel tax returns (docket no. 1763) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to compel those tax returns listed on Exhibit K as "missing

**Memorandum Decision & Order - 4**

tax returns" for a particular plaintiff that either (1) fall within the years for which that plaintiff seeks damages, including extra interest costs or (2) fall within the years that Hofman relied upon in calculating that plaintiff's losses.  The Government shall modify its Exhibit K accordingly and provide it to plaintiffs to guide their production of the tax returns.  To the degree that certain plaintiffs have not yet identified their loss years, the parties shall work together to determine what tax returns should be produced.  The motion is denied in all other respects, including as it applies to the Chuggs, Meireis, and Woodlands.

    IT IS FURTHER ORDERED, that for any tax returns that are discoverable under this decision and that plaintiffs do not have in their possession, the plaintiffs shall provide a release to allow the BLM to obtain these tax returns directly from the IRS.  The cost of doing so shall be borne by the defendants.

DATED: **December 9, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**