IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 4:CV 03-49-BLW <br><br> **MEMORANDUM DECISION AND ORDER ON DISCOVERY OF LOSS AND NON-LOSS CROPS AND FIELDS** |

## INTRODUCTION

The Court has before it DuPont's motion to compel plaintiffs to provide complete discovery responses and documents. The BLM joins in the motion. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In its motion, DuPont seeks to compel plaintiffs to provide information for fields and crops that plaintiffs farmed but that were not claimed in this suit. The Court will refer to these as non-loss crops and non-loss fields. For example, if a farmer is only seeking recovery for his loss of sugar beets and potatoes, his wheat crop (for which he is claiming no damage) would be a non-loss crop. Similarly, if the farmer is seeking

**Memorandum Decision & Order - 1**

recovery for lost crops only on his fields 1 and 2, his field 3 would be a non-loss field.

DuPont provided a helpful table to focus on the information they seek and do not seek.

| Data on price, yields, etc. for . . . | DuPont Position | Plaintiffs' Position |
|---|---|---|
| Loss Crops on Loss Fields. | Not seeking in this motion. | |
| Loss Crops on Non-Loss Fields. | Is seeking. | Provided in response to Questionnaire No. 53 |
| Non-Loss Crops on Loss Fields. | Is seeking. | Object – not discoverable. |
| Non-Loss Crops on Non-loss Fields. | Is seeking. | Object – not discoverable. |

**Scope of Discovery**

The Court may order the "discovery of any matter relevant to the subject matter involved in the action." *Fed.R.Civ.P. 26(b)(1)*. Relevant evidence is any evidence tending to make the existence of any consequential fact "more probable or less probable than it would be without the evidence." *Federal Rule of Evidence 401*. Although viewed in light of Rule 401, "the question of relevancy is to be more loosely construed at the discovery stage than at the trial . . . ." *See* 8 Wright, Miller, and Marcus, *Federal Practice & Procedure*, § 2008 at p. 125 (2010). That the evidence might be inadmissible does not preclude discovery so long as the request "appears reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P. 26(b)(1)*.

**Memorandum Decision & Order - 2**

**Loss Crops on Non-Loss Fields**

DuPont seeks information on loss crops grown on non-loss fields. Plaintiffs object, claiming that the information is irrelevant and that the request is overly burdensome.

To evaluate the relevance of the request, assume that a farmer grew sugar beets on 3 adjoining fields in a particular year, but only seeks recovery for Oust damage in field 1. Sugar beets are very sensitive to Oust and plaintiffs claim that Oust traveled long distances on wind-borne dust. Evidence that fields 2 and 3 – the non-loss fields – suffered similar reductions in yields and quality would make it more probable that Oust caused the damage on field 1. Conversely, evidence that fields 2 and 3 produced record yields and quality would make it less probable that Oust caused the damage to field 1. Evidence is relevant that makes a consequential fact – here Oust damage on a loss field – more or less probable. Because the results of loss crops grown on non-loss fields makes Oust damage on loss fields more or less probable, the evidence is relevant and discoverable. This point is driven home by the plaintiffs' own use of yields on loss crops from non-loss fields in Cassia County to show probable yields.

While DuPont claims it has not received this information on loss crops on non-loss fields, plaintiffs respond that their answer to Questionnaire No. 53 does "provide information on loss crops grown on non-loss fields . . . and should be complete unless the information simply does not exist." *See Plaintiffs' Brief (Dkt. 1764)* at 17. Questionnaire No. 53 asks each plaintiff to identify the loss crops it grew on non-loss fields. *See Exhibit*

**Memorandum Decision & Order - 3**

*BB (Dkt. 1748-32).* Plaintiffs provide a copy of the Questionnaire for plaintiff Scott Stevenson where Questionnaire No. 53 appears fully answered, and offer it as a representative sample of the remaining plaintiffs' questionnaire answers. The Court will take plaintiffs at their word that they have fully answered this discovery request. Accordingly, the Court will deny the motion to compel information on loss crops on non-loss fields.

**Non-Loss Crops on Loss Fields**

In Questionnaire No. 52, DuPont asks plaintiffs to identify non-loss crops they grew on each loss field from 1993 to 2003. Plaintiffs have objected to answering this question on the ground that it seeks irrelevant information and is too burdensome.

The relevance of the performance of non-loss crops is more attenuated than that of loss crops just discussed. Non-loss crops may react differently to Oust than loss crops, and are treated differently at every stage from sowing to tending to harvesting. Whatever relevancy the evidence has becomes even weaker the farther removed it is from the Oust damage years. Nevertheless, the broad relevancy standard of [Rule 26(b)(1)](), discussed above, may sweep this evidence in. As an example, if all crops – loss and non-loss – failed to thrive in a loss field both before and after the Oust applications, that fact could have some bearing on whether Oust was the cause of the damage in that same field.

This slight relevance must be measured against the "proportionality limitations" set out in [Rule 26(b)(2)(C)](). Discovery otherwise allowed can be limited or barred if it "can be obtained from some other source that is more convenient," *[Rule 26(b)(2)(C)(i)]()*,

**Memorandum Decision & Order - 4**

the party seeking the discovery has "had ample opportunity to obtain the information by discovery in the action," *Rule 26(b)(2)(C)(ii)*, or "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Rule 26(b)(2)(C)(iii)*.

In this case, the burden of producing the information on non-loss crops for loss fields outweighs the slight relevance that the information would have. Except for sugar beets, the plaintiffs have not kept records on a field-by-field basis but only on a crop basis. *See Memorandum Decision (Dkt. 272)* at p. 7. To comply with the present discovery request, plaintiff would have to sift through a huge amount of documents over many years in an attempt to figure out yields of non-loss crops on loss fields. It would be a massive undertaking for relatively little benefit. The Court shall therefore exercise its discretion under Rule 26(b)(2)(C)(iii) to deny the motion to compel as to non-loss crops on loss fields.

## Non-Loss Crops on Non-Loss Fields

The relevancy of the performance of non-loss crops on non-loss fields is even less than that just discussed. And again, the burden of producing the information would be huge. For the same reasons just discussed, the Court will deny this portion of the motion to compel pursuant to

Rule 26(b)(2)(C)(iii).

**ORDER**

**Memorandum Decision & Order - 5**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 1748) is DENIED.

DATED: **December 22, 2010**



_____
Honorable B. Lynn Winmill
Chief U. S. District Judge