UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                Defendants. | Case No. 4:03-CV-049-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE ATTORNEY CLIENT PRIVILEGE & WORK PRODUCT DOCTRINE** |

## INTRODUCTION

The Court has before it DuPont's motion to compel plaintiffs to produce improperly withheld documents. The Court has completed its *in camera* inspection of the documents and will deny the motion for the reasons explained below.

## LEGAL STANDARDS

To establish an attorney client privilege, plaintiffs have the burden of proving each element of the following eight-element test: (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *U.S. v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009). The privilege only protects disclosure of communications; it does not protect disclosure of the

underlying facts by those who communicated with the attorney. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

The work product doctrine, codified in Rule 26(b)(3), protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004). To be protected under this Rule, the documents "must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial, and (2) they must be prepared by or for another party or by or for that other party's representative." *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir.2004).

At the same time, Rule 26 requires a party to disclose in discovery information "considered by" testifying experts. *See* Fed.R.Civ.P. 26. The plaintiffs have retained economist Cornelius Hofman and his firm GEC to provide expert testimony on plaintiffs' damages. All parties agree that if plaintiffs' counsel shared otherwise privileged or protected documents with Hofman and his team at GEC, any protection would be waived to the extent Hofman considered the documents.[1] *See Bro-Tech Corp. v. Thermax, Inc.*, 2008 WL 356928, at *2 (E.D. Pa. 2008), order modified, 2008 WL 724627 (E.D. Pa. 2008) ("[T]he disclosure requirements of Rule 26(a)(2)(B), as amended, concerning

---

[1] Amendments to Rule 26(b)(4) – that went into effect on December 1, 2010 – restrict, but do not eliminate entirely, the discovery of privileged material considered by experts. The amendments still allow discovery of draft reports or attorney-client communications upon a showing of substantial need, and also freely allow discovery of attorney-expert communications concerning (a) compensation, (b) facts or data provided by counsel and considered by the witness in forming opinions, and (c) assumptions provided by counsel and relied upon by the expert.

**Memorandum Decision & Order – page 2**

disclosure of information considered by a party's expert override all claims of attorney-client privilege.").

Finally, a "commonly-used procedural method for determining whether information should be protected or revealed to other parties" is an *in camera* inspection. *[Foltz v. State Farm Mut. Auto. Ins. Co.](#)*, 331 F.3d 1122, 1136 n. 6 (9th Cir.2003) (stating that "we rely in the first instance upon the district court conducting the *in camera* inspection to assess critically the arguments of the party opposing disclosure"). The Court ordered an *in camera* inspection under this authority.

With these standards in mind, the Court turns to a review of the factual background.

## FACTUAL BACKGROUND

The hard copies of the documents at issue stack about a foot high. The plaintiffs prepared a log briefly summarizing the documents and asserting a claim for each document based on either the attorney client privilege or the work product doctrine. The defendants responded by filing the present motion, arguing, among other things, that the log contained insufficient detail to allow them to challenge the claim of privilege and work product.

On December 16, 2010, the Court directed plaintiffs to produce the documents to the Court for an *in camera* inspection. Plaintiffs complied on December 21, 2010, dividing the documents into four categories. The Court has reviewed the documents *in camera*, and this decision is based on that review.

The first category of documents is largely a summary of health insurance payments with no relationship to this case. On their face, these documents are not relevant under [Rule 26](Rule 26) and hence not discoverable. DuPont recognized this and withdrew their request for these documents. The fourth category contained documents that plaintiffs previously produced and hence are no longer at issue. This leaves for resolution the issue whether the documents in categories two and three are protected by the attorney client privilege or the work product doctrine.

The Court will begin its review by summarizing briefly the general subject matter of documents contained in categories two and three. Category two contains documents prepared by plaintiffs' attorneys requesting information from the plaintiffs, principally asking for a detailed damage estimate. The requests appear to be largely made in 2002, before the lawsuit was filed. Category three contains the plaintiffs' responses to the request for a damage estimate. The Court will now turn to a more detailed examination of the documents contained in categories two and three.

**Category Two**

The second category of documents includes correspondence between plaintiffs' counsel at Holland & Hart and their clients, including fee agreements, letters, requests for information, etc. In producing these documents in category two to the Court, plaintiffs' counsel represented that they "were created by plaintiffs' counsel, Holland & Hart, and communicated to plaintiffs." *See December 21, 2010 Letter from Plaintiffs' Counsel* at p. 2. The language of the documents establishes that they were prepared in anticipation of

litigation. These documents are clearly protected by the work product doctrine.

While most documents in category two were easily analyzed, the Court did have some initial questions concerning about 200 pages of documents. *See Daley Inc, 020587-20705.* These are spreadsheets for "Daley Inc." that contain a detailed breakdown of the corporation's income, yields, and crop losses. They were prepared – according to plaintiffs' privilege log – not by plaintiffs' counsel but by an "Undisclosed Expert Witness" on an "unknown" date. *See Exhibit O to Affidavit of Sinclair, Dkt. 1765-17.* The spreadsheets break down "income" and "expenses" into various subcategories, each assigned a number that is identified as a "GEC Class." The undisclosed expert who prepared these documents appears to have had access to Hofman's work on behalf of GEC.

Counsel represents that the Daley documents were prepared by counsel, and we know from the privilege log that they were prepared by an "undisclosed expert witness." To reconcile these statements, the Court assumes that the Daley documents were prepared at counsel's direction by an expert not retained to testify at trial (and hence "undisclosed"), and sent to the client Daley, Inc. If the Court's assumption is incorrect, plaintiffs can so advise the Court. Whether the Daley documents were prepared by counsel, or by an accountant at counsel's direction, they are protected by the work product doctrine because they were prepared in anticipation of trial at counsel's direction. *See U.S. v. Nobles,* 422 U.S. 225, 238-39 (1075) (holding that work product doctrine protects "material prepared by agents for the attorney as well as those prepared by the

attorney himself").[2] Moreover, under both the old and new versions of Rule 26, defendants cannot obtain discovery from experts that are not retained to testify at trial except under narrow circumstances, not shown to be present here.

Despite its initial questions, the Court finds in the final analysis that these 200 Daley documents are protected by the work product doctrine and hence – like the other category two documents – not discoverable.

**Category Three**

The documents in the third category were, according to plaintiffs' counsel, "prepared at our request, sent to us by our clients, reviewed only by us, and not shared with anyone else." *See December 23, 2010 Letter* at p. 2. The Court's review of the documents finds confirming evidence and reveals nothing inconsistent with that representation. For example, scattered throughout this third category are documents addressed to plaintiffs' counsel. The documents appear to have been created by plaintiffs in response to counsel's requests (contained in the category two documents) for initial information to judge the validity of their claims. These documents are protected by the attorney client privilege and the work product doctrine.

There are, however, a few pages of documents within category three that raise questions. These documents are identified as exhibit c through g attached to a letter of plaintiff Wade Povey Farms. The cover letter explains that the attached exhibits

---

[2] Under both the old and new versions of Rule 26, defendants cannot obtain discovery from experts that are not retained to testify at trial except under narrow circumstances. The Court assumes that by identifying the expert as "undisclosed" the plaintiffs' counsel

summarize damages from Oust to Povey Farms for 2001. The first sheet preceding these five exhibits contains a heading "GEC Comments." *See W. Povey 000017*. The next two-and-a-half pages identify Oust-related damages such as extra expenses and lost crops, while the final exhibit lists names of persons who evaluated and confirmed the damage. *See W. Povey 0000018-19*.

While the meaning of the "GEC Comments" page is not clear, it is clear from the cover letter that these documents were sent from a plaintiff to his counsel at Holland & Hart containing the damage estimate requested by counsel. *See W. Povey 000014*. For that reason, the Court finds that the Povey documents are protected by the attorney client privilege and not discoverable. If Povey has also provided documents to Hofman and GEC that were considered by them, those documents will be produced in the discovery associated with Hofman.

DuPont argues that the documents in category three are business records that are not protected or privileged simply because they were sent to counsel. The Court's review shows otherwise. The loss estimates prepared by plaintiffs are not mere records kept in the ordinary course of business, but are rather a direct response to counsel's detailed request for damage estimates. As such, the documents are protected from discovery by the attorney client privilege.

DuPont also asserts that the documents in category three must have been shared with and considered by Hofman, waiving any privilege or protection. DuPont cites the deposition testimony of various plaintiffs that they took all their records to Hofman. But

Memorandum Decision & Order – page 7

plaintiffs' lead counsel has represented that the specific documents in category three were not provided to Hofman or anyone else at GEC, and the Court takes him at his word. If the individual plaintiffs provided the same documents to Hofman, and Hofman considered them, those documents would be discoverable. Indeed, Hofman is producing that discovery on a rolling basis. Prior to each deposition of a particular plaintiff, Hofman produces the documents he considered that relate to that particular plaintiff.

## CONCLUSION

For the reasons expressed above, the Court finds the documents in category two and three to be protected by the attorney client privilege and by the work product doctrine. Accordingly, the Court will deny the motion filed by DuPont to produce improperly withheld documents.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel plaintiffs to produce improperly withheld documents (docket no. 1765) is DENIED.

DATED: **January 4, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge