UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 4-CV-03-49-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it defendant DuPont's motion to compel the plaintiffs to produce standing affidavits. The United States joins in the motion, which is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

DuPont seeks to have each plaintiff submit an affidavit explaining the legal structure of that plaintiff's farming operation, including the ownership of the crops claimed to have been damaged. DuPont argues that some plaintiffs are improperly suing on behalf of legal entities like corporations or are seeking full recovery for crops in which they had only a partial interest. DuPont is not seeking now to dismiss those plaintiffs, but requests the standing affidavits to determine if challenges should be filed. Plaintiffs

**Memorandum Decision & Order- 1**

respond that the preparation of standing affidavits for more than 100 plaintiffs would be overly burdensome when the same information is available in depositions and follow-up discovery.

The defendants' standing challenges described in this motion primarily raise issues of prudential standing, as opposed to constitutional standing. *Elk Grove Unified School Dist. v. Newdow*, 124 S. Ct. 2301 (2004) (holding that prudential standing encompasses, among other things, the general prohibition on a litigant raising another person's legal rights). Prudential standing issues implicate Rule 17, which allows a party to cure some prudential standing defects by adding the real party in interest. *Dunmore v U.S.*, 358 F.3d 1107 (9th Cir. 2004). The lack of standing is typically challenged by motion, and outside of a court order, there is no requirement that plaintiffs file standing affidavits unless in response to a such a motion.

In this case, the Court imposed a requirement on the bellwether plaintiffs to submit standing affidavits showing (1) the legal structure of their farming operation, (2) identifying the fields subject to a crop-sharing agreement, and (3) confirming that every person and entity who had an interest in the crops at issue was joined as a bellwether plaintiff. *See Memorandum Decision, Dkt. 300.* It turned out that none of the bellwether plaintiffs had standing problems so the affidavits were not used by defendants to file any motions challenging their standing.

DuPont now requests similar affidavits from the remaining plaintiffs. DuPont argues that "[t]o properly present a motion to dismiss, DuPont will need specific

**Memorandum Decision & Order- 2**

information regarding the legal structure of each grower group." *See DuPont Reply Brief, Dkt. 1773* at p. 12. At the same time, DuPont argues that it has already collected much of this information in discovery, revealing that "nearly one-third of deposed plaintiffs have standing problems . . . ." *Id.* at p. 4. While this latter argument seems to contradict the former, DuPont concludes that "[i]t would be far more efficient for plaintiffs to attest to facts pertinent to standing *via* affidavit than for plaintiffs to provide the same information in response to interrogatories or, worse, appear at depositions without the pertinent information forcing DuPont and plaintiffs to engage in subsequent correspondence and discovery disputes." *Id.*

The Court required standing affidavits for the bellwether plaintiffs in part because there were only four of them, and the preparation of the affidavits would not be unduly burdensome. Now that the plaintiffs have expanded to more than 100 in number, the burden of preparing the affidavits increases dramatically. It is more efficient to identify potential standing problems in depositions and then focus on those plaintiffs in a follow-up inquiry, the process being followed now. Supporting this is DuPont's own argument, quoted above, that the depositions have revealed standing weaknesses.

DuPont argues that plaintiffs are not cooperating in the discovery following up on standing defects revealed during these depositions. The Court certainly would require cooperation on these matters, but any disputes that arise can be resolved in a discovery conference or by motion.

The parties have submitted argument on the merits of the standing issue. The

**Memorandum Decision & Order- 3**

Court declines to resolve those arguments now because the present motion can be decided without addressing them.

For all of these reasons, the Court will deny DuPont's motion to compel.

### ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel the plaintiff to produce standing affidavits (docket no. 1741) is DENIED.

DATED: **January 20, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge