IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| TIMM ADAMS, et al., | |
|---|---|
| Plaintiffs, | Case No. CV 03-49-E-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

# INTRODUCTION

The Court has before it defendants' motion to extend discovery deadlines; extend expert deadlines; and limit the scope of Hofman's final expert report. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

# ANALYSIS

## Defendants' Proposed Schedule

The defendants seek to extend the fact discovery deadline by four months, from February 25, 2011, to June 24, 2011. Under this revised schedule, the plaintiffs' expert reports would be due on July 25, 2011, a month after discovery closed. The defense would be required to file its expert reports thirty days later – on August 25, 2011 – if the court followed the interval that now exists under the present schedule. But defendants request a longer interval – three months – between plaintiffs' deadline for filing expert

**Memorandum Decision & Order - 1**

reports and their own. This would place the deadline for defense expert reports on October 25, 2011.

For rebuttal expert reports, defendants propose allowing plaintiffs the same interval of four months that exists under the present schedule, making them due February 15, 2012. This will require that the other deadlines – for the close of expert discovery and the filing of dispositive motions, among others – to be pushed out. To accommodate these extensions, the defendants propose moving trial from November 7, 2011, to May 7, 2012.

The reasons defendants advance for those extensions, and the Court's analysis of those reasons, is set out below.

## Fact Discovery

Defendants claim that the fact discovery deadline must be extended because discovery disputes remain unresolved. The defendants point out that they filed motions to compel on many of these issues, and express understandable skepticism that the Court can rule on them quickly. But in fact the Court has decided most of those motions. *See Memorandum Decisions & Orders (Dkts. 1846, 1858 & 1871).*

One of those decisions granted a motion to compel the production of tax returns. The plaintiffs' counsel states that he is diligently working to comply with that order. While the BLM argues that full production will not be accomplished by the discovery deadline, the Court is confident that plaintiffs' production will meet that deadline.

The one significant motion to compel that remains is defendants' motion to compel

**Memorandum Decision & Order - 2**

plaintiffs to supplement discovery, filed on December 23, 2011. The briefing was not yet complete as this decision is being written, and the Court will resolve the motion expeditiously when the briefing is complete. The motion largely seeks additional documents that were identified in depositions. For many of those documents, the plaintiffs have no objection other than that production is burdensome and defendants may already have them in their possession. After a preliminary glance, it appears that at least some of the alleged deficiencies may have been resolved, and the motion as a whole does not raise substantial issues that require a continuance of the discovery deadline.

The defendants also complain about the number of depositions set for February – about 12 – and argue that they leave no time for follow-up. They also point out that while some of these depositions may involve minor claims, at least one – the Wada Farms claim – ranks in the top three claims and another – the Nature's Best Produce claim – raises a novel damage theory. However, defendants have a unique opportunity to prepare for these depositions, as they are receiving Hofman's preliminary expert report on damages for each of these plaintiffs, along with any supplemental discovery responses, about two weeks in advance of each deposition. This schedule worked well for one of the largest claims, that of Steve Young. While Young did identify in his deposition an additional 5,600 e-mails that he had not previously produced, those have now been produced in a searchable format, and Young could be deposed again if those e-mails appear significant.

The Young example points to the solution here. If some follow-up becomes necessary – say, due to the need to inquire about specific matters revealed for the first

**Memorandum Decision & Order - 3**

time at the deposition – the Court would allow a focused and limited discovery after the deadline, upon a showing of its necessity by counsel. Frankly, the Court would expect counsel to agree (without the need for Court intervention) to allow for follow-up if the February depositions contain surprises. This has not been a significant problem with past depositions, and so there is no reason to suspect that it will be such a major problem as to require a general schedule revision.

Holding 12 depositions in February will result in a great deal of work, but is only about 3 more than a normal month and not overly burdensome. At any rate, this appears eminently manageable without revising the discovery deadlines.

**Hofman's Supplemental Expert Report**

Under the present schedule, as discussed above, defendants have 30 days to file their expert reports after the plaintiffs's deadline for filing their expert reports. The defendants seek to extend this interval to 90 days and to limit the scope of Hofman's final report. Primarily, defendants are concerned that Hofman will expound new theories in his final report. The BLM's brief captures well the defendants' argument:

> That deadline itself [the 30-day interval] will present challenges, but given the advance disclosure of Hofman reports, we at least have lead time to meet it. What topples the balance is the belated introduction of new opinions, methodological explanations, and facts . . . . We cannot in one month respond to new theories and explanations while also identifying, evaluating, and addressing changes to the plaintiff-specific reports and updating our 110 responses accordingly.

*BLM Reply Brief (Dkt. 1850)* at p. 5. For these reasons, the defendants seek (1) to require that Hofman's final report be limited to his preliminary reports supplemented only by

**Memorandum Decision & Order - 4**

material directly tied to deposition testimony; and (2) to have 90 days after receiving Hofman's report to file their own expert reports.

In an hearing held on October 6, 2009, the Court heard arguments on the Case Management Order that would govern the discovery prior to the second trial. Plaintiffs' counsel argued that their damage theory was well-known and that a lengthy discovery period would not be needed:

> And, in fact, this is a very simple case from this point forward. It's going to be a repetition of the same symptoms on three 3 particular crops – beets, potatoes and grains – for a limited number of years, and the basis for that claim is in the yield records, which the defendants have had for over three years. They were provided back in the August/October '06 time frame. And then, it's a comparison of those yields, the historical averages which they also have. *Our damage methodology is not going to change. They have that information.*

*See Transcript (Dkt. 1618)* at pp. 11-12 (emphasis added). In large part, the Court agreed with plaintiffs' counsel that the long discovery sought by the defense was not necessary because, as the Court concluded, "the defendants now know Hofman's methodology from his testimony at the first trial." *See Memorandum Decision & Order (Dkt. 1622)* at p. 3. To speed the deposition process, the Court required Hofman to issue a preliminary damage report on each plaintiff prior to that plaintiff's deposition. *See Memorandum Decision & Order (Dkt. 1622)* at p. 3. In countering plaintiffs' concern that Hofman had to read the depositions to fully understand damages, the Court permitted "Hofman to supplement his reports, provided that the supplementation is strictly tied to matters revealed in the deposition." *Id.* at p. 5.

The defendants now seek to limit Hofman to this narrow supplementation.

**Memorandum Decision & Order - 5**

Plaintiffs respond that they "are entitled to have Hofman express opinions beyond his individual economic analyses in the same manner as other experts. Plaintiffs are entitled to have Hofman offer opinions that are not specific to any grower, and that do not alter his damages analysis for any specific grower group." *See Response Brief (Dkt. 1847)* at p. 23. The defense is concerned that these opinions will require more than the 30 days they have to respond.

Hofman's final report is due March 25, 2011. The Court will need to review that report before making any ruling on this issue. The Court's earlier opinion did not preclude Hofman from filing his "global" opinion. Neither did it preclude the defense from making specific challenges to Hofman's final report and seeking additional time to respond based on the contents of that report. The Court will take up those issues after all parties have had a chance to review Hofman's final report.

**Conclusion**

As discussed above, the Court can find no reason to extend the deadline for factual discovery now set for February 25, 2011. With regard to expert discovery deadlines – and the scope of Hofman's final report – the defendants remain free to raise these issues again once Hofman files his final report. At this time, however, the Court finds no justification to continue the expert deadlines or restrict the scope of Hofman's report.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion re discovery

**Memorandum Decision & Order - 6**

issues (docket no. 1842) is DENIED.



DATED: **February 7, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge