IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO COMPEL GROWER MEETING TAPES** |

## INTRODUCTION

The Court has before it DuPont's motion to compel grower meeting tapes. The motion is fully briefed and at issue. For the reasons set forth below, the Court will grant the motion in part, ordering that the tapes be produced for testing, but deny the motion to the extent it seeks fees and costs.

## ANALYSIS

DuPont seeks the original cassette tapes containing recordings of grower meetings. The copies provided by plaintiffs on CD are inaudible in many portions. DuPont wants to have a forensic audiologist, Stuart Allen, make a copy of the original tapes and then attempt to enhance the audio quality of the copy he has made.

The parties engaged in a lengthy informal correspondence over this issue. Eventually, they could not reach agreement, prompting DuPont to file the present motion.

Plaintiffs argue that DuPont never made a request a do testing on the tapes under Rule

34. The Court is not going to require that as a precondition in this case, however. The plaintiffs engaged in lengthy negotiations with DuPont over the testing of the tapes, signaling that an informal resolution might be reached, and never demanding that Rule 34 be followed. With this history, requiring DuPont to now make a Rule 34 request of plaintiffs would be pointless.

Plaintiffs also ask that DuPont justify its need to have Allen copy the tapes. However, the tapes, clearly discoverable, are garbled in portions, creating the need for a forensic audiologist to attempt to make the tapes more understandable. No further justification is needed.

Plaintiffs also seek to (1) obtain all correspondence between Allen and DuPont's counsel, (2) interview Allen and his staff before they start work, (3) obtain Allen's report, and (4) interview Allen's staff after the work is completed. Given that DuPont has not yet determined if Allen will be a testifying witness, there is no authority for these requests. If DuPont decides to call Allen as a witness, all the standard discovery of an expert witness will be allowed.

Finally, plaintiffs are concerned about degradation of the tapes. The Court is convinced, however, that the material provided by Allen, and the protocols set forth in Exhibits K and M attached to DuPont's motion, provide sufficient protections against degradation. It appears that the testing will occur in rigorously controlled conditions by professionals using the highest grade equipment. The original tapes will be copied, not altered, and it will be the copies that will be enhanced by Allen. It also appears that Allen's request for 6 weeks to analyze the tapes is reasonable.

For all these reasons, the Court will grant DuPont's motion. The Court will deny the request for fees and costs.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 1798) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to compel production of the tapes listed in Exhibit N to the Affidavit of Sinclair (docket no. 1798-3) but is denied to the extent it seeks fees and costs.

DATED: **March 8, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge