IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 4:CV 03-49-BLW <br><br> **MEMORANDUM DECISION AND ORDER RE MOTION FOR CLARIFICATION REGARDING RULE 902(11) CERTIFICATIONS** |

## INTRODUCTION

The Court has before it a "motion for clarification regarding Rule 902(11) certifications." The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion on the ground that the BLM certificates fail to specifically identify the documents certified as required by Rule of Evidence 902(11).

## FACTUAL BACKGROUND

The BLM and DuPont seek a ruling from the Court that their records certification meets the authenticity requirements of Rules of Evidence 803(6) and 902(11) so that "no witness will be required to authenticate the document productions to which those certifications relate, or to establish the applicability of the business-records hearsay exception to those documents." *See BLM Brief (Dkt. 1832)* at p. 1. The two defendants have sent about 653 third-party subpoenas and received at least 182 productions of records, with more being received each day. *See DuPont Brief (Dkt. 1833)* at p. 2. The defendants do not rebut plaintiffs' estimate that the

**Memorandum Decision & Order - 1**

documents produced to date contain over 500,000 pages of material. *See Anderson Affidavit (Dkt. 1853-1) at p. 2, ¶ 5.*

To authenticate these documents, the defendants sent a cover letter to each person responsible for producing the documents on behalf of the third party. The cover letter requested that "[i]f you would please sign the attached form, then it will probably not be necessary to call you to testify as a witness in this case to authenticate the documents you have produced." *See Exhibit B to DuPont Joinder (Dkt. 1833).* The attached form was entitled "Certification of Records" and reads as follows:

> I hereby certify that the documents I produced to the United States Department of Justice on or about [date] are accurate and complete copies of all documents then within the possession custody, or control of [entity] which were responsive to the United States Department of Justice subpoenas of [entities or persons], signed by Wagner Jackson. I further certify that these documents were made at or near the time of the occurrence of the matters set forth therein, or from information transmitted from a person with knowledge of those matters, and that these documents were made and kept in the course of regularly conducted activity as a regular practice of [entity]. I declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. [Following this statement is a signature line with the title "Custodian of Records".]

*See BLM Brief (Dkt. 1862) at p. 3.* It appears that defendants have received back about 85 signed forms. *See Anderson Affidavit, supra*, at ¶ 9.

The plaintiffs sent a letter to defendants on September 14, 2010, claiming that the form was not sufficient under Rule 902(11). In response, the defendants brought this motion in December of 2010 seeking "clarification" as to whether the form complied with Rule 902(11).

## ANALYSIS

Rule 902(11) requires that the form be signed by the "custodian or other qualified person." Plaintiffs argue that the defendants' form does not identify the position or

**Memorandum Decision & Order - 2**

responsibilities of the person signing the form. However, immediately beneath the signature line is the title "Custodian of Records." Whoever signs that line implies that he or she has custodial responsibility over the records produced. *See* 31 Wright and Gold, *Federal Practice & Procedure*, § 7138 at p. 228 (2000) (finding compliance with similar provision in Rule 902(4) when custodian's status could be inferred from certificate even if not made explicit). Moreover, by certifying that the documents are true and correct copies of the original and stored in the course of regularly conducted activity, the signor is inferring that he or she is the custodian. *Id*. at p. 233 (custodial status "can even be implied from the mere fact that the certification asserts that the item is a true and correct copy of the original").

More troubling, however, is the certification's failure to specifically identify the documents to which it refers. Instead of specifically identifying the documents produced, the certificate merely refers to "the documents I produced to the [BLM] on or about [date]." There is no way to know what documents were produced on that date without referring to a chart created by the BLM. *See Exhibit B to BLM Reply Brief (Dkt. 1862).* The chart shows, for each third-party who produced documents, the documents produced and the date of the cover letter accompanying the production. *Id*. Viewing the BLM's chart and the custodian's certificate together, the plaintiffs and the Court could figure out the specific documents that each custodian certified as business records.[1] But this cannot be determined from the custodian's certificate alone, and that is the source of the Court's concern.

This can be illustrated by examining the exemplar provided by the BLM with its motion.

---

[1] The Court uses the term "business records" simply as a shorthand to avoid the lengthy phrase used by Rule 902(11), "records kept in the course of regularly conducted activity." Obviously, Rule 902(11) is not confined to "business" records.

**Memorandum Decision & Order - 3**

That certificate is signed by Kelly Olson who is the custodian for the Idaho Barley Commission (IBC). She certifies that the documents she produced on September 15, 2010, in response to the BLM's subpoena, are business records. But she does not specifically list the documents she produced on September 15, 2010. To identify those documents, one must refer to a chart created by the BLM showing that the documents produced by the IBC on September 15, 2010 are Bates-stamped "IBC - 000001 to 86." The chart provided to the Court is not accompanied by an affidavit of its creator, but the BLM states in its briefing that "if necessary, the United States could provide testimony as to the processing of that document [the chart]." *See BLM Reply Brief (Dkt. 1862)* at p. 8. Custodian Kelly Olson does not certify that the BLM's chart is accurate, and her certification does not even mention the BLM's chart.

Thus, to determine which documents are certified, the Court and plaintiffs must rely not only on the certification but also on a separate chart, created by the BLM, that is not attached to the certification and not certified as accurate by the custodian. Rule 901(11) contemplates that the certificate will be a stand-alone document, requiring no reference to a separate document (1) created by a party to the litigation, (2) not attached to the certificate, and (3) not certified as accurate by the custodian. *See generally State v. Huggins*, 659 P.2d 613, 617 (Alaska App.Ct. 1982) (holding under similar rule that certification must "make[] clear, on its face, the documents to which it applies"); *DirectTV v. Reyes*, 2006 WL 533364 at *5 (N.D.Ill. March 1, 2006) (finding Rule 902(11) inapplicable to document that could not be tied to custodian's certificate).

This flaw could be cured by attaching to the certification a list of the documents produced, identified by their Bates-stamp numbers. The custodian must certify that the

**Memorandum Decision & Order - 4**

documents on the attached list were produced in compliance with the subpoena, and are the documents subject to the certification.

The plaintiffs argue that even if the BLM cures the flaw in this manner, the Court should not rule on whether the certifications comply with Rule 902(11) until the BLM attempts to introduce the documents into evidence. This would be the standard practice. *See Rule 902(11)* (stating that a "party intending to offer a record into evidence . . . must provide . . . .").

In this case, however, the sheer size of the litigation warrants streamlining. The certificates provided by the defense comply with the foundational requirements of Rule 902(11) – that is, those requirements outside of the notice and inspection requirements – except for the requirement that the documents be identified specifically by the custodian. If that flaw is cured, the Court will approve the certificates under Rule 902(11) as to the foundational requirements, leaving open the notice and inspection requirements of that Rule. The approval of the certificates under Rule 902(11) will mean that the defense will not have to subpoena custodians to testify at trial to establish the foundational facts set forth in subsections (A), (B), and (C) to Rule 902(11), or the foundational requirements for the hearsay exception contained in Rule 803(6).

Approval will not mean, however, that the documents are admissible, for at least three reasons. First, the plaintiffs retain the right to challenge the foundational facts set forth in the certificates, and also to challenge the notice and inspection requirements of Rule 902(11). *See Advisory Committee Notes* (stating that "[t]he notice requirement in Rule[] 902(11) . . . is intended to give the opponent of the evidence a full opportunity to test the adequacy of the foundation set forth in the declaration"). Second, approval will not affect plaintiffs' right to

argue under Rule 803(6) that "the source of information or the method or circumstances of preparation indicate lack of trustworthiness." Third, the plaintiffs remain free to seek exclusion on the ground that there are additional levels of hearsay in the documents, *see Rule of Evidence 805,* or that the documents violate any other evidentiary rule.

At this time, however, the certificates cannot be approved and so the motion will be denied.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for clarification (docket no. 1832) is DENIED on the ground that the BLM certificates fail to specifically identify the documents certified as required by Rule 902(11).

DATED: **March 11, 2011**



B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Order - 6**