IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 4:CV 03-49-BLW <br><br> **ORDER RE PRIVILEGED LETTER** |

Counsel have presented to the Court, *in camera,* a letter dated June 6, 2001, for a determination of whether the letter is privileged. Counsel also e-mailed the Court their positions, and agreed that the Court could decide the issue without a formal motion or briefing.

DuPont argues that the letter does not contain legal counsel but instead contains advice on the client's business decisions. A letter so written is not privileged. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981). But legal advice on business matters is privileged. *Id.* This is a fine line and often a communication will include both business advice and legal advice on business matters.

The letter here, however, is not dispensing business advice. Instead, it amasses various facts to build a defense against the bank's collection of loans from the client. By providing these facts to the client's attorney, it appears the attempt is to build legal defenses to collection, not dispense business advice. Accordingly, the Court finds the letter dated June 6, 2001 and its

**Order - 1**

attachments to be subject to the attorney client privilege. Counsel for DuPont are ordered to return the letter dated June 6, 2001, and attachments, to plaintiffs and make no use of the letter. Accordingly,

NOW THEREFORE IT IS HEREBY ORDERED, counsel for DuPont are ordered to return the letter dated June 6, 2001, and attachments, to plaintiffs and make no use of the letter.

DATED: **March 15, 2011**

B. LYNN WINMILL
Chief Judge
United States District Court

**Order - 2**