IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| TIMM ADAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No.  4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

## INTRODUCTION

The Court has before it motions to extend the expert disclosure deadlines filed by both defendants. After an expedited briefing schedule, the Court heard oral argument on April 14, 2011, and took the motions under advisement. For the reasons expressed below, the Court will grant the motions in part, giving both defendants an extra 30 days to file reports from certain economic experts, and 21 days to file reports from certain non-economic experts.

## ANALYSIS

DuPont seeks a 30-day continuance as to certain selected experts, and the plaintiffs agree to that continuance. The plaintiffs originally sought their own 30-day continuance to file rebuttal reports, but during oral argument retracted that request and stated that they could live with the existing deadline.

The BLM requested a 60-day continuance or, as an alternative, asked for the same 30-day

continuance granted to DuPont. The plaintiffs object to any continuance being awarded to the BLM.

The Court is unwilling to grant the BLM's 60-day extension request for three reasons. First, it would require a like extension of the trial date. Second, the plaintiffs have been providing expert damage reports on a rolling basis for many months prior to each plaintiff's deposition, and so a 60-day extension is unnecessary. Third, a much shorter extension, discussed below, will grant the defendants the time they need without requiring the changing of other deadlines or impinging unduly on the time plaintiffs need for rebuttal.

Some extension is needed for both defendants to respond to the damage reports covering five plaintiffs that the Court will collectively refer to as the Young and Wada Groups.[1] The damage claims made by the Young and Wada Groups are the largest in the case by a wide margin, and are somewhat different from those of the other plaintiffs. All of this will require some additional time to evaluate. The Court will therefore grant both defendants an additional 30 days to file their responsive expert damage reports on the Young and Wada Groups.

With regard to the non-economic damage reports, the Court finds that while some changes were made by plaintiffs' experts to their testimony in the original bellwether trial, the changes were not substantial and would require an extension of only 21 days.

The Court will also grant DuPont's request that its expert Stuart Allen be granted a 66-day extension to enhance the audio tapes of the grower meetings and provide a transcript. While there was some discussion in the briefing of setting a three-day requirement for DuPont to turn

---

[1] The Young and Wada Groups consist of (1) the Young and Young Group; (2) Nature's Best Produce; (3) Wada Farm Group; (4) the Bannock Creek Group; and (5) Wada Potatoes.

**Memorandum Decision & Order - 2**

over to plaintiffs each item completed by Allen, the parties agreed at oral argument that DuPont would turn over each item immediately upon receipt.

**Conclusion**

The Court will therefore grant the motion to extend in part as follows: (1) extend the time to file expert reports on the Young and Wada Groups to May 25, 2011; (2) extend the time to file expert reports responding to the reports of non-damage experts Shields, Zannetti, Goodwin, Hendrick, Dyer, Gallian, Qualls, Franc, Kleinkopf, Haderlie, and Miller to May 18, 2011; (3) extend the time for Stuart Allen to copy, analyze, enhance, and transcribe the original grower meeting tapes to July 1, 2011.

The Court would also urge the parties to reach agreement on a briefing schedule concerning the issue whether defense experts are constrained by the results of the bellwether trial.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions for extension (docket nos. 1937 & 1938) are GRANTED IN PART AND DENIED IN PART. They are granted to the extent they seek to (1) extend the time to file expert reports on the Young and Wada Groups to May 25, 2011; (2) extend the time to file expert reports responding to the reports of non-damage experts Shields, Zannetti, Goodwin, Hendrick, Dyer, Gallian, Qualls, Franc, Kleinkopf, Haderlie, and Miller to May 18, 2011; (3) extend the time for Stuart Allen to copy, analyze, enhance, and transcribe the original grower meeting tapes to July 1, 2011. The motions are denied in all other respects.

**Memorandum Decision & Order - 3**



DATED: **April 15, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**