IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to compel filed by plaintiffs. After a mediation session proved unsuccessful, the Court ordered expedited briefing that has now been received. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

In their motion to compel, plaintiffs object to a joint expert report filed by the BLM. The plaintiffs argue that the Federal Rules do not contemplate two experts signing a single report that does not explain their division of labor or their reliance on each other. Plaintiffs seek to compel the BLM to disclose which expert holds which opinion.

The two experts are Christopher C. Barry and Lawrence F. Ranallo, both employed by PricewaterhouseCoopers. Their joint report addresses the plaintiffs' damage claims, and consists of a main report of 105 pages in length, and individual

reports (over a hundred in number) on each individual grower of about 20 to 50 pages each. Each individual report is supported by detailed spreadsheets. The main report, the individual reports, and the supporting materials together are thousands of pages in length, and each report is signed by both experts. Their depositions are set for June 20, 2011.

Barry and Ranallo worked as a team and divided up the work of analyzing plaintiffs' damages. *See BLM Brief (Dkt. 1966) at pp. 2, 3.* While these experts reached the same opinions, they arrived at their conclusions by working on different aspects of the damages issues. The BLM has not, however, disclosed the division of labor, *i.e.*, which expert studied which area.

Because the reports and supporting documentation do not reveal this division of labor, the reports are incomplete. *See Fed.R.Civ.P. 26(A)(2)(B) ("[t]he report must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them").* While the Rule contains no bar to filing a joint report signed by two experts, the Rule does require that the report contain the "basis and reasons for" each expert's opinions. When two experts work as a team and divide up the work, the report must reveal this division of labor.

However, the full "basis and reason" for an opinion is not revealed simply upon disclosing the division of labor. To know that Barry worked on a certain aspect of damages is part of the answer but leaves unanswered how Barry relied on Ranallo's work on other aspects of damages. Obviously, since they were working as a team, Barry relied on Ranallo to fill in some gaps (and vice-versa). However, the joint report does not

**Memorandum Decision & Order - 2**

disclose this reliance. While both experts hold the same ultimate opinions, they arrived at those opinions by different paths because they divided up the work. Neither did all the work and so each is relying to some degree on the work done by his partner. An expert may base an opinion in part on the work of another, but must fully disclose that reliance in the Rule 26 report.

Thus, to comply with the "basis and reason" requirement of Rule 26(A)(2)(B), the BLM must reveal (1) how Barry and Ranallo divided their work, and (2) how each relied on the other in arriving at his opinions. Consequently, the Court will grant plaintiffs' motion to compel.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to compel (docket no. 1962) is GRANTED.

IT IS FURTHER ORDERED, that on or before June 13, 2011, the BLM shall disclose (1) how Barry and Ranallo divided their work, and (2) how each relied on the other in arriving at his opinions.

DATED: **May 29, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 3**