IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiffs have filed a motion for enlargement of time and to clarify the manner in which they are to respond to defendants' motions for summary judgment. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part, extending plaintiffs' time to answer the initial round of motions, but deny the motion to the extent it seeks to impose on defendants a new method for filing dispositive motions.

## ANALYSIS

Plaintiffs allege that DuPont's method of filing separate motions for each plaintiff is overly burdensome, and they recommend filing motions by issue rather than by plaintiff. DuPont and the BLM object, asserting that they have collected their legal arguments in a single brief, and are entitled to an individualized examination of each plaintiffs' claim. To resolve this dispute, the Court will first examine DuPont's method for filing these motions.

DuPont began by filing an "Omnibus Memorandum" that discussed the ten legal

**Memorandum Decision & Order - 1**

standards that applied to each plaintiff's claim: (1) the general standard for granting summary judgment, (2) limitations on recovery imposed by percentage rent agreements, (3) lack of standing to assert claims belonging to business entities; (4) failure to disclose claims in bankruptcy; (5) spoliation of evidence; (6) fraud; (7) the so-called "assumed duty of stewardship"; (8) the requirement that claims for special damages such as lost future profits be specifically pleaded; (9) limitations on the recovery of purely economic damages under the economic loss rule; and (10) specific causation and damages.

Then, in a series of separate supporting memoranda – one for each plaintiff – DuPont applied those legal principles to each plaintiff's claims and identified those claims that should be dismissed on summary judgment. DuPont is filing these individual memoranda on a rolling basis. For example, on April 1, 2011, DuPont filed 20 of these individual memoranda covering 20 plaintiffs. Each memoranda was about 5 to 7 pages in length, and was accompanied by the exhibits relating to that particular plaintiff. The number of exhibits filed for each plaintiff varied, but averaged about 40 pages of material. About 4 weeks later, on April 27, 2011, DuPont filed another batch of 20 memoranda, covering another group of 20 plaintiffs.

Plaintiffs propose reducing the number of summary judgment motions to nine motions based upon the nine legal challenges listed by DuPont in its "Omnibus Motion." Plaintiffs concede that even with just nine motions, the facts of each of their claims must be taken into account in the Court's rulings, but argue that proceeding on an issue-by-issue basis will be more efficient. Plaintiffs are not asking DuPont to re-file its motions, but only to identify (1) all plaintiffs subject to each of its legal challenges and (2) the facts related to those plaintiffs before plaintiffs are required to respond.

**Memorandum Decision & Order - 2**

At times in this litigation, the grouping of issues and/or parties streamlined the process without sacrificing defendants' right to challenge each plaintiff's claims. Here, however, there is no way around examining each plaintiff's circumstance. It may be that certain legal rulings by the Court will apply to a number of plaintiffs but the Court will nevertheless need to examine each plaintiffs' circumstance to identify which plaintiffs are governed by that ruling. The method used by DuPont to file its motions gives the Court easy access to each plaintiff's individual circumstances. Accordingly, the Court will deny plaintiffs' motion to require DuPont to file just nine dispositive motions.

The Court will grant plaintiffs' motion for additional time to respond to the "Omnibus Motion" and the first twenty motions, and will set a deadline for plaintiffs' response for July 22, 2011. Plaintiff also joins in plaintiff Roger Jones' request for an indefinite extension pending the resolution of Jones' motion to withdraw. The Court will reserve ruling on that motion for extension at this time, and will attempt to resolve the motion to withdraw expeditiously.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for enlargement of time and to clarify (docket no. 1947) is GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART. It is granted to the extent it seeks to enlarge the time to respond to the "Omnibus Motion" and first twenty motions for summary judgment (docket no. 1931) to July 22, 2011. It is denied to the extent it seeks to impose on DuPont a new method of filing dispositive motions. It is reserved to the extent it relates to plaintiff Roger Jones.



DATED:  **June 22, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge