IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>        Defendants. | Case No.  4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE DR. DUFT & CORNELIUS HOFMAN** |

## INTRODUCTION

The Court has before it two discovery disputes.  The first involves Dr. Ken Duft and the second involves Cornelius Hofman.

**<u>Dr. Duft</u>**

The parties have a dispute over the production of certain materials by Dr. Ken Duft, an expert retained by DuPont.  After an attempt to mediate the dispute with the Court's staff failed, the parties submitted short letters with exhibits to the Court.  The need for a quick resolution warranted foregoing the formal motion and briefing procedure.

Dr. Duft was retained by DuPont to analyze the damage claim of plaintiff Nature's Best Produce.  Excerpts from his Rule 26 report have been provided to the Court.  Plaintiffs have alleged, without rebuttal, that the bibliography Dr. Duft attached to his report – containing a list of the documents he "relied upon or considered" in his analysis – identifies over 50,000 documents.   The report itself, however, renders many opinions on the basis of an unspecified

**Memorandum Decision & Order - 1**

"record" without citing any of the specific documents listed in the bibliography. The following examples are illustrative: (1) "*the records* suggest profit levels of less than $.40/CWT as characteristic of the industry;" (2) "[a]s shown in *the record*, this disparity between [Nature's Best] performance and the industry norm was also evident during 2002;" (3) "[*t*]*he record* also suggests that [Nature's Best] began with fixed packing charges, but later changed that policy to reflect variations in packing costs;" and (4) "*the documents* do suggest that potato tonnage from 'outside' growers was being delivered to [Nature's Best], particularly during the earlier periods of is operation . . . ." (emphasis added). Dr. Duft never identifies the specific "records" or "documents" he relies upon, implying only that they exist somewhere in his vast bibliography.

At his deposition, Dr. Duft testified that in rendering his opinions, he relied heavily on a subset of documents from his bibliography. He testified that he created about 20 sub-files containing specific documents that were "coded" or linked to certain opinions he rendered in his report. But when asked to identify these specific documents on which he relied, and to link them to specific opinions he rendered, he replied that he did not have the material with him and could not recall it from memory. When plaintiffs asked DuPont to supplement the expert report to identify the specific documents Dr. Duft referred to in his deposition to support his opinions, DuPont refused.

Rule 26(a)(2)(B)(ii) requires that the expert's report contain "the facts or data considered by the witness in forming [his opinions]." When the expert is relying on specific records or documents to render certain opinions, this Rule requires that the expert identify those specific records or documents. Without that identification, the opposing party has no way of testing the accuracy and reliability of the opinions. Here, Dr. Duft testified that he relied on a certain sub-

**Memorandum Decision & Order - 2**

set of documents taken from his bibliography to reach certain opinions, yet he has never identified those documents. He is required to identify them, and the Court will so order.

**Hofman Subpoena**

The BLM served a subpoena on plaintiffs' expert Cornelius Hofman seeking a wide variety of material, including, among other things, prior articles, transcripts of testimony over the last decade, and notes Hofman took during depositions of the BLM's experts. The plaintiffs refused to comply with the subpoena, arguing that the material sought was not discoverable under Rule 26. Plaintiffs assert that if subpoenas are allowed to govern expert discovery, Rule 45 will swallow Rule 26, and the Rule 26 standards would cease to exist.

After the parties had submitted their argument to the Court, and after the parties took Hofman's deposition, the BLM's counsel wrote an e-mail to the Court stating that "it appears much of the material sought in our subpoena have been destroyed or otherwise do not exist. At this time, we do not see the need to further pursue the particular items requested in the subpoena, without waiver of our right to do so in the future."

Because it appears that the issue regarding Hofman's subpoena is no longer a live controversy, the Court will not render a decision on the issue at this time.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont produce to plaintiffs the 20 or so sub-files of documents created by Dr. Duft that he used to "code" or link his opinions in his Rule 26 Report to the Bibliography attached to that report.



DATED: **August 26, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**