IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 4:CV 03-49-BLW <br><br> **MEMORANDUM DECISION AND ORDER RE SPOLIATION OF EVIDENCE ON HISAW CLAIM** |

## INTRODUCTION

The Court has before it motions to dismiss filed by both defendants. They seek to dismiss the claims of plaintiff Charles Hisaw on the ground that he destroyed evidence after knowing that this lawsuit was filed. The motions are fully briefed and at issue. For the reasons expressed below, the Court will deny the motions.

## FACTUAL BACKGROUND

Plaintiff Hisaw has a crop damage claim for 360 acres of safflower in 2000 and 660 acres of barley in 2001. He also has a claim for his inability to rent out his land and sugar beet shares in 2002, and for ultimately being forced to sell his farm at a reduced price due to Oust contamination.

The last year Hisaw planted crops was 2002. After the 2002 crop year, Hisaw claims the banks cut off his financing, causing him to stop farming and move to Montana.

**Memorandum Decision & Order - 1**

*See Hisaw Affidavit (Dkt. 1857-2)* at ¶ 4. During that move, he transported about "25 boxes" of "farming records" to Montana in a 30-foot semi-trailer. *Id*. at ¶ 5-6.

During the trip, the boxes "tipped over and many records spilled into a pile on the floor of the trailer." *Id*. at ¶ 8. He made no attempt to reorganize the records, *id*. at ¶ 8, and simply "left them in there for quite a few years." *Hisaw Deposition* at p. 107.

Later, when he was preparing the trailer for sale, he "discovered that the trailer had leaked [and] the documents had become wet, and they were moldy, stuck together, and at least partially illegible." *Id*. at ¶ 9. He "did not believe [the documents] had any significance to this litigation" and thus took them to a landfill and disposed of them. *Id*. At the time he dumped the documents in the landfill, he was aware that this lawsuit had been filed and that his crop damage allegations were part of this lawsuit. *See Hisaw Deposition* at p. 108.

In his affidavit, Hisaw states that the documents he placed in the trailer, and dumped in the landfill, "were older records dating from about 1969 through the 1980s," and that his "more recent farming records" were transported in his pickup truck. *Id*. at ¶ 7. He retained these more recent records and produced them in this litigation. *Id*. at ¶ 10.

Hisaw did not make this distinction in his deposition testimony, where he testified at one point that with regard to the documents in the trailer, "all my paperwork was in there." *See Hisaw Deposition* at p. 54. At another point in his deposition he testified similarly that the trailer contained "one huge pile of everything for 35 years of farming."

**Memorandum Decision & Order - 2**

*Id*. at p. 107.

Plaintiffs' counsel characterizes Hisaw's deposition testimony as a "mistake" because he failed to recall that he had produced records in this litigation in 2005, and so could not have had all his records in the trailer. *See Plaintiffs' Response Brief (Dkt. 1857)* at p. 6. The Court agrees. The record shows that Hisaw produced over 1,000 pages of farm records and tax records during discovery, and so all his records were obviously not in the "wet mess" of trailer documents dumped in the landfill.

Nevertheless, the fact remains that Hisaw disposed of some of his farm records after knowing that this lawsuit – containing his claims – had been filed. As a sanction for this conduct, the defendants seek dismissal of Hisaw's claims.

## ANALYSIS

Dismissal is an available sanction when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings" because "courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Leon v. IDX Systems Corp*., 464 F.3d 951, 958 (9th Cir. 2006). The Circuit has described the sanction of dismissal as "harsh" and requires the district courts to consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id*. The defendants bear the burden of producing

**Memorandum Decision & Order - 3**

evidence suggesting that the destroyed evidence was relevant to their claims and would have been used at trial if not destroyed. *See Arizona v. Youngblood*, 488 U.S. 51, 58 (1988).

The defendants assert that "Hisaw confirmed under oath that he destroyed documents regarding crop symptoms, renting sugar beet shares, renting his farm, and selling his farm." *See Reply Brief (Dkt. 1864)* at p. 1. Hisaw did say his rental agreements, written leases, and alternative versions of the sales brochure for his farm had all been destroyed in the trailer dump. *See Hisaw Deposition (Dkt. 1864-1)* at pp. 54, 107. But with regard to crop symptoms, he did not testify that he disposed of his documentation – instead, he testified that he cannot recall if he documented the symptoms, and that he would "just have to go through my records and dig through all of them to see." *See Hisaw Deposition (Dkt. 1864-1)* at p. 21. Hisaw recalls that the destroyed documents were dated from 1969 through the 1980s; documents from that era would not have discussed crop symptoms in 2000 and 2001, the years of Hisaw's damage claims in this case. Moreover, defense counsel did not ask Hisaw any questions in his deposition about whether the documents destroyed in the trailer dump included any documents relevant to the crop damage claims in 2000 and 2001.

Given this, the Court refuses to dismiss Hisaw's crop damage claims for 2000 and 2001 on spoliation grounds. The defendants have not carried their burden of showing that Hisaw destroyed documents relevant to his crop damage claims in 2000 and 2001.

The Court further refuses to dismiss on spoliation grounds Hisaw's claim that he

**Memorandum Decision & Order - 4**

was forced to sell his farm at a reduced price due to Oust contamination. At most, the evidence shows that Hisaw destroyed an alternative version of a sales brochure after knowing the lawsuit was filed. Hisaw did produce one version of the brochure. The defendants have not demonstrated the importance of the destruction of other versions, and this would be an issue that could be adequately covered in cross examination.

Finally, the Court must determine whether to dismiss on spoliation grounds Hisaw's claim that he was unable to rent out his land and sugar beet shares in 2002. While Hisaw testified in his deposition that he destroyed his lease agreements, he did produce two lease agreements – for 1996 and 1998 – in discovery according to the index he provided. *See Index (Dkt. 1857-1).* It appears from the deposition that Hisaw started leasing his farm in 1994. But the deposition excerpts provided to the Court show no follow-up by defense counsel asking how many lease or rental agreements Hisaw had over the years, and so the Court has no way to even estimate how many were destroyed.

Given these circumstances, the Court finds that dismissal is too harsh a sanction when the *Leon* factors are examined. The defendants have not carried their burden of showing sufficient prejudice to warrant upsetting the public policy favoring disposition of cases on their merits. The defendants may cross-examine Hisaw on this topic, but the Court will not grant the request to dismiss the claims.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motions to dismiss

**Memorandum Decision & Order - 5**

(docket nos. 1834 & 1841) are DENIED.



DATED:  **September 7, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 6**