IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO CLARIFY DECISION ON TAX RETURNS** |

## INTRODUCTION

The Court has before it a motion to clarify filed by the BLM. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

## ANALYSIS

In an earlier decision, the Court granted in large part the BLM's motion to compel tax returns. *See Memorandum Decision (Dkt. 1837)*. The Court ordered plaintiffs to turn over tax returns "for a particular plaintiff that either (1) fall within the years for which that plaintiff seeks damages, including extra interest costs or (2) fall within the years that Hofman relied upon in calculating that plaintiff's losses." *Id.* at p. 5.

Subsequently, the BLM identified the missing tax returns on an exhibit, referred to here as Exhibit C. *See Exhibit C (Dkt. 1846-3)*. Plaintiffs executed releases so that the BLM could obtain the missing returns identified on Exhibit C from the IRS. The BLM is

**Memorandum Decision & Order - 1**

concerned, however, that the IRS may not have some of the requested tax returns listed on Exhibit C because the returns are older and may have been routinely destroyed or are otherwise unavailable. The BLM's concern is theoretical because at the time of the BLM's motion and briefing, it did not know how many of the tax returns would be missing from IRS files. On the basis of this hypothetical concern, the BLM seeks an order directing plaintiffs to produce the tax returns on Exhibit C held by their accountants and other third parties.

As the Court held earlier, the plaintiffs' tax returns for the loss years, and for the years that Hofman relied upon in calculating damages, are discoverable. The plaintiffs' obligation is to produce the tax returns, not just sign waivers allowing the BLM to collect returns from the IRS. When the plaintiffs claimed it would be an undue burden for them to produce the returns, the Court rejected the argument due to the significant relevance that the tax returns have to this case.

It appears, however, that plaintiffs have produced all they have, and that the dispute now is over whether plaintiffs must track down and produce the tax returns held by third parties such as accountants and banks. The BLM's list of missing tax returns in Exhibit C is substantial, running to 10 pages of small type. Obviously, the BLM has since obtained many of the tax returns listed on Exhibit C through the IRS's production. The BLM was also pursuing third-party subpoenas specifically directed to certain third-parties identified by plaintiffs as possibly having plaintiffs' tax returns. Between the IRS's production and the targeted third-party subpoenas, the BLM must have obtained

many of the missing tax returns listed on Exhibit C. However, there is no revised list of the tax returns that remain missing.

To require plaintiffs to demand of third parties that they search for and produce the tax returns listed on Exhibit C would be a lengthy and expensive effort to produce documents that in large part have probably already been produced. The Court will not require such a duplication of work, and will therefore deny the BLM's motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to clarify (docket no. 1845) is DENIED.

DATED: **September 7, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge