IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No.  4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION FOR SUMMARY JUDGMENT ON FRAUD CLAIMS (DKT. 1797)** |

## INTRODUCTION

The Court has before it DuPont's motion for summary judgment. The motion is fully briefed and at issue. For the reasons set forth below, the Court will deny the motion.

## ANALYSIS

DuPont seeks summary judgment on plaintiffs' fraud claims. DuPont points to specific testimony of ten plaintiffs that they did not hear any of the alleged misleading representations by DuPont officials and did not rely on any of them. DuPont asserts that these ten plaintiffs are representative of all the remaining plaintiffs, and that all the fraud claims should be dismissed because the critical element of reliance is missing.

The plaintiffs agree that the ten plaintiffs singled out by DuPont have no fraud claim, but assert that these ten are not representative of the remaining plaintiffs. The parties then argue over who has the burden of coming forward with the evidence on the remaining plaintiffs.

Every plaintiff has now been deposed on the fraud issue, and so the record contains

**Memorandum Decision & Order - 1**

evidence regarding the reliance – or lack thereof – for each plaintiff.  Regardless of who identifies the testimony, the Court will want to examine it for each plaintiff before determining whether any particular claim should be dismissed.  Under these circumstances, the Court is not going to dismiss any claim without examining the deposition testimony.

DuPont recognized this possibility and has filed separate motions for summary judgment that do just that – identify the deposition testimony for each plaintiff and point out why it is insufficient to establish fraud.  The Court will take those motions up at a later point, and nothing contained in this decision establishes any precedent for those motions.  Because those motions deal specifically with each plaintiff, and the present motion does not, the Court will deny in large part the present motion, granting it only as to the ten plaintiffs that both sides agree have no fraud claims.

## ORDER

In accordance with the Memorandum Decision set forth above

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for summary judgment (docket no. 1797) is GRANTED IN PART AND DENIED IN PART.  It is granted to the extent it seeks to dismiss the fraud claims under Count XV of the complaint as to the following plaintiffs:  (1) Timm Adams, (2) Mark Neilson, (3) Max Fife, (4) Jim Tiede, (5) Boyd Bingham, (6) Miles Rowe, (7) Spencer Maughan, (8) Ron Bartholoma, (9) Sherril Stallings, and (10) Rick Bauer.  The motion is denied in all other respects.

      DATED:  **September 7, 2011**


_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 3**