IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No.  4:CV 03-49-BLW <br><br> **MEMORANDUM DECISION AND ORDER RE DUPONT'S MOTION TO COMPEL SUPPLEMENTAL DISCOVERY** |

## INTRODUCTION

The Court has before it DuPont's motion to compel supplemental discovery. The BLM joins in this motion. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant in part and deny in part the motion.

## ANALYSIS

### Issues Resolved

Some of the matters raised in the briefing have been resolved. For example, the motion and decisions of this Court were filed close in time, and so issues raised in the opening brief regarding non-loss crops and the Schritter documents have been resolved by the Court. *See Memorandum Decisions (Dkts. 1846 & 1858).* In addition, the plaintiffs have provided (1) the location of Spencer Maughan's fields, and (2) the Chris Wride pay stubs. Plaintiffs have also now made it clear that the Chris Wride ledgers do not exist.

Memorandum Decision & Order - 1

Those issues are settled and need not be resolved here.

**Brad Rogers' Mitigation Cost Worksheet**

DuPont argues that a mitigation cost worksheet prepared by plaintiff Brad Rogers is discoverable because Rogers testified at his deposition that he discussed the worksheet with plaintiffs' damages expert Cornelius Hofman as Hofman was preparing an estimate of Rogers' damages. The deposition citation originally provided by DuPont did not support this argument, and plaintiffs argued that in the absence of evidence that Rogers discussed the worksheet with Hofman, it was privileged because it was prepared at counsels' request. However, DuPont has since provided another citation that does show that Rogers discussed this worksheet with Hofman as they discussed Rogers' damages. *See Rogers Deposition* at pp. 84-85. It thus appears that Hofman considered Rogers' mitigation worksheet. This Court has previously held that if plaintiffs share documents with Hofman that he considers in preparing damage calculations, those documents are discoverable. *See Memorandum Decision (Dkt. 1858).* The Court therefore finds that the Brad Rogers' mitigation worksheet is discoverable.

**Povey Documents**

With regard to the Povey documents, it appears that either the documents requested do not exist or have been provided, except for Povey's mitigation cost worksheet. *See Exhibit Q to Anderson Affidavit (Dkt. 1865).* Plaintiffs allege that the worksheet was created at counsels' request for this litigation and is hence privileged. However, as just discussed, if Hofman considered it, the document is discoverable. The

**Memorandum Decision & Order - 2**

Court will direct plaintiffs to determine if the Povey mitigation cost worksheet was considered by Hofman, and, if so, to produce a copy to DuPont.

**Document Disputes**

Following depositions of the plaintiffs, DuPont made supplemental requests for certain specific documents based on the deposition testimony of particular plaintiffs. The plaintiffs complain that in many cases the defendants already had the documents and in other cases the defendants failed to identify the deposition testimony at issue making it impossible for plaintiffs to know if their clients had actually testified that the alleged documents existed. Of course, both sides were represented at the deposition, and so plaintiffs could recall as well as defendants what was said at the deposition. And when a formal transcript was prepared – as they have been by now – the index would make it easy to find the precise page and line where the document was discussed (or would reveal the lack of any such discussion of the alleged document). The defendants counter that it was rare for them to request documents they already had, and plaintiffs were in the best position to know whether their own documents actually existed or not.

Both sides need to take some responsibility to resolve these complaints. DuPont needs to make sure before making a request that it does not already have the documents requested. But DuPont need not cite pages and lines from a deposition – it is enough for them to ask for a document allegedly possessed by a plaintiff, and the plaintiffs are then in the best position to determine if the document exists or not by simply asking their clients. The Court will so order.

**Memorandum Decision & Order - 3**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's motion to compel (docket no. 1848), in which the BLM joins (docket no. 1880), is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks to compel plaintiffs to (1) produce Brad Rogers' mitigation worksheet; (2) determine whether the Povey mitigation worksheet was considered by Hofman and, if so, produce it to DuPont, or if not, so indicate; (3) answer DuPont's requests for documents allegedly possessed by plaintiffs after DuPont certifies that it has searched for the documents and does not already have them. The motion is denied in all other respects.



DATED: **September 15, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge