IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>             Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>             Defendants. | Case No.  4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE MOTION TO RECONSIDER DECISION ON TRIAL FORMAT** |

The Court has before it a motion to reconsider. DuPont asks the Court to reconsider its ruling denying DuPont's request that the trial in this case consist of a series of mini-trials. *See Case Management Order (Dkt. 1808).* In that decision, the Court analyzed the shortcomings of DuPont's approach and concluded that "[t]he single trial remains the best way for resolving this dispute." *Id*. at p. 2. The Court reasoned that the mini-trials proposed by Dupont would cause a "substantial delay," and could "lead[] to inconsistent results." *Id*. While the Court noted that sequential trials on causation and damages had a theoretical appeal, it ultimately concluded that based on the bellwether trial experience, sequential trials would be unworkable because "proof on causation and damages is so intertwined that it cannot be so neatly compartmentalized." *Id.*

Since that decision, one of the stronger reasons for holding mini-trials is no longer applicable. The plaintiffs have agreed to dismiss their claims for fraud/assumed duty, and

**Memorandum Decision & Order - 1**

hence there is no need to bifurcate those claims to avoid any spillover effect that could unfairly enhance the recovery of plaintiffs who are not making such claims.

Nevertheless, the Court, upon further reflection, believes that there may be some value in having a sequential resolution of issues by the same jury. For example, if claims could be grouped so that the jury could hear both sides of the particular claim group before moving on to the next claim group, the jury's comprehension would be improved because there would not be a multi-month delay between hearing a plaintiff's claim and DuPont's response. In addition, it is at least theoretically possible that the plaintiffs can be broken into 3 or 4 groups who have such common claims and are subject to such common defenses that jury comprehension and the accuracy of their decision may be enhanced by separate trials. Likewise, a grouping of the plaintiffs by geographical area might make sense given the specific causation issues which the jury must resolve. These are only examples of possible groupings.

There would be little loss of judicial economy with this approach, because the same jury would hear the same evidence. In each trial, the jury would be allowed to consider and draw upon testimony from the prior trials. To avoid having to recall witnesses, counsel would be permitted in their opening statements to make extensive reference to the prior trial testimony.

The Court will leave it to counsel to consider, discuss and seek agreement on whether a trial in sequence, but with the same jury, makes sense and, if so, what the groupings should be. In a telephone conference, counsel agreed to meet together and try

**Memorandum Decision & Order - 2**

to reach some agreement.

Under these circumstances, the Court is not adopting DuPont's proposal in the present motion and hence will deny that motion. The Court will direct counsel to meet together and try to reach an agreement on how to present this case to the jury. If no agreement can be reached, the parties are to submit their proposals to the Court for a final resolution.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for reconsideration (docket no. 1885) is DENIED and counsel are directed to meet together and attempt to reach an agreement on how this case can be presented to the jury.

DATED: **September 16, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge