IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | Case No. 4:CV 03-49-BLW <br><br> **MEMORANDUM DECISION AND ORDER RE PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' PRODUCTION OF THIRD-PARTY DOCUMENTS** |

## INTRODUCTION

The Court has before it plaintiffs' motion to compel defendants' production of third-party documents. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part and deny it in part.

## ANALYSIS

Plaintiffs seek an order (1) compelling defendants to produce all documents they received as a result of third-party subpoenas, and (2) prohibiting defendants from relying on unproduced documents in any further proceeding. The Court's original Case Management Order (CMO), issued in 2005, requires the parties to share documents they received by third-party subpoenas:

> Any party requesting documents by means of an authorization provided by a party or by means of a subpoena shall provide all documents received in response to said discovery within thirty (30) days of receipt, but in no event

**Memorandum Decision & Order - 1**

shall a document so acquired be used in examination of any witness or in any proceeding without first producing the same to all parties at least seven (7) days in advance of its proposed use.

*See CMO (Dkt. 159)* at § 4.  That CMO was specifically reaffirmed in 2010 by the Court in an updated CMO, and continues to govern this case.  *See CMO (Dkt. 1808).*

DuPont represents that it has provided all the documents it received from third-party subpoenas, but concedes that it sometimes failed to provide the documents within 30 days because of the difficulty of changing the documents into a TIFF format.[1]  It sped up the process by providing documents in PDF format.

Plaintiffs argue that this concession by DuPont – that some documents were not provided within the 30-day limit – means that those documents cannot be used for any purpose.  But the CMO, quoted above, does not support that argument.  While requiring production within 30 days, it nevertheless allows use of documents not produced within that limit so long as the documents are produced within 7 days of their use.  The Court will have to await DuPont's actual use of the documents to determine if they were provided within these time limits.

Plaintiffs counter that they "have no assurances that defendants have produced all third-party documents in their possession."  *See Plaintiffs' Reply Brief (Dkt. 1892)* at p. 4.  However, the representations of defense counsel that they have turned over all such documents is sufficient for the Court.  Accordingly, the Court will deny that portion of

---

[1] The BLM has made a similar representation in its response brief.  *See BLM Response Brief (Dkt. 1875)* at pp. 3-4.

**Memorandum Decision & Order - 2**

the plaintiffs' motion seeking to compel production of those documents.

Although defendants appear to have produced all they have, there is always the danger that some documents fell through the cracks and have not been produced. Plaintiffs ask the Court to prohibit DuPont from making any use of such documents. The CMO, quoted above, would prohibit their use "in examination of any witness or in any proceeding." Consistent with that provision in the CMO, the Court will order that DuPont is prohibited from making any such use of an unproduced document.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the plaintiffs' motion to compel defendants' production of third-party documents (docket no.1854) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks an order prohibiting DuPont from using any documents received in response to third-party subpoenas but not produced to plaintiffs "in examination of any witness or in any proceeding." The motion is denied to the extent it seeks to compel production of documents received from third-party subpoenas as defendants have represented that they have produced all they have.

**Memorandum Decision & Order - 3**



DATED: **September 27, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**