IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE DUPONT'S MOTIONS THAT YOUNG, SANDERS, WADA POTATOES, AND NATURE'S BEST FAILED TO PLEAD DAMAGES WITH SPECIFICITY** |

**MEMORANDUM DECISION**

  The Court has before it that portion of DuPont's motion for summary judgment seeking to dismiss the claims of plaintiffs Young, Sanders, Wada Potatoes, and Nature's Best Produce, for their failure to plead their damages with specificity as required by Federal Rule of Civil Procedure 9(g). The Court has filed a decision on this issue with regard to Fife Dairy that applies with equal strength to each of the plaintiffs listed above. *See Memorandum Decision (Dkt. No. 2118).* For example, Nature's Best seeks damages due to the reduced production value of potatoes from 2000 to 2009, plus the loss of future business opportunities. The Third Amended Complaint seeks "loss of profits," "loss of business," and "loss of production," due to "property or crop damage." That describes the damages sought by Nature's Best. In addition, more than a year ago, plaintiffs provided DuPont with Hofman's expert report detailing these damages. Also more than a year ago, DuPont questioned Nature's Best corporate representative Roy Young during his deposition about these very damages. A similar scenario played out for

**Memorandum Decision & Order - 1**

each of the plaintiffs listed above. Just as the Court concluded in its decision concerning plaintiff Fife Dairy, it must also conclude here that plaintiffs have adequately pled their damages under Rule 9(g) and that there is no surprise to DuPont warranting dismissal of any claims under that Rule.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's motions for summary judgment (docket nos. 1931 & 1990) are DENIED IN PART AND RESERVED IN PART. The motions are denied to the extent they seek to dismiss claims of plaintiffs Young, Sanders, Wada Potatoes, and Nature's Best Produce, for their failure to plead their damages with specificity as required by Federal Rule of Civil Procedure 9(g). They are reserved in all other respects not yet resolved by prior decisions.



DATED: **October 7, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 2**