IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE DUPONT'S MOTION THAT WADA FARMS IS NOT THE PROPER PARTY IN INTEREST** |

## INTRODUCTION

The Court has before it that portion of DuPont's motion for summary judgment alleging that plaintiff Wada Farms is improperly seeking to recover claims belonging to Century Farms. The Court heard oral argument on October 3, 2011, and took the issue under advisement. For the reasons expressed below, the Court will deny this portion of DuPont's motion.

## ANALYSIS

In this lawsuit, Wada Farms claims that Oust contamination caused lost revenues on 1,500 acres of potatoes in the 2000 crop year. In his deposition, Albert Wada was shown an FSA document that listed Century Farms as receiving the revenues from the potatoes grown on these 1,500 acres in 2000, and he was asked if "that is because the revenues from this field went to Century Farms?" *See Wada Deposition (Dkt. No. 2002-*

*2)* at p. 64. Wada answered "Yes." *Id*.

DuPont responded by bringing this motion seeking to dismiss Wada's claim for the lost potato revenue on these 1,500 acres because the claim belonged to Century Farms, a separate business entity that is not a party to this case. Wada responded by filing his declaration stating that "I incorrectly testified that the revenues from those fields went to Century Farms. It did not occur to me that the FSA document was wrong." *See Wada Declaration (Dkt. No. 2001-18)* at ¶ 12. Wada explains that the FSA document must be wrong because "Century Farms grows wheat, not potatoes." *Id*. at ¶ 13.[1]

DuPont counters that Wada cannot create an issue of fact with his declaration that contradicts his clear deposition testimony. The Ninth Circuit has held that a court may disregard a "sham" affidavit that a party files to create an issue of fact by contradicting the party's prior deposition testimony. *Van Asdale v. International Game* Technology, 577 F.3d 989 (9th Cir. 2009). If a party could create an issue of fact simply by contradicting his clear deposition testimony "this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." See *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir.1991).

At the same time, however, "[a]ggressive invocation of the rule also threatens to

---

[1] Wada also explains that his Chief Financial Officer, Dallas Ward, called the FSA and spoke with Elise Cumpton who told Ward that the FSA document was incorrect and that the document should have listed Wada Farms as the producer on those acres. *Id*. at ¶ 13. DuPont challenges these statements as inadmissible hearsay. The Court finds it unnecessary to resolve the hearsay dispute because questions of fact exist even without the statements of Ward and Cumpton, as is explained more fully above. Consequently, the Court did not consider the statements of Ward and Cumpton in resolving this motion.

**Memorandum Decision & Order - 2**

ensnare parties who may have simply been confused during their deposition testimony and may encourage gamesmanship by opposing attorneys." *Van Asdale*, 577 F.3d at 998. For that reason, the Circuit has "recognized that the sham affidavit rule should be applied with caution." *Id*. (internal quotation marks omitted). The inconsistency must be "clear and unambiguous" and the district court "must make a factual determination that the contradiction was actually a sham." *Id.* (internal quotations omitted).

In this case there is a clear inconsistency between Wada's deposition testimony and his declaration. The Court cannot find, however, that Wada's declaration is a sham. Wada's deposition was taken in 2011, more than a decade after the farming incident that he was asked to recall. Throughout this litigation, the parties have engaged in a herculean task of establishing the crops grown on a particular field in a particular year by a particular producer. The plaintiff farmers are often confused over these particulars due to the passage of time, their imprecise records, and the large number of fields they farm. Due to these factors, the Court is convinced that the contradiction here was the result of an honest discrepancy and is not a sham. Certainly Wada can be cross-examined about the contradiction but the Court refuses to strike this declaration.

Wada's declaration creates an issue of fact over whether Century Farms is the only party that can sue for damage to the 1,500 acres of potatoes in 2000. Hence, the Court will deny DuPont's motion for summary judgment on this issue.

## ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order - 3**

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's motion for summary judgment (docket no. 1978) be DENIED IN PART AND RESERVED IN PART. It is denied to the extent it seeks a summary judgment that Wada Farms is not the proper party to sue for damage to the 2000 potato crop on the 1,500 acre field. It is reserved in all other respects not yet resolved by other decisions.

DATED: **October 7, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge