IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| TIMM ADAMS, et al., | Case No. 4:CV 03-49-BLW |
|---|---|
| Plaintiffs, | |
| v. | **MEMORANDUM DECISION AND ORDER RE DUPONT MOTION FOR SUMMARY JUDGMENT ON SPOLIATION BY YOUNGS** |
| UNITED STATES OF AMERICA, et al., | |
| Defendants. | |

### INTRODUCTION

The Court has before it that portion of DuPont's motion seeking summary judgment based on the spoliation of evidence by plaintiff Young. The Court heard oral argument on the motion on October 3, 2011, and took that issue under advisement. For the reasons expressed below, the Court will deny the motion.

### ANALYSIS

**Work Papers of Accountant Condie**

DuPont argues that Young's accountant, Dean Condie, destroyed his work papers evaluating the contrast between Young's tax returns showing a negative net income of several million dollars and financial statements for the same years showing a multimillion dollar profit. DuPont claims that without Condie's work papers, it cannot "test and refute [Young's] alleged losses and thereby attack its damage claims in this litigation." *See*

**Memorandum Decision & Order - 1**

*DuPont Brief (Dkt. No. 1990-81)* at p. 3.

The Court has set forth the legal test for spoliation in its decision on the Fife Dairy plaintiffs in this case. *See Memorandum Decision (Dkt. No. 2118)*. The Court will not repeat the legal standard here other than to note that DuPont has the burden of producing evidence that Young ""engaged deliberately in deceptive practices that undermine the integrity of judicial proceeding." *Leon v. IDX Systems Corp.,* 464 F.3d 951, 958 (9th Cir. 2006).

Assuming *arguendo* that Condie destroyed his work papers and that as Young's agent he was under a duty to preserve those documents once he had notice of litigation,[1] the record before the Court does not reveal when the destruction took place. The deposition excerpts provided to the Court do not identify the date of destruction, and hence the Court cannot determine whether Condie engaged in conduct sufficient to warrant spoliation sanctions. Accordingly, the motion on this issue will be denied.

**Computer Sale**

About 5 years after filing suit, in 2007, plaintiff Young sold his business computers at auction. The computers contained over 5,000 e-mails with attachments that had never been produced in discovery. Young's counsel states that before the sale, Young downloaded all the e-mails, along with attachments, that were in the computer. Young's attorneys then reviewed all the e-mails and attachments to determine that were

---

[1] The Court assumes these matters for purposes of this summary judgment proceeding only and expresses no opinion as to whether these assumptions are accurate.

**Memorandum Decision & Order - 2**

responsive to DuPont's discovery requests, and then produced those e-mails and attachments to DuPont.

DuPont argued that because these were business computers, they must have contained more than just e-mails, and yet this recent production contained only e-mails and attachments. At oral argument, the Court asked Young's counsel about this very point:

> The Court: "[W]as there any other documents on these hard drives other than emails that were relevant or responsive to a discovery request?
> Young's Counsel: [T]hose other documents that are responsive were all collected and produced long before the email controversy, long before.
> The Court: So your view is the only thing that was on the Young hard drives when the computers were sold that had not already been produced were the emails?
> Young's Counsel: Yes."

In this colloquy, Young's counsel represents to the Court that prior to the 2007 computer sale, he had already searched those very computers for documents responsive to DuPont's discovery requests and produced those documents. For whatever reason, the e-mails and attachments were not produced at that time. Much later, when the e-mails were discovered, the related production involved only those e-mails and attachments.

DuPont has every right to be skeptical here: The fact that over 5,000 e-mails went unnoticed for years is unexplained in the record. But the e-mails were eventually produced and DuPont has not shown any prejudice from this late response. Young's counsel has represented that all discoverable material has been produced from the

computers. That is sufficient for the Court, and it will deny DuPont's motion on this issue.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's motion for summary judgment (docket no. 1990) is DENIED IN PART AND RESERVED IN PART. It is denied to the extent it seeks dismissal on spoliation grounds of Young's claims. It is reserved in all other respects for issues not yet resolved by prior decisions.

DATED: **October 7, 2011**

Honorable B. Lynn Winmill
Chief U. S. District Judge