IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>       Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>       Defendants. | Case No.  4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE DUPONT'S MOTION FOR SUMMARY JUDGMENT RE LOST ASSET VALUE** |

## INTRODUCTION

The Court has before it that part of DuPont's motion for summary judgment challenging claims for lost asset value by certain plaintiffs.  The Court heard oral argument on October 3, 2011, and took these issues under advisement.  For the reasons expressed below, the Court will deny this part of DuPont's motion.

## ANALYSIS

DuPont seeks summary judgment to dismiss claims for "lost asset value."  These claims, made by a number of plaintiffs, are supported by the plaintiffs' damage expert, Cornelius Hofman.  The claims are part of plaintiffs' larger claim for the destruction of their business.  Plaintiffs allege that but for the crop damage Oust caused, they would have continued farming for at least several more years, and so they seek their lost profits for those years and, in some instances, the profit they would have made selling out at the

**Memorandum Decision & Order - 1**

end of that period.

Hofman's calculations for these "destruction of business" claims contain two elements: lost assets and lost profits. It is the lost asset calculation that is at issue here, but it is important to see how the lost asset claim fits with the lost profit claims to form a "destruction of business" claim.

The goal of damages is to "put an injured party in a position as nearly as possible equivalent to his position prior to the tort." *Weitz v. Green*, 230 P.3d 743, 758 (Idaho 2010). If a business is destroyed by a tort, the owner loses any profits he would have made running the business thereafter and, when he was ready to leave the business, any profits he would have made selling out. Of course, it is fair game for the defense to show, for example, that the owner would not have continued in business, or if he continued he would have lost money and made nothing selling out. But the essential methodology described above appears sound as one way to make a tort victim whole.

That is how Hofman has calculated his "destruction of business" damages. He calculates the profits the plaintiff would have made continuing to operate the business (lost profits) and adds to that the profit he would have made selling out (the lost asset value).

While DuPont argues that damages should be calculated another way, that is a matter for the jury. Of course, the evidence at trial may alter the Court's view of this. But at this time, the Court cannot find that Hofman's method of calculating lost asset value is improper as a matter of law.

**Memorandum Decision & Order - 2**

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that DuPont's motion for summary judgment (docket no. 1990) is DENIED IN PART AND RESERVED IN PART.  It is denied to the extent it seeks to dismiss claims for lost asset value.  It is reserved in all other respects for all issues not resolved by prior decisions.



DATED:  October 7, 2011

Honorable B. Lynn Winmill
Chief U. S. District Judge