IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>     Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>     Defendants. | Case No.  4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE BLM MOTION FOR COSTS** |

**INTRODUCTION**

The Court has before it a motion for costs filed by the BLM.  The motion is fully briefed and at issue.  The Court will deny the motion for the reasons explained below.

**ANALYSIS**

After eight years of hard fought litigation, the plaintiffs' action against the BLM was dismissed for lack of jurisdiction.  *Adams v. U.S.*, 658 F.3d 928 (9th Cir. 2011).  The BLM now seeks over $900,000 in costs under 28 U.S.C. § 1919, which provides: "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs."

The Circuit has held that "[w]here the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919."  *Miles v. State of Cal.*,

**Memorandum Decision & Order - 1**

320 F.3d 986, 988 (9th Cir.2003).  Section 1919 is permissive, allows the district court to

award "just costs," and does not turn on which party is the "prevailing party."  *Id.* at n. 2.

"Just costs" under § 1919 are those costs that are fair to award considering the "totality of

the circumstances."  *Plata v Darbun Enterprises, Inc.,* 2010 WL 3184298 (S.D.Cal. Aug.

11, 2010).

      While some years ago the Ninth Circuit suggested – in an unpublished opinion the

Court will not use for precedential purposes – that § 1919 is triggered only by bad faith or

frivolous litigation, *Price v City of Hollister*, 1988 WL 82842 at *3 (9th Cir. July 27,

1988), the Circuit has not since adopted that statement in a published opinion.  There is,

however, a Supreme Court decision that examines similar language contained in  28

U.S.C. § 1447(c) stating that the court "may require payment of just costs" if it finds that

it lacks jurisdiction over a removed case.  The Supreme Court held that no costs should be

awarded under that language if "the removing party has an objectively reasonable basis

for removal."  *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

      Applying that language here, the Court finds that plaintiffs had an objectively

reasonable basis for jurisdiction.  Despite being eventually overruled, the Court found in

plaintiffs' favor on the jurisdictional issue.  While the Court felt that plaintiffs had a

strong case for jurisdiction, it was at the very least a close call, and the Court could not

find that plaintiffs took an unreasonable position from an objective standpoint.

      But even if an award of "just" costs is triggered by something less than the *Martin*

standard, the Court cannot find that standard met here.  A "just" standard would at least

**Memorandum Decision & Order - 2**

require a finding that an award of costs was fair or justified for some reason beyond

simply that the BLM prevailed; otherwise the statute would have simply awarded costs to

the prevailing party, an option Congress did not choose.  *Miles*, 320 F.3d at 988 n. 2.  The

BLM argues that plaintiffs resisted staying the case until the jurisdiction question could

be settled, resulting in the BLM incurring "exorbitant expenses."  *See BLM Reply Brief*

*(Dkt. No. 2150)* at p. 4.  But it was the Court that pushed this case because the massive

delays that did occur were unacceptable; the pace of the case was not set by shadowy

actions of the plaintiffs.

For all of these reasons, the Court cannot find that an award of costs would be

"just" in this case.  The Court will therefore deny the BLM's motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the BLM's motion for costs

(docket no. 2147) is DENIED.



DATED:  **March 12, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 3**