IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TIMM ADAMS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Case No. 4:CV 03-49-BLW<br><br>**MEMORANDUM DECISION AND ORDER RE BLM MOTION FOR COSTS** |

## INTRODUCTION

The Court has before it a motion for costs filed by the BLM. The motion is fully briefed and at issue. The Court will deny the motion for the reasons explained below.

## ANALYSIS

After eight years of hard fought litigation, the plaintiffs' action against the BLM was dismissed for lack of jurisdiction. *Adams v. U.S.*, 658 F.3d 928 (9th Cir. 2011). The BLM now seeks over $900,000 in costs under 28 U.S.C. § 1919, which provides: "Whenever any action or suit is dismissed in any district court, the Court of International Trade, or the Court of Federal Claims for want of jurisdiction, such court may order the payment of just costs."

The Circuit has held that "[w]here the underlying claim is dismissed for want of jurisdiction, the award of costs is governed by 28 U.S.C. § 1919." *Miles v. State of Cal.*,

320 F.3d 986, 988 (9th Cir.2003). Section 1919 is permissive, allows the district court to award "just costs," and does not turn on which party is the "prevailing party." *Id.* at n. 2. "Just costs" under § 1919 are those costs that are fair to award considering the "totality of the circumstances." *Plata v Darbun Enterprises, Inc.,* 2010 WL 3184298 (S.D.Cal. Aug. 11, 2010).

While some years ago the Ninth Circuit suggested – in an unpublished opinion the Court will not use for precedential purposes – that § 1919 is triggered only by bad faith or frivolous litigation, *Price v City of Hollister*, 1988 WL 82842 at *3 (9th Cir. July 27, 1988), the Circuit has not since adopted that statement in a published opinion. There is, however, a Supreme Court decision that examines similar language contained in 28 U.S.C. § 1447(c) stating that the court "may require payment of just costs" if it finds that it lacks jurisdiction over a removed case. The Supreme Court held that no costs should be awarded under that language if "the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005).

Applying that language here, the Court finds that plaintiffs had an objectively reasonable basis for jurisdiction. Despite being eventually overruled, the Court found in plaintiffs' favor on the jurisdictional issue. While the Court felt that plaintiffs had a strong case for jurisdiction, it was at the very least a close call, and the Court could not find that plaintiffs took an unreasonable position from an objective standpoint.

But even if an award of "just" costs is triggered by something less than the *Martin* standard, the Court cannot find that standard met here. A "just" standard would at least

**Memorandum Decision & Order - 2**

require a finding that an award of costs was fair or justified for some reason beyond simply that the BLM prevailed; otherwise the statute would have simply awarded costs to the prevailing party, an option Congress did not choose. *Miles*, 320 F.3d at 988 n. 2. The BLM argues that plaintiffs resisted staying the case until the jurisdiction question could be settled, resulting in the BLM incurring "exorbitant expenses." *See BLM Reply Brief (Dkt. No. 2150)* at p. 4. But it was the Court that pushed this case because the massive delays that did occur were unacceptable; the pace of the case was not set by shadowy actions of the plaintiffs.

For all of these reasons, the Court cannot find that an award of costs would be "just" in this case. The Court will therefore deny the BLM's motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the BLM's motion for costs (docket no. 2147) is DENIED.

DATED: **March 12, 2012**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge